UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHAEL DENHOLLANDER, et al.,　　　**Lead Case No. 1:17-cv-00029**

　　　　　　　　Plaintiffs,　　　　　　Hon. Gordon J. Quist

v.

MICHIGAN STATE UNIVERSITY, et al.,

　　　　　　　　Defendants.

---

| | |
|---|---|
| Stephen R. Drew (P24323) | D. Andrew Portinga (P55804) |
| Adam C. Sturdivant (P72285) | David J. Gass (P34582) |
| Drew Cooper & Anding | Rebecca L. Strauss (P64796) |
| Attorneys for Plaintiffs | MILLER JOHNSON |
| 80 Ottawa Ave NW, Ste. 200 | Attorneys for Defendant USAG |
| Grand Rapids, MI  49503-2648 | 45 Ottawa Avenue SW, Suite 1100 |
| (616) 454-8300 | Grand Rapids, MI 49503 |
| sdrew@dca-lawyers.com | (616) 831-1700 |
| asturdivant@dca-laywers.com | portingaa@millerjohnson.com |
| | gassd@millerjohnson.com |
| | straussr@millerjohnson.com |

---

# USA Gymnastics, Inc.'s Answer to Plaintiffs'
# Fifth Amended Complaint in Case No. 1:17-cv-00029 ("Group A")

**Defendant USA Gymnastics, Inc. ("USAG") answers Plaintiffs' Fifth Amended**

**Complaint as follows:**

## I.　　PRELIMINARY STATEMENT AND INTRODUCTION

　　1.　　This is a civil action for declaratory, injunctive, equitable, and monetary relief for injuries sustained by Plaintiffs as a result of the acts, conduct, and omissions of Lawrence Nassar, Michigan State University ("MSU"), Board of Trustees of Michigan State University ("MSU Trustees"), William D. Strampel, Jeffrey R. Kovan, Douglas Dietzel, Gary Stollak, Kathie Klages, Destiny Teachnor-Hauk, USA Gymnastics ("USAG"), Twistars USA, Inc. ("Twistars"), and John Geddert, and their respective employees, representatives, and agents, relating to sexual assault, abuse, molestation, and nonconsensual sexual touching and harassment by Defendant Nassar against Plaintiffs, all female, many of whom were minors when the sexual assaults took place.

**ANSWER:** Admitted only that the complaint purports to state a claim for monetary relief for alleged injuries sustained as a result of the conduct of defendants. Denied that the complaint seeks declaratory, injunctive, or equitable relief. Further, USAG denies any liability.

    2.    Plaintiffs are or were young athletes participating in a variety of sports including gymnastics, dance, ballet, swimming, figure skating, track and field, tennis, volleyball, rowing, field hockey, basketball, and soccer, or were neighbors of Defendant Nassar.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.

    3.    Defendant Nassar came highly recommended to Plaintiffs as a renowned orthopedic sports medicine physician, purportedly well-respected in the sports medicine community, specifically in the gymnastics community as the Team Physician for the United States Gymnastics team.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to whether Nassar was recommended to each plaintiff or who recommended Nassar. Admitted only that Nassar served as the team physician for USAG for a period of time. Otherwise, the allegations in this paragraph are denied.

    4.    Plaintiffs and their parents had no reason to suspect Defendant Nassar was anything other than a competent and ethical physician.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.

    5.    From approximately 1996 to 2016 Defendant Nassar worked for Michigan State University in various positions and capacities.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.

    6.    From 1986 to approximately 2015 Defendant Nassar also worked for USA Gymnastics in various positions and capacities.

**ANSWER:** Denied that Nassar was ever an employee of USAG. Nassar served as a volunteer for USAG in various capacities from 1987 to 2015.

    7.    For over 20 years, Defendant Nassar had unfettered access to young female athletes through the Sports Medicine Clinic at MSU, and through his involvement with USAG and Twistars, who referred athletes to his care.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph insofar as they relate to MSU. USAG admits

**only that Nassar served as USAG's team physician and in other roles from 1987 to 2015. Otherwise, the allegations in this paragraph are denied.**

8. To gain Plaintiffs' trust, at appointments, Defendant Nassar would give some Plaintiffs gifts such as t-shirts, pins, flags, leotards, and other items, some with USAG logos and others without.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

9. From 1996 to 1999, under the guise of treatment, Defendant Nassar sexually assaulted, abused, and molested dozens of Plaintiffs, most of whom were minors, by nonconsensual vaginal and anal digital penetration and without the use of gloves or lubricant. In some situations, he also touched and groped their breasts.

**ANSWER:    Admitted that Nassar was convicted of sexually assaulting minors.  USAG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

10. The Plaintiffs who were sexually assaulted, abused, and molested from 1996 to 1999 were seeking treatment for athletic injuries to their lower backs, shins, hamstrings, hip, tailbone, elbow, groin, foot, and knees.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

11. While most of the assaults were carried out at MSU, others were carried out at USAG sponsored events, and Twistars.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

12. The ages of the Plaintiffs assaulted during 1996 to 1999 ranged from approximately 6 to 22 years old.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

13. In or around 1997 or 1998, Plaintiff Larissa Boyce reported to Defendant Klages concerns regarding Defendant Nassar's conduct and "treatment."

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

14. Defendant Klages dissuaded Plaintiff Boyce from completing a formal report and warned Boyce that the report would have serious consequences for both Plaintiff Boyce and Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

15. Around that same time, Plaintiff Jane B8 Doe was questioned by Defendant Klages regarding Nassar's "treatment" and Plaintiff Jane B8 Doe affirmatively confirmed she had also been sexually assaulted and abused.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

16. Defendant Klages told Plaintiff Jane B8 Doe there was no reason to bring up or otherwise report Defendant Nassar's conduct.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

17. In 1999, Christie Achenbach, a MSU student athlete, reported to trainers and her coach who were employees of MSU concerns about Defendant Nassar's conduct and "treatment," yet MSU failed to take any action in response to her complaints.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

18. In 2000, Tiffany Thomas Lopez (formerly Jane T.T. Doe), another MSU student athlete reported to trainers concerns about Defendant Nassar's conduct and "treatment," yet again MSU failed to take any action in response to her complaints.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

19. Many Plaintiffs were seen alone with only the individual Plaintiff and Defendant Nassar in the room, without chaperones.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

20. At other times, Defendant Nassar would position himself in a manner in which parents or chaperones in the room could not see his conduct.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

21. Because MSU took no action to investigate the 1997/1998, 1999 or 2000 complaints and took no corrective action, from 2000 to 2016, under the guise of treatment, several dozen Plaintiffs, many of whom were minors, were also sexually assaulted, abused, and molested by Defendant Nassar by nonconsensual vaginal and anal digital penetration, nonconsensual sexual touching of the vaginal area without the use of gloves or lubricant and by nonconsensual touching and groping of their breasts.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

22.     While most victims were assaulted at MSU, other victims were assaulted at USAG sanctioned events, Twistars, and Defendant Nassar's residence.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

23.     The ages of the Plaintiffs assaulted from 2000 to 2016 ranged from 8 to 29 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

24.     Additional complaints regarding Defendant Nassar's conduct surfaced in 2014. Plaintiff Jane D1 Doe (member case 1:17-cv-254) reported she had an appointment with Defendant Nassar to address hip pain and was sexually abused and molested by Defendant Nassar when he cupped her buttocks, massaged her breast and vaginal area, and became sexually aroused.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

25.     Upon information and belief, Defendant MSU investigated the 2014 complaints through their Office of Institutional Equity, and although Plaintiff Jane D1 Doe reported to Defendant MSU certain facts, some were omitted from the investigative report including but not limited to the following:

    a.     Defendant Nassar was sexually aroused while touching her;

    b.     The appointment with Defendant Nassar did not end until she physically removed his hands from her body.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

26.     Three months after initiating the investigation, in July 2014, the victim's complaints were dismissed and Defendant MSU issued a report to Plaintiff Jane D1 Doe with conclusions which stated:

    a.     Plaintiff Jane D1 Doe didn't understand the "nuanced difference" between sexual assault and an appropriate medical procedure; and,

    b.     Defendant Nassar's conduct was "medically appropriate" and "Not of a sexual nature."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

27.     Unbeknownst to Plaintiff Jane D1 Doe, a second report was issued by Defendant MSU regarding Plaintiff Jane D1 Doe's complaints with an entirely different conclusion section which stated:

> We cannot find that the conduct was of a sexual nature. Thus, it did not violate the Sexual Harassment Policy. However, we find the claim helpful in that it brought to light some significant problems that the practice will want to address.
>
> We find that whether medically sound or not, the failure to adequately explain procedures such as these invasive, sensitive procedures, is opening the practice up to liability and is exposing patients to unnecessary trauma based on the possibility of perceived inappropriate sexual misconduct. In addition, we find that the failure to obtain consent from patients prior to the procedure is likewise exposing the practice to liability. If procedures can be performed skin-on-skin or over clothes in the breast or pelvic floor area, it would seem patients should have the choice between the two. Having a resident, nurse or someone in room during a sensitive procedure protects doctors and provides patients with peace of mind. If "touching is what DO's do" and that is not commonly known, perhaps the practice will want to consider a disclaimer or information sheet with that information provided to the patient up front.
>
> Finally, we believe the practice should consider whether its procedure for intake of complaints about physicians' behavior is adequate. [Plaintiff Jane D1 Doe] claims she tried to file a complaint with the front desk receptionist, telling her that she was cancelling her appointment because she felt "violated." Whether this triggers a reporting protocol should be examined by the practice.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

28.     Following the investigation, upon information and belief Defendant Nassar became subject to new institutional guidelines as follows:

    a.      "We will have another person, (resident, nurse, etc) in the room whenever we are approaching a patient to preform [sic] procedures of anything close to a sensitive area."

    b.      "The procedure which caused [Plaintiff Jane D1 Doe] emotional distress because of her interpretation will be modified in the future to be sure there is little to no skin to skin contact when in these regions. Should this be absolutely necessary, the procedure will be explained in detail with another person in the room for both the explanation and the procedure."

    c.      "New people in our practice will be oriented to be sure they understand these requirements."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

29. The guidelines were issued by Defendant Strampel to Defendant Nassar on or around July 30, 2014.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

30. After issuing the guidelines to Defendant Nassar, Defendant Strampel failed to ensure Defendant Nassar was adhering to the guidelines listed above.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

31. In an interview with Defendant Strampel on or around March 14, 2017, Defendant Strampel told investigators he did not see the need to follow up with Nassar to ensure that he was complying with the guidelines.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

32. New employees at Defendant MSU's Sports Medicine Clinic were not oriented regarding the guidelines listed above.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

33. Consequently, Defendant Nassar continued to treat patients alone.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

34. Defendant Nassar continued to perform the "procedure" without gloves.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

35. Defendant Nassar did not modify the "procedure" to limit skin-to-skin contact.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

36. Following the investigation, between approximately 2014 and 2016, again, dozens of Plaintiffs were sexually assaulted by Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

37.     Through his position with MSU, his notoriety, and support by USAG and Twistars, Defendant Nassar used his position of authority as a medical professional to abuse Plaintiffs without any reasonable supervision by MSU or USAG.

**ANSWER:     Denied as to USAG.**

38.     Defendant Nassar carried out these acts without fully explaining the "treatment" or obtaining consent of Plaintiffs or their parents.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

39.     All of Defendant Nassar's acts were conducted under the guise of providing medical care at his office at Michigan State University, at Twistars, or at USAG sanctioned events.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

40.     The failure to give proper notice or to obtain consent for the purported "treatment" from Plaintiffs or their parents robbed them of the opportunity to reject the "treatment."

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

41.     Defendant Nassar used his position of trust and confidence in an abusive manner causing Plaintiffs to suffer a variety of injuries including shock, humiliation, emotional distress and related physical manifestations thereof, embarrassment, loss of self-esteem, disgrace, and loss of enjoyment of life.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

42.     In September 2016, a story was published regarding a complaint filed with Defendant MSU's Police Department titled "Former USA Gymnastics doctor accused of Abuse," which included Plaintiff Denhollander's allegations against Defendant Nassar.

**ANSWER:     Admitted.**

43.     Following the September 2016 publication, other victims began coming forward after recognizing that they were victims of sexual abuse at a time when most of them were minors.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

44. Plaintiffs have been forced to repeatedly relive the trauma of the sexual assaults.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

45. In summer 2015, USAG relieved Defendant Nassar of his duties after becoming directly aware of concerns about his actions, yet USAG failed to inform it [sic] member athletes with thom [sic] it shared a fiduciary relationship and Michigan State University of the circumstances regarding his dismissal.

**ANSWER: Admitted only that USAG relieved Nassar of his duties in the summer of 2015 after learning of an athlete's concerns about Nassar's techniques. USAG reported its concerns to the FBI, which asked USAG to not do anything that would interfere with its investigation. USAG denies that it shared a fiduciary relationship with MSU and otherwise denies the allegations in this paragraph.**

46. As early as 1997 or 1998, representatives of Michigan State University were made aware of Defendant Nassar's conduct, yet failed to appropriately respond to allegations, resulting in the sexual assault, abuse, and molestation of Plaintiffs through approximately 2016.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

47. Michigan State University's deliberate indifference before, during, and after the sexual assault, abuse, and molestation of Plaintiffs was in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq*., 42 U. S. C. §1983, the Patient Protection and Affordable Care Act §1557, 42. U.S.C. §18116, as well as other Federal and State laws.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

48. The MSU Defendants' (as well as USAG, the USOC, and Twistars) failure to properly supervise Defendant Nassar and their negligence in retaining Defendant Nassar was in breach of their fiduciary duties to Plaintiffs with whom they had a special relationship, and in violation of Michigan common law.

**ANSWER: Denied as to USAG. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph.**

49. In late November 2016, Defendant Nassar was arrested and charged in Ingham County, Michigan on three charges of first-degree criminal sexual conduct with a person under 13.

**ANSWER: Admitted.**

50.    In mid-December 2016, Defendant Nassar was indicted, arrested, and charged in Federal Court in Grand Rapids, Michigan on charges of possession of child pornography and receipt/attempted receipt of child pornography.

**ANSWER:    Admitted.**

51.    On February 7, 2017, an additional count was added to Defendant Nassar's Federal charges for destruction and concealment of records and tangible objects as Defendant Nassar "caused a third party vendor to permanently delete and destroy all images, records, documents, and drives contained on the hard drive of a laptop computer, and [Defendant Nassar] threw in the trash a number of external hard drives" while under investigation for "his possession of child pornography, his receipt and attempted receipt of child pornography, and his sexual exploitation and attempted sexual exploitation of children."

**ANSWER:    Admitted.**

52.    On February 22, 2017, Defendant Nassar was arraigned on 22 counts of first-degree criminal sexual conduct with a person under 13 years old, and 14 counts of third-degree criminal sexual conduct with a person under the age of 13 years old in Ingham County, Michigan and Eaton County, Michigan.  Plaintiff Denhollander is among the victims identified in the most recent state criminal charges.

**ANSWER:    Admitted that Nassar was arraigned in February 2017 and the charging documents speak for themselves.**

53.    On July 10, 2017, Defendant Nassar pleaded guilty to the federal charges of child pornography, receipt/attempted receipt of child pornography, and destruction and concealment of records and tangible objects.

**ANSWER:    Admitted.**

54.    On November 22, 2017, Defendant Nassar pleaded guilty to 7 counts of first-degree criminal sexual conduct in Ingham County Michigan.

**ANSWER:    Admitted.**

55.    On November 29, 2017, Defendant Nassar pleaded guilty to 3 counts of first degree criminal sexual conduct in Eaton County Michigan.

**ANSWER:    Admitted.**

56.    On December 7, 2017, Defendant Nassar was sentenced to a 720 month (60 year) prison term for the federal child pornography charges.

**ANSWER:    Admitted.**

57. From, January 16, 2018 to January 24, 2018, a sentencing hearing was held in Ingham County Michigan for the 7 counts of first-degree criminal sexual conduct to which Defendant Nassar pleaded guilty.

**ANSWER:    Admitted.**

58. Dozens of Plaintiffs and many others provided victim impact statements at the hearing and some of the Plaintiffs who were seeking to proceed anonymously in this litigation chose to publicly identify themselves at the sentencing hearing.

**ANSWER:    Admitted.**

59. On January 24, 2018, Defendant Nassar was sentenced to a 40 to 175 year prison term for the Ingham County charges.

**ANSWER:    Admitted.**

60. From January 31, 2018 to February 5, 2018, a sentencing hearing was held in Eaton County Michigan for the 3 counts of first degree criminal sexual conduct to which Defendant Nassar pleaded guilty.

**ANSWER:    Admitted.**

61. Again, dozens of Plaintiffs and many others provided victim impact statements at the hearing and some of the Plaintiffs who were seeking to proceed anonymously in this litigation chose to publicly identify themselves at the sentencing hearing.

**ANSWER:    Admitted.**

62. On February 5, 2018, Defendant Nassar was sentenced to a 40 to 125 year prison term for the Eaton County charges.

**ANSWER:    Admitted.**

63. Ultimately the acts, conduct, and omissions of the MSU Defendants, USA Gymnastics, and Twistars, and their policies, customs, and practices with respect to investigating sexual assault allegations severely compromised the safety and health of Plaintiffs and an unknown number of individuals, and have resulted in repeated instances of sexual assault, abuse, and molestation of Plaintiffs by Defendant Nassar, which has been devastating for Plaintiffs and their families.

**ANSWER:    Denied as to USAG. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph.**

64. This action arises from Defendants' blatant disregard for Plaintiffs' federal and state rights, and Defendants' deliberately indifferent and unreasonable response to physician-on-patient/physician-on-student sexual assault, abuse, and molestation.

**ANSWER:    USAG denies any liability and denies that it acted inappropriately.  Admitted only that the complaint purports to state a claim based on alleged federal and state rights.**

## II.    JURISDICTION AND VENUE

65.    This action is brought pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. §1681, *et seq*., as more fully set forth herein.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

66.    This is also an action to secure relief for violations of rights guaranteed by the Patient Protection and Affordable Care Act § 1557, 42 U.S.C. § 18116 (2012) ("Section 1557").

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

67.    Section 1557 of the Affordable Care Act prohibits discrimination in health care programs or activities, "any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance, or under any program or activity that is administered by an Executive Agency" or any entity established under Title I of the Affordable Care Act or its amendments.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

68.    This Court has original jurisdiction over Plaintiffs' claims arising under Section 1557.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

69.    This is also an action to redress the deprivation of Plaintiffs' constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

70.    Subject matter jurisdiction is founded upon 28 U.S.C. §1331 which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

**ANSWER: The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

71.     Subject matter jurisdiction is also founded upon 28 U.S.C. §1343 which gives district courts original jurisdiction over any civil actions authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States, and any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

**ANSWER: The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

72.     Plaintiffs further invoke the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a) to hear and decide claims arising under state law that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

**ANSWER: Admitted that Plaintiffs invoke supplemental jurisdiction under 28 U.S.C. §1367 and admitted that the Court may exercise such jurisdiction.**

73.     The claims are cognizable under the United States Constitution, 42 U.S.C. §1983, 20 U.S.C. §1681 *et seq.*, and under Michigan Law.

**ANSWER: The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

74.     The vast majority of events giving rise to this lawsuit occurred in Ingham and Eaton Counties, Michigan which sit in the Southern Division of the Western District of Michigan.

**ANSWER: Admitted.**

75.     Venue is proper in the United States District Court for the Western District of Michigan, pursuant to 28 U.S.C. § 1391 (b)(2), in that this is the judicial district in which the events giving rise to the claim occurred.

**ANSWER: The allegations in this paragraph state conclusions of law, to which no answer is required.**

76.     Because Michigan State University is a public university organized and existing under the laws of the State of Michigan, Michigan statutory law requires parties to file a Notice of Intention to File Claim in order to maintain any action against the

state, in satisfaction of M.C.L. §600.6431. Plaintiffs have filed Notices pursuant to the statute.

**ANSWER: The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## III.    PARTIES AND KEY INDIVIDUALS

77.    Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

78.    With the exception of certain Plaintiffs who have agreed to be publicly identified, the names of the Plaintiffs have been withheld from this Complaint to protect their identities as some are currently minor children, or were minor children at the time the sexual abuse occurred.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

79.    Plaintiff Rachael Denhollander is a female and is a resident of Kentucky, but resided in Michigan at all relevant times as indicated below. Plaintiff Denhollander was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

80.    Plaintiff Jessica Howard is an adult female and is a resident of New York. Plaintiff Howard was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

81.    Plaintiff Sterling Riethman is an adult female and is a resident of Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

82.    Plaintiff Lindsey Schuett is an adult female and is a resident of the Republic of Korea (South Korea) but resided in Michigan at all relevant times indicated below. Plaintiff Schuett was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

83. Plaintiff Kaylee Lorincz (formerly Jane A1 Doe) is an adult female and is a resident of Michigan. Plaintiff Kaylee Lorincz was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

84. Plaintiff Jane A2 Doe is an adult female and is a resident of Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

85. Plaintiff Olivia Cowan (formerly Jane A3 Doe) is an adult female and is a resident of Illinois, but resided in Michigan at all relevant times as indicated below. Plaintiff Olivia Cowan was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

86. Plaintiff Alison Chauvette (formerly Jane A4 Doe) is an adult female and is a resident of Michigan. Plaintiff Alison Chauvette was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

87. Plaintiff Brianne Randall (formerly Jane A5 Doe) is an adult female and is a resident of Washington, but resided in Michigan at all relevant times as indicated below. Plaintiff Brianne Randall was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

88. Plaintiff Bethany Bauman (formerly Jane A6 Doe) is an adult female and is a resident of South Carolina, but resided in Michigan at all relevant times as indicated below. Plaintiff Bethany Bauman was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

89.     Plaintiff Jane A7 Doe is an adult female and is a resident of Arizona, but resided in Michigan at all relevant times as indicated below. Plaintiff Jane A7 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

90.     Plaintiff Amy Labadie (formerly Jane A8 Doe) is an adult female and is a resident of Michigan. Plaintiff Amy Labadie was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

91.     Plaintiff Jane A9 Doe is a minor female and is a resident of Michigan.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

92.     Plaintiff Jane A10 Doe is an adult female, the mother of Plaintiff Jane A9 Doe, and is a resident of Michigan.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

93.     Plaintiff Danielle Moore (formerly Jane A11 Doe) is an adult female and is a resident of Illinois, but resided in Michigan at all relevant times as indicated below. Plaintiff Danielle Moore was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

94.     Plaintiff Jane A12 Doe is an adult female and is a resident of California, but resided in Michigan at all relevant times as indicated below.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

95.     Plaintiff Nicole Soos is an adult female and is a resident of Michigan. Plaintiff Nicole Soos was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

96.     Plaintiff Madeleine Jones (formerly Jane A14 Doe) is an adult female and is a resident of Michigan. Plaintiff Madeleine Jones was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

97.     Jane Q. Doe is an adult female, the mother of Plaintiff Madeleine Jones, and a resident of Michigan.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

98.     Plaintiff Marie Anderson (formerly Jane A15 Doe) is an adult female and is a resident of Michigan. Plaintiff Marie Anderson was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

99.     Plaintiff J.T. (minor) (formerly Jane A16 Doe) is a minor female and is a resident of Michigan.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

100.    Plaintiff S.T. (formerly Jane A17 Doe) is an adult female, the mother of Plaintiff J.T. (minor), and a resident of Michigan.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

101.    Plaintiff Alexis Moore (Jane A18 Doe) is an adult female and is a resident of Michigan. Plaintiff Alexis Moore was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

102.    Plaintiff Christie Achenbach (formerly Jane A19 Doe) is an adult female and is a resident of North Carolina but resided in Michigan at all relevant times as indicated below.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

103.    Plaintiff Jane A20 Doe is a minor female and is a resident of Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

104. Plaintiff Jane A21 Doe is an adult female, the mother of Plaintiff Jane A20 Doe, and a resident of Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

105. Plaintiff Emily Morales (formerly Jane A22 Doe) is an adult female and is a resident of Michigan. Plaintiff Emily Morales was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

106. Plaintiff Vanasia Bradley (formerly Jane A23 Doe) is an adult female and is a resident of Michigan. Plaintiff Vanasia Bradley was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

107. Plaintiff Lindsay Woolever (formerly Jane A24 Doe) is an adult female and is a resident of Michigan. Plaintiff Lindsay Woolever was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

108. Plaintiff Katelyn Skrabis (formerly Jane A25 Doe) is an adult female and is a resident of Michigan. Plaintiff Katelyn Skrabis was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

109. Plaintiff Chelsea Williams (formerly Jane A26 Doe) is an adult female and is a resident of Michigan. Plaintiff Chelsea Williams was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

110. Plaintiff Amanda Cormier (formerly Jane A27 Doe) is an adult female and is a resident of Tennessee but resided in Michigan at all relevant times indicated below. Plaintiff Amanda Cormier was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

111.   Plaintiff Ashley Erickson (formerly Jane A28 Doe) is an adult female and is a resident of Michigan. Plaintiff Ashley Erickson was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

112.   Plaintiff Jane A29 Doe is an adult female and is a resident of Texas but resided in Michigan at all relevant times indicated below. Plaintiff Jane A29 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

113.   Plaintiff Jane A30 Doe is an adult female and is a resident of Michigan.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

114.   Plaintiff Jane A31 Doe is an adult female and is a resident of Florida but resided in Michigan at all relevant times indicated below.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

115.   Plaintiff Jane A32 Doe is an adult female and is a resident of Michigan. Plaintiff Jane A32 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

116.   Plaintiff Jane A33 Doe is an adult female and is a resident of Michigan. Plaintiff Jane A33 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

117.   Plaintiff Kassie Powell (formerly Jane A34 Doe) is an adult female and is a resident of Tennessee but resided in Michigan at all relevant times indicated below. Plaintiff Kassie Powell was a minor during a portion of the time she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

118.    Plaintiff Tiffany Dutton (formerly Jane A35 Doe) is an adult female and is a resident of Michigan. Plaintiff Tiffany Dutton was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

119.    Plaintiff Jaime Doski (formerly Jane A36 Doe) is an adult female and is a resident of Michigan. Plaintiff Jaime Doski was a minor during a portion of the time she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

120.    Plaintiff Katherine Mahon (formerly Jane A37 Doe) is an adult female and is a resident of Illinois but resided in Michigan at all relevant times indicated below. Plaintiff Katherine Mahon was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

121.    Plaintiff Jane A38 Doe is an adult female and is a resident of Michigan. Plaintiff Jane A38 Doe was a minor during a portion of the time she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

122.    Plaintiff Jane A39 Doe is an adult female and is a resident of Illinois but resided in Michigan at all relevant times as indicated below.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

123.    Plaintiff Gwen Anderson (formerly Jane A40 Doe) is an adult female and is a resident of Michigan. Plaintiff Gwen Anderson was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

124.    Plaintiff Jenelle Moul (formerly Jane A41 Doe) is an adult female and is a resident of Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

125. Plaintiff Whitney Burns (formerly Jane A42 Doe) is an adult female and is a resident of Ohio but resided in Michigan at all relevant times indicated below. Plaintiff Whitney Burns was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

126. Plaintiff Jane A43 Doe is an adult female and is a resident of Michigan. Plaintiff Jane A43 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

127. Plaintiff Amanda Barterian (formerly Jane A44 Doe) is an adult female and is a resident of Michigan. Plaintiff Amanda Barterian was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

128. Plaintiff Jane A45 Doe is an adult female and is a resident of California but resided in Michigan at all relevant times indicated below.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

129. Plaintiff Taryn Akemi Look (formerly Jane A46 Doe) is an adult female and is a resident of California but resided in Michigan at all relevant times indicated below. Plaintiff Taryn Akemi Look was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

130. Plaintiff N.W. (minor) (formerly Jane A47 Doe) is a minor female and is a resident of Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

131. Plaintiff R.W. (formerly Jane A48 Doe) is an adult female, the mother of Plaintiff N.W. (minor), and a resident of Michigan.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

132.    Plaintiff Amanda McGeachie (formerly Jane A49 Doe) is an adult female and is a resident of British Columbia, Canada but resided in Michigan at all relevant times indicated below.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

133.    Plaintiff Jane A50 Doe is an adult female and is a resident of Michigan. Plaintiff Jane A50 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

134.    Plaintiff Jane A51 Doe is an adult female and is a resident of Colorado but resided in Michigan at all relevant times indicated below.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

135.    Plaintiff Jane A52 Doe is a minor female and is a resident of Michigan.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

136.    Plaintiff Jane A53 Doe is an adult female, the mother of Plaintiff Jane A52 Doe, and a resident of Michigan.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

137.    Plaintiff Anna Ludes (formerly Jane A45 Doe) is an adult female and is a resident of British Columbia, Canada but resided in Michigan at all relevant times indicated below.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

138.    Plaintiff Jane A55 Doe is an adult female and is a resident of Michigan. Plaintiff Jane A55 Doe was a minor during some of the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

139.  Plaintiff Lynlee Phillips (formerly Jane A56 Doe) is an adult female and is a resident of Delaware but resided in Michigan at all relevant times indicated below.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

140.  Plaintiff Katherine Black (formerly Jane A57 Doe) is an adult female and is a resident of Michigan. Plaintiff Katherine Black was a minor during some of the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

141.  Plaintiff Melissa Vigogne (formerly Jane A58 Doe) is an adult female and is a resident of France but resided in Florida at all relevant times indicated below.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

142.  Plaintiff Jane A59 Doe is an adult female and is a resident of Michigan. Plaintiff Jane A59 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

143.  Plaintiff Alexandra Romano (formerly Jane A60 Doe) is an adult female and is a resident of Michigan. Plaintiff Alexandra Romano was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

144.  Plaintiff Jennifer Hayes (formerly Jane A61 Doe) is an adult female and is a resident of Michigan.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

145.  Plaintiff Jane A62 Doe is an adult female and is a resident of Wisconsin but resided in Michigan at all relevant times below. Plaintiff Jane A62 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

146.  Plaintiff Jane A63 Doe is an adult female and is a resident of Michigan.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

147. Plaintiff Jane A64 Doe is an adult female and is a resident of New Jersey. Plaintiff Jane A64 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

148. Plaintiff Jane A65 Doe is an adult female and is a resident of Texas. Plaintiff Jane A65 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

149. Plaintiff Jane A66 Doe is an adult female and is a resident of Arizona. Plaintiff Jane A66 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

150. Plaintiff Emily Goetz (formerly Jane A67 Doe) is an adult female and is a resident of New York. Plaintiff Emily Goetz was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

151. Plaintiff Margaret "Maggie" Nichols (formerly Jane A68 Doe) is an adult female and is a resident of Minnesota. Plaintiff Maggie Nichols was a minor at the time she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

152. Plaintiff Kyle Stephens is an adult female and is a resident of Illinois but resided in Michigan at all elevant times indicated below. Plaintiff Kyle Stephens was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

153. Plaintiff Jane A70 Doe is an adult female and is a resident of Michigan.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

154. Plaintiff Jane A71 Doe is an adult female and is a resident of Michigan. Plaintiff A71 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

155. J.S. (minor) (formerly Jane A72 Doe) is a minor female and is a resident of Michigan.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

156. Plaintiff A.S. is an adult female, the mother of Plaintiff J.S. (minor), and a resident of Michigan.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

157. Plaintiff Jane A74 Doe is an adult female and is a resident of Oregon but resided in Michigan at all elevant times indicated below.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

158. Plaintiff E.P. (minor) (formerly Jane A75 Doe) is a minor female and is a resident of Michigan.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

159. Plaintiff M.P. (formerly Jane A76 Doe) is an adult female, the mother of Plaintiff E.P. (minor) and a resident of Michigan.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

160. Plaintiff Marion Siebert (formerly Jane A77 Doe) is an adult female and is a resident of Michigan. Plaintiff Marion Siebert was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

161. Plaintiff Jane A78 Doe is an adult female and is a resident of Florida. Plaintiff Jane A78 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

162. Plaintiff Anna Dayton (formerly Jane A79 Doe) is an adult female and is a resident of Michigan. Plaintiff Anna Dayton was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

163. Plaintiff Brittney Schumann (formerly Jane A80 Doe) is an adult female and is a resident of Texas. Plaintiff Brittney Schumann was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

164. Plaintiff A.B. (minor) (formerly Jane A82 Doe) is a minor female and is a resident of Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

165. Plaintiff L.B. (formerly Jane A83 Doe) is an adult female, the mother of Plaintiff A.B. (minor), and a resident of Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

166. Plaintiff Helena Weick (formerly Jane A84 Doe) is an adult female and is a resident of Michigan. Plaintiff Helena Weick was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

167. Plaintiff Megan Halicek (formerly Jane A85 Doe) is an adult female and is a resident of California. Plaintiff Megan Halicek was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

168.     Plaintiff Stephanie Robinson (formerly Jane A86 Doe) is an adult female and is a resident of Michigan. Plaintiff Stephanie Robinson was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

169.     Plaintiff Rebecca Mark (formerly Jane A88 Doe) is an adult female and is a reside of the District of Columbia. Plaintiff Rebecca Mark was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

170.     Plaintiff Jane A89 Doe is an adult female and a resident of Colorado.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

171.     Plaintiff Hannah Morrow is an adult female and is a resident of Illinois. Plaintiff was a minor at the times she was sexually abused, assaulted and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

172.     Plaintiff J.C. (minor) is a minor female and a resident of Illinois.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

173.     Plaintiff C.C. is an adult female, the mother of J.C. (minor), and a resident of Illinois.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

174.     Plaintiff Kara Johnson is an adult female and is a resident of Michigan. Plaintiff Kara Johnson was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

175.     Plaintiff M.J. (minor) is a minor female and is a resident of Michigan.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

176. Plaintiff K.J. is an adult female, the mother of Plaintiff M.J. and a resident of Michigan.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

177. Plaintiff Samantha Ursch is an adult female and is a resident of Florida.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

178. Plaintiff Jennifer Rood Bedford is an adult female and is a resident of Michigan.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

179. Plaintiff Jane A90 Doe is an adult female and is a resident of Illinois. Plaintiff Jane A90 Doe was a minor during a portion of the time she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

180. Plaintiff Jane A91 Doe is an adult female and is a resident of Arizona. Plaintiff Jane A91 Doe was a minor during a portion of the time she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

181. Plaintiff Jane A92 Doe is an adult female and is a resident of North Carolina.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

182. Plaintiff Jane A93 Doe is an adult female and is a resident of North Carolina. Plaintiff Jane A93 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

183. Plaintiff Selena Brennan is an adult female and a resident of Michigan. Plaintiff Selena Brennan was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

184. Plaintiff Jane A94 Doe is a minor female and is a resident of Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

185. Plaintiff Jane A95 Doe is an adult female, the mother of Plaintiff Jane A94 Doe, and a resident of Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

186. Plaintiff Jane A96 Doe is a minor female and is a resident of Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

187. Plaintiff Jane A97 Doe is an adult female, the mother of Plaintiff Jane A96 Doe, and a resident of Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

188. Plaintiff Jane A98 Doe is an adult female and is a resident of California. Plaintiff Jane A98 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

189. Plaintiff Jane A99 Doe is an adult female and is a resident of Ohio. Plaintiff Jane A99 Doe was a minor at the times she was sexually assaulted, abused and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

190. Plaintiff Jane A100 Doe is an adult female and is a resident of Michigan. Plaintiff Jane A100 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

191. Plaintiff Chandler Lynn is an adult female and is a resident of Michigan. Plaintiff Chandler Lynn was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

192. Plaintiff Jane A102 Doe is an adult female and is a resident of Michigan. Plaintiff Jane A102 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

193. Plaintiff Jane A103 Doe is an adult female and is a resident of Michigan. Plaintiff Jane A103 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

194. Plaintiff Jane A104 Doe is a minor female and is a resident of Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

195. Plaintiff Jane A105 Doe is an adult female, the mother of Plaintiff Jane A104 Doe, and a resident of Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

196. Plaintiff Jane A106 Doe is an adult female and is a resident of Michigan. Plaintiff Jane A106 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

197. Plaintiff Jane A107 Doe is an adult female and is a resident of Michigan. Plaintiff Jane A107 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

198. Plaintiff Jane A108 Doe is an adult female and is a resident of California. Plaintiff Jane A108 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

199.     Plaintiff Charla Burill is an adult female and is a resident of North Carolina.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

200.     Plaintiff Jane A109 Doe is an adult female and is a resident of Massachusetts. Plaintiff Jane A109 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

201.     Plaintiff Kathryn Middleton is an adult female and is a resident of Michigan. Plaintiff Kathryn Middleton was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

202.     Plaintiff Jane A110 Doe is an adult female and is a resident of Massachusetts. Plaintiff Jane A110 Doe was a minor at the times she was sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

203.     It is anticipated other Plaintiffs who were sexually assaulted, abused, and molested by Defendant Nassar will continue to seek to join this litigation.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

204.     Defendant Lawrence "Larry" Nassar, was a Doctor of Osteopathic Medicine and was a resident of Michigan at all relevant times. Upon information and believe, Defendant Nassar is an inmate in the custody of the Federal Bureau of Prisons.

**ANSWER:     Admitted.**

205.     Defendant Michigan State University (hereinafter, "Defendant MSU") was at all relevant times and continues to be a public university organized and existing under the laws of the state of Michigan.

**ANSWER:     Admitted.**

206.     Defendant Michigan State University receives federal financial assistance and is therefore subject to Title IX of the Educational Amendments of 1972, 20 U.S.C. §1681(a).

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

207.  Defendant The Board of Trustees of Michigan State University (hereinafter, "Defendant MSU Trustees") is the governing body for Michigan State University.

**ANSWER:  Admitted.**

208.  Defendant MSU and Defendant MSU Trustees are hereinafter collectively referred to as the MSU Defendants.

**ANSWER:  As this paragraph does not contain an allegation of fact, no answer is required.**

209.  Lou Anna K. Simon is the immediate past President of Defendant MSU, appointed in approximately January 2005. Prior to her appointment as President, Ms. Simon held several administrative roles including assistant provost for general academic administration, associate provost, and provost and vice president for academic affairs during her career with MSU.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

210.  M. Peter McPherson is a past President of Defendant MSU, and served as President from approximately 1993 – 2004.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

211.  Mark Hollis is the immediate past Athletic Director of Defendant MSU.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

212.  Defendant William D. Strampel, D.O. was the Dean of the College of Osteopathic Medicine at Michigan State University and served as Dean beginning in approximately April 2002 and as Acting Dean between December 2001 and April 2002. Defendant Strampel resigned as Dean in or around December 2017.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

213.  Defendant Jeffrey R. Kovan, D.O. is or was the Director of Division of Sports Medicine at Michigan State University.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

214. Defendant Douglas Dietzel, D.O. is or was the Clinical Director of MSU Sports Medicine serving in that capacity since approximately 2004 and has also served as Team Orthopedic Surgeon for MSU Department of Intercollegiate Athletics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

215. Defendant Gary Stollak, Ph.D., is or was a Michigan State University clinical psychologist and Professor of Psychology.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

216. Defendant Kathie Klages is or was the Head Coach of Defendant MSU's Gymnastics Team/Program and conducted classes and programs for children and young adults who were not members of the MSU Gymnastics Team/Program.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

217. Defendant Destiny Teachnor-Hauk is or was an athletic trainer for Defendant MSU for various sports including but not limited to softball, track and field, gymnastics, rowing, and volleyball.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

218. Defendants MSU, MSU Trustees, Strampel, Kovan, Dietzel, Stollak, Klages, Teachnor-Hauk, and Nassar are hereinafter collectively referred to as the MSU Defendants.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

219. Lianna Hadden is or was a trainer for Defendant MSU for various sports including, but not limited to softball, track and field, gymnastics, rowing, and volleyball.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

220. Kelli Bert is or was the Head Coach of Defendant MSU's Track and Field Team/Program.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

221. Brooke Lemmen, D.O. is or was a practicing physician with Defendant MSU's Sports Medicine Clinic from approximately 2010 to 2017.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

222.    Defendant United States of America Gymnastics (hereinafter "Defendant USAG") was and continues to be an organization incorporated in Indiana, authorized to conduct business and conducting business throughout the United States, including but not limited to Michigan.

**ANSWER:** **Denied. USAG is a Texas non-profit corporation with its principal place of business in Indiana. The remainder of this paragraph states a conclusion of law to which no answer is required.**

223.    Steve Penny is the immediate past president and Chief Executive Officer of Defendant USAG (named in approximately April 2005), who was responsible for the overall management and strategic planning of Defendant USAG.

**ANSWER:** **Admitted that Steve Penny is the former CEO of USAG and that he had the responsibilities of a CEO. Otherwise, the allegations are denied.**

224.    Robert Colarossi is the past president of Defendant USAG and held the position from approximately 1998 to 2005, and during that time was responsible for the overall management and strategic planning of Defendant USAG.

**ANSWER:** **Admitted that Mr. Colarossi was the former CEO of USAG and that, as CEO, he had responsibilities consistent with those of a chair of a non-profit. Otherwise, the allegations are denied.**

225.    Bela Karolyi is a former Romanian gymnastics coach who defected to the United States in the early 1980's, previously served as National Team Coordinator for Defendant USAG, and trained elite level USAG member gymnasts at a facility operated in the State of Texas.

**ANSWER:** **Admitted.**

226.    Martha Karolyi, the wife of Bela Karolyi who also defected to the United States in the early 1980's, assisted in the operation, management, control, and supervision of the facility operated in the State of Texas where she and her husband trained elite level USAG member gymnasts.

**ANSWER:** **Admitted.**

227.    Martha Karolyi is a former National Team Coordinator for Defendant USAG.

**ANSWER:** **Admitted.**

228.    Valeri Liukin is the immediate past National Team Coordinator for the USAG Women's Gymnastics Team.

**ANSWER:**     **Admitted.**

229.    The Karolyi Ranch as referenced herein refers to the facility located in Huntsville, Texas also known as the USAG National Team Training Center and/or any of the following business entities, believed to be incorporated in the state of Texas: Karolyi Training Camps, LLC, Karolyi World Gymnastics, Inc., and/or Karolyi's Elite.

**ANSWER:**     **Admitted only that the Karolyi Ranch is located in Huntsville, Texas and was formerly the National Team Training Center. USAG lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.**

230.    The United States Olympic Committee (hereinafter, "USOC") is the National Olympic Committee for the United States of America charged with overseeing U.S. Teams for the Olympic Games.

**ANSWER:**     **Admitted that the USOC has the authority, through the Ted Stevens Olympic and Amateur Sports Act, to designate organizations as national governing bodies. Otherwise, the allegations are denied.**

231.    The USOC established under the Ted Stevens Olympic and Amateur Sports Act (36 U.S.C. §220501, *et seq.*, formerly the Amateur Sports Act of 1978) provides for the National Governing Bodies for each Olympic Sport.

**ANSWER:**     **Admitted.**

232.    The USOC has designated Defendant USAG as the National Governing Body for the Olympic sport of Gymnastics in the United States of America.

**ANSWER:**     **Admitted.**

233.    Scott Blackmun is the immediate former CEO for the USOC.

**ANSWER:**     **Admitted.**

234.    Larry Probst is the Chairman of the Board of Directors for the USOC.

**ANSWER:**     **Admitted.**

235.    Defendant Twistars USA, Inc. d/b/a Geddert's Twistars Gymnastics Club USA (hereinafter, "Defendant Twistars") was and continues to be an organization incorporated in Michigan.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

236.    Defendant John Geddert is or was the owner and operator of Twistars USA, Inc. d/b/a Geddert's Twistars Gymnastics Club USA. Defendant Geddert also served on the USAG Junior Olympic Program Committee for over 20 years, served as a USAG

coach from as early as 1995, and as the USA World and 2012 Olympic Women's Gymnastics Team Head Coach.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted regarding the ownership of Twistars USA.  Admitted that Geddert served on the USAG Junior Olympic Program Committee and that Geddert was a coach at the 2012 Olympics and a coach at the 2011 world championships.  Otherwise, the allegations in this paragraph are denied.**

## IV.    COMMON FACTUAL ALLEGATIONS

237.    Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

238.    At all relevant times, Defendants Nassar, Stollak, Strampel, Kovan, Dietzel, Klages, and Teachnor-Hauk maintained offices at MSU in East Lansing, Michigan.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

239.    At all relevant times, Defendants MSU, MSU Trustees, Nassar, Stollak, Strampel, Kovan, Dietzel, Klages, and Teachnor-Hauk were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Michigan and/or Defendant Michigan State University.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

240.    Defendant Gary Stollak, Ph.D. was employed by the MSU Defendants and served as Professor of Psychology.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

241.    Defendant Stollak also provided clinical psychology services while employed by the MSU Defendants.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

242.    At all relevant times, Defendant Strampel was the Dean of the College of Osteopathic Medicine under which Defendant Nassar worked as an Associate/Assistant Professor.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

243. At all relevant times Defendant Kovan was the Chair/Clinic Director of the MSU Sports Medicine Clinic under which Defendant Nassar worked as Doctor of Osteopathic Medicine, and the Head Team Physician for MSU Athletics under which Defendant Nassar worked as Team Physician for the MSU Women's Gymnastics Team.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

244. At all relevant times Defendant Dietzel was the Chair/Clinic Director for the MSU Sports Medicine Clinic under which Defendant Nassar worked as Doctor of Osteopathic Medicine.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

245. Defendant Kathie Klages was head coach of the MSU Gymnastics Program and conducted classes and programs for minor children and young adults who were not MSU student athletes.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

246. Defendant Klages regularly referred MSU student athletes as well as young athletes who were not MSU students to Defendant Nassar for medical treatment.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

247. Defendant Destiny Teachnor-Hauk provided athletic training services to MSU student athletes.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

248. Defendant Teachnor-Hauk regularly referred MSU student athletes to Defendant Nassar for medical treatment.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

249. At all relevant times Defendants Nassar, Stollak, Strampel, Kovan, Dietzel, Klages, and Teachnor-Hauk were acting in the scope of their employment or agency with Defendant MSU.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

250. At all relevant times Defendants Nassar, Stollak, Strampel, Kovan, Dietzel, and Teachnor-Hauk had a special relationship and collegial affiliation with one another as co-employees for Defendant MSU and as fellow medical professionals.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

251. At all relevant times Defendants Nassar and Klages had a special relationship and collegial affiliation with one another as Klages was the head gymnastics coach and Nassar provided treatment under her direction and control for her athletes and as employees of Defendant MSU.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

252. At all relevant times Defendants Nassar and Geddert were acting in the scope of their employment or agency with Defendant USAG.

**ANSWER:** **Denied.**

253. At all relevant times Defendants Nassar and Geddert were acting in the scope of their employment or agency with Defendant Twistars.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

254. Defendant Nassar graduated from Michigan State University with a Doctor of Osteopathic Medicine degree in approximately 1993.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

255. Defendant Nassar was employed by and/or an agent of Defendant USAG from approximately 1986 to 2015, serving in various positions including but not limited to:

    a. Certified Athletic Trainer;

    b. Osteopathic Physician;

    c. National Medical Director;

    d. National Team Physician, USA Gymnastics;

    e. National Team Physician, USA Gymnastics Women's Artistic Gymnastics National Team.

**ANSWER:** **Denied. Admitted only that Nassar served as a volunteer in various capacities for USAG from 1987 to 2015.**

256.    As an employee and/or agent of Defendant USAG, Defendant Nassar served in the positions listed above at the 1996, 2000, 2004, and 2012 Summer Olympic Games, regularly at the Karolyi Ranch, at USAG sponsored and sanctioned competitions in the U.S. and internationally, and while he treated USAG members at his office at MSU and at Twistars.

**ANSWER:    Denied. USAG specifically denies that Nassar acted as an employee or agent of USAG when he treated patients at MSU or Twistars.  Admitted only that Nassar acted as a volunteer for USAG from 1987 to 2015 in various capacities.**

257.    Defendant Nassar was employed by Defendant MSU from approximately 1996 to 2016 in various positions including but not limited to:

    a.    Assistant and/or Associate Professor, Defendant MSU's Division of Sports Medicine, Department of Radiology, College of Osteopathic Medicine;

    b.    Team Physician, Defendant MSU's Men's and Women's Gymnastics Team;

    c.    Team Physician, Defendant MSU's Men's and Women's Track and Field Teams;

    d.    Team Physician, Defendant MSU's Men's and Women's Crew Team;

    e.    Team Physician, Defendant MSU's Intercollegiate Athletics;

    f.    Medical Consultant, Defendant MSU's Wharton Center for the Performing Arts;

    g.    Advisor, Student Osteopathic Association of Sports Medicine.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

258.    As an Assistant and/or Associate Professor for Defendant MSU Division of Sports Medicine, Defendant Nassar provided medical services for Defendant MSU's Sports Medicine Clinic.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

259.    For over twenty (20) years, Defendant MSU's Sports Medicine Clinic has provided health care to MSU student athletes and others.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

260. When the MSU Defendants operated the MSU Sports Medicine Clinic and provided medical services to Plaintiffs, and others, they were acting as an arm of the state.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

261. The MSU Sports Medicine Clinic charged patients, including Plaintiffs, for their receipt of medical services.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

262. Charging Plaintiffs (and others) and billing insurance companies for medical services is an activity proprietary in nature.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

263. Charging Plaintiffs (and others) and billing insurance companies for medical services creates a fiduciary and special relationship between Plaintiffs and the MSU Defendants.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

264. The MSU Defendants charged fees comparable to specialists for the services provided at the MSU Sports Medicine Clinic.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

265. The MSU Sports Medicine Clinic engaged in proprietary functions by entering into the business of providing medical services for the primary purpose of raising funds and making a profit for the MSU Defendants.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

266. The MSU Sports Medicine clinic cannot be normally supported by taxes and fees.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

267. By seeking medical treatment and services from Defendant MSU's Sports Medicine Clinic and from Defendant Nassar while in the course of his employment, agency, and/or representation with the MSU Defendants, a special, confidential, and fiduciary relationship existed between Plaintiffs, the MSU Defendants, and Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

268. As part of Defendant Nassar's employment and contractual duties with Defendant MSU, Defendant Nassar was responsible for spending between 50 to 70% of his time engaged in "Outreach" and/or "Public Services."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

269. A part of Defendant Nassar's outreach included providing medical treatment to athletes affiliated with Defendants USAG and Twistars as well as other organizations such as Holt High School.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

270. In order to participate in USAG sanctioned events, it is necessary to be a USAG member.

**ANSWER:** **Admitted.**

271. To obtain membership with Defendant USAG, an individual must pay dues.

**ANSWER:** **Admitted.**

272. Similarly, in order for a gymnastics club to be considered a USAG member club, the gymnastics club must also pay dues, and if the member club seeks to hold a USAG sanctioned event at the club, the club must pay a fee.

**ANSWER:** **Admitted.**

273. All those who seek to coach, judge, or participate in USAG sanctioned events must also pay a membership fee.

**ANSWER:** **Admitted.**

274. The exchange of money for membership creates a fiduciary relationship and duty between Defendant USAG, their members/athletes, coaches, judges, and their clubs.

**ANSWER:** **Denied.**

275. Defendant USAG regularly recommended Defendant Nassar to its members as a reputable physician.

**ANSWER:** **Denied.**

276. Defendant Twistars is a gymnastics facility with which Defendant Nassar affiliated from its inception in or around 1996.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

277. Defendant John Geddert, owner and operator of Twistars USA, Inc. d/b/a Geddert's Twistars Gymnastics Club USA served as the USA World and 2012 Olympic Women's Gymnastics Team Head Coach.

**ANSWER:** **Admitted only that Geddert was a coach at the 2011 World Championships and at the 2012 Olympics.**

278. Defendant Twistars is a USAG member club and ostensible agent of Defendant USAG.

**ANSWER:** **Denied that Twistars was an ostensible agent of USAG; admitted only that Twistars was a member club of USAG.**

279. Defendant Twistars required its gymnasts, especially those with aspirations of competing, to become USAG members and pay membership fees to Defendant USAG.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

280. Defendant Geddert regularly recommended Defendant Nassar to members of Defendant Twistars as a reputable physician.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

281. Plaintiffs relied on the recommendations of Defendants Geddert and USAG and continually sought treatment from Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

282. Defendant Nassar was a representative or agent of Twistars who performed treatment at their facilities on a regular basis.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

283. Plaintiffs had a physician-patient special relationship with Defendant Nassar when he treated them at Twistars in his capacity as a representative or agent of Twistars.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

284. Defendant Nassar regularly treated Plaintiffs who were members of Defendant Twistars at their facility.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

285. The relationship between Defendants USAG, Twistars, Geddert, Nassar, and MSU was symbiotic in nature, in that the organizations, Geddert, and Nassar enjoyed financial benefits one from another.

**ANSWER:** **Denied.**

286. The MSU Defendants received financial benefits from its relationships with Defendants Nassar, USAG, Twistars, and Geddert including increased patients to the Sports Medicine clinic, increased billing, revenue, and profit for the MSU Sports Medicine Clinic, and national and international recognition, fame, and prestige.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

287. Defendant Nassar received financial benefits from his relationship with Defendants USAG, Twistars, Geddert and the MSU Defendants including but not limited to increased patients at the MSU Sports Medicine clinic, additional billing, revenue, and profit for the MSU Sports Medicine clinic, and national and international recognition, fame, and prestige.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

288. Defendant USAG received financial benefits from its relationship with Defendants Twistars, Geddert, MSU, and Nassar, including but not limited to increased membership in its organization, increased or additional membership fees, and national and international recognition, fame, and prestige.

**ANSWER:** **Denied.**

289. Defendants Geddert and Twistars received financial benefits from its relationship with Defendants USAG and Nassar including but not limited to increased membership in the gym, membership fees, and national and international fame, and prestige.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

290. For a period of time, Defendant Twistars displayed a photo of Defendant Nassar at its facility.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

291.    As an agent of Defendant Twistars, Defendant Nassar regularly provided services and treatment to Defendant Twistars' members and Defendant USAG's members on Defendant Twistars' premises.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

292.    Plaintiffs had a special and fiduciary relationship with Defendants Twistars and Geddert by virtue of being dues paying members with Defendant Twistars.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

293.    Plaintiffs were often under the direct supervision and control of Twistars or its agents and were in fact *in loco parentis* with Twistars while competing, training, and receiving "treatment" from Defendant Nassar.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

294.    Oftentimes while training and while competing for Defendants Twistars and Geddert at Twistars events (also USAG sanctioned events) Plaintiffs were away from their parents and under the complete care, custody, and control of Defendants Twistars and Geddert.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

295.    As a physician of Osteopathic Medicine, Defendant Nassar's medical care and treatment should have consisted largely of osteopathic adjustments and kinesiology treatment to patients, including students and student-athletes of Defendant MSU.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

296.    Defendant Nassar is not and has never been a medical doctor of obstetrics or gynecology.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

297.    Defendant Nassar is not and has never been trained or certified as a pelvic floor therapist.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

298. While employed by Defendants MSU, USAG, and Twistars, Defendant Nassar practiced medicine at Defendant MSU's Sports Medicine Clinic, a facility at MSU.

**ANSWER: Denied that Nassar was employed by USAG. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph.**

299. To gain Plaintiffs' trust, at appointments, Defendant Nassar would give some Plaintiffs gifts such as t-shirts, pins, flags, leotards, and other items, some with USAG logos and others without.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

300. Additionally, Defendant Nassar would also see many Plaintiffs outside of normal business hours at his office at MSU and sometimes at his residence to gain their trust.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

301. In many cases, Defendant Nassar did not have Plaintiffs use the main entrance and exit at Defendant MSU's Sports Medicine Clinic for appointments with Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

302. In other situations, Defendant Nassar did not have Plaintiffs check in or check out with staff of Defendant MSU's Sports Medicine Clinic for appointments with Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

303. Some Plaintiffs were told by Defendant Nassar, when calling to schedule an appointment, in order to be seen more quickly, to tell Defendant MSU's Sports Medicine Clinic staff that they were suffering from a back injury even though they weren't—a practice which gave Defendant Nassar an opportunity to examine Plaintiffs in a way that would leave them more vulnerable and susceptible to sexual assault and abuse.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

304. Defendant Nassar would regularly and frequently see Plaintiffs at Defendant MSU's Sports Medicine Clinic, many of whom were minors, without the presence of a chaperone (*e.g.*, parent, guardian, resident, nurse, etc.).

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

305. Defendant Nassar would communicate with Plaintiffs, many of whom were minors, via text message or social media, often times without including their parents in the communication.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

306. Defendants MSU (collectively), USAG, Twistars and Geddert never trained, educated, or warned Plaintiffs, who were Defendants' patients and members (respectively), that the actions described above were warning signs for sexual abuse and sexual assault.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

307. Because of the special and fiduciary relationship shared between the MSU Defendants, Defendants USAG, Twistars, and Geddert and Plaintiffs, each Defendant had a legal duty to exercise reasonable care toward Plaintiffs, who were their patients and members (respectively).

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

308. The MSU Defendants and Defendants USAG, Twistars, and Geddert had a duty to exercise reasonable care in supervising Defendant Nassar while he was their employee or agent.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

309. Collectively, the Defendants breached the duties they owed Plaintiffs and ultimately failed to exercise reasonable care, leaving them vulnerable to be sexually abused, assaulted, and molested by Defendant Nassar.

**ANSWER:    Denied as to USAG.**

310. During his employment, agency, and representation with the MSU Defendants, Defendant USAG, and Defendant Twistars, Defendant Nassar sexually assaulted, abused, and molested Plaintiffs by engaging in nonconsensual sexual touching,

assault, and harassment including but not limited to digital vaginal and anal penetration.

**ANSWER:      Denied as to USAG. Admitted only that Nassar was accused and convicted of sexually assaulting some plaintiffs. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph.**

311.    The State of Michigan's Department of Licensing and Regulatory Affairs Occupational Health Standards regarding Bloodborne Infectious Diseases mandates use of gloves when exposed to potentially infectious material, including vaginal secretions.

**ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

312.    Defendant MSU, through its Sports Medicine Clinic and Defendant Nassar, provided medical care and treatment to Plaintiffs who were patients of Defendant Nassar.

**ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

313.    Plaintiffs were business invitees at the MSU Sports Medicine Clinic where they expected to receive medical care and treatment by Nassar, free of harm.

**ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

314.    Defendant MSU is not immune from liability as it failed to warn Plaintiffs of the known or foreseeable dangers regarding complaints related to Defendant Nassar as early as 1997 and failed to train its employees, representatives, and agents about such dangers and to warn and protect Plaintiffs from such dangers, and otherwise failed to supervise and train employees of the MSU Sports Medicine Clinic to act in a manner consistent with operating a reasonably prudent facility.

**ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

315.    To the best of Plaintiffs' knowledge, neither the MSU Defendants, nor Defendants USAG, or Twistars had or enforced a policy which required their patients and members to avoid being seen for treatment at a physician's residence.

**ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph**

316.    To the best of Plaintiffs' knowledge, neither the MSU Defendants, nor Defendants USAG, or Twistars had or enforced a policy which required their patients and members to have the presence of a chaperone (*e.g.*, parent, guardian, resident, nurse, etc.) when treating in a private or sensitive area.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

317. To the best of Plaintiffs' knowledge, neither the MSU Defendants, nor Defendants USAG, or Twistars had or enforced a policy which required their patients not to communicate with physicians via text message or social media in order to schedule appointments.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

318. Collectively, Defendants' failures as described above left Plaintiffs vulnerable and susceptible to sexual assaulted and abuse.

**ANSWER:** **Denied as to USAG. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph.**

319. In or around 1997 or 1998, Plaintiff Larissa Boyce reported to Defendant Klages concerns regarding Defendant Nassar's conduct and "treatment."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

320. Defendant Klages dissuaded Plaintiff Boyce from completing a formal report and warned Boyce that the report would have serious consequences for both Plaintiff Boyce and Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

321. Around that same time, Plaintiff Jane B8 Doe was questioned by Defendant Klages regarding Nassar's "treatment" and Plaintiff Jane B8 Doe affirmatively confirmed she had also been assaulted and abused.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

322. Defendant Klages told Plaintiff Jane B8 Doe there was no reason to bring up or otherwise report Defendant Nassar's conduct.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

323. In or around 1998, a parent of a gymnast at Defendant Twistars' facility complained to Defendant Geddert regarding Defendant Nassar's conduct, yet the concerns and allegations went unaddressed.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

324. Also in or around 1998, Jane A71 Doe complained to a coach at Defendant Twistars' facility regarding Defendant Nassar's conduct, yet the concerns and allegations went unaddressed.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

325. Defendant Geddert received knowledge of these complaints in his capacity as an employee or agent of USAG as well as his capacity as owner and operator of a USAG member gym, Twistars.

**ANSWER: Denied as to USAG.**

326. In or around 1999 the MSU Defendants were also put on notice of Defendant Nassar's conduct by Christie Achenbach, a MSU student athlete, after she complained to MSU employees, including trainers and her head coach Kelli Bert, that Defendant Nassar touched her vaginal area although she was seeking treatment for an injured hamstring.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

327. Despite her complaints to MSU representatives, Christie Achenbach's concerns and allegations went unaddressed.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

328. In approximately 2000, Tiffany Thomas Lopez (formerly Jane T.T. Doe), a female student athlete and member of Defendant MSU's Women's Softball Team, was sexually assaulted and abused during "treatment" by Defendant Nassar and reported Defendant Nassar's conduct to Defendant MSU's employees, including trainers.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

329. Ms. Lopez's allegations regarding the sexual assault include the following statements:

Plaintiff is informed and believes, and on that basis alleges, that Defendants knew or should have known that NASSAR had engaged in unlawful sexually-related conduct in the past, and/or was continuing to engage in such conduct. Defendants had a duty to disclose these facts to Plaintiff, her parents and others, but negligently and/or intentionally suppressed, concealed or failed to disclose this information. The duty to disclose this information arose by the special, trusting, confidential,

fiduciary relationship between Defendants and Plaintiff. Specifically, the Defendant MSU knew that NASSAR was performing intravaginal adjustments with his bare, ungloved hand and in isolation with young females, based on the following:

a.   The Plaintiff, approximately 18 years old at the time, had a visit with NASSAR where he touched her vagina, in order to purportedly heal back pain she was having, under the guise of legitimate medical treatment. The Plaintiff complained to a trainer on her softball team who responded by saying that NASSAR was a world renowned doctor, and that it was legitimate medical treatment. The Plaintiff continued with the purported treatment;

b.   As the purported treatments continued, NASSAR became more bold, having the Plaintiff remove her pants, and then inserting his bare, ungloved and unlubricated hand into her vagina. The Plaintiff, again, reported to Defendant MSU training staff, this time a higher ranking trainer. This trainer told the Plaintiff that the treatment sounded unusual and that the Plaintiff needed to speak to an even higher level trainer in the Department, who ended up being one of three individuals who supervised the entire department at Defendant MSU;

c.   When the Plaintiff went to see this individual, the Plaintiff was told by that individual that what happened to the Plaintiff was not sexual abuse, that NASSAR was a world renowned doctor, and that the Plaintiff was not to discuss what happened with NASSAR and was to continue seeing him for purported treatment. The Plaintiff continued to see NASSAR for treatment;

d.   Finally, in or around 2001, the Plaintiff refused to continue to see NASSAR for these abusive and invasive procedures. Defendant MSU then pressured and coerced the Plaintiff to declare herself medically inactive. The Plaintiff was shunned from the Defendant MSU sports program, and left Defendant MSU to return home to California.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

330.   Despite her complaints to MSU employees, agents, and representatives, Ms. Lopez's concerns and allegations went unaddressed in violation of reporting policies and procedures and Title IX and in a manner that was reckless, deliberately indifferent, and grossly negligent.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

331.   Defendants MSU, Kathie Klages, Teachnor-Hauk, and other MSU employees and representatives such as Kelli Bert also had the following obligations, among others, pursuant to its Office of Institutional Equity ("OIE") policy:

a. "to promptly take steps to investigate or otherwise determine what occurred and then to address instances of relationship violence and sexual misconduct when it knows or should have known about such instances."

b. to inform "the MSU Police of all reports it receives regarding sexual assaults.";

c. to "take immediate steps to initiate the investigatory process to determine what happened and to resolve the matter promptly and equitably.";

d. to "take prompt, responsive action to support a claimant and will take steps to eliminate, prevent, or address a hostile environment if it determines that one exists.";

e. "to conduct a prompt, adequate, reliable, and impartial investigation to determine what occurred and then to take appropriate steps to resolve the situation when it learns of an incident of sexual misconduct;

f. "independently investigate complaints of relationship violence and sexual misconduct.";

g. to conduct an investigation "by the Office of Institutional Equity under the direction of the Deputy Title IX Coordinator for Investigations.";

h. to promptly report allegations of sexual misconduct "to the Office of Institutional Equity."

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

332. Upon information, and belief, and in violation of federal law, state law, and MSU OIE Policy, Defendant MSU failed to take any action in response to the 1997/1998, 1999, and 2000 complaints.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

333. Because MSU took no action to investigate the 1997/1998, 1999 or 2000 complaints and took no corrective action during that time, under the guise of treatment, dozens of Plaintiffs, and possibly hundreds of others, many of whom were minors, were also sexually assaulted, abused, and molested by Defendant Nassar by vaginal and anal digital penetration, without the use of gloves or lubricant and by touching and groping their breasts.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

334.    Between 2000 and 2002, Plaintiff Jennifer Rood Bedford raised concerns regarding Defendant Nassar with Athletic Trainer Lianna Hadden telling her she was uncomfortable with Defendant Nassar's conduct and inquired into how to make a complaint/report to indicate she had been uncomfortable with his conduct at her appointments.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

335.    Following a discussion with Ms. Hadden, Plaintiff Jennifer Rood Bedford was confused and frightened about the potential repercussion and ultimately did not file a formal complaint.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

336.    The MSU Defendants failed to educate Plaintiff Jennifer Rood Bedford and other MSU athletes on issues regarding sexual abuse and sexual assault.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

337.    Defendant MSU's athletic trainers and staff were not properly trained or educated regarding osteopathic medicine and therefore followed inadequate safeguards and procedures which put Plaintiff Jennifer Rood Bedford, and other student athletes at risk of suffering sexual abuse and sexual assault.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

338.    In 2004, Defendant Nassar authored a chapter in Principles of Manual Sports Medicine by Steven J. Karageanes.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

339.    In the chapter, Defendant Nassar described the pelvic diaphragm, coccyx, and sacroiliac ligaments as an area of the body not fully examined due to its proximity to the genitalia and buttocks, and stated it was "referred to as the 'no fly zone' "because of the many cultural stigmas in touching this area."

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

340.    Defendant Nassar recommended taking "special measures to explain any examination and techniques applied in this region," and "warning in advance of what you are planning to do," among other suggestions.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

341. There is no mention of intra-vaginal or intra-rectal techniques or procedures in the chapter.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

342. As described in detail below, Defendant Nassar often failed to follow his own recommendations with Plaintiffs as:

   a. he did not explain any intravaginal or intra-rectal techniques to Plaintiffs or their parents; and,

   b. he did not warn Plaintiffs he was going to engage in vaginal or anal digital penetration before doing so.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

343. Also in 2004, Plaintiff Brianne Randall reported Defendant Nassar's conduct to her parents and to local law enforcement, Meridian Township Police in 2004.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

344. Also in or around 2004, Plaintiff Kyle Stephens, at approximately 12 years of age, who was not a patient of Defendant Nassar, reported inappropriate conduct and touching of a sexual nature to Defendant Gary Stollak who was employed by Defendant MSU.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

345. Consequently, Defendant Gary Stollak had reasonable cause to suspect sexual abuse.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

346. Defendant Gary Stollak, as a physician, was a mandatory reporter of child abuse.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

347. To the best of Plaintiffs' knowledge, Defendant Gary Stollak failed to report Defendant Nassar's conduct to law enforcement, child protective services, or Defendant MSU.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

348.    Defendant Gary Stollak as a practicing clinical psychologist knew or should have known of the danger posed by childhood sexual abusers.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

349.    Based upon Plaintiff Kyle Stephens' report, Defendant Gary Stollak knew or should have known that it was foreseeable that Defendant Nassar could pose a danger to other children.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

350.    Defendant Stollak's failure to report Defendant Nassar endangered dozens, if not hundreds of Plaintiffs who were subsequently sexually abused, assaulted, and molested by Defendant Nassar.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

351.    In or around 2010, Defendant Geddert witnessed a gymnast who was approximately 15 years old being sexual assaulted by Defendant Nassar.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

352.    Upon witnessing the sexual assault, Defendant Geddert made a joke and made a statement to the gymnast to effect of: "I guess your back really did hurt."

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

353.    In or around 2010, Defendant Geddert served in a leadership role with Defendant USAG notably as a USAG coach representing Team USA in national and international USAG competitions and on the Junior Olympic Program Committee.

**ANSWER:    Denied.**

354.    In or around 2011, Defendant Geddert was traveling in a vehicle with members of the USAG Senior National Team, including Aly Raisman.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

355. At the time, Defendant Geddert was serving in his capacity as a USAG Olympic Coach.

**ANSWER:     Denied.**

356. Ms. Raisman indicated she and her teammates would talk about Defendant Nassar's conduct amongst themselves.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

357. While traveling together, in Defendant Geddert's presence, one of Ms. Raisman's teammates described "in graphic detail" what Defendant Nassar had done to her the prior evening.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

358. Ms. Raisman stated Defendant Geddert did not question her or her teammate about the statements made.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

359. Again, in or around 2011, Defendant Geddert served in a leadership role with Defendant USAG notably as a USAG coach representing Team USA in national and international USAG competitions and on the Junior Olympic Program Committee.

**ANSWER:     Admitted only that Geddert was a coach at the 2011 World Championships. Otherwise the allegations in this paragragh are denied.**

360. As early as 2010, through Defendant Geddert, Defendant USAG had notice of Defendant Nassar's misconduct and propensity to sexually abuse and assault girls and young women.

**ANSWER:     Denied.**

361. In 2014, following receipt of an unrelated complaint regarding a sexual assault on Defendant MSU's campus, between 2014 and 2015 the U.S. Department of Education's Office of Civil Rights (hereinafter "OCR") conducted an investigation regarding the complainant's allegations, another complaint regarding sexual assault and retaliation from 2011, and Defendant MSU's response to said complaints, and their general policies, practices, and customs pertaining to their responsibilities under Title IX.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

362. The OCR concluded their investigation in 2015 and presented Defendant MSU with a twenty-one page agreement containing measures and requirements to resolve the 2011 and 2014 complaints and to bring Defendant MSU in compliance with Title IX.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

363. While the OCR was conducting their investigation, additional complaints regarding Defendant Nassar's conduct surfaced in 2014. Plaintiff Jane D1 Doe reported she had an appointment with Defendant Nassar to address hip pain and was sexually abused and molested by Defendant Nassar when he cupped her buttocks, massaged her breast and vaginal area, and he became sexually aroused.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

364. Upon information and belief, Defendant MSU investigated the 2014 complaints through their Office of Institutional Equity.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

365. However, Plaintiff Jane D1 Doe reported facts to Defendant MSU which were omitted or withheld from the investigative report including but not limited to the following:

   a.    Defendant Nassar was sexually aroused while touching her; and,

   b.    The appointment with Defendant Nassar did not end until she physically removed his hands from her body.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

366. Three months after initiating the investigation, in July 2014, the victim's complaints were dismissed and Defendant MSU determined she didn't understand the "nuanced difference" between sexual assault and an appropriate medical procedure and deemed Defendant Nassar's conduct "medically appropriate" and "Not of a sexual nature."

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

367. One of the medical experts consulted by the Office of Institutional Equity in investigating the victim's allegations was Brooke Lemmen, D.O.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

368. Following the investigation, upon information and belief, Defendant Nassar became subject to new institutional guidelines including:

    a.    Defendant Nassar was not to examine or treat patients alone but was to be accompanied by a chaperone such as a resident or nurse;

    b.    The alleged "procedure" was to altered to ensure there would be little to no skin to skin contact when in certain "regions" and if skin to skin contact was "absolutely necessary" the "procedure" was to be explained in detail with another person in the room for both the explanation and the "procedure;" and,

    c.    New people in the practice were to be "oriented" to ensure understanding with the guidelines

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

369. Defendants Strampel, Kovan, and Dietzel failed to supervise, oversee, or otherwise ensure Defendant Nassar was adhering to the conditions listed above.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

370. Defendant MSU's Police Department ("MSU PD") also investigated the 2014 allegations made by Plaintiff Jane D1 Doe.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

371. Defendant Nassar represented to MSU PD during the 2014 investigation that he was known as "The Dream Builder" and "The Body Whisperer."

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

372. Defendant Nassar represented to MSU PD that he felt like he didn't have to go to work, but that he gets to go to work, and that "It just rocks my world."

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

373. On or about May 25, 2014 at 9:33 AM, Defendant Nassar sent an email to Defendant Strampel expressing concerns that Plaintiff Jane D1 Doe thought he was being too "invasive" into her life and that he thought that she "...may have felt like I 'stalking' her at that point..."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

374. In or around June 2014, an Ingham County Assistant Prosecuting Attorney recommended to MSU PD detectives that they should interview a non-MSU expert in Defendant Nassar's medical field as further investigation into Plaintiff Jane D1 Doe's allegations.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

375. Upon information and belief, MSU PD and the MSU OIE did not interview any non-MSU experts during the 2014 investigation.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

376. From July 2014 to September 2016, despite complaints about Nassar's conduct, Defendant MSU continued to permit Defendant Nassar unfettered access to female athletes without adequate oversight or supervision to ensure he was complying with the new guidelines.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

377. Defendant Nassar was permitted to return to work although a criminal investigation remained open until approximately December 2015.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

378. At the conclusion of the criminal investigation, on or around December 15, 2015, a representative from Defendant MSU's police department spoke with Defendant Nassar, advised him to thoroughly explain his medical techniques to patients prior to touching them, ensuring that they understood, and to have a chaperone in the exam room with him at all times.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

379. Defendant Nassar responded indicating he fully understood and had made that process and procedure his routine since the case evolved.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

380.  Defendant Nassar's statement to Defendant MSU was completely false, and his statement and actions went unchecked, unverified, and unsupervised by the MSU Defendants.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

381.  At no time during or following the investigation did Defendants MSU, MSU Board of Trustees, Strampel, Kovan, or Dietzel take any steps to ensure Defendant Nassar was in compliance with the guidelines.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

382.  Defendants MSU, MSU Board of Trustees, Strampel, Kovan, or Dietzel failed to monitor Defendant Nassar in his clinical practice following the investigation.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

383.  Prior to and after the investigation, Defendants MSU, MSU Board of Trustees, Strampel, Kovan, or Dietzel failed to train Defendant Nassar regarding inappropriate touching, informed consent, chaperone practices, and medical record charting.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

384.  In or around June 2015, Plaintiff Maggie Nichols and other athletes were overheard discussing Nassar's misconduct at the Karolyi Ranch.

**ANSWER:  Admitted only that in June 2015 a coach was informed that an athlete was uncomfortable with Nassar's treatment.  On June 17, 2015, the coach called Rhonda Faehn, the senior vice president of the women's program and reported the concern.  Ms. Faehn contacted CEO Steve Penny the same day.  After speaking with the coach and Ms. Faehn, Mr. Penny hired Fran Sepler to interview the athlete. Ms. Sepler interviewed the athlete and two others.  The interviews were completed on July 24, 2015.  While Ms. Sepler was conducting her interviews, USAG suspended Nassar from all duties.  On July 27, 2015, Mr. Penny reported the concerns to the FBI.**

385.  An adult reported Plaintiff Nichols' concerns to USAG.

**ANSWER:  Admitted**.  **See response to paragraph 384**.

386.  Plaintiff Nichols' complaints were received by former USAG President and CEO Steve Penny and a representative of the USOC, among others.

**ANSWER:  Admitted. See response to paragraph 384.**

387. Mr. Penny and Defendant USAG dissuaded Plaintiff Maggie Nichols and her family from pursuing the matter and asked that they refrain from contacting law enforcement.

**ANSWER:** **Denied.**

388. At least five weeks passed before Defendant USAG reported Defendant Nassar to law enforcement.

**ANSWER:** **Admitted only that approximately five weeks passed from the initial report of an athlete concern to the time that Mr. Penny contacted the FBI.**

389. Allegedly, after receiving allegations of "athlete concerns," in approximately summer 2015 Defendant USAG relieved Defendant Nassar of his duties.

**ANSWER:** **Admitted.**

390. Defendant Nassar represented publicly that he "retired" from his duties with Defendant USAG.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

391. At no time did Defendant USAG or the USOC inform Defendants MSU, MSU Trustees, or other MSU representatives or Defendants Twistars or Geddert of the concerns that led to Defendant Nassar being relieved from his duties with Defendant USAG.

**ANSWER:** **Admitted only that USAG did not report the athlete concerns to the other defendants. Instead, USAG reported the concerns to law enforcement, which asked USAG to refrain from doing anything that would interfere with its investigation. Further, USAG denies any legal duty to report concerns to MSU or private parties.**

392. At no time did Defendant USAG or the USOC inform its member athletes, coaches, or the public that Defendant Nassar had been dismissed, relieved from his duties, and was under criminal investigation.

**ANSWER:** **Admitted only that USAG did not report the athlete concerns to its members, athletes, or the public. Instead, USAG reported the concerns to law enforcement, which asked USAG to refrain from doing anything that would interfere with its investigation. Further, USAG denies any legal duty to report concerns to private parties.**

393. Instead Defendant USAG and the USOC allowed its members and the public to believe Nassar simply "retired."

**ANSWER:** **Admitted only that USAG did not report the athlete concerns to its members, athletes, or the public. Instead, USAG reported the concerns to law enforcement, which**

**asked USAG to refrain from doing anything that would interfere with its investigation. Further, USAG denies any legal duty to report concerns to private parties.**

394.   In August 2016 the Indianapolis Star published an article titled, "A blind eye to sex abuse: How USA Gymnastics failed to report cases," the subheading of the article reading, "The prominent Olympic organization failed to alert authorities to many allegations of sexual abuse by coaches."

**ANSWER:   Admitted.**

395.   The article chronicles a history of USAG's failure to properly report sexual abuse stating in part:

> Top executives at one of American's most prominent Organizations failed to alert authorities to many allegations of sexual abuse by coaches – relying on a policy that enabled predators to abuse gymnasts long after USA Gymnastics had received warnings ...In 2013 ... two former [USAG] officials admitted under oath that the organization routinely dismissed sexual abuse allegations as hearsay unless they came directly from a victim or a victim's parent ... records show the organization compiled complaint dossiers on more than 50 coaches and filed them in a drawer in its executive office in Indianapolis ... [USAG] compiled confidential sexual misconduct complaint files about 54 coaches over a 10-year period from 1996 to 2006 ... It's unclear which, if any, of the complaints in those files were reported to authorities.

**ANSWER:   Admitted only that the article was published.  USAG denies that the article is accurate.**

396.   Following publication of this article Plaintiff Rachael Denhollander and a former Olympic gymnast (who was anonymous at the time, but has since publicly identified herself as Olympic bronze medalist Jamie Dantzscher) contacted the Indianapolis Star with reports of Defendant Nassar's sexual abuse, assault, and molestation.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

**397.   [SIC.  THERE IS NO ALLEGATION STATED HERE.]**

**ANSWER:   Paragraph 397 does not contain any allegations, so no answer is required.**

398.   Defendant Nassar's employment ended with Defendant MSU on approximately September 20, 2016 only after the MSU Defendants became aware that:

    a.   Defendants Nassar and USAG were sued by a former Olympian who alleged she was sexually assaulted by Defendant Nassar; and,

b. A former patient of Defendant Nassar, Plaintiff Rachel Denhollander, filed a criminal complaint with the Michigan State University Police Department alleging Defendant Nassar sexually assaulted her when she was 15 years old and seeking treatment for back pain as a result of gymnastics. Plaintiff Denhollander's allegations of sexual assault by Defendant Nassar included but were not limited to:

    i. Massaging her genitals;

    ii. Penetrating her vagina and anus with his finger and thumb; and,

    iii. Unhooking her bra and massaging her breasts.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

399. Reasons given to Defendant Nassar for his termination included but were not limited to:

    a. Deviation from "required best practices put in place following the internal sexual harassment investigation conducted ... in 2014;"

    b. Failure to disclose a 2004 complaint to Meridian Township Police; and,

    c. Dishonesty by Defendant Nassar when Defendant MSU questioned him about receiving prior complaints about the "procedure" at issue.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

400. Several Plaintiffs were made aware of the allegations of Defendant Nassar's widespread sexual abuse on or around September 12, 2016 or sometime thereafter through related media coverage.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

401. Others have been made aware of the allegations of Defendant Nassar's conduct more recently through related media coverage.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

402. In late November 2016, Defendant Nassar was arrested and charged in Ingham County, Michigan on three charges of first-degree criminal sexual conduct with a person under 13, and was later released on $1 million bond.

**ANSWER:** **Admitted.**

403. In mid-December 2016, Defendant Nassar was indicted, arrested, and charged in Federal Court in Grand Rapids, Michigan on charges of possession of child pornography and receipt/attempted receipt of child pornography.

**ANSWER:    Admitted.**

404. According to the federal indictment, Defendant Nassar:

      a.      Knowingly received and attempted to receive child pornography between approximately September 18, 2004 and December 1, 2004;

      b.      Knowingly possessed thousands of images of child pornography between approximately February 6, 2003 and September 20, 2016 including images involving a minor who had not attained 12 years of age.

**ANSWER:    Admitted.**

405. Testimony given by an FBI agent at a hearing held on December 21, 2016, alleged, among other allegations, that Defendant Nassar used a GoPro camera to record video images of children in a swimming pool and that:

      a.      Defendant Nassar's hand can be seen grabbing one girl's hand and shoving it into the vaginal area of another girl; and,

      b.      Defendant Nassar's thumb can be seen pressing into a child's vagina/vaginal area.

**ANSWER:    Admitted.**

406. In mid-January 2017, Brooke Lemmen, D.O. submitted a letter of resignation to Defendant Strampel amid allegations that she:

      a.      Removed several boxes of confidential treatment patient records from Defendant MSU's Sports Medicine clinic at Defendant Nassar's request;

      b.      Did not disclose to Defendant MSU that Defendant USAG was investigating Defendant Nassar as of July 2015; and,

      c.      Made a staff member feel pressured not to fully cooperate in an internal investigation into allegations against Defendant Nassar.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

407. On February 7, 2017, a superseding indictment added an additional count of "Destruction and Concealment of Records and Tangible Objects" alleging between September 19, 2016 and September 20, 2016, Defendant Nassar "caused a third-party vendor to permanently delete and destroy all images, records, documents, and files

contained on the hard drive of a laptop computer, and the defendant threw in the trash a number of external hard drives."

**ANSWER:     Admitted.**

408.    Amid allegations that Defendant Kathie Klages received concerns regarding Defendant Nassar's conduct and "treatment" in 1997 and/or 1998, yet dissuaded the complainant from formally complaining, and for her passionate defense of Defendant Nassar when allegations against him surfaced in fall 2016, on or about February 13, 2017, Defendant MSU suspended Ms. Klages from her duties as Head Coach of MSU's Women's Gymnastics team.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

409.    Defendant Klages retired a day after being suspended.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

410.    On February 17, 2017, at a preliminary examination, Defendant Nassar was ordered to stand trial on three charges of first-degree criminal sexual conduct with a person under 13 in Ingham County following testimony which included, among others, allegations of digital vaginal penetration at Defendant Nassar's residence.

**ANSWER:     Admitted.**

411.    On February 22, 2017, Defendant Nassar was arraigned on 22 counts of first-degree criminal sexual conduct with a person under 13 years old, and 14 counts of third-degree criminal sexual conduct with a person under the age of 13 years old in Ingham County, Michigan and Eaton County, Michigan.

**ANSWER:     Admitted that Nassar was arraigned in February 2017 and the charging documents speak for themselves.**

412.    Plaintiffs Denhollander, Lorincz, Jane A9 Doe, Jones, and J.T., were among the victims identified in the Ingham County state criminal charges.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

413.    In mid-March 2017, Steve Penny resigned as president of Defendant USAG amid allegations Defendant USAG failed to promptly notify authorities of allegations raised against Defendant Nassar.

**ANSWER:     Admitted only that Steve Penny resigned as CEO of USAG in March 2017. Denied that USAG failed to promptly notify authorities of allegations against Nassar.**

414.    Over several days in May and June 2017, victims testified regarding Defendant Nassar's conduct during appointments held at MSU, Twistars, and Defendant Nassar's residence for medical treatment.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

415.    Plaintiff Denhollander testified Defendant Nassar engaged in vaginal and anal penetration without notice, gloves, lubricant or consent from her parents.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

416.    Plaintiff Denhollander also testified Defendant Nassar groped her breast and appeared to have an erection while doing so.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

417.    Other Plaintiffs including Plaintiffs Lorincz, Jane A9 Doe, Jones, and J.T. also testified Defendant Nassar engaged in vaginal and anal digital penetration without notice, gloves, lubricant, or consent from their parents.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

418.    On June 23, 2017, Defendant Nassar was ordered to stand trial on twelve charges of first-degree criminal sexual conduct with a person under 13 in Ingham County following conclusion of the preliminary examination hearing which included, among others, allegations of digital vaginal and anal penetration at MSU and Defendant Nassar's residence.

**ANSWER:    Admitted that Nassar was ordered to stand trial on twelve charges of first-degree criminal sexual conduct and the charging documents speak for themselves.**

419.    On June 26, 2017, Deborah J. Daniels, J.D. relesaed a report titled, "Report to USA Gymnastics on Proposed Policy and Procedural Changes for the Protection of Young Athletes."

**ANSWER:    Admitted.**

420.    Ms. Daniels' report proposed 70 separate policy and procedural changes to Defendant USAG and in a section titled "Overarching Recommendation: Cultural Shift Throughout USA Gymanstics," suggested:

> USA Gymnastics needs to undergo a complete cultural change, permeating the entire organization and communicated to the field in all its actions.  Further, USA Gymnastics needs to take action to

ensure that this change in culture also is fully embraced by the clubs
that host member coaches, instructors and athletes."

**ANSWER:** **Admitted that Ms. Daniels issued a report. That report speaks for itself. Further, USAG has committed to implementing all of the policy changes in the Daniels report.**

421.    Included within the 70 separate policy and procedural changes suggested were Daniels' the following recommendations:

    a.    Seek Individuals With Expertise in Child Protection for Leadership Team;

    b.    Change Culture of Entire Staff to Athlete Safety First;

    c.    Provide a Stronger Support System to Athletes;

    d.    Permit Third-Party Reporting of Policy Violations and Abuse to USA Gymnastics by Third Parties;

    e.    Require Reporting of Abuse and Reporting of Policy Violations;

    f.    Enforce Serious Consequences for Failure to Report Abuse;

    g.    Expand Reporting Methods to Encourage and Facilitate Reporting;

    h.    Accept and Investigate Reports Relating to Misconduct by a Member in Which the Victim is a Non-Member; and,

    i.    Provide Training to All Members and Staff Regarding Reporting Requirements.

**ANSWER:** **Admitted that Ms. Daniels issued a report. That report speaks for itself. Further, USAG has committed to implementing all of the policy changes in the Daniels report.**

422.    To date, it is unknown how many, if any, of the 70 recommendations have been implemented by Defendant USAG or USAG member gyms, coaches, and volunteers.

**ANSWER:** **Denied. USAG has committed to implementing all of the policy changes in the Daniels report and USAG has presently implemented most of the recommendations.**

423.    On July 10, 2017, Defendant Nassar pleaded guilty to the federal charges of child pornography, receipt/attempted receipt of child pornography, and destruction and concealment of records and tangible objects.

**ANSWER:** **Admitted.**

424.    On November 22, 2017, Defendant Nassar pleaded guilty to 7 counts of first-degree criminal sexual conduct in Ingham County Michigan.

**ANSWER:    Admitted.**

425.    On November 29, 2017, Defendant Nassar pleaded guilty to 3 counts of first degree criminal sexual conduct in Eaton County Michigan.

**ANSWER:    Admitted.**

426.    On December 7, 2017 Defendant Nassar was sentenced to a 720 month (60 year) prison term. The sentence included three 240 month (20 year) terms to be served consecutively.

**ANSWER:    Admitted.**

427.    From, January 16, 2018 to January 24, 2018, a sentencing hearing was held in Ingham County Michigan for the 7 counts of first-degree criminal sexual conduct to which Defendant Nassar pleaded guilty.

**ANSWER:    Admitted.**

428.    From January 31, 2018 to February 5, 2018, a sentencing hearing was held in Eaton County Michigan for the 3 counts of first degree criminal sexual conduct to which Defendant Nassar pleaded guilty.

**ANSWER:    Admitted.**

429.    Hundreds of Plaintiffs (as well as others who are not Plaintiffs in this action or the consolidated member cases), provided victim impact statements at the hearings.

**ANSWER:    Admitted that many victims made victim impact statements.**

430.    Some of the Plaintiffs who were seeking to proceed anonymously in this litigation chose to publicly identify themselves at the sentencing hearing.

**ANSWER:    Admitted.**

431.    In total, approximately 204 victim impact statements were given over 9 days in two counties, the first speaker, was Plaintiff Kyle Stephens—the last speaker, was Plaintiff Rachael Denhollander. They bookended many of Plaintiffs in this case and the other consolidated member cases.

**ANSWER:    Admitted.**

432.    On January 24, 2018, Defendant Nassar was sentenced to a 40 to 175 year prison term in Ingham County.

**ANSWER:    Admitted.**

433.    On February 5, 2018, Defendant Nassar was sentenced to a 40 to 125 year prison term in Eaton County.

**ANSWER:** **Admitted.**

434. During and in the wake of the sentencing hearings:

    a.    Defendant Geddert was suspended by Defendant USAG on or around January 22, 2018, announced his retirement a few days later, and transferred ownership and control of Defendant Twistars to his wife Kathryn Geddert;

    b.    Ms. Simon resigned as President of MSU on January 24, 2018;

    c.    Mr. Hollis resigned as Athletic Director of Defendant MSU on January 26, 2018.

    d.    By January 31, 2018, the entire board of USAG gymnastics resigned under threat of decertification by the USOC;

    e.    Steps to revoke Defendant Strampel's tenure and terminate his employment were initiated on or around February 9, 2018, with Defendant MSU stating publicly, "...Strampel did not act with the level of professionalism we expect from individuals who hold senior leadership positions, particularly in a position that involves student and patient safety ... Further allegations have arisen that question whether his personal conduct over a long period of time met MSU's standards";

    f.    Resignation of Scott Blackmun, USOC CEO on February 28, 2018.

**ANSWER:** **Admitted that Geddert was suspended by USAG and that the board of USAG resigned. USAG lacks knowledge or information sufficient to form a belief as to the remaining matters alleged in this paragraph.**

## V.    SPECIFIC FACTUAL ALLEGATIONS

### A.    RACHAEL DENHOLLANDER

435. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

436. Plaintiff Rachael Denhollander treated with Defendant Nassar at his office at MSU in 2000.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

437. In 2000, Plaintiff Denhollander was a minor, 15 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

438. Plaintiff Denhollander presented to Defendant Nassar with complaints of injuries to her wrists and back suffered through gymnastics.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

439. On approximately five separate occasions, at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Denhollander's vagina and anus with his finger and thumb without prior notice and without gloves or lubricant (on some occasions) under the guise of performing "treatment."

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

440. On at least one occasion Defendant Nassar removed Plaintiff Denhollander's clothing from the waist down and draped Plaintiff with a towel without any warning and without asking permission.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

441. Defendant Nassar also massaged Plaintiff Denhollander's genitals.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

442. Defendant Nassar also touched Plaintiff Denhollander's breasts without permission by unhooking her bra and massaging one of her breasts. On at least one occasion when he finished massaging Plaintiff Denhollander's breast he rehooked her bra himself.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

443. On at least one occasion at an appointment, Plaintiff Denhollander witnessed Defendant Nassar sexually aroused.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

444. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Denhollander.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

445. Defendant Nassar did not give prior notice or obtain consent for digital penetration or to touch Plaintiff Denhollander's vagina, anus, or breasts.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

446. Plaintiff Denhollander did not treat or intend to treat with Defendant Nassar for issues related to obstetrics or gynecology (hereinafter "OB/GYN").

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

447. Plaintiff Denhollander believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

448. After reviewing a media report regarding Defendant USAG's failure to report sexual abuse, in or around late August 2016 or early September 2016, Plaintiff Denhollander made a complaint with Defendant MSU's Police Department.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## B. JESSICA HOWARD

449. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

450. From the age of 3, Plaintiff Jessica Howard trained and competed as a gymnast.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

451. At the age of 9, Plaintiff Howard began training and competing as a rhythmic gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

452. Plaintiff Howard was a member of the USAG National team from 1997 – 2002.

**ANSWER:** **Admitted.**

453.    In 1999, at the age of 15, Plaintiff Howard competed and earned the title of Rhythmic Senior National Champion, a position she held for three years.

**ANSWER:    Admitted.**

454.    In 1999, prior the World Championships, Plaintiff Howard was suffering from severe hip pain.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

455.    Defendant USAG suggested she go to the Karolyi Ranch in Texas following the World Championship competition to received medical treatment from Defendant Nassar.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

456.    At this time, Defendant Nassar was employed by Defendant MSU as an Assistant Professor and part of his duties included participation in "Outreach" and "Community Activities" which included but was not limited to his involvement with Defendant USAG.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

457.    At her first appointment, Defendant Nassar requested Plaintiff Howard wear loose shorts and no underwear.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

458.    At the first appointment, Defendant Nassar digitally penetrated Plaintiff Howard's vagina without prior notice, gloves, or lubricant.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

459.    This conduct continued for most of the rest of the week Plaintiff Howard spent at the Karolyi Ranch.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

460.    Plaintiff Howard and other gymnasts at the Karolyi Ranch talked about Defendant Nassar and other gymnasts made comments to Plaintiff Howard stating that Defendant Nassar "touches you funny."

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

461. At no time was there a chaperone present for any of Plaintiff Howard's appointments with Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

462. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Howard or Plaintiff Howard's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

463. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Howard or Plaintiff Howard's parents as she was a minor at the time.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

464. Plaintiff Howard did not treat or intend to treat with Defendant. Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

465. Plaintiff Howard believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## C. STERLING RIETHMAN

466. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

467. Plaintiff Sterling Riethman treated with Defendant Nassar in 2013.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

468. From 2011 to 2015, Plaintiff Riethman was a scholarship student athlete at a university in Ohio.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

469. In 2013, Plaintiff Riethman presented to Defendant Nassar with complaints of back and rib pain as a result of diving.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

470. On approximately 7 occasions in 2013, at appointments at his office at MSU Defendant Nassar digitally penetrated Plaintiff Riethman's vagina without prior notice, gloves, or lubricant for between 10 to 30 minutes at a time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

471. On one occasion when Plaintiff Riethman's mother was present, Defendant Nassar explained his conduct as "tailbone manipulation" to Plaintiff Riethman and her mother.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

472. Defendant Nassar did not explain that "tailbone manipulation" would involve digital vaginal penetration.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

473. When Plaintiff Riethman returned for appointments without her mother Defendant Nassar digitally penetrated her vagina, without gloves or lubricant, and without any other chaperone in the room.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

474. Defendant Nassar never asked Plaintiff Riethman to remove her clothing, but instead would remove Plaintiff Riethman's clothing himself, including her underwear, before digitally penetrating her vagina.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

475. Defendant Nassar did not obtain consent from Plaintiff Riethman to touch Plaintiff Riethman's vaginal area or vagina.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

476. Plaintiff Riethman's medical records produced by Defendant MSU regarding her visits with Defendant Nassar are completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

477. Plaintiff Riethman did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

478. Plaintiff Riethman believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

479. In March 2017, Plaintiff Riethman made a complaint regarding Defendant Nassar to MSU's Police Department.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### D. LINDSEY SCHUETT

**[SIC. NUMBERING IN FIFTH AMENDED COMPLAINT IS IN ERROR.]**

729. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

730. Plaintiff Lindsey Schuett treated with Defendant Nassar in approximately 1999 and/or 2000.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

731. In 1999 and 2000 Plaintiff Schuett was a minor, 15 and 16 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

732. Plaintiff Schuett presented to Defendant Nassar with complaints of hip pain as a result of swimming and previous injuries from gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

733. Plaintiff first saw Dr. Dietzel at MSU Sports medicine for her hip pain. He in turn referred her to a non-MSU physician. This physician opined that he did not believe her issues were of an osteopathic nature, and recommended that she see a rheumatologist.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

734. It is believed this information was not provided to Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

735. Instead, Dr. Dietzel and Defendant Nassar, both MSU physicians, met with Plaintiff Schuett and gave her a cortisone injection.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

736. Defendant Nassar then took over her medical treatment without regard to the recommendation of the specialist.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

737. On approximately three to four occasions at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Schuett's vagina without prior notice, gloves, or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

738. After visiting Defendant Nassar, her high school trainer laughed at Plaintiff Schuett and asked her if she'd been to see Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

739. Plaintiff Schuett had not disclosed to anyone that she'd had an appointment with Defendant Nassar. The trainer told Plaintiff Schuett that Defendant Nassar was his good friend.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

740. After the first instances of vaginal penetration, Plaintiff Schuett spoke with her high school counselor about Defendant Nassar's "treatment."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

741. Plaintiff Schuett's high school counselor advised her to tell Defendant Nassar she didn't want the procedure at the next appointment.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

742. At the next appointment, Plaintiff Schuett told Defendant Nassar she didn't want the procedure performed and asked if there was an alternative method of treatment. Defendant Nassar told her "no," and that was the only thing he could do for her.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

743. Defendant Nassar digitally penetrated Plaintiff Schuett's vagina again after she requested that he not perform the procedure.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

744. Finally, at one appointment, Plaintiff Schuett feigned pain to stop Defendant Nassar from digitally penetrating her vagina, and after that appointment did not return to treat with Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

745. The digital penetration did not help or relieve Plaintiff Schuett's hip pain.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

746. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Schuett or Plaintiff Schuett's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

747. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Schuett or her parents as Plaintiff Schuett was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

748. Plaintiff Schuett has treated with other medical providers for her hip pain and none of the treatments have involved digital penetration.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

749. Plaintiff Schuett did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

750. Plaintiff Schuett believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### E.   <u>KAYLEE LORINCZ</u>

**[SIC. NUMBERING IN FIFTH AMENDED COMPLAINT IS IN ERROR.]**

480. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:   Defendant incorporates by reference its answers to each of the preceding paragraphs.**

481. Plaintiff Kaylee Lorincz treated with Defendant Nassar at his office at MSU from approximately 2011 to 2014.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

482. From 2011 to 2014, Plaintiff Kaylee Lorincz was a minor, approximately 12 to 15 years old.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

483. Plaintiff Kaylee Lorincz presented to Defendant Nassar with complaints of back pain as a result of gymnastics.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

484. In 2014 at an appointment at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Kaylee Lorincz's vagina multiple times without prior notice and without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

485.     Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiffs Kaylee Lorincz or her mother.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

486.     Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Kaylee Lorincz or Plaintiff Kaylee Lorincz's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

487.     Plaintiff Kaylee Lorincz's medical records produced by Defendant MSU regarding her visits with Defendant Nassar are completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

488.     Plaintiff Kaylee Lorincz did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

489.     Following the September 12, 2016 publication of a story regarding a complaint filed with Defendant MSU's Police Department titled "Former USA Gymnastics doctor accused of Abuse," Plaintiff Kaylee Lorincz made a complaint to MSU's Office of Institutional Equity.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

490.     Plaintiffs Kaylee Lorincz believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

**F.     JANE A2 DOE**

491.     Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:   Defendant incorporates by reference its answers to each of the preceding paragraphs.**

492.     Plaintiff Jane A2 Doe was a student athlete at the University of Michigan from approximately 1998 to 2001.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

493.     Plaintiff treated with Defendant Nassar in 2001, 2011, and 2012 at his office at MSU.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

494.     Plaintiff Jane A2 Doe presented to Defendant Nassar with complaints of back pain suffered through her participation in field hockey.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

495.     On approximately four separate occasions, at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A2 Doe's vagina without prior notice and without gloves or lubricant and put an excessive amount of pressure on her labia and vaginal area without gloves or lubricant.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

496.     Defendant Nassar would put his hands under Plaintiff Jane A2 Doe's underwear and push her underwear to the side to digitally penetrate Plaintiff Jane A2 Doe's vagina.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

497.     Defendant Nassar also touched her breasts without permission.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

498.     Defendant Nassar would put his hands under Plaintiff Jane A2 Doe's sports bra to touch her breasts.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

499.     In 2011, another medical professional was in the room and asked Defendant Nassar where his hand was while he was digitally penetrating Plaintiff Jane A2 Doe. Defendant Nassar allegedly said something the Plaintiff did not understand,

dismissed the medical professional from the room and continued to digitally penetrate Plaintiff Jane A2 Doe.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

500. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A2 Doe.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

501. Defendant Nassar did not give prior notice or obtain consent for digital penetration or to touch Plaintiff Jane A2 Doe's vagina or breasts.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

502. Plaintiff Jane A2 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

503. Plaintiff Jane A2 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## G. OLIVIA COWAN

504. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

505. Plaintiff Olivia Cowan treated with Defendant Nassar between approximately 2004 and 2007 at his office at MSU.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

506. From 2004 to 2007, Plaintiff Olivia Cowan was a minor, approximately 12 to 15 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

507. Plaintiff Olivia Cowan presented to Defendant Nassar with complaints of lower back pain as a result of old and new fractures suffered as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

508. On approximately eight separate occasions at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Olivia Cowan's vagina and anus without prior notice and without gloves or lubricant for several minutes at a time. The assaults would sometimes last up to 30 minutes.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

509. Defendant Nassar would put his hands under Plaintiff Olivia Cowan's spandex shorts to digitally penetrate Plaintiff Olivia Cowan's vagina and anus.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

510. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Olivia Cowan.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

511. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Olivia Cowan or from Olivia Cowan's parents even though she was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

512. Plaintiff Olivia Cowan did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

513. Plaintiff Olivia Cowan believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

514. As a result of the sexual assault, abuse, and molestation Plaintiff Olivia Cowan suffered severe urinary tract infections, vaginal bleeding, and bleeding while urinating.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## H. ALISON CHAUVETTE

515. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

516. Plaintiff Alison Chauvette treated with Defendant Nassar between approximately 2006 and 2007 at his office at MSU.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

517. From 2006 to 2007, Plaintiff Alison Chauvette was a minor, approximately 14 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

518. Plaintiff Alison Chauvette presented to Defendant Nassar with complaints of back pain caused by fractures suffered as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

519. On approximately six separate occasions at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Alison Chauvette's vagina without prior notice and without gloves for several minutes at a time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

520. Defendant Nassar required Plaintiff Alison Chauvette to change into breakaway shorts with Velcro on the side, began massaging her back, and then put his hand under the shorts to digitally penetrate her vagina.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

521. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Alison Chauvette.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

522.   Defendant Nassar did not give prior notice or obtain consent for digital penetration from Alison Chauvette or from Alison Chauvette's parents even though she was a minor at the time.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

523.   Plaintiff Alison Chauvette did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

524.   Plaintiff Alison Chauvette's medical records produced by Defendant MSU regarding her visits with Defendant Nassar are completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

525.   Plaintiff Alison Chauvette believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## I.     BRIANNE RANDALL

526.   Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:     Defendant incorporates by reference its answers to each of the preceding paragraphs.**

527.   Plaintiff Brianne Randall treated with Defendant Nassar in approximately 2004 at his office at MSU.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

528.   In 2004, Defendant Brianne Randall was a minor, approximately 16 and 17 years old.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

529.   Plaintiff Brianne Randall presented to Defendant Nassar with complaints of back pain caused by her participation on basketball and soccer teams.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

530. On one occasion at a medical appointment at his office at MSU, Defendant Nassar touched Plaintiff Brianne Randall's vagina and/or vaginal area without prior notice and without gloves or lubricant for several minutes at a time.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

531. Defendant Nassar also requested and required Plaintiff to re-dress while he was in the room.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

532. Defendant Nassar also grabbed Plaintiff Brianne Randall's breast with his bare hand for several minutes at a time.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

533. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Brianne Randall.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

534. Defendant Nassar did not give prior notice or obtain consent to touch Plaintiff Brianne Randall's vagina, vaginal area, or breasts from Brianne Randall or Brianne Randall's parents even though she was a minor at the time.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

535. Plaintiff Brianne Randall requested her medical records, however Defendant MSU could not locate a paper chart documenting all of her appointments with Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

536. The records Defendant MSU did produce were completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

537. Plaintiff Brianne Randall did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

538. Plaintiff Brianne Randall believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

539. Plaintiff Brianne Randall reported Defendant Nassar's conduct to her parents and to local law enforcement, Meridian Township Police in 2004.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

540. Plaintiff did not return for additional treatment following her complaints.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## J. BETHANY BAUMAN

541. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

542. Plaintiff Bethany Bauman treated with Defendant Nassar from approximately 1999 to 2003 at his office at MSU.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

543. From 1999 to 2003, Plaintiff Bethany Bauman was a minor, approximately 14 to 17 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

544. Plaintiff Bethany Bauman presented to Defendant Nassar with complaints of low back pain caused by gymnastics.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

545.    On several occasions between 1999 and 2003, at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Bethany Bauman's vagina and anus without prior notice and without gloves or lubricant.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

546.    On at least one occasion at a USAG sanctioned event which took place at Defendant Twistars USA Inc.'s facility, Defendant Nassar digitally penetrated Plaintiff Bethany Bauman's vagina without gloves or lubricant.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

547.    Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Bethany Bauman.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

548.    Defendant Nassar did not give prior notice or obtain consent for digital penetration from Bethany Bauman or from Bethany Bauman's parents even though she was a minor at the time.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

549.    Plaintiff Bethany Bauman did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

550.    Plaintiff Bethany Bauman believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

551.    Following the September 12, 2016 publication of a story regarding a complaint filed with Defendant MSU's Police Department titled "Former USA Gymnastics doctor accused of Abuse," Plaintiff Bethany Bauman made a complaint to Defendant MSU's Police Department.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## K.    JANE A7 DOE

552.    Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

553.    Plaintiff Jane A7 Doe treated with Defendant Nassar in 1998.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

554.    In 1998, Plaintiff Jane A7 Doe was a minor, 16 years old.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

555.    Plaintiff Jane A7 Doe presented to Defendant with complaints of pain from a torn hamstring and fractured ischium caused by gymnastics.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

556.    On one occasion at a medical appointment at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A7 Doe's anus without prior notice and without gloves or lubricant for several minutes.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

557.    At the appointment, Plaintiff was not permitted to sign in at the front desk and was brought to an examination by Defendant Nassar.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

558.    During the sexual assault, at 16 years old, only Plaintiff Jane A7 Doe and Defendant Nassar were in the examination room. There was no chaperone.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

559.    Defendant Nassar explained his conduct as a "new procedure" which involved vaginal penetration to Plaintiff Jane A7 Doe.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

560. Defendant Nassar did not discuss anal penetration with Plaintiff Jane A7 Doe.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

561. Defendant Nassar did not give prior notice or obtain consent for anal penetration from Plaintiff Jane A7 Doe or for vaginal or anal digital penetration from Plaintiff Jane A7 Doe's parents even though she was a minor at the time.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

562. Plaintiff Jane A7 Doe's medical records produced by Defendant MSU regarding her visits with Defendant Nassar are completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

563. Plaintiff Jane A7 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

564. Following the September 12, 2016 publication of a story regarding a complaint filed with Defendant MSU's Police Department titled "Former USA Gymnastics doctor accused of Abuse," Plaintiff Jane A7 Doe made a complaint to Defendant MSU's Police Department.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

565. Plaintiff Jane A7 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### L.     AMY LABADIE

566. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:     Defendant incorporates by reference its answers to each of the preceding paragraphs.**

567. Plaintiff Amy Labadie treated with Defendant Nassar in 2005 and 2006 at his office at MSU and at Defendant Twistars' facility.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

568. In 2005 and 2006 Plaintiff Amy Labadie was a minor, approximately 16 years old to 17 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

569. Plaintiff Amy Labadie presented to Defendant Nassar with complaints of back pain caused by gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

570. On at least two separate occasions during appointments at his office at MSU and on at least one occasion at Defendant Twistars' facility at a USAG sanctioned event, Defendant Nassar digitally penetrated Plaintiff Amy Labadie's vagina and anus without prior notice and without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

571. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Amy Labadie.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

572. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Amy Labadie or from Amy Labadie's parents even though she was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

573. Plaintiff Amy Labadie requested her medical records, however Defendant MSU could not locate a paper chart documenting all of her appointments with Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

574. The records Defendant MSU did produce were completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

575. Plaintiff Amy Labadie did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

576. Plaintiff Amy Labadie was also sexually assaulted by Defendant Nassar in the same manner described above at Twistars Gymnastics Club.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

577. As a result of Defendant Nassar's sexual assault, abuse, and molestation, Plaintiff Amy Labadie developed a bacterial infection.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

578. Following the September 12, 2016 publication of a story regarding a complaint filed with Defendant MSU's Police Department titled "Former USA Gymnastics doctor accused of Abuse," Plaintiff Amy Labadie made a complaint to Defendant MSU's Police Department.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

579. Plaintiff Amy Labadie believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## M.     JANE A9 DOE by Next Friend JANE A10 DOE

580. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

581. Plaintiff Jane A9 Doe treated with Defendant Nassar at his office at MSU in approximately 2014 and 2016.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

582. In 2014 and 2016, Plaintiff Jane A9 Doe was a minor, approximately 13 and 14 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

583. Plaintiff presented to Defendant Nassar with complaints of hamstring pain as a result of gymnastics.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

584. On approximately two or three occasions at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A9 Doe's vagina without prior notice and without gloves or lubricant, from 10 to 15 minutes at a time.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

585. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A9 Doe, Jane A10 Doe, or Jane A9 Doe's father.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

586. Plaintiff Jane A9 Doe's medical records produced by Defendant MSU regarding her visits with Defendant Nassar are completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

587. Plaintiff Jane A9 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

588. At an appointment in approximately April 2016, during an examination he pulled Jane A9 Doe's shorts to the side and viewed her vagina and vaginal area.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

589. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiffs Jane A9 Doe or Jane A10 Doe.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

590.    It is believed some of the aforementioned sexual assaults occurred after the MSU Defendants were notified in 2014 of allegations of sexual abuse by Defendant Nassar during "treatments" with athletes.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

591.    Following the September 12, 2016 publication of a story regarding a complaint filed with Defendant MSU's Police Department titled "Former USA Gymnastics doctor accused of Abuse," Plaintiff Jane A9 Doe made a complaint with Defendant MSU's Police Department.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

592.    Plaintiffs Jane A9 Doe and Jane A10 Doe believe the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## N.    DANIELLE MOORE

593.    Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

594.    Plaintiff Danielle Moore treated with Defendant Nassar from approximately 1999 to 2002.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

595.    From 1999 to 2000, Plaintiff Danielle Moore was a minor, approximately 14 to 16 years old.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

596.    Plaintiff Danielle Moore presented to Defendant with complaints of low back pain caused by gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

597.    On more than one occasion at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Danielle Moore's vagina without prior notice and without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

598.    Defendant Nassar would also touch Plaintiff Danielle Moore's vaginal area through her clothes.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

599.    Defendant Nassar would ask Plaintiff Danielle Moore to wear baggy shorts and put his hands under Plaintiff Danielle Moore's shorts to digitally penetrate her vagina or touch her vaginal area.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

600.    Defendant Nassar would also put his hand under Plaintiff Danielle Moore's shirt under the guise of "checking her sternum" and would touch her breasts.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

601.    Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Danielle Moore.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

602.    Defendant Nassar did not give prior notice or obtain consent for digital penetration from Danielle Moore or from Danielle Moore's parents even though she was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

603.    Plaintiff Danielle Moore's medical records produced by Defendant MSU regarding her visits with Defendant Nassar are completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

604. Plaintiff Danielle Moore did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

605. Plaintiff Danielle Moore believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## O.     JANE A12 DOE

606. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

607. Plaintiff Jane A12 Doe treated with Defendant Nassar in approximately 2002.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

608. Plaintiff Jane A12 Doe presented to Defendant Nassar with complaints of back pain caused by gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

609. On more than one occasion at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A12 Doe's vagina without prior notice and without gloves or lubricant for several minutes at a time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

610. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A12 Doe.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

611. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A12 Doe.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

612. Plaintiff Jane A12 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

613. Following the September 12, 2016 publication of a story regarding a complaint filed with Defendant MSU's Police Department titled "Former USA Gymnastics doctor accused of Abuse," Plaintiff Jane A12 Doe made a complaint to Defendant MSU's Police Department.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

614. Plaintiff Jane A12 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### P.   NICOLE SOOS

615. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

616. Plaintiff Nicole Soos treated with Defendant Nassar from approximately 2000 to 2008.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

617. From 2000 to 2006, Plaintiff Nicole Soos was a minor, approximately 11 to 17.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

618. Plaintiff Nicole Soos presented to Defendant with complaints of injury to her hip, back, knees, ankles, wrists, and ribs caused by figure skating.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

619. On more than one occasion at appointments at his office at MSU, Defendant Nassar moved his hands under Plaintiff Nicole Soos's underwear and digitally penetrated Plaintiff Nicole Soos's vagina without prior notice and without gloves or lubricant for up to 15 minutes at a time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

620. Defendant Nassar also touched Plaintiff's breast without permission on more than one occasion with his bare hand, once asking her if she had ever had a breast exam.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

621. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Nicole Soos.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

622. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Nicole Soos or from Nicole Soos's parents even though she was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

623. Plaintiff Nicole Soos's medical records produced by Defendant MSU regarding her visits with Defendant Nassar are completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

624. Plaintiff Nicole Soos did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

625. Following the September 12, 2016 publication of a story regarding a complaint filed with Defendant MSU's Police Department titled "Former USA Gymnastics doctor accused of Abuse," Plaintiff Nicole Soos made a complaint to Defendant MSU's Police Department.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

626. Plaintiff Nicole Soos believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## Q. MADELEINE JONES

627. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

628. Plaintiff Madeleine Jones treated with Defendant Nassar at his office at MSU in 2011.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

629. In 2011, Plaintiff Madeleine Jones was a minor, 11 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

630. Plaintiff Madeleine Jones presented to Defendant Nassar with complaints of injuries to her back as a result of gymnastics.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

631. On approximately five to six separate occasions at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Madeleine Jones's vagina and anus without prior notice and without gloves or lubricant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

632. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Madeleine Jones or Plaintiff Madeleine Jones' parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

633. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Madeleine Jones or Plaintiff Madeleine Jones's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

634. Plaintiff Madeleine Jones did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

635. Plaintiff Madeleine believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

636. Following the September 12, 2016 publication of a story regarding a complaint filed with Defendant MSU's Police Department titled "Former USA Gymnastics doctor accused of Abuse," Plaintiff Jane Q. Doe made a complaint to Defendant MSU's Police Department.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## R.     MARIE ANDERSON

637. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

638. Plaintiff Marie Anderson treated with Defendant Nassar from approximately 2007 to 2008.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

639. From 2007 to 2008, Plaintiff Marie Anderson was a minor, approximately 14 to 15 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

640. Plaintiff Marie Anderson presented to Defendant with complaints of back pain caused by swimming.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

641. On several occasions at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Marie Anderson's vagina without prior notice and

without gloves, and other than one occasion, without lubricant, for several minutes at a time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

642. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Marie Anderson.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

643. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Marie Anderson or from Plaintiff Marie Anderson's parents even though she was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

644. Plaintiff Marie Anderson did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

645. Following the September 12, 2016 publication of a story regarding a complaint filed with Defendant MSU's Police Department titled "Former USA Gymnastics doctor accused of Abuse," Plaintiff Marie Anderson made a complaint to Defendant MSU's Police Department.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

646. Plaintiff Marie Anderson believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## S.      J.T. (MINOR) by Next Friend S.T.

647. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

648.    Plaintiff J.T. (minor) treated with Defendant Nassar at his office at MSU from approximately 2009 to 2014.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

649.    From 2009 to 2014, Plaintiff J.T. (minor) was a minor, approximately 9 to 14 years old.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

650.    Plaintiff J.T. (minor) presented to Defendant Nassar with complaints of back pain and heel pain as a result of gymnastics.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

651.    On more than one occasion at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff J.T. (minor)'s vagina without prior notice and without gloves or lubricant.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

652.    Plaintiff J.T. (minor) was also sexually assaulted by Defendant Nassar in the same manner described above at Twistars USA, Inc. in or around 2009.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

653.    Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiffs J.T. (minor) or S.T.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

654.    Defendant Nassar did not give prior notice or obtain consent for digital penetration from J.T. (minor), S.T., or J.T. (minor)'s father.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

655.    Plaintiff J.T. (minor) did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

656. It is believed some of the aforementioned sexual assaults occurred after the MSU Defendants were notified in 2014 of allegations of sexual abuse by Defendant Nassar during "treatments" with athletes.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

657. Plaintiffs J.T. (minor) and S.T. believe the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## T.    ALEXIS MOORE

658. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

659. Plaintiff Alexis Moore treated with Defendant Nassar from approximately 2002 to 2011.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

660. From 2002 to 2011, Plaintiff Alexis Moore was a minor, approximately 9 to 17 years old.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

661. Plaintiff Alexis Moore presented to Defendant with complaints of hip, tailbone, elbow pain caused by gymnastics.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

662. On several occasions at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Alexis Moore's vagina without prior notice and without gloves or lubricant.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

663. Plaintiff Alexis Moore would undress to her underwear with a towel and Defendant Nassar would put his hand in her underwear and digitally penetrate Plaintiff Alexis Moore's vagina.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

664. Plaintiff Alexis Moore believes she had approximately 50 appointments with Defendant Nassar from 2002 to 2011.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

665. Defendant Nassar told Plaintiff Alexis Moore he performed the same "treatment" on Olympic athletes.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

666. Defendant Nassar also touched Plaintiff Alexis Moore's breasts without permission, on some occasions touching her over her sports bra, at other times under her sports bra, and at other times telling her to take her sports bra off.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

667. On one occasion, Defendant Nassar made inappropriate comments regarding his former girlfriends while digitally penetrating Plaintiff Alexis Moore.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

668. On one occasion Plaintiff Alexis Moore was assaulted at Defendant Nassar's home in his basement.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

669. Defendant Nassar also touched Plaintiff Alexis Moore's breasts indicating he was attempting to manipulate Plaintiff Alexis Moore's ribs, although she had no pain or injury to her rib area.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

670. During some sexual assaults at MSU, only Plaintiff Alexis Moore and Defendant Nassar were in the examination room. There was no chaperone.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

671. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Alexis Moore.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

672. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Alexis Moore or from Alexis Moore's parents even though she was a minor at the time.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

673. Plaintiff Alexis Moore's medical records produced by Defendant MSU regarding her visits with Defendant Nassar are completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

674. Plaintiff Alexis Moore did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

675. Plaintiff Alexis Moore believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## U.    CHRISTIE ACHENBACH

676. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

677. Plaintiff Christie Achenbach treated with Defendant Nassar in 1999 as a student athlete at Michigan State University.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

678. Plaintiff Christie Achenbach presented to Defendant Nassar with complaints of pain in her hamstring caused by track and field and cross-country.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

679. Plaintiff Christie Achenbach was referred to Defendant Nassar by MSU trainers and training staff.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

680. On more than one occasion at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Christie Achenbach's vagina without prior notice and without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

681. Defendant Nassar used his hand to stimulate Plaintiff Christie Achenbach's vagina before digitally penetrating her vagina.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

682. In approximately 1999, Plaintiff Christie Achenbach complained to MSU trainers and a MSU Coach who were employees, representatives, and agents of MSU and who had a duty to report allegations of sexual assault and abuse about Defendant Nassar's conduct and was told that he was an "Olympic doctor" and that Defendant Nassar "knew what he was doing."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

683. It is believed no investigation was initiated given Christie Achenbach's complaints to MSU representatives nor was any corrective action taken, exposing Christie Achenbach and others to continued assaults.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

684. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Christie Achenbach.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

685.    Defendant Nassar did not give prior notice or obtain consent for digital penetration from Christie Achenbach.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

686.    Plaintiff Christie Achenbach did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

687.    Plaintiff Christie Achenbach believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## V.    JANE A20 DOE by Next Friend JANE A21 DOE

688.    Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

689.    Plaintiff Jane A20 Doe treated with Defendant Nassar at his office at MSU and other locations from approximately 2015 to 2016.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

690.    From 2015 to 2016, Plaintiff Jane A20 Doe was a minor, approximately 12 years old.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

691.    Plaintiff Jane A20 Doe presented to Defendant Nassar with complaints of low back pain as a result of gymnastics.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

692.    On more than one occasion, approximately 20 to 30 times, at appointments at his office at MSU and other locations, Defendant Nassar digitally penetrated Plaintiff Jane A20 Doe's vagina and anus without prior notice and without gloves or lubricant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

693. Defendant Nassar would close his eyes and keep them closed while digitally penetrating Plaintiff Jane A20 Doe and on some occasions his face seemed flushed.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

694. Plaintiff Jane A21 Doe, the mother of Plaintiff Jane A20 Doe, observed Defendant Nassar sexually aroused on more than one occasion at appointments at his office at MSU with Jane A20 Doe.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

695. Defendant Nassar invited Jane A20 Doe and Jane A21 Doe to his home multiple times, yet they declined his invitations.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

696. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiffs Jane A20 Doe or Jane A21 Doe.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

697. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A20 Doe, Jane A21 Doe, or Jane A20 Doe's father.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

698. Plaintiff Jane A20 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

699. It is believed all of the aforementioned sexual assaults occurred after the MSU Defendants were notified in 2014 of allegations of sexual abuse by Defendant Nassar during "treatments" with athletes.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

700. Plaintiffs Jane A20 Doe and Jane A21 Doe believe the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## W.    EMILY MORALES

701. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

702. Plaintiff Emily Morales treated with Defendant Nassar at his office at MSU from approximately 2009 to 2014.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

703. From 2011 to 2014, Plaintiff Emily Morales was a minor, approximately 12 to 15 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

704. Plaintiff Emily Morales presented to Defendant Nassar with complaints of back pain, tight hamstrings and legs, and elbow, foot and ankle injuries as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

705. On approximately four occasions at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Emily Morales's vagina without prior notice and without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

706. On approximately four occasions, Defendant Nassar pulled Plaintiff Emily Morales's leotard up, massaged up her hamstrings to her buttocks and then penetrated her vagina.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

707. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiffs Emily Morales or Jane Z. Doe.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

708. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Emily Morales, Jane Z. Doe, or Emily Morales's father.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

709. Jane Z. Doe, the mother of Plaintiff Emily Morales, observed Defendant Nassar sexually aroused on more than one occasion at appointments at his office at MSU with Emily Morales.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

710. Plaintiff Emily Morales's medical records produced by Defendant MSU regarding her visits with Defendant Nassar are completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

711. Plaintiff Emily Morales did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

712. Plaintiffs Emily Morales and Jane Z. Doe believe the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## X.   VANASIA BRADLEY

713. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

714.   Plaintiff Vanasia Bradley treated with Defendant Nassar at his office at MSU, at USAG sanctioned events, and at the Karolyi Ranch in Texas, from approximately 2012 to 2016.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

715.   From 2012 to 2016, Plaintiff Vanasia Bradley was a minor, approximately 13 to 17 years old.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

716.   Plaintiff Vanasia Bradley presented to Defendant Nassar with complaints of low back pain and hamstring pain as a result of gymnastics.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

717.   On more than one occasion at appointments at his office at MSU, at USAG sanctioned events, and at the Karolyi Ranch in Texas, Defendant Nassar digitally penetrated Plaintiff Vanasia Bradley's vagina without prior notice and without gloves or lubricant.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

718.   Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Vanasia Bradley or Sherry Bradley.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

719.   Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Vanasia Bradley, Sherry Bradley, or Vanasia Bradley's father.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

720.   Plaintiff Vanasia Bradley's medical records produced by Defendant MSU regarding her visits with Defendant Nassar are completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

721.   Plaintiff Vanasia Bradley did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

722. Sherry Bradley recently reported Defendant Nassar's conduct to the MSU Police Department and the Federal Bureau of Investigation.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

723. Plaintiff Vanasia Bradley and Sherry Bradley believe the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## Y.  LINDSAY WOOLEVER

724. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

725. Plaintiff Lindsay Woolever treated with Defendant Nassar at his office at MSU and USAG sanctioned meets sponsored by Defendant Twistars from approximately 1999 to 2003.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

726. From 1999 to 2003, Plaintiff Lindsay Woolever was a minor, approximately 14 to 17 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

727. Plaintiff Lindsay Woolever presented to Defendant Nassar with complaints of low back pain, shin fractures, and associated pain as a result of gymnastics as well as injuries suffered in a motor vehicle accident.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

728. On more than one occasion, between approximately 8 and 10 times, at appointments at his office at MSU and at USAG sanctioned meets sponsored by Defendant Twistars, Defendant Nassar digitally penetrated Plaintiff Lindsay Woolever's vagina and anus 2without prior notice and without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

729. Defendant Nassar referred to his conduct disguised as "treatment" as a pelvic adjustment to Plaintiff Lindsay Woolever.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

730. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Lindsay Woolever, or Lindsay Woolever's parents as she was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

731. Plaintiff Lindsay Woolever requested her medical records, however Defendant MSU could not locate a paper chart documenting all of her appointments with Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

732. The records Defendant MSU did produce were completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

733. Plaintiff Lindsay Woolever did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

734. Plaintiff Lindsay Woolever believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## Z.   KATELYN SKRABIS

735. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

736.    Plaintiff Katelyn Skrabis treated with Defendant Nassar at his office at MSU between approximately 2000 and 2001.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

737.    From 2000 to 2001, Plaintiff Katelyn Skrabis was a minor, approximately 14 years old.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

738.    Plaintiff Katelyn Skrabis presented to Defendant Nassar with complaints of low back pain as a result of gymnastics.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

739.    On one occasion at an appointment at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Katelyn Skrabis's vagina without prior notice and without gloves or lubricant for between 20 to 25 minutes at a time.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

740.    During the visits Plaintiff Katelyn Skrabis's mother was in the room and Defendant Nassar would position himself in a manner in which Plaintiff Katelyn Skrabis's mother could not see Defendant Nassar's conduct.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

741.    Defendant Nassar did not give prior notice or obtain consent for digital penetration from Katelyn Skrabis, or Katelyn Skrabis's parents as she was a minor at the time.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

742.    Plaintiff Katelyn Skrabis did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

743. Following the September 12, 2016 publication of a story regarding a complaint filed with Defendant MSU's Police Department titled "Former USA Gymnastics doctor accused of Abuse," Plaintiff Katelyn Skrabis made a complaint to Defendant MSU's Police Department.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

744. Plaintiff Katelyn Skrabis believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## AA. CHELSEA WILLIAMS

745. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

746. Plaintiff Chelsea Williams treated with Defendant Nassar in approximately 1999 and between 2010 and 2012.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

747. In 1999, Plaintiff Chelsea Williams was a minor, approximately 16 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

748. Plaintiff Chelsea Williams presented to Defendant Nassar with complaints of low back pain as a result of gymnastics at a USAG National Championship meet in Sacramento, California.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

749. At the USAG National Championship meet, on at least two occasions, Defendant Nassar digitally penetrated Plaintiff Chelsea Williams's vagina without prior notice and without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

750. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Chelsea Williams, or Chelsea Williams's parents as she was a minor at the time.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

751. Between 2010 and 2012, Plaintiff Chelsea Williams presented to Defendant Nassar with complaints of calf pain.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

752. Between 2010 and 2012, on a monthly basis at his office at MSU, on approximately twenty or more occasions, Defendant Nassar digitally penetrated Plaintiff Chelsea Williams's vagina without prior notice and without gloves or lubricant.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

753. Defendant Nassar made comments and jokes about oral sex while digitally penetrating Plaintiff Chelsea Williams's vagina.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

754. On one occasion for treatment of her calf, Defendant Nassar examined Plaintiff Chelsea Williams in a supply room at MSU at a late appointment, examined Plaintiff's Chelsea Williams's rectum, abruptly left the room, and returned twenty minutes later without comment or explanation.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

755. Plaintiff Chelsea Williams's medical records produced by Defendant MSU regarding her visits with Defendant Nassar are completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

756. Plaintiff Chelsea Williams did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

757.  Plaintiff Chelsea Williams believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## BB.    AMANDA CORMIER

758.  Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

759.  Plaintiff Amanda Cormier treated with Defendant Nassar at his office at MSU between approximately 2003 and 2005 during the time she was a high school cross country and soccer athlete.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

760.  From 2003 to 2005, Plaintiff Amanda Cormier was a minor, approximately 15 to 16 years old.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

761.  Plaintiff Amanda Cormier presented to Defendant Nassar with complaints of low back pain unrelated to sport activity.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

762.  During the first couple appointments, Nassar had his hands near and around her groin, hips, buttocks, and back, but did not touch her vagina.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

763.  However, on several occasions at later appointments at his office at MSU, Defendant Nassar touched Plaintiff Amanda Cormier's vaginal area and digitally penetrated Plaintiff Amanda Cormier's vagina without prior notice and without gloves or lubricant for thirty seconds to one minute at a time.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

764. Defendant Nassar diagnosed Plaintiff Amanda Cormier with a stress fracture, however, such diagnosis cannot be found in medical records provided by the MSU Defendants to Plaintiff, and in multiple places in the medical records regarding Plaintiff Amanda Cormier's back, the records read "there is no evidence for fracture," yet the digital vaginal penetration continued.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

765. On at least one occasion, Defendant Nassar massaged Plaintiff Amanda Cormier's breasts touching the sides of her breasts with his fingertips. Plaintiff wondered what massaging her breast had to do with healing a stress fracture in her back.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

766. Defendant Nassar instructed Plaintiff Amanda Cormier to wear shorts to the appointments and if she did not, he provided her with a pair of loose-fitting shorts to change into.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

767. During the visits, Defendant Nassar would position himself in a manner in which Plaintiff Amanda Cormier's mother could not see his conduct.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

768. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Amanda Cormier, or Amanda Cormier's parents as she was a minor at the time.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

769. Plaintiff Amanda Cormier's medical records produced by Defendant MSU regarding her visits with Defendant Nassar are completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

770. Plaintiff Amanda Cormier did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

771. In late December 2016, Plaintiff Amanda Cormier made a complaint to Defendant MSU's Police Department.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

772. Plaintiff Amanda Cormier believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## CC. ASHLEY ERICKSON

773. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

774. Plaintiff Ashley Erickson treated with Defendant Nassar at his office at MSU from approximately 1999 to 2016.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

775. From 1999 to 2006, Plaintiff Ashley Erickson was a minor, approximately 11 to 17 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

776. Plaintiff Ashley Erickson presented to Defendant Nassar with complaints of hip pain, pelvic and groin pain, back pain and foot pain as a result of a broken foot due to gymnastics and cheerleading.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

777. On over approximately 30 separate occasions, at appointments at his office at MSU Defendant Nassar touched Plaintiff Ashley Erickson's vaginal and rectal area and digitally penetrated Plaintiff Ashley Erickson's vagina without prior notice and without gloves or lubricant for five to fifteen minutes at a time.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

778.     At times Defendant Nassar used his arm to massage against Plaintiff Ashley Erickson's vagina while digitally penetrating her vagina in an aggressive manner.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

779.     At times Defendant Nassar would tap or spank Ashley Erickson's buttocks toward the end of appointments and make inappropriate comments about her buttocks.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

780.     Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Ashley Erickson.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

781.     Defendant Nassar did not give prior notice or obtain consent for digital penetration from Ashley Erickson, or Ashley Erickson's parents as she was a minor at the time.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

782.     Plaintiff Ashley Erickson treated with Defendant Nassar as an MSU student athlete on the competitive cheerleading team.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

783.     Plaintiff Ashley Erickson did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

784.     Plaintiff Ashley Erickson believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### DD.     JANE A29 DOE

785.     Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

786. Plaintiff Jane A29 Doe treated with Defendant Nassar his at office at MSU from approximately 2009 to 2012.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

787. Plaintiff Jane A29 Doe initially as a minor, presented to Defendant Nassar with complaints of rib pain in 2009.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

788. Defendant Nassar, while "treating" Plaintiff for rib pain, on numerous occasions touched and fondled Plaintiff's breasts without permission by reaching under her bra, massaging both of her breasts.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

789. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A29 Doe.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

790. Plaintiff Jane A29 Doe was a student athlete at Hillsdale College in the State of Michigan from approximately 2011 to 2016.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

791. From approximately August of 2011 through March of 2012 Plaintiff Jane A29 Doe presented to Defendant Nassar with complaints of back pain suffered through her participation in basketball.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

792. On approximately three separate occasions at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A29 Doe's vagina without prior notice and without gloves or lubricant for over eight minutes at a time under the guise of performing "treatment."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

793. Defendant Nassar would pull Plaintiff Jane A29 Doe's underwear down to digitally penetrate Plaintiff Jane A29 Doe's vagina.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

794. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A29 Doe.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

795. Defendant Nassar did not give prior notice or obtain consent for digital penetration or to touch Plaintiff Jane A29 Doe's vagina or breasts.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

796. Plaintiff Jane A29 Doe's medical records produced by Defendant MSU regarding her visits with Defendant Nassar are completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

797. Plaintiff Jane A29 Doe did not treat or intend to treat Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

798. Plaintiff Jane A29 Doe believes the conduct by Defendant Nassar was sexual assault, abuse and molestation and for Defendant Nassar's pleasure and gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### EE.   JANE A30 DOE

799. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

800. Plaintiff Jane A30 Doe treated with Defendant Nassar at his office at MSU from approximately August of 2011 to December of 2011. Plaintiff Jane A30 Doe was referred to Defendant Nassar by the parents of Jane A29 Doe.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

801. Plaintiff Jane A30 Doe was a student athlete at Hillsdale College in the State of Michigan from approximately 2011 to 2015.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

802. From approximately August of 2011 through December 2011 Plaintiff Jane A30 Doe presented to Defendant Nassar with complaints of back pain suffered through her participation in basketball.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

803. On approximately six separate occasions at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A30 Doe's vagina without prior notice and without gloves or lubricant for over eight minutes at a time under the guise of performing "treatment."

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

804. Defendant Nassar would pull Plaintiff Jane A30 Doe's underwear down to digitally penetrate Plaintiff Jane A30 Doe's vagina.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

805. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A30 Doe.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

806. Defendant Nassar did not give prior notice or obtain consent for digital penetration or to touch Plaintiff Jane A30 Doe's vagina.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

807. Plaintiff Jane A30 Doe's medical records produced by Defendant MSU regarding her visits with Defendant Nassar are completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

808. Plaintiff Jane A30 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

809. Plaintiff Jane A30 Doe believes the conduct by Defendant Nassar was sexual assault, abuse and molestation and for Defendant Nassar's pleasure and gratification.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### FF.     JANE A31 DOE

810. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:     Defendant incorporates by reference its answers to each of the preceding paragraphs.**

811. Plaintiff Jane A31 Doe treated with Defendant Nassar at his office at MSU from approximately 2001 to 2008.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

812. From 2001 to 2007, Plaintiff Jane A31 Doe was a minor, 11 years old to 17 years old.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

813. Plaintiff Jane A31 Doe presented to Defendant Nassar with complaints of knee pain and general back pain as a result of gymnastics.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

814. On one occasion, in approximately 2006 when Plaintiff was approximately 16 years old, Defendant Nassar asked Plaintiff Jane A31 Doe if she shaved her vaginal area.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

815. In 2008, Plaintiff was a student at MSU, participating in club gymnastics.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

816.   On at least one occasion in 2008 at an appointment at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A31 Doe's vagina without prior notice and without gloves or lubricant for up to approximately five to fifteen minutes at a time.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

817.   On the occasion in 2008 described above, Plaintiff Jane A31 Doe's mother was in the room, however, Defendant Nassar positioned himself in a manner in which Plaintiff Jane A31 Doe's mother could not see his conduct.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

818.   Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A31 Doe.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

819.   Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A31 Doe.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

820.   Plaintiff Jane A31 Doe's medical records produced by Defendant MSU regarding her visits with Defendant Nassar are completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

821.   Plaintiff Jane A31 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

822.   Plaintiff Jane A31 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## GG.   <u>JANE A32 DOE</u>

823. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

824. Plaintiff Jane A32 Doe treated with Defendant Nassar from 2013 to 2014.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

825. From 2013 to 2014, Plaintiff was a minor, 15 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

826. Plaintiff Jane A32 Doe presented to Defendant Nassar with complaints of back pain and wrist pain as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

827. On at least three occasions at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A32 Doe's vagina without prior notice and without gloves or lubricant for up to twenty minutes at a time multiple times during the same appointment.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

828. One on occasion, Plaintiff Jane A32 Doe used a tampon to prevent Defendant Nassar from digitally penetrating her vagina. Defendant Nassar attempted to digitally penetrate her vagina, felt the tampon, and consequently stopped.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

829. During the visits Plaintiff Jane A32 Doe's father was in the room and Defendant Nassar would position himself in a manner in which Plaintiff Jane A32 Doe's father could not see Defendant Nassar's conduct.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

830. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A32 Doe.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

831. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A32 Doe, or Jane A32 Doe's parents as she was a minor at the time.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

832. Plaintiff Jane A32 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

833. Plaintiff Jane A32 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## HH. JANE A33 DOE

834. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

835. Plaintiff Jane A33 Doe treated with Defendant Nassar in approximately 1998 or 1999.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

836. In 1998 or 1999, Plaintiff Jane A33 Doe was a minor, 16 or 17 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

837. Plaintiff Jane A33 Doe presented to Defendant Nassar with complaints of low back pain as a result of gymnastics.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

838. On one occasion at an appointment at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A33 Doe's vagina without prior notice and without gloves.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

839.    Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A33 Doe.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

840.    Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A33 Doe, or Jane A33 Doe's parents as she was a minor at the time.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

841.    Plaintiff Jane A33 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

842.    Plaintiff Jane A33 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## II. KASSIE POWELL

843.    Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

844.    Plaintiff Kassie Powell treated with Defendant Nassar from approximately March 2010 to June 2015.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

845.    From 2010 to 2011, Plaintiff Kassie Powell was a minor, 16 to 17 years old.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

846.    Plaintiff Kassie Powell presented to Defendant Nassar with complaints of low back pain as a result of track and field.

**ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

847.      Defendant Nassar gave her gifts such as an Olympic sweatshirt and an Olympic pin.

**ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

848.      On several occasions, approximately more than 48 times, at various locations including his office at MSU, the athletic training room at the Jenison Field House, and Defendant Nassar's home, Defendant Nassar digitally penetrated Plaintiff Kassie Powell's vagina without prior notice and without gloves or lubricant for up to twenty minutes at a time, multiple times during the same appointment.

**ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

849.      On at least one occasion, Plaintiff Kassie Powell observed Defendant Nassar sexually aroused while he was digitally penetrating Plaintiff Kassie Powell's vagina.

**ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

850.      At times Defendant Nassar would tap or spank Plaintiff Kassie Powell's buttocks and tell her to "flip over" during appointments.

**ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

851.      Defendant Nassar would pull up her spandex shorts in order to digitally penetrate Plaintiff Kassie Powell's vagina.

**ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

852.      On one occasion, Defendant Nassar told Plaintiff Kassie Powell her left side ribs were "out of alignment" and put his hand under Plaintiff Kassie Powell's sports bra and massaged her left breast for approximately three to five minutes.

**ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

853.      On one occasion in approximately May 2014, Defendant Nassar set up an appointment with Plaintiff Kassie Powell by text message and told her to come to his home. Defendant Nassar had an examination table set up in his backyard and digitally penetrated Plaintiff Kassie Powell's vagina.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

854. Defendant Nassar frequently made comments about Plaintiff Kassie Powell's buttocks and told her she had a "cheerleader butt."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

855. Defendant Nassar also made comments regarding Plaintiff Kassie Powell's pubic hair near her vagina and buttocks and told her treatment would work better if she shaved.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

856. Plaintiff also treated with Defendant Nassar while attending MSU as a track and field athlete.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

857. Defendant Nassar gave Plaintiff Kassie Powell his cellular telephone number and instructed her to text him anytime she needed anything.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

858. Defendant Nassar told Plaintiff Kassie Powell that she was saved in his phone as "Superfreak."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

859. For a period of time in or around 2013, Plaintiff Kassie Powell was seeing Defendant Nassar weekly due to low back pain. Plaintiff Kassie Powell would text him and Defendant Nassar would instruct her to come in telling her he would "squeeze her in at the end of his clinic."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

860. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Kassie Powell.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

861.　Defendant Nassar did not give prior notice or obtain consent for digital penetration from Kassie Powell, or Kassie Powell's parents during the time she was a minor.

**ANSWER:　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

862.　Some of the sexual assaults occurred after the MSU Defendants were notified in 2014 of allegations of sexual abuse by Defendant Nassar during "treatments" with athletes.

**ANSWER:　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

863.　Plaintiff Kassie Powell's medical records produced by Defendant MSU regarding her visits with Defendant Nassar are completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER:　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

864.　Plaintiff Kassie Powell did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

865.　On February 2, 2017, Plaintiff Kassie Powell made a complaint to Defendant MSU's Police Department.

**ANSWER:　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

866.　Plaintiff Kassie Powell believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## JJ.　TIFFANY DUTTON

867.　Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:　Defendant incorporates by reference its answers to each of the preceding paragraphs.**

868.　Plaintiff Tiffany Dutton treated with Defendant Nassar in approximately 2002.

**ANSWER:　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

869. In 2002, Plaintiff Tiffany Dutton was a minor, 14 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

870. Plaintiff Tiffany Dutton presented to Defendant Nassar for low back pain and tailbone pain as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

871. On at least two occasions at his office at MSU, Defendant Nassar touched Plaintiff Tiffany Dutton's vaginal and rectal area without gloves, and digitally penetrated Plaintiff Tiffany Dutton's vagina at least twice without gloves and without lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

872. At the time of the first assault, Defendant Nassar had her lay on her stomach. She was shocked when without any warning or advanced notice Defendant Nassar digitally penetrated her vagina.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

873. Following her first appointment, Defendant Nassar requested that Plaintiff Tiffany Dutton wear shorts or a leotard to her subsequent appointments.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

874. During one of the assaults, Plaintiff Tiffany Dutton's mother was trying to see what Defendant Nassar was doing, but Defendant Nassar moved around to block her view.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

875. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Tiffany Dutton.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

876. Defendant Nassar did not give prior notice or obtain consent to touch Plaintiff Tiffany Dutton's vaginal or rectal area, or for vaginal penetration from Tiffany Dutton, or Tiffany Dutton's parents as she was a minor at the time.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

877.    Plaintiff Tiffany Dutton requested her medical records, however Defendant MSU could not locate a paper chart documenting all of her appointments with Defendant Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

878.    The records Defendant MSU did produce were completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

879.    Plaintiff Tiffany Dutton did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

880.    Plaintiff Tiffany Dutton believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## KK.    JAIME DOSKI

881.    Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:     Defendant incorporates by reference its answers to each of the preceding paragraphs.**

882.    Plaintiff Jaime Doski treated with Defendant Nassar from approximately 1997 to 2003, and 2013.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

883.    From 1997 to 2003, Plaintiff Jaime Doski was a minor, 12 to 17 years old.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

884.    Throughout high school, Plaintiff Jaime Doski presented to Defendant Nassar for general back pain as a result of gymnastics.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

885. On several occasions between 1997 and 2003, and on at least two occasions in 2013, at his office at MSU and at gymnastics meets held throughout Michigan, Defendant Nassar digitally penetrated Plaintiff Jaime Doski's vagina without prior notice and without gloves or lubricant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

886. During some visits at MSU, Plaintiff Jaime Doski's father was present and Defendant Nassar would position himself in a manner in which Plaintiff Jaime Doski's father could not see Defendant Nassar's conduct.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

887. At the gymnastics meets, Defendant Nassar would take Plaintiff Jaime Doski to a secluded location, away from others attending the meet, and would digitally penetrate Plaintiff Jaime Doski's vagina while no other individual was present.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

888. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jaime Doski.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

889. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jaime Doski, or Jaime Doski's parents as she was a minor at the time.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

890. Plaintiff Jaime Doski did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

891. Plaintiff Jaime Doski believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## LL.    KATHERINE MAHON

892.    Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

893.    Plaintiff Katherine Mahon treated with Defendant Nassar from approximately 2006 to 2013.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

894.    From 2006 to 2008, Plaintiff Katherine Mahon was a minor, 15 to 17 years old.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

895.    Plaintiff Katherine Mahon presented to Defendant Nassar for back pain caused by recreational sports.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

896.    On at least 20 occasions between 2006 and 2013 at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Katherine Mahon's vagina without prior notice and without gloves for several minutes at a time.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

897.    Defendant Nassar required Plaintiff Katherine Mahon to change into breakaway shorts with Velcro on the side and would put his hands under the shorts to digitally penetrate her vagina.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

898.    One on occasion at an appointment when Plaintiff Katherine Mahon's mother was not present, Defendant Nassar touched Plaintiff Katherine Mahon's breasts.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

899.    Defendant Nassar said he was going to do "myofascial release" and a "sports massage" that involved "different techniques" to Plaintiff Katherine Mahon, but never explained that any "treatment" would involve digital penetration of her vagina.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

900.     After penetration by Defendant Nassar, Plaintiff Katherine Mahon experienced bleeding and soreness.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

901.     Plaintiff Katherine Mahon stopped seeing Defendant Nassar after she stopped competing in collegiate sports.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

902.     Since treating with Defendant Nassar, Plaintiff Katherine Mahon has had other treatments for low back pain by therapists and there has never been vaginal penetration.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

903.     Defendant Nassar did not give prior notice or obtain consent for digital penetration from Katherine Mahon, or Katherine Mahon's parents as she was a minor at the time.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

904.     Plaintiff Katherine Mahon did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

905.     Plaintiff Katherine Mahon believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## MM.   <u>JANE A38 DOE</u>

906.     Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:     Defendant incorporates by reference its answers to each of the preceding paragraphs.**

907.   Plaintiff Jane A38 Doe treated with Defendant Nassar from approximately 2005 to 2014 or 2015.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

908.   From 2005 to 2013, Plaintiff Jane A38 Doe was a minor, 10 to 17 years old.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

909.   Plaintiff Jane A38 Doe presented to Defendant Nassar for back pain caused by gymnastics.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

910.   On multiple occasions, between 2005 to 2014 or 2015, at various locations including but not limited to his office at MSU, Defendant Twistars' facility, and Defendant Nassar's residence, Defendant Nassar digitally penetrated Plaintiff Jane A38 Doe's vagina and anus without prior notice and without gloves for several minutes at a time.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

911.   When Plaintiff visited Defendant Nassar's home, he gave her gifts including an Olympic jacket.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

912.   On one occasion, Plaintiff Jane A38 Doe's mother observed Defendant Nassar "treating" Plaintiff Jane A38 Doe and asked him what he was doing. Defendant Nassar gave an explanation she did not understand. He did not explain that he was using vaginal or anal penetration.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

913.   On that same occasion, Plaintiff Jane A38 Doe's mother stood up and moved to attempt to see what Defendant Nassar was doing and Defendant Nassar moved to block her view.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

914.   On another occasion, Plaintiff Jane A38 Doe's mother observed Defendant Nassar touching different parts of Plaintiff Jane A38 Doe's body including her feet and legs

and asked him why he wasn't using gloves. Defendant Nassar did not provide an explanation and was dismissive of her question.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

915.    Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A38 Doe, or Jane A38 Doe's parents as she was a minor at the time.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

916.    Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A38 Doe or Jane A38 Doe's parents.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

917.    Plaintiff Jane A38 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

918.    Plaintiff Jane A38 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## NN.    <u>JANE A39 DOE</u>

919.    Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

920.    Plaintiff Jane A39 Doe was a student athlete at MSU from approximately 2001 to 2005.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

921.    Plaintiff Jane A39 Doe treated with Defendant Nassar from approximately 2001 to 2003.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

922. Plaintiff Jane A39 Doe presented to Defendant Nassar for low back pain caused by tennis.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

923. On approximately two to three occasions, between approximately 2001 and 2003 in training rooms in the Jenison Fieldhouse and Duffy Daugherty building on MSU's campus, Defendant Nassar digitally penetrated Plaintiff Jane A39 Doe's vagina without prior notice and without gloves for between five to ten minutes or more at a time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

924. No one other than Defendant Nassar and Plaintiff Jane A39 Doe was present in the room at the times of the digital penetration.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

925. The digital penetration took her by surprise and was very uncomfortable.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

926. On one occasion, Plaintiff Jane A39 Doe observed Defendant Nassar breathing heavily while digitally penetrating her vagina.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

927. On that same occasion, a trainer knocked on the door and opened it and Defendant Nassar jumped up from his stool and walked away from Plaintiff Jane A39 Doe who was lying on a training table.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

928. Plaintiff Jane A39 Doe's observations of Defendant Nassar's heavy breathing and response when the trainer walked in prompted her to request that Defendant Nassar refrain from any additional "intravaginal treatment."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

929.  In response to Plaintiff Jane A39 Doe's request, Defendant Nassar bashfully and awkwardly put his head down, said something along the lines of "okay," and quickly changed the conversation.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

930.  Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A39 Doe.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

931.  Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A39 Doe.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

932.  Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A39 Doe.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

933.  Plaintiff Jane A39 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

934.  Plaintiff Jane A39 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## OO.   GWEN ANDERSON

935.  Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

936.  Plaintiff Gwen Anderson treated with Defendant Nassar from approximately 1997 to 2006.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

937. From 1997 to 2003 Plaintiff Gwen Anderson was a minor, 13 to 17 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

938. Plaintiff Gwen Anderson presented to Defendant Nassar for low back pain and knee pain caused by gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

939. On approximately two to three occasions, in approximately 1997 and 1998 at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Gwen Anderson's vagina without prior notice and without gloves for approximately one to two minutes at a time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

940. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Gwen Anderson or Gwen Anderson's parents as she was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

941. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Gwen Anderson or Gwen Anderson's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

942. Plaintiff Gwen Anderson did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

943. Plaintiff Gwen Anderson believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

**PP.** **JENELLE MOUL**

944. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

945. Plaintiff Jenelle Moul treated with Defendant Nassar from approximately 1997 to 2006.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

946. In 2003, Plaintiff Jenelle Moul presented to Defendant Nassar for low back pain caused by gymnastics.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

947. While competing in collegiate gymnastics at a university in Michigan, on approximately one occasion in 2003 at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jenelle Moul's vagina without prior notice, lubricant, or gloves.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

948. Defendant Nassar had Plaintiff Jenelle Moul lay down to try to recreate the pain she was experiencing, and then he digitally penetrated her vagina without notice or explanation.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

949. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jenelle Moul.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

950. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jenelle Moul.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

951. Plaintiff Jenelle Moul did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

952.    Plaintiff Jenelle Moul believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## QQ.    WHITNEY BURNS

953.    Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

954.    Plaintiff Whitney Burns treated with Defendant Nassar in approximately 2002.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

955.    In 2002, Plaintiff Whitney Burns was a minor, 15 to 16 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

956.    Plaintiff Whitney Burns was a ballet dancer, but presented to Defendant Nassar for low back pain and knee pain sustained in a motor vehicle collision.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

957.    On approximately two to three occasions in 2002 at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Whitney Burns's vagina and anus without prior notice, gloves, or lubricant for up to five minutes at a time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

958.    Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A21 Doe or Jane A21 Doe's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

959.    Defendant Nassar did not give prior notice or obtain consent for digital penetration from Whitney Burns or Whitney Burns's parents as Whitney Burns was a minor at the time.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

960.    Plaintiff Whitney Burns did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

961.    Plaintiff Whitney Burns believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## RR.    JANE A43 DOE

962.    Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:     Defendant incorporates by reference its answers to each of the preceding paragraphs.**

963.    Plaintiff Jane A43 Doe treated with Defendant Nassar in approximately 2003.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

964.    In 2003, Plaintiff Jane A43 Doe was a minor, 15 years old.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

965.    Plaintiff Jane A43 Doe presented to Defendant Nassar for low back pain and knee pain as a result of track and field.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

966.    On one occasion in 2003 at his office at MSU, Defendant Nassar touched Plaintiff Jane A43 Doe's vagina and vaginal area with his fingers and thumbs in a manner in which it seemed he was trying to stimulate her sexually. He laid her on her back placing his hands on her thigh doing stretches. He then placed his hands on the inside of her thighs and proceeded upward until his thumbs were touching and rubbing against her vagina. Defendant Nassar then asked her to lay on her stomach. He again touched the inside of her thigh and moved upward rubbing against her vagina. All of

this was done without prior notice and without gloves or lubricant for between approximately two to three minutes at a time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

967. Defendant Nassar explained his conduct as "stretching her muscles" to Plaintiff Jane A43 Doe.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

968. Defendant Nassar did not give prior notice or obtain consent to touch Plaintiff Jane A43 Doe's vagina or vaginal area from Jane A43 Doe or Jane A43 Doe's parents as Jane A43 Doe was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

969. Plaintiff Jane A43 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

970. Plaintiff Jane A43 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## SS.   AMANDA BARTERIAN

971. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

972. Plaintiff Amanda Barterian treated with Defendant Nassar from approximately 1994 to 2001.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

973. From 1994 to 2001, Plaintiff Amanda Barterian was a minor, 9 to 15 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

974. Plaintiff Amanda Barterian presented to Defendant Nassar for back pain as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

975. Plaintiff Amanda Barterian first met Defendant Nassar at a gymnastics meet.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

976. For a period of time, Plaintiff Amanda Barterian saw Defendant Nassar weekly at his office at MSU.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

977. On multiple occasions, at his office at MSU Defendant Nassar digitally penetrated Plaintiff Amanda Barterian's vagina without prior notice and without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

978. On one occasion, when Plaintiff was not competing but attending a meet as a spectator at Twistars, she "treated" with Defendant Nassar and on that occasion he digitally penetrated Plaintiff Amanda Barterian's vagina without prior notice and without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

979. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Amanda Barterian or Amanda Barterian's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

980. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Amanda Barterian or Amanda Barterian's parents as Amanda Barterian was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

981. Plaintiff Amanda Barterian did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

982.     Plaintiff Amanda Barterian believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## TT.     JANE A45 DOE

983.     Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

984.     Plaintiff Jane A45 Doe treated with Defendant Nassar from approximately 2008 to 2011 as a student athlete at MSU.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

985.     Plaintiff Jane A45 Doe presented to Defendant Nassar with complaints of low back pain as a result of rowing.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

986.     Plaintiff Jane A45 Doe was referred to Defendant Nassar by MSU trainers and training staff.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

987.     During some of her early treatments in approximately 2008 and 2009, there was another trainer in the room and Nassar did not do any "treatment" that included digital penetration.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

988.     Some of Plaintiff Jane A45 Doe's teammates discussed being touched in a different manner by Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

989. On approximately one occasion in 2010 at a training room in the Jenison Field House, Defendant Nassar digitally penetrated Plaintiff Jane A45 Doe's vagina without prior notice.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

990. On this occasion, there were no trainers or chaperones present.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

991. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A45 Doe.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

992. She was shocked and wanted to tell him to stop, but wanted to trust him because he was an Olympic doctor and had been her doctor for a significant period of time before this appointment.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

993. After this assault, Jane A45 Doe told Defendant Nassar that the "treatment" didn't help.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

994. Plaintiff Jane A45 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

995. Plaintiff Jane A45 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## UU. TARYN AKEMI LOOK

996. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

997.   Plaintiff Taryn Akemi Look treated with Defendant Nassar from approximately 2000 to 2001.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

998.   From 2000 to 2001 Plaintiff Taryn Akemi Look was a minor, 14 to 15 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

999.   Plaintiff Taryn Akemi Look presented to Defendant Nassar with complaints of pain in her foot, ankle, shins, and lower back as a result of gymnastics.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1000.   On one occasion at an appointment at his office at MSU Defendant Nassar digitally penetrated Plaintiff Taryn Akemi Look's vagina without prior notice and without gloves or lubricant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1001.   Immediately prior to the digital penetration, Defendant Nassar asked Plaintiff Taryn Akemi Look to demonstrate a back leg grab split move.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1002.   During the visit Plaintiff Taryn Akemi Look's mother was in the room and Defendant Nassar positioned himself in a manner in which Plaintiff Taryn Akemi Look's mother could not see Defendant Nassar's conduct.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1003.   Defendant Nassar did not give prior notice or obtain consent for digital penetration from Taryn Akemi Look, or Taryn Akemi Look's parents as she was a minor at the time.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1004. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Taryn Akemi Look or Plaintiff Taryn Akemi Look's parents as she was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1005. Plaintiff Taryn Akemi Look did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1006. Plaintiff Taryn Akemi Look believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## VV.   N.W. (MINOR) by Next Friend R.W.

1007. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1008. Plaintiff N.W. (minor) treated with Defendant Nassar from approximately 2011 to 2016.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1009. From 2011 to 2016 Plaintiff N.W. (minor) was a minor, 10 to 14 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1010. Plaintiff N.W. (minor) presented to Defendant Nassar with complaints of pain in her back, tailbone, groin, shoulder, and foot as a result of gymnastics and other recreational sports.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1011. On at least approximately three occasions at appointments at his office at MSU and at other locations, Defendant Nassar touched Plaintiff N.W. (minor)'s vaginal area without prior notice and without gloves or lubricant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1012. On multiple occasions, when Plaintiff N.W. (minor) sought treatment for issues with her shoulder Defendant Nassar would ask her to remove her shirt and would grab and massage her breasts while she was only wearing a sports bra.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1013. Defendant Nassar did not give prior notice or obtain consent to touch her breasts or vaginal area from N.W. (minor), R.W., or N.W. (minor)'s father as she was a minor at the time.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1014. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff N.W. (minor), Plaintiff R.W. or Plaintiff N.W. (minor)'s father as she was a minor at the time.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1015. Plaintiff N.W. (minor) and Plaintiff R.W. believe the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1016. In March 2017, Plaintiff N.W. (minor) made a complaint regarding Defendant Nassar to MSU's Police Department.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## WW. AMANDA MCGEACHIE

1017. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1018. Plaintiff Amanda McGeachie was a scholarship student athlete at MSU from 2008 to 2012.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1019. Plaintiff Amanda McGeachie presented to Defendant Nassar with injuries to her lower back, hips, ribs, and sacrum resulting from her sport.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1020. On approximately one to three occasions at appointments at the Jenison Fieldhouse athletic training room, Defendant Nassar touched and rubbed her vaginal area without notice, gloves, or lubricant.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1021. Although the touching and rubbing never alleviated the pain in her back, Amanda McGeachie always told Defendant Nassar the "treatments" worked because she did not want him "going deeper" into her vagina.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1022. On one occasion Defendant Nassar made a comment regarding the size of Plaintiff Amanda McGeachie's vagina, indicating her vagina was small and she couldn't have children.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1023. Defendant Nassar did not obtain consent to touch or rub Plaintiff Amanda McGeachie's vaginal area or vagina.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1024. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Amanda McGeachie.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1025. Plaintiff Amanda McGeachie believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## XX. <u>JANE A50 DOE</u>

1026. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1027. Plaintiff Jane A50 Doe treated with Defendant Nassar from approximately 2010 to 2016.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1028. From 2010 to 2016, Plaintiff Jane A50 Doe was a minor, 11 to 17 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1029. Plaintiff Jane A50 Doe was 18 years old when she last treated with Defendant Nassar in July 2016.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1030. Plaintiff presented to Defendant Nassar with complaints of back, hamstring, knee, and shoulder pain as a result of gymnastics.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1031. On over one hundred occasions, at appointments at his office at MSU, at Twistars, and at his residence Defendant Nassar digitally penetrated Plaintiff Jane A50 Doe's vagina and anus without notice, gloves, or lubricants.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1032. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A50 Doe or Jane A50 Doe's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1033. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Jane A50 Doe or Jane A50 Doe's parents as Jane A50 Doe was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1034. Plaintiff Jane A50 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1035. Plaintiff Jane A50 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## YY.  JANE A51 DOE

1036. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1037. Plaintiff Jane A51 Doe was a scholarship student athlete at MSU from 2008 to 2012.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1038. Plaintiff Jane A51 Doe presented to Defendant Nassar with complaints of sacrum, rib, and back pain as a result of rowing.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1039. On at least one occasion in approximately 2009 or 2010 at an appointment at his office at MSU Defendant Nassar digitally penetrated Plaintiff Jane A51 Doe's vagina without prior notice, gloves, or lubricant for approximately 10 minutes.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1040. Defendant Nassar regularly scheduled Plaintiff Jane A51 Doe for 20 minute sessions, however, on the occasion described above Defendant Nassar scheduled her for a 60 minute session stating he was going to perform a more intense procedure.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1041. Defendant Nassar pulled down Plaintiff Jane A51 Doe's spandex, put lotion on one of his hands, began massaging her legs, and then used the other ungloved, and unlubricated, hand to digitally penetrate her vagina.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1042. Plaintiff's trainer, an MSU employee/representative/agent was in the room when the procedure began, but left the room at some point during the appointment.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1043. Defendant Nassar did not indicate the procedure would involve vaginal penetration.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1044. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A51 Doe.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1045. Plaintiff Jane A51 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## ZZ.   JANE A52 DOE by Next Friend JANE A53 DOE

1046. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1047. From 2007 to the present date, Plaintiff Jane A52 Doe was a minor, and in or around 2015 or 2016 Plaintiff Jane A52 Doe was approximately 9 or 10 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1048. From approximately 2007 to 2016, Plaintiff Jane A52 Doe visited Defendant Nassar's residence.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1049. Plaintiff Jane A52 Doe and her parents were aware Defendant Nassar was a medical professional at MSU as he provided medical care to her at her home for minor illnesses and ailments.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1050. Plaintiff Jane A52 Doe was a gymnast and participated in gymnastics at Twistars for a short period of time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1051. Defendant Nassar would give Plaintiff Jane A52 Doe gifts such as Olympic pencil holders, towels, and other mementos.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1052. On some occasions, Plaintiff Jane A52 Doe observed Defendant Nassar working with patients in his back yard.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1053. In 2015 or 2016, on at least one occasion Defendant Nassar attempted to pull Plaintiff Jane A52 Doe's bathing suit down and "tickle" her, as well as other actions sexual in nature.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1054. Defendant Nassar did not have consent to touch Plaintiff Jane A52 Doe from Jane A53 Doe or Jane A52 Doe's father as she was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1055. Plaintiff Jane A52 Doe and Plaintiff Jane A53 Doe believe the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### AAA.  <u>ANNA LUDES</u>

1056. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:   Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1057. Plaintiff Anna Ludes was a student athlete at MSU from 2010 to 2014.

**ANSWER:**

1058. Plaintiff Anna Ludes presented to Defendant Nassar with complaints of low back pain as a result of her sport.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1059. On multiple occasions, Defendant Nassar touched her vaginal area and vagina without prior notice, gloves or lubricant.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1060. Defendant Nassar would place his hands inside her spandex shorts to touch her vaginal area and vagina.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1061. On approximately four to five occasions at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Anna Ludes's vagina without notice, gloves, or lubricant.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1062. Although there was a trainer or medical student in the room with Plaintiff Anna Ludes and Defendant Nassar, he would always position himself in a way that the trainer or medical student could not see his hand inside or near her vagina.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1063. Defendant Nassar did not obtain consent to touch Plaintiff Anna Ludes's vaginal area or vagina, nor did he obtain consent for digital penetration from Plaintiff Anna Ludes.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1064. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Anna Ludes.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1065. Plaintiff Anna Ludes did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1066. Plaintiff Anna Ludes believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### BBB. JANE A55 DOE

1067. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1068. Plaintiff Jane A55 Doe treated with Defendant Nassar from approximately 1997 to 2003.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1069. From 1997 to 2003, Plaintiff Jane A55 Doe was a minor, approximately 12 to 17 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1070. Plaintiff Jane A55 Doe presented to Defendant Nassar with complaints of back pain.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1071. On one occasion in approximately 1997 at an appointment at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A55 Doe's vagina without prior notice, gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1072. Plaintiff Jane A55 Doe jumped when he penetrated her vagina as she had not been touched in her vaginal area, and in response Defendant Nassar commented that he knew that felt "a little different."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1073. Plaintiff Jane A55 Doe's mother was in the room at the time, however, Defendant Nassar positioned himself in a way so that she could not see his conduct.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1074. 1261074. Defendant Nassar did not obtain consent for digital penetration from Plaintiff Jane A55 Doe or Plaintiff Jane A55 Doe's parents as she was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1075. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A55 Doe or Plaintiff Jane A55 Doe's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1076. Plaintiff Jane A55 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1077. Plaintiff Jane A55 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## CCC. <u>LYNLEE PHILLIPS</u>

1078. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1079. Plaintiff Lynlee Phillips treated with Defendant Nassar in approximately 2002.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1080.    From 1999 to 2004, Plaintiff Lynlee Phillips was a scholarship student athlete at MSU.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1081.    In 2002, Plaintiff Lynlee Phillips presented to Defendant Nassar with complaints of groin pain as a result of track and field.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1082.    Plaintiff Lynlee Phillips was referred to Defendant Nassar by a MSU trainer.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1083.    On approximately three to five occasions in 2002, at appointments at his office at MSU Defendant Nassar digitally penetrated Plaintiff Lynlee Phillips's vagina without prior notice, gloves, or lubricant for up to 10 minutes at a time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1084.    Defendant Nassar required Plaintiff Lynlee Phillips to remove all clothing from the waist down for each appointment and would use a sheet or gown to cover her lower body.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1085.    Plaintiff Lynlee Phillips was alone with Defendant Nassar for each treatment without any chaperone or other medical professional in the room.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1086.    Defendant Nassar did not obtain consent from Plaintiff Lynlee Phillips to touch Plaintiff Lynlee Phillips's vaginal area or vagina or for digital vaginal penetration.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1087.    Plaintiff Lynlee Phillips did not treat or intend to treat with Defendant Nassar for OB/GYN issues related to

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1088.   Plaintiff Lynlee Phillips believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1089.   Following publication of a story by MSNBC, on or around February 20, 2017 Plaintiff Lynlee Phillips made a complaint to Defendant MSU's Police Department.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### DDD.  KATHERINE BLACK

1090.   Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:     Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1091.   Plaintiff Katherine Black treated with Defendant Nassar from approximately 2011 to 2016.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1092.   From 2011 to 2016, Plaintiff Katherine Black was a minor, 13 to 17 years old.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1093.   Plaintiff presented to Defendant Nassar with complaints of back and ankle pain as a result of gymnastics.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1094.   At times, Defendant Nassar would take Plaintiff Katherine Black's shirt off and he would touch Plaintiff's Katherine Black's breast area and breasts.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1095.   At some appointments Defendant Nassar would require her to change into loose fitting shorts that he provided.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1096.    Defendant Nassar told Plaintiff Katherine Black to do Kegel exercises and felt to see if she was doing them correctly.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1097.    Members of Plaintiff Katherine Black's family would be present at appointments, but Defendant Nassar would position himself in a manner in which Plaintiff Katherine Black's family members could not see his conduct.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1098.    On at least one occasion, Defendant Nassar asked Plaintiff Katherine Black's father to leave the examination room, leaving Defendant Nassar and Plaintiff Katherine Black alone.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1099.    At appointments where Plaintiff Katherine Black was seeking treatment for ankle issues, Defendant Nassar would always ask if her back hurt.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1100.    Defendant Nassar did not obtain consent to touch Plaintiff Katherine Black 's vaginal area or vagina from Plaintiff Katherine Black or Plaintiff Katherine Black 's parents as she was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1101.    Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Katherine Black or Plaintiff Katherine Black's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1102.    Plaintiff Katherine Black did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1103. Plaintiff Katherine Black believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### EEE.  MELISSA VIGOGNE

1104. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:     Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1105. Plaintiff Melissa Vigogne treated with Defendant Nassar in or around 1999 and 2002.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1106. Plaintiff Melissa Vigogne suffered neck and back injuries as a result of a car accident in 1999.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1107. Plaintiff Melissa Vigogne, sought treatment from Defendant Nassar after her gymnastics coaches spoke with Defendant Nassar at the Karolyi Ranch about her injuries.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1108. Plaintiff Melissa Vigogne traveled from Florida to Michigan and treated with Defendant Nassar in 1999 at his office at MSU.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1109. At the appointment in 1999, Defendant Nassar requested she remove all her clothing for the appointment.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1110. In 2002, after suffering injuries to her hip, neck, and back in a second car accident, Plaintiff Melissa Vigogne again sought treatment from Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1111. Defendant Nassar advised Plaintiff Melissa Vigogne to travel to the USAG National Championships in Cleveland, Ohio in August 2002 for treatment, which she did.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1112. Defendant Nassar treated Plaintiff Melissa Vigogne in the training room of the competition arena for three days.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1113. For the first two days Plaintiff Melissa Vigogne's mother was present during each treatment.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1114. After two days of treatment, Defendant Nassar requested that Plaintiff Melissa Vigogne change her flight home to Florida so he could have additional time to finish the "treatment" telling her he had made progress but needed more time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1115. Plaintiff Melissa Vigogne was able to change her travel plans, however, it was not possible for Plaintiff Melissa Vigogne's mother to do so.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1116. Therefore, on the third day of treatment, Plaintiff Melissa Vigogne's mother was not present, and there was no chaperone in the treatment room.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1117. On all three days Defendant Nassar requested Plaintiff Melissa Vigogne be naked from the waist down and that she lay face down on the training table.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1118. However, on the third day when Plaintiff Melissa Vigogne's mother was not present, Defendant Nassar digitally penetrated Plaintiff Melissa Vigogne's vagina without prior notice, gloves, or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1119. While Defendant Nassar penetrated Plaintiff Melissa Vigogne's vagina, he stated that the girls trusted him.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1120. Although Defendant Nassar did not mention names, Plaintiff Melissa Vigogne understood his reference to "the girls" to mean famous Olympic gymnasts.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1121. Defendant Nassar's comment also led Plaintiff Melissa Vigogne to believe his conduct and "treatment" must have been okay and normal if Olympic gymnasts trusted and allowed Defendant Nassar to engage in the same conduct with them.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1122. Defendant Nassar did not give prior notice or obtain consent from Plaintiff Melissa Vigogne to touch Plaintiff Melissa Vigogne's vaginal area or for vaginal penetration.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1123. Plaintiff Melissa Vigogne did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1124. Plaintiff Melissa Vigogne believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## FFF.  **JANE A59 DOE**

1125. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1126. Plaintiff Jane A59 Doe treated with Defendant Nassar in or around 2000 and 2002.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1127. Plaintiff Jane A59 Doe was a minor in 2000 and 2002, approximately 13 and 15 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1128. Plaintiff Jane A59 Doe sought treatment from Defendant Nassar for injuries to her hips (2000) and back (2002) as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1129. Defendant Nassar diagnosed Plaintiff Jane A59 Doe with pre-fractures and bursitis.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1130. On several occasions at appointments at his office at MSU, Defendant Nassar touched Plaintiff Jane A59 Doe's pelvic area near her genitals without gloves.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1131. Plaintiff Jane A59 Doe believes the touching was inappropriate and unnecessary as she believes her diagnoses largely required rest.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1132. Defendant Nassar did not give prior notice or obtain consent to touch Plaintiff Jane A59 Doe's pelvic area near her genitals from Plaintiff Jane A59 Doe or Plaintiff Jane A59 Doe's parents as Plaintiff Jane A59 Doe was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1133. Defendant Nassar did not explain his touching and conduct as a medical procedure to Plaintiff Jane A59 Doe or Plaintiff Jane A59 Doe's parents.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

     1134.   Plaintiff Jane A59 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

     1135.   Plaintiff Jane A59 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### GGG.  ALEXANDRA ROMANO

     1136.   Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

     1137.   Plaintiff Alexandra Romano treated with Defendant Nassar from approximately 2006 to 2010.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

     1138.   Plaintiff Alexandra Romano was a minor from 2006 to 2010, approximately 12 to 16 years old.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

     1139.   Plaintiff Alexandra Romano sought treatment from Defendant Nassar for injuries to her back as a result of gymnastics.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

     1140.   Defendant Nassar told Plaintiff Alexandra Romano he was going to "fix her back" because her "spine was twisted."

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1141. On at least approximately two occasions at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Alexandra Romano's anus without notice, gloves, or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1142. Defendant Nassar did not give prior notice or obtain consent for digital anal penetration from Plaintiff Alexandra Romano or Plaintiff Alexandra Romano's parents as she was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1143. Defendant Nassar did not explain his conduct as a medical procedure to Plaintiff Alexandra Romano or Plaintiff Alexandra Romano's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1144. Plaintiff Alexandra Romano's medical records produced by Defendant MSU regarding her visits with Defendant Nassar are completely devoid of any reference to any type of intra-rectal procedure.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1145. Plaintiff Alexandra Romano did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1146. Plaintiff Alexandra Romano believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1147. In fall 2016, Plaintiff Alexandra Romano Doe made a complaint regarding Defendant Nassar to MSU's Police Department.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### HHH. JENNIFER HAYES

1148. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1149. Plaintiff Jennifer Hayes treated with Defendant Nassar from approximately November 2000 to July 2002.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1150. From November 2000 to July 2002, Jennifer Hayes was a student at MSU.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1151. Plaintiff Jennifer Hayes sought treatment from Defendant Nassar for injuries to her lower back as a result of injuries suffered as a former figure skater and through other athletic activities such as running and rowing.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1152. On a few occasions, between four and five, at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jennifer Hayes's vagina without prior notice and without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1153. Defendant Nassar told Plaintiff Jennifer Hayes that some people found what he was going to do to be "uncomfortable" but told her it would help her.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1154. At no time did Defendant Nassar inform Plaintiff Jennifer Hayes that his "treatment" would involve digital vaginal penetration.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1155. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jennifer Hayes

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1156. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Jennifer Hayes.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1157. Plaintiff Jennifer Hayes's medical records produced by Defendant MSU regarding her visits with Defendant Nassar are completely devoid of any reference to any type of intra-vaginal procedure.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1158. Plaintiff Jennifer Hayes did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1159. Plaintiff Jennifer Hayes believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1160. Plaintiff Jennifer Hayes became aware of the allegations against Defendant Nassar in late January 2017 and immediately contacted the FBI.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1161. The FBI referred Plaintiff Jennifer Hayes to Defendant MSU's Police Department and she made a complaint in early February 2017.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### III.   <u>JANE A62 DOE</u>

1162. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1163. Plaintiff Jane A62 Doe treated with Defendant Nassar from approximately 1995 to 1998.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1164.  From 1995 to 1998 Plaintiff Jane A62 Doe was a minor, approximately 12 to 15 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1165.  Plaintiff Jane A62 Doe presented to Defendant Nassar with complaints of low back pain and tight hamstrings as a result of competitive soccer.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1166.  On approximately eighteen occasions from 1995 to 1998 at appointments with Defendant Nassar, he digitally penetrated Plaintiff Jane A62 Doe's vagina without prior notice or gloves.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1167.  Defendant Nassar required Plaintiff Jane A62 Doe to wear loose baggy shorts, and if Plaintiff Jane A62 Doe came to an appointment without them, he would provide a pair of loose baggy shorts, similar to men's basketball shorts.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1168.  At times, Defendant Nassar would use a towel as a drape to obscure the digital penetration and to wipe his hands.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1169.  On some occasions Defendant Nassar would require Plaintiff Jane A62 Doe to lie on her stomach and would digitally penetrate her vagina while stretching one of her legs upward.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1170.  On other occasions Defendant Nassar would require Plaintiff Jane A62 Doe to lie on her back with one of her knees on or near his shoulder, and would digitally penetrate her vagina while stretching one of her legs.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1171. On a few occasions, Plaintiff Jane A62 Doe was alone with Defendant Nassar for appointments without a chaperone or other medical professional in the room.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1172. At other times Plaintiff Jane A62 Doe's mother was present, however, she was seated in a chair at the head of the examination table a manner and could not see Defendant Nassar's hand placement.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1173. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A62 Doe or Plaintiff Jane A62 Doe's parents as she was a minor at the time.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1174. Defendant Nassar did not obtain consent from Plaintiff Jane A62 Doe or Plaintiff Jane A62 Doe's parents to touch Plaintiff Jane A62 Doe's vaginal area or vagina, nor did he obtain consent for digital vaginal penetration as she was a minor at the time.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1175. Plaintiff Jane A62 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1176. Plaintiff Jane A62 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1177. Plaintiff Jane A62 Doe first became aware of the allegations against Defendant Nassar on December 2, 2016 and subsequently made a complaint to Defendant MSU's Police Department.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### JJJ.    JANE A63 DOE

1178. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1179. Plaintiff Jane A63 Doe treated with Defendant Nassar between approximately 2007 and 2008.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1180. From 2004 to 2008, Plaintiff Jane A63 Doe was a student athlete at a private college in Michigan.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1181. Also during 2008, Plaintiff Jane A63 Doe was a graduate student at a public college in Michigan.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1182. Plaintiff Jane A63 Doe presented to Defendant Nassar with complaints of pain in her left hip and low back as a result of her sport.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1183. On approximately eleven occasions at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A63 Doe's vagina without prior notice and without gloves or lubricant for up to twenty minutes at a time under the guise of performing "treatment."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1184. Defendant Nassar moved Plaintiff Jane A63 Doe's underwear aside to digitally penetrate Jane A63 Doe's vagina.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1185. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A63 Doe.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1186. Defendant Nassar did not give prior notice or obtain consent for digital penetration or to touch Plaintiff Jane A63 Doe's vagina.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1187. Plaintiff Jane A63 Doe does not believe the digital penetration by Defendant Nassar provided any relief for her hip or back pain.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1188. Plaintiff Jane A63 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1189. Plaintiff Jane A63 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### LLL. <u>JANE A64 DOE</u>

1190. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1191. Plaintiff Jane A64 Doe was an elite gymnast and competed for Defendant USAG as a Junior Olympic National Team member.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1192. Plaintiff Jane A64 Doe attended camps at the Karolyi Ranch from approximately 2001 to 2003.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1193. From 2001 to 2003, Plaintiff Jane A64 Doe was a minor, approximately 13 to 15 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1194. Prior to attending the camps, Plaintiff Jane A64 Doe suffered a stress fracture in her back and tore both of her hamstrings.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1195. While at the camps at the Karolyi ranch she was sent to Defendant Nassar for treatment.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1196. At this time, Defendant Nassar was employed by Defendant MSU as an Assistant Professor and part of his duties included participation in "Outreach" and "Community Activities," which included but was not limited to his involvement with Defendant USAG.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1197. On approximately one occasion, in a lounge where camp attendees would often watch television, Defendant Nassar digitally penetrated Plaintiff Jane A64 Doe's vagina without gloves or lubricant for up to 10 minutes.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1198. Before the digital penetration, Defendant Nassar made a statement to Plaintiff Jane A64 Doe to the effect of, "this might feel weird, but it's part of the treatment."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1199. However, Defendant Nassar did not explain that he was going to engage in digital penetration before doing so.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1200. Several years later, while attending college, Plaintiff Jane A64 Doe disclosed Defendant Nassar's conduct to a counselor at the college's counseling center.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1201. To the best of Plaintiff Jane A64 Doe knowledge, no action was taken regarding her allegations against Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1202. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A64 Doe or Plaintiff Jane A64 Doe's parents as she was a minor at the time.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1203. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A64 Doe or Jane A64 Doe's parents as she was a minor at the time.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1204. Plaintiff Jane A64 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1205. Plaintiff Jane A64 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## MMM.    JANE A65 DOE

1206. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1207. Plaintiff Jane A65 Doe was a junior elite gymnast from approximately 1998 to 2002.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1208. Plaintiff Jane A65 Doe attended camps at the Karolyi Ranch from in or around 1998 and 2002.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1209. From 1998 to 2002, Plaintiff Jane A65 Doe was a minor, approximately 8 to 12 years old.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1210. While attending camps at the Karolyi Ranch, Plaintiff presented to Defendant Nassar with complaints of low back pain as a result of gymnastics.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1211. At this time, Defendant Nassar was employed by Defendant MSU as an Assistant Professor and part of his duties included participation in "Outreach" and "Community Activities," which included but was not limited to his involvement with Defendant USAG.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1212. On approximately one or two occasions, Defendant Nassar digitally penetrated Plaintiff Jane A65 Doe's vagina without gloves or lubricant for several minutes.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1213. During the digital penetration, Defendant Nassar asked Plaintiff Jane A65 Doe to look at a picture of his family.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1214. During the sexual assault, only Plaintiff Jane A65 Doe and Defendant Nassar were in the examination room. There was no chaperone.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1215. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A65 Doe or Plaintiff Jane A65 Doe's parents as she was a minor at the time.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1216. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A65 Doe or Jane A65 Doe's parents as she was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1217. Plaintiff Jane A65 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1218. Plaintiff Jane A65 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### NNN.  JANE A66 DOE

1219. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1220. Plaintiff Jane A66 Doe attended camp at the Karolyi Ranch from in May 2001 for approximately two weeks.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1221. In 2001, Plaintiff Jane A66 Doe was a minor, approximately 16 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1222. While attending camps at the Karolyi Ranch, Plaintiff Jane A66 Doe presented to Defendant Nassar with complaints of low back sciatic pain as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1223. At this time, Defendant Nassar was employed by Defendant MSU as an Assistant Professor and part of his duties included participation in "Outreach" and "Community Activities" which included but was not limited to his involvement with Defendant USAG.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1224. For the first four days of camp, Plaintiff Jane A66 Doe was accompanied by her gymnastics coach from her home gym during appointments with Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1225. During the time Plaintiff Jane A66 Doe was chaperoned by her coach, Plaintiff Jane A66 Doe received treatment from Defendant Nassar similar to that which she had previously experienced in her home state which did not include any digital vaginal penetration.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1226. Plaintiff Jane A66 Doe's coach left the Karolyi camp, and Plaintiff Jane A66 Doe continued to treat with Defendant Nassar for increased sciatic pain.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1227. During the final week Plaintiff Jane A66 Doe was at the Karolyi Ranch without a chaperone, on approximately six to seven occasions, Defendant Nassar digitally penetrated Plaintiff Jane A66 Doe's vagina without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1228. Defendant Nassar told Plaintiff Jane A66 Doe that he needed release the muscles in her back by going inside her vagina and that the pressure points could only be released by pushing them with his fingers inside her vagina.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1229. Following the first instance of digital penetration, Defendant Nassar told Plaintiff Jane A66 Doe not to wear underwear for future treatments.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1230. Defendant Nassar did not give obtain consent for digital penetration from Jane A66 Doe's parents as she was a minor at the time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1231. Plaintiff Jane A66 Doe does not believe the digital penetration provided any relief for her back pain.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1232. Plaintiff Jane A66 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1233. Plaintiff Jane A66 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## OOO. EMILY GOETZ

1234. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1235. Plaintiff Emily Goetz was an international elite gymnast and competed at USAG sanctioned events from approximately1994 to 2001.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1236. From 1994 to 2001, Plaintiff Emily Goetz was a minor, approximately 8 to 15 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1237. In or around 2000, Plaintiff attended a USAG sanctioned event in Tulsa, Oklahoma and injured her hamstring.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1238. At this time, Defendant Nassar was employed by Defendant MSU as an Assistant Professor and part of his duties included participation in "Outreach" and "Community Activities," which included but was not limited to his involvement with Defendant USAG.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1239. On approximately one occasion, at the USAG meet in Tulsa, Defendant Nassar digitally penetrated Plaintiff Emily Goetz's vagina without gloves or lubricant.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1240. Defendant Nassar did not explain that he was going to engage in digital penetration before doing so.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1241. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Emily Goetz or Plaintiff Emily Goetz's parents as she was a minor at the time.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1242. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Emily Goetz or Emily Goetz's parents as she was a minor at the time.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1243. Plaintiff Emily Goetz did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1244. Plaintiff Emily Goetz believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## PPP.   MARGARET "MAGGIE" NICHOLS

1245. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1246. Plaintiff Margaret "Maggie" Nichols trained and competed as an elite gymnast as a member of the USA Gymnastics National Team from approximately 2013 to 2016.

**ANSWER:** **Admitted that Ms. Nichols was a member of the USAG national team from approximately 2013 to 2016. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph.**

1247.  As a member of the USAG National Team, Plaintiff Maggie Nichols trained at the Karolyi Ranch in Texas from 2013 to 2016.

**ANSWER:** **Admitted that Ms. Nichols trained at the Karolyi Ranch. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph.**

1248.  From 2013 to 2015, Plaintiff Maggie Nichols was a minor, approximately 15 to 17 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1249.  During this time, Defendant Nassar was employed by Defendant MSU as an Assistant Professor and part of his duties included participation in "Outreach" and "Community Activities," which included but were not limited to his involvement with Defendant USAG.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1250.  Plaintiff Maggie Nichols presented to Defendant Nassar with complaints of sprains, injuries, and soreness suffered as a result of gymnastics training.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1251.  On approximately 20 occasions, in the "end room" at the Karolyi Ranch, Defendant Nassar digitally penetrated Plaintiff Maggie Nichols's vagina without prior notice, gloves, or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1252.  Defendant Nassar digitally penetrated Plaintiff Maggie Nichols's vagina, moved his fingers around in her vagina, and left them in her vagina for several minutes at a time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1253.  At no time was there a chaperon present for any of Plaintiff Maggie Nichols's appointments with Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1254. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Maggie Nichols or Plaintiff Maggie Nichols' parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1255. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Maggie Nichols or Plaintiff Maggie Nichols's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1256. Plaintiff Maggie Nichols did not intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1257. In or around June 2015, while training at the Karolyi Ranch, Plaintiff Maggie Nichols discussed Defendant Nassar's conduct with another USAG National Team member.

**ANSWER: Admitted only that in June 2015 a coach was informed that an athlete was uncomfortable with Nassar's treatment. On June 17, 2015, the coach called Rhonda Faehn, the senior vice president of the women's program and reported the concern. Ms. Faehn contacted CEO Steve Penny the same day. After speaking with the coach and Ms. Faehn, Mr. Penny hired Fran Sepler to interview the athlete. Ms. Sepler interviewed the athlete and two others. The interviews were completed on July 24, 2015. While Ms. Sepler was conducting her interviews, USAG suspended Nassar from all duties. On July 27, 2015, Mr. Penny reported the concerns to the FBI.**

1258. An adult overheard the conversation and asked Plaintiff Maggie Nichols for additional information.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph. See response to paragraph 1257.**

1259. The adult reported Defendant Nassar's misconduct to Defendant USAG officials and Plaintiff Maggie Nichols's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph. See response to paragraph 1257.**

1260. Defendant Nassar's misconduct was reported to Defendant USAG's immediate past President Steve Penny, among other officials.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph. See response to paragraph 1257.**

1261. On multiple occasions Mr. Penny discouraged Plaintiff Maggie Nichols's parents from reporting Defendant Nassar's conduct to law enforcement and pressured them to keep the matter quiet.

**ANSWER:** **Denied.**

1262. Plaintiff Maggie Nichols believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## QQQ. <u>KYLE STEPHENS</u>

1263. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1264. As a child and young adult, Plaintiff Kyle Stephens frequently visited Defendant Nassar's residence.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1265. Plaintiff Kyle Stephens and her parents were aware Defendant Nassar was a medical professional at MSU.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1266. Beginning in approximately 1998 or 1999 until approximately 2003 or 2004, Defendant Nassar sexually abused, assaulted, and molested Plaintiff Kyle Stephens at his residence.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1267. From approximately 1998 to 2004, Plaintiff Kyle Stephens was a minor, 6 to 12 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1268. Defendant Nassar began grooming Plaintiff Kyle Stephens by engaging in games such as hide and seek in the basement of his residence.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1269. Defendant Nassar's abuse, assault, and molestation of Plaintiff Kyle Stephens took place in various rooms in the basement of Defendant Nassar's residence.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1270. Defendant Nassar's abuse, assault, and molestation of Plaintiff Kyle Stephens included, but was not limited to:

    a.    Exposing his erect penis to Plaintiff Kyle Stephens;

    b.    Asking Plaintiff Kyle Stephens if she would ever like to see his penis she could ask;

    c.    Asking Plaintiff Kyle Stephens if she would like to touch his penis;

    d.    Masturbating with lotion in the presence of Plaintiff Kyle Stephens;

    e.    Rubbing his penis on Plaintiff Kyle Stephens's bare feet;

    f.    Using Plaintiff Kyle Stephens's feet to masturbate; and,

    g.    Digitally penetrating Plaintiff Kyle Stephens's vagina.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1271. The conduct described above happened repeatedly over a period of several years.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1272. In or around 2004, Plaintiff Kyle Stephens informed her parents of Defendant Nassar's conduct.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1273. Shortly thereafter, Plaintiff Kyle Stephens's parents took her to visit a psychologist/counselor employed by Defendant MSU.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1274. Plaintiff Kyle Stephens met with the MSU psychologist/counselor approximately eight times and told the psychologist/counselor about some of Defendant Nassar's conduct, including but not limited to how Defendant Nassar touched her bare feet with his penis.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1275. The MSU psychologist/counselor failed to report Defendant Nassar's conduct to law enforcement.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1276. The MSU psychologist/counselor also failed to report Defendant Nassar's conduct to MSU officials.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1277. To the best of Plaintiff Kyle Stephens's knowledge, belief, and understanding, the MSU psychologist/counselor took no steps to report Defendant Nassar's conduct.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1278. After reading a news article published in or around September 2016 by the Lansing State Journal regarding allegations against Defendant Nassar, Plaintiff Kyle Stephens made a complaint to Defendant MSU's Police Department.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1279. Plaintiff Kyle Stephens believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### RRR.  JANE A70 DOE

1280. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1281. Plaintiff Jane A70 Doe treated with Defendant Nassar at his office at MSU in approximately 2002.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1282. Plaintiff Jane A70 Doe presented to Defendant Nassar with complaints of back and hip pain as a result of basketball and softball.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1283. In 2002, at approximately three to ten appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A70 Doe's vagina without prior notice.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1284. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff Jane A70 Doe.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1285. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A70 Doe.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1286. Plaintiff Jane A70 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1287. Upon reviewing news stories regarding allegations against Defendant Nassar in approximately April 2017, Plaintiff Jane A70 Doe made a complaint to MSU's Police Department and Office of Institutional Equity.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1288. Plaintiff Jane A70 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## SSS.   JANE A71 DOE

1289.   Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:   Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1290.   Plaintiff Jane A71 Doe treated with Defendant Nassar at his office at MSU and at Twistars from approximately 1996 to 2000.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1291.   From 1996 to 2000, Plaintiff Jane A71 Doe was a minor, approximately 10 to 14 years old.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1292.   Plaintiff Jane A71 Doe presented to Defendant Nassar with complaints of back pain as a result of gymnastics.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1293.   From 1996 to 2000, at appointments at his office at MSU and once at Twistars, Defendant Nassar touched Plaintiff Jane A71 Doe's vagina and vaginal area without prior notice and without gloves or lubricant.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1294.   Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A71 Doe or Plaintiff Jane A71 Doe's parents as she was a minor at the time.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1295.   Defendant Nassar did not explain his conduct would involve touching of Jane A71 Doe's vagina and vaginal area to Plaintiff Jane A71 Doe or Jane A71 Doe's parents.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1296. Defendant Nassar did not give prior notice that he would touch Jane A71 Doe's vagina/vaginal area or obtain consent from Jane A71 Doe or Jane A71 Doe's parents to do so.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1297. On one occasion Defendant Nassar made an inappropriate comment regarding the size of Plaintiff Jane A71 Doe's breasts.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1298. Defendant Nassar went on to say he could "do something" about it and suggested he could get Defendant MSU to pay for a breast reduction if he said her breasts were causing Plaintiff Jane A71 Doe's back problems.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1299. After being assaulted at Twistars in or around 1998, Plaintiff Jane A71 Doe, at approximately 12 years old, told a coach at Twistars Defendant Nassar was being inappropriate and doing inappropriate things.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1300. In response, the coach told Plaintiff Jane A71 Doe Defendant Nassar "wouldn't do that."

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1301. To the best of Plaintiff Jane A71 Doe's knowledge, belief, and understanding, the coach at Twistars took no steps to investigate or report Defendant Nassar's conduct.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1302. Plaintiff Jane A71 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1303. Plaintiff Jane A71 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### TTT.   J.S. (MINOR) by next friend A.S.

1304.  Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1305.  Plaintiff J.S. (minor) treated with Defendant Nassar at his office at MSU and at his residence from approximately 2009 to 2016.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1306.  From approximately 2009 to 2016, Plaintiff J.S. (minor) was a minor, 8 to 14 years old.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1307.  Plaintiff J.S. (minor) presented to Defendant Nassar with complaints of back pain, and injuries to her quadriceps and groin as a result of gymnastics.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1308.  On several different occasions, Defendant Nassar gave gifts to Plaintiff J.S. (minor).

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1309.  On approximately fifty occasions at appointments at his office at MSU and at his residence, Defendant Nassar digitally penetrated Plaintiff J.S. (minor)'s vagina without prior notice and without gloves.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1310.  At times, Defendant Nassar covered Plaintiff J.S. (minor) with a sheet preventing Plaintiff A.S. from observing Defendant Nassar's hand placement.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1311. On some occasions, Plaintiff J.S. (minor) was instructed to call or text Defendant Nassar at his office at MSU and she would be given entrance to the building through a back door.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1312. On one occasion, Plaintiff A.S. asked Defendant Nassar about a glide on lubricant for Plaintiff J.S. (minor)'s wrists. Defendant Nassar responded he had previously developed one himself that male gymnasts referred to as the "love glove" implying they used it for sexual purposes.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1313. Plaintiff J.S. (minor) underwent an MRI for her groin injury which came back negative for fractures.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1314. Although it is believed the MRI was negative for fractures, Defendant Nassar told Plaintiff J.S. (minor) she had a fractured pubis and continued intra-vaginal digital penetration.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1315. Defendant Nassar did not explain his "treatment" would involve intra-vaginal digital penetration to Plaintiff J.S. (minor) or J.S. (minor)'s parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1316. Defendant Nassar did not give prior notice or obtain consent for digital penetration from J.S. (minor) or J.S. (minor)'s parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1317. Defendant Nassar told Plaintiff J.S. (minor) he retired from his duties with Defendant USAG although Defendant USAG relieved Defendant Nassar of his duties after receiving allegations of "athlete concern."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1318. Plaintiff J.S. (minor) did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1319. Plaintiff J.S. (minor) believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### UUU. JANE A74 DOE

1320. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1321. Plaintiff Jane A74 Doe was a scholarship student athlete at MSU from 2010 to 2014.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1322. In or around 2010 or 2011, Plaintiff Jane A74 Doe was diagnosed with a herniated disc.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1323. Plaintiff Jane A74 Doe treated with Defendant Nassar from approximately 2010 to 2014.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1324. Plaintiff Jane A74 Doe presented to Defendant Nassar with complaints of back and hip pain caused by her participation in softball.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1325. Weekly, for approximately two years, at medical appointments at Jenison Fieldhouse, Defendant Nassar touched Plaintiff Jane A74 Doe's vagina and/or vaginal area without prior notice.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1326. At her first appointment Defendant Nassar requested Plaintiff Jane A74 Doe wear athletic shorts or spandex to appointments.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1327. During appointments with Defendant Nassar, he would pull Jane A74 Doe's shorts or spandex to the side, and sometimes below her buttocks, and touched her vagina and vaginal area.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1328. Defendant Nassar did not explain his conduct disguised as "treatment" as a medical procedure to Plaintiff Jane A74 Doe.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1329. Defendant Nassar never gave Plaintiff Jane A74 Doe notice that he would touch Plaintiff Jane A74 Doe's vagina or vaginal area.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1330. Defendant Nassar did not give prior notice or obtain consent to touch Plaintiff Jane A74 Doe's vagina or vaginal area from Jane A74 Doe.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1331. Plaintiff Jane A74 Doe requested her medical records and the records Defendant MSU produced were completely devoid of any reference to any type of vaginal procedure.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1332. Plaintiff Jane A74 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1333. Plaintiff Jane A74 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## VVV. E.P. (MINOR) by Next Friend M.P.

1334. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1335. Plaintiff E.P. (minor) treated with Defendant Nassar at his office at MSU in approximately 2015 and 2016.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1336. In 2015 and 2016, Plaintiff Jane E.P. Doe was a minor, approximately 14 to 15 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1337. Plaintiff E.P. (minor) presented to Defendant Nassar with complaints of back pain as a result of gymnastics.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1338. Beginning in or around January 2016, between approximately one to five times at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff E.P. (minor)'s vagina without prior notice and without gloves or lubricant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1339. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff E.P. (minor) or E.P. (minor)'s parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1340. Defendant Nassar did not give prior notice or obtain consent for digital penetration from E.P. (minor) or E.P. (minor)'s parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1341. Plaintiff E.P. (minor) did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1342. Plaintiff E.P. (minor) believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### WWW.        MARION SIEBERT

1343. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1344. Plaintiff Marion Siebert treated with Defendant Nassar at his office at MSU from approximately1997 to 2003.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1345. From 1997 to 2002, Plaintiff Marion Siebert was a minor, approximately 13 to 17 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1346. Plaintiff Marion Siebert presented to Defendant Nassar with complaints of back and hip pain as a result of gymnastics and ballet.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1347. In or around 1998, at approximately one appointment at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Marion Siebert's vagina without prior notice and without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1348. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff Marion Siebert or Marion Siebert's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1349. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Marion Siebert or Marion Siebert's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1350. On at least one occasion, when Plaintiff Marion Siebert was seeking treatment for hip pain, Defendant Nassar used a lubricant to rub Plaintiff Marion Siebert's tailbone and buttocks.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1351. Plaintiff Marion Siebert believes the touching was inappropriate and unnecessary as the touching was not similar to other massage or manipulations she had previously experienced as it was lacking in appropriate pressure and felt superficial in nature.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1352. Plaintiff Marion Siebert did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1353. Plaintiff Marion Siebert believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## XXX. __JANE A78 DOE__

1354. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1355. Plaintiff Jane A78 Doe was a USAG Junior National Team member from approximately 1999-2000 and a USAG Senior National Team member from approximately 2000-2001.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1356. From 1999 – 2001 Plaintiff Jane A78 Doe was a minor, approximately 15 to 17 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1357. Plaintiff Jane A78 Doe treated with Defendant Nassar at a USAG sanctioned meet in St. Louis, Missouri in 2000 after suffering a lower back injury at the meet.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1358. At this time, Defendant Nassar was employed by Defendant MSU as an Assistant Professor and part of his duties included participation in "Outreach" and "Community Activities," which included but was not limited to his involvement with Defendant USAG.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1359. In 2000, while at the USAG sanctioned meet, Defendant Nassar touched Plaintiff Jane A78 Doe's vagina and vaginal area without prior notice and without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1360. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff Jane A78 Doe or Plaintiff's Jane A78 Doe's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1361. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Jane A78 Doe or Plaintiff Jane A78 Doe's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1362. Plaintiff Jane A78 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1363. Plaintiff Jane A78 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## YYY. ANNA DAYTON

1364. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1365. Plaintiff Anna Dayton treated with Defendant Nassar at his office at MSU, Twistars, and at Defendant Nassar's residence from approximately 2009 to 2016.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1366. From 2009 to 2016, Plaintiff Anna Dayton was a minor, approximately 10 to 17 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1367. Plaintiff Anna Dayton presented to Defendant Nassar with complaints of back pain, and injuries to her body including but not limited to her knee, wrist, foot, elbow, as a result of gymnastics.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1368. Between approximately 2011 to 2014, on at least approximately twelve occasions at his office at MSU and at Twistars, Defendant Nassar digitally penetrated Plaintiff Anna Dayton's vagina without prior notice and without gloves or lubricant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1369. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff Anna Dayton or Anna Dayton's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1370. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Anna Dayton or Anna Dayton's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1371. Plaintiff Anna Dayton did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1372. Plaintiff Anna Dayton believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## ZZZ. BRITTNEY SCHUMANN

1373. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1374. Plaintiff Brittney Schumann was on the USAG National Women's team from approximately 1995 to 2002.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1375. In approximately 1995 or 1996, Plaintiff Brittney Schuman attended a USAG national team training camp in Tulsa, Oklahoma.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1376. At this time, Defendant Nassar was employed by Defendant MSU as an Assistant or Associate Professor and part of his duties included participation in "Outreach" and "Community Activities," which included but was not limited to his involvement with Defendant USAG.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1377. In 1995 and 1996, Plaintiff Brittney Schumann was a minor, approximately 10 or 11 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1378. Plaintiff Brittney Schumann presented to Defendant Nassar with complaints of a hamstring injury as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1379. In 1995 or 1996, on approximately two occasions at the USAG national team training camp in Tulsa, Oklahoma, Defendant Nassar digitally penetrated Plaintiff Brittney Schumann's vagina without prior notice and without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1380. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff Brittney Schumann or Brittney Schumann's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1381. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Brittney Schumann or Brittney Schumann's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1382. Plaintiff Brittney Schumann did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1383. Plaintiff Brittney Schumann believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### AAAA.     A.B. (MINOR) BY NEXT FRIEND L.B.

1384. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1385. Plaintiff A.B. treated with Defendant Nassar at his office at MSU from approximately 2008 to 2016.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1386.   From 2008 to 2016, Plaintiff A.B. was a minor, approximately 7 to 15 years old.

1387.   Plaintiff A.B. presented to Defendant Nassar with complaints of back, rib, and hip pain as a result of gymnastics.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1388.   In 2015, on approximately five occasions at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff A.B.'s vagina without prior notice and without gloves or lubricant.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1389.   Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff A.B. or Plaintiff A.B.'s parents.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1390.   Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff A.B. or Plaintiff A.B.'s parents.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1391.   Plaintiff A.B. did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1392.   Plaintiff A.B. believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### BBBB. HELENA WEICK

1393.   Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1394. Plaintiff Helena Weick treated with Defendant Nassar at his office at MSU from approximately 2008 to 2011.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1395. From 2008 to 2011, Plaintiff Helena Weick was a minor, approximately 9 to 12 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1396. Plaintiff Helena Weick presented to Defendant Nassar with complaints of back pain as a result of gymnastics.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1397. In or around 2011, on one occasion at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Helena Weick's anus and touched her vagina without prior notice and without gloves or lubricant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1398. Defendant Nassar did not explain his conduct would involve vaginal touching or intra-rectal or intra-vaginal digital penetration to Plaintiff Helena Weick or Helena Weick's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1399. Defendant Nassar did not give prior notice or obtain consent for vaginal touching or digital penetration from Plaintiff Helena Weick or Helena Weick's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1400. Plaintiff Helena Weick did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1401. Plaintiff Helena Weick believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### CCCC. <u>MEGAN HALICEK</u>

1402.   Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:     Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1403.   Plaintiff Megan Halicek treated with Defendant Nassar at his office at MSU in approximately 2007.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1404.   In 2007, Plaintiff Megan Halicek was a minor, approximately 16 years old.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1405.   Plaintiff Megan Halicek presented to Defendant Nassar with complaints of back pain as a result of a fractured spine due to gymnastics.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1406.   In 2007, between approximately seven to ten times at appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Megan Halicek's vagina and anus and touched her anal area without prior notice and without gloves or lubricant.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1407.   Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration, intra-rectal digital penetration, or touching around the anus to Plaintiff Megan Halicek or Megan Halicek's parents.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1408.   Defendant Nassar did not give prior notice or obtain consent for digital penetration or to touch her anal area from Megan Halicek or Megan Halicek's parents.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1409. Plaintiff Megan Halicek did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1410. Plaintiff Megan Halicek believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### DDDD. STEPHANIE ROBINSON

1411. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1412. Plaintiff Stephanie Robinson treated with Defendant Nassar at his office at MSU from approximately 2013 to 2016.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1413. From 2013 to 2016, Plaintiff Stephanie Robinson was a minor, approximately 13 to 16 years old.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1414. Plaintiff Stephanie Robinson presented to Defendant Nassar with complaints of hip pain as a result of cross country and track and field.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1415. Between approximately January 2014 and 2016, at multiple appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Stephanie Robinson's vagina approximately 20 to 22 times without prior notice and without gloves and sometimes without lubricant for between approximately 10 to 20 minutes at a time.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1416. On some occasions, Defendant Nassar touched or "massaged" Plaintiff Stephanie Robinson's vagina in addition to the digital penetration.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1417. Defendant Nassar did not explain his conduct would involve touching Plaintiff Stephanie Robinson's vaginal area or intra-vaginal digital penetration to Plaintiff Stephanie Robinson or Stephanie Robinson's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1418. Defendant Nassar did not give prior notice or obtain consent to touch Plaintiff Stephanie Robinson's vaginal area or for digital penetration from Stephanie Robinson or Stephanie Robinson's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1419. Plaintiff Stephanie Robinson did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1420. Plaintiff Stephanie Robinson believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## EEEE. REBECCA MARK

1421. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1422. Plaintiff Rebecca Mark treated with Defendant Nassar at his office at MSU in approximately 1999.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1423. In 1999, Plaintiff Rebecca Mark was a minor, approximately 16 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1424. Plaintiff Rebecca Mark presented to Defendant Nassar with complaints of back pain as a result of soccer.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1425. In 1999, at approximately one appointment at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Rebecca Mark's vagina without prior notice and without gloves or lubricant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1426. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff Rebecca Mark or Rebecca Mark's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1427. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Rebecca Mark or Rebecca Mark's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1428. Plaintiff Rebecca Mark did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1429. Plaintiff Rebecca Mark believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### FFFF. JANE A89 DOE

1430. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1431. Plaintiff Jane A89 Doe treated with Defendant Nassar from approximately 2000 to 2004 as a student athlete at MSU.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1432. Plaintiff Jane A89 Doe presented to Defendant Nassar with complaints of hip and back pain as a result of rowing.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1433. From approximately 2001 to 2004 Defendant Nassar digitally penetrated Plaintiff Jane A89 Doe's vagina between approximately 10 to 20 times at the Jenison Field House without prior notice and without using gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1434. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A89 Doe.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1435. One at least one occasion, Defendant Nassar cupped Plaintiff Jane A89 Doe's bare breast under her sports bra while allegedly performing a "rib adjustment."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1436. On at least one occasion a MSU team trainer overheard Plaintiff Jane A89 Doe and her teammates discussing Defendant Nassar's conduct. The trainer questioned Plaintiff Jane A89 Doe briefly, but it is unknown if the trainer took any further action regarding the discussion between Plaintiff Jane A89 Doe and her teammates regarding Defendant Nassar's conduct.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1437. Plaintiff Jane A89 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1438. Plaintiff Jane A89 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## GGGG.    HANNAH MORROW

1439. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1440. Plaintiff Hannah Morrow treated with Defendant Nassar at his office at MSU, at Twistars, and his residence from approximately 2011 to 2016.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1441. From 2011 to 2016, Plaintiff Hannah Morrow was a minor, approximately 11 to 16 years old.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1442. Plaintiff Hannah Morrow presented to Defendant Nassar with complaints of hamstring, elbow, shin, and back pain as a result of gymnastics.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1443. Between approximately 2011 and 2016, at appointments at his office at MSU, at Twistars, and at his residence, Defendant Nassar digitally penetrated Plaintiff Hannah Morrow's vagina between 11 and 20 times without prior notice and without gloves or lubricant.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1444. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff Hannah Morrow or Hannah Morrow's parents.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1445. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Hannah Morrow or Hannah Morrow's parents.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1446. On at least one occasion Defendant Nassar touched Plaintiff Hannah Morrow's breasts.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1447. Plaintiff Hannah Morrow did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1448. Plaintiff Hannah Morrow believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### HHHH. J.C. (MINOR) by Next Friend C.C.

1449. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1450. Plaintiff J.C. treated with Defendant Nassar at his office at MSU in approximately 2013.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1451. In 2013, Plaintiff J.C. was a minor, approximately 13 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1452. Plaintiff J.C. presented to Defendant Nassar with injuries as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1453. On or around July 1, 2013, at his office at MSU, Defendant Nassar digitally penetrated Plaintiff J.C.'s vagina without prior notice and without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1454. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff J.C. or Plaintiff J.C.'s parents.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1455.   Defendant Nassar did not give prior notice or obtain consent for digital penetration from J.C. or J.C.'s parents.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1456.   Plaintiff J.C. did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1457.   Plaintiff J.C. believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## IIII.   KARA JOHNSON

1458.   Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:     Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1459.   Plaintiff Kara Johnson treated with Defendant Nassar at his office at MSU from approximately 2012 to 2016.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1460.   From 2012 to 2016, Plaintiff Kara Johnson was a minor, approximately 13 to 16 years old.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1461.   Plaintiff Kara Johnson initially presented to Defendant Nassar with complaints of knee pain as a result of gymnastics.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1462.   Defendant Nassar began "treating" other areas of Plaintiff Kara Johnson's body although she was only initially seeking treatment for her knee.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1463. At some appointments, Defendant Nassar would require Plaintiff Kara Johnson to change into loose fitting shorts that he provided.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1464. In or around November 20, 2013, and between approximately 2014 and 2015 on at least approximately three occasions at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Kara Johnson's vagina without prior notice and without gloves.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1465. At times, Defendant Nassar would close his eyes and keep them closed while digitally penetrating Plaintiff Kara Johnson.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1466. Defendant Nassar would put his hands under Plaintiff Kara Johnson's underwear and push her underwear to the side to digitally penetrate her vagina.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1467. On at least one occasion, Defendant Nassar smacked Plaintiff Kara Johnson's buttocks after digitally penetrating her and made a statement to the effect of, "alright sweetie, we are done here."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1468. On multiple occasions Defendant Nassar made inappropriate comments regarding menstrual cycles in Plaintiff Kara Johnson's presence.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1469. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff Kara Johnson or Kara Johnson's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1470. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Kara Johnson or Kara Johnson's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1471. Plaintiff Kara Johnson did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1472. Plaintiff Kara Johnson believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### JJJJ. M.J. (MINOR) by Next Friend K.J.

1473. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1474. Plaintiff M.J. treated with Defendant Nassar at his office at MSU from approximately 2014 to 2016.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1475. From 2014 to 2016, Plaintiff M.J. was a minor, approximately 12 to 14 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1476. Plaintiff M.J. presented to Defendant Nassar with complaints of back pain as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1477. Between approximately June 2014 and January 2016, at his office at MSU, on at least two or three occasions, Defendant Nassar touched Plaintiff M.J.'s vagina and vaginal area without prior notice and without gloves.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1478. Defendant Nassar would put his hands under Plaintiff M.J.'s underwear and push her underwear to the side to touch her vagina and vaginal area.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1479. On multiple occasions Defendant Nassar made inappropriate comments regarding menstrual cycles in Plaintiff M.J.'s presence.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1480. Defendant Nassar did not explain his conduct would involve vaginal touching or intra-vaginal digital penetration to Plaintiff M.J. or Plaintiff M.J.'s parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1481. Defendant Nassar did not give prior notice or obtain consent for vaginal touching or digital penetration from M.J. or M.J.'s parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1482. Plaintiff M.J. did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1483. Plaintiff M.J. believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## KKKK.      SAMANTHA URSCH

1484. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1485. Plaintiff Samantha Ursch treated with Defendant Nassar at his office at MSU in approximately 2011.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1486. In 2011, Plaintiff Samantha Ursch was a student athlete at Central Michigan University competing as a gymnast.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1487. Plaintiff Samantha Ursch presented to Defendant Nassar with complaints of low back pain as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1488. Plaintiff Samantha Ursch had approximately three appointments with Defendant Nassar between January and February 2011.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1489. At all three appointments, Plaintiff Samantha Ursch checked in with staff members of Defendant MSU Sports Medicine clinic at the beginning of her appointments.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1490. At the first and third appointments Plaintiff Samantha Ursch checked out with staff members of Defendant MSU's Sports Medicine clinic at the end of her appointments, but at the second appointment, Plaintiff Samantha did not check out with staff of Defendant MSU's Sports Medicine Clinic.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1491. At the second appointment, on or around January 28, 2011, at the beginning of Plaintiff Samantha Ursch's appointment with Defendant Nassar, a staff member of the MSU Sports Medicine clinic came into the exam room and said goodbye, leaving Plaintiff Samantha Ursch completely alone in the office with Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1492. On or around January 28, 2011, at the beginning of Plaintiff Samantha Ursch's appointment with Defendant Nassar, a staff member of the MSU Sports Medicine clinic came into the exam room and said goodbye, leaving Plaintiff Samantha Ursch completely alone in the office with Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1493. At the appointment on or around January 28, 2011, at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Samantha Ursch's vagina and anus without prior notice and without gloves.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1494. Defendant Nassar did not explain his conduct would involve intra-vaginal or intra-rectal digital penetration to Plaintiff Samantha Ursch.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1495. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Samantha Ursch

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1496. Plaintiff Samantha Ursch did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1497. Plaintiff Samantha Ursch believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### LLLL. <u>JENNIFER ROOD BEDFORD</u>

1498. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1499. Plaintiff Jennifer Rood Bedford was a student at MSU from 2000 to 2005.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1500. From approximately 2000 to 2003 Plaintiff Jennifer Rood Bedford was a member of the MSU varsity Volleyball team.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1501. Plaintiff Jennifer Rood Bedford presented to Defendant Nassar with complaints of shoulder, back and leg injuries as a result of volleyball.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1502. Plaintiff Bedford had at least three appointments with Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1503. On at least one occasion between 2000 and 2002, in a trailer near the Jenison Field House, Defendant Nassar touched Plaintiff Jennifer Rood Bedford's vaginal area without gloves.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1504. Defendant Nassar placed his hands inside Plaintiff Jennifer Rood Bedford's spandex shorts to touch her vaginal area and stretched the fabric of her spandex shorts to digitally penetrate her vagina without prior notice.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1505. At one appointment, Defendant Nassar required Plaintiff Jennifer Rood Bedford to place her foot near Defendant Nassar's groin, which made her uncomfortable.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1506. Following an appointment with Defendant Nassar, Plaintiff Jennifer Rood Bedford told MSU athletic trainer Lianna Hadden she was uncomfortable with Nassar's conduct and inquired into how to make a complaint/report to indicate she had been uncomfortable with his conduct at her appointments.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1507. Following a discussion with Ms. Hadden, Plaintiff Jennifer Rood Bedford was confused and frightened about the potential repercussion and ultimately did not file a formal complaint.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1508. Plaintiff Jennifer Rood Bedford believes the MSU Defendants failed to educate her and other MSU athletes on issues regarding sexual abuse and sexual assault.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1509. Plaintiff Jennifer Rood Bedford also believes MSU's athletic trainers and staff were not properly trained or educated regarding osteopathic medicine and therefore followed inadequate safeguards and procedures which put her, and other student athletes at risk of suffering sexual abuse and sexual assault.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1510. Defendant Nassar did not obtain consent to touch Plaintiff Jennifer Rood Bedford's vagina, nor did he obtain consent for digital penetration from Plaintiff Jennifer Rood Bedford. Defendant Nassar did not explain to Plaintiff Jennifer Rood Bedford that his "treatment" would involve digital penetration.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1511. Plaintiff Jennifer Rood Bedford believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## MMMM. JANE A90 DOE

1512. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1513. Plaintiff Jane A90 Doe treated with Defendant Nassar from approximately 2004 to 2013.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1514. From 2004 to 2007, Plaintiff Jane A90 Doe was a minor, approximately 13 to 17 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

215

1515. From approximately 2008 to 2013, Plaintiff Jane A90 Doe was a student athlete at MSU.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1516. Plaintiff Jane A90 Doe presented to Defendant Nassar with complaints of back pain as a result of gymnastics.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1517. From approximately 2004 to 2007 at the his office at MSU and at USAG sanctioned meets held at Twistars, and from 2008 to 2013 at his office at MSU, at Jenison Field House, and at USAG meets held at Twistars, Defendant Nassar digitally penetrated Plaintiff Jane A90 Doe's vagina approximately 20 times or more without prior notice and without using gloves or lubricant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1518. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff Jane A90 Doe or Plaintiff Jane A90 Doe's parents during the times she was seen as a minor.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1519. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Jane A90 Doe or Jane A90 Doe's parents during the times she was seen as a minor.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1520. Plaintiff Jane A90 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1521. Plaintiff Jane A90 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

**NNNN. JANE A91 DOE**

1522. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1523. Plaintiff Jane A91 Doe treated with Defendant Nassar from approximately 2010 to 2016.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1524. From 2010 to 2015, Plaintiff Jane A91 Doe was a minor, approximately 12 to 17 years old.

1525. Plaintiff Jane A91 Doe presented to Defendant Nassar with complaints of elbow, hip, and back pain as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1526. In or around 2010 or 2011, when seeking treatment for elbow pain, Defendant Nassar touched and pressed Jane A91 Doe's breasts.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1527. Plaintiff Jane A91 Doe thought this touching was inappropriate and unnecessary as she was seeking treatment for elbow pain.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1528. From approximately 2012 to 2014 at the his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A91 Doe's vagina between approximately five to ten times without prior notice and without using gloves or lubricant for between fifteen to thirty minutes at a time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1529. At times, Defendant Nassar would close his eyes and keep them closed while digitally penetrating Plaintiff Jane A91 Doe.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1530. On at least one occasion, Plaintiff Jane A91 Doe observed Defendant Nassar sexually aroused during and after he digitally penetrated Plaintiff Jane A91 Doe.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1531. One another occasion, Defendant Nassar removed Plaintiff Jane A91 Doe's pants and underwear on his own and barely covered her with a drape or towel while she was exposed on the treatment table.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1532. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff Jane A91 Doe or Plaintiff Jane A91 Doe's parents during the times she was seen as a minor.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1533. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Jane A91 Doe or Jane A91 Doe's parents during the times she was seen as a minor.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1534. Plaintiff Jane A91 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1535. Plaintiff Jane A91 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## OOOO.     <u>JANE A92 DOE</u>

1536. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1537. Plaintiff Jane A92 Doe treated with Defendant Nassar from approximately 2008 to 2011.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1538. From approximately 2006 to 2011, Plaintiff Jane A92 Doe was a student athlete and volunteer coach at MSU.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1539. Plaintiff Jane A92 Doe presented to Defendant Nassar with complaints of hip and back pain as a result of rowing.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1540. From approximately 2009 to 2011 his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A92 Doe's vagina on multiple occasions without prior notice and without using gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1541. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Jane A92 Doe.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1542. After Plaintiff Jane A92 Doe's initial appointments, Defendant Nassar required Jane A92 Doe to come to the appointments with only shorts and no underwear.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1543. Plaintiff Jane A92 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1544. Plaintiff Jane A92 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## PPPP. <u>JANE A93 DOE</u>

1545. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:     Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1546. Plaintiff Jane A93 Doe has been a USAG member from 2003 to the present date.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1547. Plaintiff Jane A93 Doe has been a USAG National Team member from approximately 2014 to the present date.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1548. Plaintiff Jane A93 Doe trained at the National Team Training Center, known as the Karolyi Ranch prior to its closing.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1549. Plaintiff Jane A93 Doe sought medical treatment with Defendant Nassar from approximately 2014 to 2015 at the Karolyi Ranch and in China at a USAG sanctioned event.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1550. From 2014 to 2015 Plaintiff Jane A93 Doe was a minor, approximately 16 years old.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1551. At this time, Defendant Nassar was employed by Defendant MSU as an Assistant or Associate Professor and part of his duties included participation in "Outreach" and "Community Activities," which included but was not limited to his involvement with Defendant USAG.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1552. Plaintiff Jane A93 Doe presented to Defendant Nassar with back, quadriceps, and rib pain as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1553. In 2014 and 2015, at USAG training events and other USAG sanctioned events, Defendant Nassar digitally penetrated Plaintiff Jane A93 Doe's vagina between approximately 25 to 30 times without prior notice and without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1554. On at least one occasion Plaintiff Jane A93 Doe observed Defendant Nassar with an erection while he digitally penetrated her and heard Defendant Nassar making grunting noises.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1555. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff Jane A93 Doe or Plaintiff's Jane A93 Doe's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1556. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Jane A93 Doe or Plaintiff Jane A93 Doe's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1557. On another occasion, while "treating" an injury to Plaintiff Jane A93 Doe's quadriceps, Defendant Nassar touched and rubbed Plaintiff Jane A93 Doe's vaginal area.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1558. On a separate occasion, while "treating" an injury to Plaintiff Jane A93 Doe's ribs, Defendant Nassar touched Plaintiff Jane A93 Doe's breast.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1559. Plaintiff Jane A93 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1560. Plaintiff Jane A93 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## QQQQ. <u>SELENA BRENNAN</u>

1561. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1562. Plaintiff Selena Brennan treated with Defendant Nassar at his office at MSU from approximately 2009 to 2016.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1563. From 2009 to 2016 Plaintiff Selena Brennan was a minor, approximately 10 to 17 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1564. Plaintiff Selena Brennan presented to Defendant Nassar with complaints of back pain as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1565. In or around 2012 and 2016, at approximately two appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Selena Brennan's vagina and anus without prior notice and without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1566. At other appointments, Defendant Nassar would grope Plaintiff Selena Brennan's breasts.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1567. On one occasion, Defendant Nassar slapped Plaintiff Selena Brennan's buttocks and made inappropriate comments regarding her buttocks which made Plaintiff Selena Brennan uncomfortable.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1568. Defendant Nassar did not explain his conduct would involve intra-vaginal or intra-rectal digital penetration to Plaintiff Selena Brennan or Selena Brennan's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1569. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Selena Brennan or Selena Brennan's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1570. Plaintiff Selena Brennan did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1571. Plaintiff Selena Brennan believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### RRRR. JANE A94 DOE by Next Friend JANE A95 DOE

1572. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1573. Plaintiff Jane A94 Doe treated with Defendant Nassar at his office at MSU and at his residence in approximately 2015 and 2016.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1574. In 2015 and 2016, Plaintiff Jane A94 Doe was a minor, approximately 8 and 9 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1575. Plaintiff Jane A94 Doe presented to Defendant Nassar with complaints of tailbone pain as a result of gymnastics.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1576. Between approximately December 2015 and August 2016, at approximately 14 appointments at his office at MSU and at his residence, Defendant Nassar digitally penetrated Plaintiff Jane A94 Doe's anus without prior notice and without gloves or lubricant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1577. Defendant Nassar did not explain his conduct would involve anal digital penetration to Plaintiff Jane A94 Doe or Jane A94 Doe's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1578. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A94 Doe or Jane A94 Doe's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1579. Plaintiff Jane A94 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1580. Plaintiff Jane A94 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### SSSS. JANE A96 DOE by Next Friend JANE A97 DOE

1581. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1582. Plaintiff Jane A96 Doe treated with Defendant Nassar at his office at MSU in approximately 2014 and 2016.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1583. From 2014 to 2016, Plaintiff Jane A96 Doe was a minor, approximately 9 to 11 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1584. Plaintiff Jane A96 Doe presented to Defendant Nassar with complaints of knee pain as a result of gymnastics.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1585. Between approximately 2014 and 2016, at approximately 3 appointments at his office at MSU and at his residence, Defendant Nassar digitally penetrated Plaintiff Jane A96 Doe's anus without prior notice and without gloves or lubricant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1586. Defendant Nassar did not explain his conduct would involve anal digital penetration to Plaintiff Jane A96 Doe or Jane A96 Doe's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1587. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A96 Doe or Jane A96 Doe's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1588. Plaintiff Jane A96 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1589. Plaintiff Jane A96 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### TTTT. JANE A98 DOE

1590. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1591. Plaintiff Jane A98 Doe treated with Defendant Nassar at Twistars from approximately1999 to 2004.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1592. From 1999 to 2004, Plaintiff Jane A98 Doe was a minor, approximately 8 to 13 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1593. Plaintiff Jane A98 Doe presented to Defendant Nassar with complaints of wrist and neck pain as a result of gymnastics.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1594. On one occasion between 1999 and 2001, at an appointment Twistars, Defendant Nassar digitally penetrated Plaintiff Jane A98 Doe's vagina without prior notice and without gloves or lubricant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1595. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff Jane A98 Doe or Jane A98 Doe's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1596. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A98 Doe or Jane A98 Doe's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1597. Plaintiff Jane A98 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1598. Plaintiff Jane A98 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### UUUU. JANE A99 DOE

1599. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1600. Plaintiff Jane A99 Doe was a USAG member from approximately 1990 to 2002.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1601. Plaintiff Jane A99 Doe was a USAG TOPS National Team member in approximately 1992 and 1993, a USAG Junior National Team member from approximately 1996 to 1999, and a Senior National Team member from approximately 1999 to 2002.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1602. Plaintiff Jane A99 Doe trained at the National Team Training Center, known as the Karolyi Ranch prior to its closing.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1603. Plaintiff Jane A99 Doe sought medical treatment with Defendant Nassar in 1999 at the Karolyi Ranch, and in 2000 at a USAG sanctioned event in Texas.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1604. Plaintiff Jane A99 Doe presented to Defendant Nassar with hip and foot pain as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1605. From 1990 to 2001, Plaintiff Jane A99 Doe was a minor, approximately 7 to 17 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1606. During this time, Defendant Nassar was employed by Defendant MSU as an Assistant or Associate Professor and part of his duties included participation in "Outreach" and "Community Activities," which included but was not limited to his involvement with Defendant USAG.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1607. In 1999 at the Karolyi Ranch in her cabin while she was alone with Defendant Nassar, Defendant Nassar digitally penetrated Plaintiff Jane A99 Doe's vagina without prior notice and without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1608. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff Jane A99 Doe or Plaintiff's Jane A99 Doe's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1609. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Jane A99 Doe or Plaintiff Jane A99 Doe's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1610. On another occasion in or around 2000, while traveling in a car from the Karolyi Ranch to Houston, Texas, Defendant Nassar sat in the back seat of a vehicle with Plaintiff and touched Plaintiff Jane A99 Doe's inappropriately during the ride.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1611. On another occasion in or around 2000, while at a USAG sanctioned event in San Antonio, Texas prior to traveling to Sydney, Australia for the 2000 Summer Olympic Games, Defendant Nassar administered medication to Plaintiff Jane A99 Doe, which she believed was to treat her foot pain.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1612. The "medication" administered did not alleviate her foot pain; instead, Plaintiff Jane A99 Doe has little to no memory of her trip to Australia after the "medication" administered.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1613. At the time Plaintiff Jane A99 Doe was under the impression she was receiving a cortisone injection, but to the best of her belief, knowledge, and recollection, this was not the type of medication she received.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1614. To the best of Plaintiff Jane A99 Doe's belief, knowledge, and recollection, Defendant Nassar reported to Plaintiff Jane A99 Doe's mother that another doctor administered the medication, however Plaintiff Jane A99 Doe does not recall any other medical professional other than Defendant Nassar being present at that time.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1615. Plaintiff Jane A99 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1616. Plaintiff Jane A99 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## VVVV.    JANE A100 DOE

1617. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1618. Plaintiff Jane A100 Doe treated with Defendant Nassar at his office at MSU from approximately1999 to 2003.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1619. From 1999 to 2003, Plaintiff Jane A100 Doe was a minor, approximately 7 to 11 years old.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1620. Plaintiff Jane A100 Doe presented to Defendant Nassar with complaints of back pain as a result of gymnastics.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1621. In or around 2003, at approximately one appointment at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A100 Doe's vagina without gloves or lubricant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1622. Plaintiff Jane A100 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1623. Plaintiff Jane A100 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### WWWW. CHANDLER LYNN

1624. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1625. Plaintiff Chandler Lynn treated with Defendant Nassar at his office at MSU from approximately 2013 to 2016.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1626. From 2013 to 2016, Plaintiff Chandler Lynn was a minor, approximately 14 to 17 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1627. Plaintiff Chandler Lynn presented to Defendant Nassar with complaints of back and knee pain as a result of gymnastics.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1628. In or around 2014, at approximately one appointment at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Chandler Lynn's vagina without prior notice and without gloves or lubricant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1629. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff Chandler Lynn or Chandler Lynn's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1630. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Chandler Lynn or Chandler Lynn's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1631. Plaintiff Chandler Lynn did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1632. Plaintiff Chandler Lynn believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## XXXX. JANE A102 DOE

1633. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1634. Plaintiff Jane A102 Doe treated with Defendant Nassar at his office at MSU from approximately 2011 to 2012.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1635. From 2011 to 2012, Plaintiff Jane A102 Doe was a minor, approximately 17 years old.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1636. Plaintiff Jane A102 Doe presented to Defendant Nassar with complaints of hip pain as a result of dance.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1637. Between 2011 and 2012, at approximately six appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A102 Doe's vagina without prior notice and without gloves.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1638. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff Jane A102 Doe or Jane A102 Doe's parents.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1639. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A102 Doe or Jane A102 Doe's parents.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1640. Plaintiff Jane A102 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1641. Plaintiff Jane A102 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### YYYY. <u>JANE A103 DOE</u>

1642. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1643. Plaintiff Jane A103 Doe treated with Defendant Nassar at his office at MSU, at USAG sanctioned events, and Defendant Nassar's residence from approximately 2007 or 2008 to 2011.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1644. From approximately 2007 to 2011, Plaintiff Jane A103 Doe was a minor, approximately to 17 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1645. Plaintiff Jane A103 Doe presented to Defendant Nassar with complaints of back pain as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1646. Between 2011 and 2012, at approximately six appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A103 Doe's vagina without prior notice and without gloves for between 5 to 15 minutes.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1647. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff Jane A103 Doe or Jane A103 Doe's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1648. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A103 Doe or Jane A103 Doe's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1649. Plaintiff Jane A103 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1650. On several occasions, Plaintiff Jane A103 Doe observed Defendant Nassar grunting and breathing heavily while digitally penetrating her vagina.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1651. On multiple occasions, under the guise of adjusting Plaintiff Jane A103 Doe's back "another way," Defendant Nassar approached Plaintiff Jane A103 Doe from behind and touched and groped her breasts.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1652. Plaintiff Jane A103 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### ZZZZ. JANE A104 DOE by Next Friend JANE A105 DOE

1653. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:   Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1654. Plaintiff Jane A104 Doe treated with Defendant Nassar at his office at MSU, at Twistars, and at his residence from approximately 2013 to 2016.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1655. From 2013 to 2016, Plaintiff Jane A104 Doe was a minor, approximately 11 to 14 years old.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1656. Plaintiff Jane A104 Doe presented to Defendant Nassar with injuries suffered as a result of gymnastics.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1657. Between approximately 2015 and 2016, on approximately 15 or more occasions at appointments at Defendant Nassar's office at MSU, at Twistars, and at his residence,

Defendant Nassar digitally penetrated Plaintiff Jane A104 Doe's vagina without prior notice and without gloves or lubricant.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1658.    Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff Jane A104 Doe or Jane A104 Doe's parents.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1659.    Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A104 Doe or Jane A104 Doe's parents.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1660.    Plaintiff Jane A104 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1661.    Plaintiff Jane A104 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### AAAAA. <u>JANE A106 DOE</u>

1662.    Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1663.    Plaintiff Jane A106 Doe treated with Defendant Nassar at his office at MSU from approximately 2000 to 2002.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1664.    From 2000 to 2002, Plaintiff Jane A106 Doe was a minor, approximately 15 to 17 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1665. Plaintiff Jane A106 Doe presented to Defendant Nassar with complaints of back pain as a result of dance.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1666. Between 2000 and 2002, at approximately four to five appointment at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A106 Doe's vagina and anus without gloves.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1667. To the best of Plaintiff's knowledge and recollection Defendant Nassar did not explain his conduct would involve intra-rectal digital penetration to Plaintiff Jane A106 Doe or Jane A106 Doe's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1668. Plaintiff Jane A106 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1669. Plaintiff Jane A106 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### BBBBB. JANE A107 DOE

1670. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1671. Plaintiff Jane A107 Doe treated with Defendant Nassar at his office at MSU from approximately 1998 to 2005.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1672. From 1998 to 2004, Plaintiff Jane A107 Doe was a minor, approximately 11 to 17 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1673. Plaintiff Jane A107 Doe presented to Defendant Nassar with complaints of hamstring and hip pain as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1674. In or around 2000 or 2002, at approximately six to eight appointments at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Jane A107 Doe's vagina without prior notice and without gloves or lubricant and without any other chaperone in the room.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1675. Defendant Nassar did not explain his conduct would involve intra-vaginal or intra-rectal digital penetration to Plaintiff Jane A107 Doe or Jane A107 Doe's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1676. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Jane A107 Doe or Jane A107 Doe's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1677. Plaintiff Jane A107 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1678. Plaintiff Jane A107 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## CCCCC. <u>JANE A108 DOE</u>

1679. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1680. Plaintiff Jane A108 Doe was a USAG member from approximately 1993 to 2000.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1681. Plaintiff Jane A108 Doe was a USAG Junior National Team member from approximately 1996 to 1997, and a Senior National Team member from approximately 1997 to 2000.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1682. Plaintiff Jane A108 Doe trained at the National Team Training Center, known as the Karolyi Ranch prior to its closing.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1683. Plaintiff Jane A108 Doe sought medical treatment with Defendant Nassar between 1996 and 2000 at the Karolyi Ranch, in 1998 at a USAG sanctioned event in Indianapolis, Indiana, in 1999 at a USAG sanctioned event in Sacramento, California, and in 2000 at a USAG sanctioned event in Boston, Massachusetts.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1684. Plaintiff Jane A108 Doe presented to Defendant Nassar with knee, elbow, and back injuries as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1685. From 1996 to 1999, Plaintiff Jane A108 Doe was a minor, approximately 14 to 17 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1686. During this time, Defendant Nassar was employed by Defendant MSU as an Assistant or Associate Professor and part of his duties included participation in "Outreach" and

"Community Activities," which included but was not limited to his involvement with Defendant USAG.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1687. From 1996 to 2000 at the Karolyi ranch, in 1998 at a USAG sanctioned event in Indianapolis, Indiana, and in 1999 at a USAG sanctioned event in Sacramento, California, Defendant Nassar digitally penetrated Plaintiff Jane A108 Doe's vagina and anus approximately three to six times without gloves or lubricant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1688. Defendant Nassar did not explain his conduct would involve intra-vaginal or intra-rectal digital penetration to Plaintiff's Jane A108 Doe's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1689. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Jane A108 Doe or Plaintiff Jane A108 Doe's parents.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1690. Plaintiff Jane A108 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1691. Plaintiff Jane A108 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### DDDDD. <u>CHARLA BURILL</u>

1692. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1693. Plaintiff Charla Burill treated with Defendant Nassar from approximately 2000 to 2003.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1694. In approximately 2000, Plaintiff Charla Burill was a student athlete at MSU.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1695. Plaintiff Charla Burill presented to Defendant Nassar with complaints of right buttock pain as a result of cross-country running.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1696. From approximately 2000 to 2003 at his office at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Charla Burill's vagina multiple times.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1697. Plaintiff Charla Burill did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1698. Plaintiff Charla Burill believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### EEEEE. <u>JANE A109 DOE</u>

1699. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1700. Plaintiff Jane A109 Doe was a USAG member from approximately 1995 to 2006, and from 2015 to 2018.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1701. Plaintiff Jane A109 Doe was a USAG Junior National Team member in approximately 2002 and a USAG Senior National Team member in approximately 2004.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1702. Plaintiff Jane A109 Doe trained at the National Team Training Center, known as the Karolyi Ranch prior to its closing.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1703. Plaintiff Jane A109 Doe sought medical treatment with Defendant Nassar in 2002 at the Karolyi Ranch.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1704. Plaintiff Jane A109 Doe presented to Defendant Nassar with hamstring pain as a result of gymnastics.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1705. In 2002, Plaintiff Jane A109 Doe was a minor, approximately 13 and 14 years old.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1706. During this time, Defendant Nassar was employed by Defendant MSU as an Assistant or Associate Professor and part of his duties included participation in "Outreach" and "Community Activities," which included but was not limited to his involvement with Defendant USAG.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1707. In 2002 at the Karolyi Ranch with no adults present, Defendant Nassar digitally penetrated Plaintiff Jane A109 Doe's vagina without gloves or lubricant for up to 10 minutes at a time.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1708. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff's Jane A109 Doe's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1709. Defendant Nassar did not give prior notice to or obtain consent for digital penetration from Plaintiff Jane A109 Doe's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1710. Plaintiff Jane A109 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1711. Plaintiff Jane A109 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### FFFFF. <u>KATHRYN MIDDLETON</u>

1712. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1713. Plaintiff Kathryn Middleton was a USAG member from approximately 1992 to 2002.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1714. In or around 2000, Plaintiff Kathryn Middleton attended a USAG sanctioned gymnastics camp at the Karolyi Ranch.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1715. Plaintiff Kathryn Middleton treated with Defendant Nassar at his office at MSU and at USAG sanctioned events including at least one held at Twistars from approximately 2008 to 2012.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1716. From 2008 to 2012, Plaintiff Kathryn Middleton was a minor, approximately 12 to 16 years old.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1717. Plaintiff Kathryn Middleton presented to Defendant Nassar with complaints of back and hip pain as a result of gymnastics.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1718. From 1998 to 2002, on approximately 50 occasions at his office at MSU, Defendant Nassar digitally penetrated Plaintiff Kathryn Middleton's vagina and anus without prior notice and without gloves or lubricant and without any other chaperone in the room.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1719. Defendant Nassar did not explain his conduct would involve intra-vaginal or intra-rectal digital penetration to Plaintiff Kathryn Middleton or Kathryn Middleton's parents.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1720. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Kathryn Middleton or Kathryn Middleton's parents.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1721. Plaintiff Kathryn Middleton did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1722. Plaintiff Kathryn Middleton believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

### GGGGG. <u>JANE A110 DOE</u>

1723. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1724. Plaintiff Jane A110 Doe treated with Defendant Nassar from approximately 1999 to 2003.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1725. When Plaintiff Jane A110 Doe treated with Defendant Nassar, she was an elite dancer.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1726. Plaintiff Jane A110 Doe presented to Defendant Nassar with ankle, knee, hip and back pain.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1727. From 1999 to 2003, Plaintiff Jane A110 Doe was a minor, approximately 14 to 17 years old.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1728. Between 1999 and 2003 at his office at MSU, on at least one occasion, Defendant Nassar digitally penetrated Plaintiff Jane A110 Doe's vagina without prior notice and without gloves or lubricant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1729. Defendant Nassar did not explain his conduct would involve intra-vaginal digital penetration to Plaintiff Jane A110 Doe or Plaintiff's Jane A110 Doe's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1730. Defendant Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff Jane A110 Doe or Plaintiff Jane A110 Doe's parents.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1731. Plaintiff Jane A110 Doe did not treat or intend to treat with Defendant Nassar for OB/GYN issues.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1732. Plaintiff Jane A110 Doe believes the conduct by Defendant Nassar was sexual assault, abuse, and molestation and for Defendant Nassar's pleasure and self-gratification.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## VI.  ALLEGED FRAUDULENT CONCEALMENT

### A.  DEFENDANT NASSAR

1733. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:  Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1734. Plaintiffs had a special relationship with Defendant Nassar given the physician-patient relationship.

**ANSWER:  The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1735. Given the special relationship, Defendant Nassar had an affirmative duty to disclose, and to warn and protect the athletes who sought his medical treatment from sexual abuse, assault, and molestation.

**ANSWER:  The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1736. Plaintiffs hereby allege that Defendant Nassar committed Fraudulent Concealment by committing Fraud, as described in detail above and below, and concealing the existence of Plaintiffs' claims and that Plaintiffs had a cause of action against Defendant Nassar and/or Defendants MSU, USAG, or Twistars at the time his sexual assaults occurred making material misrepresentations to Plaintiffs involving a past or existing fact by:

  a.   making the statement, explaining, that his acts and/or conduct were a "new procedure" which involved vaginal penetration;

    b.      making the statement, referring to his conduct, disguised as "treatment," as a pelvic adjustment;

    c.      making the statement, explaining, that his acts and/or conduct was "checking your sternum;"

    d.      making the statement, explaining, that his acts and/or conduct was doing a "breast exam;"

    e.      making the statement, explaining, that his acts and/or conduct was "treatment" and that it was the same that he performed on Olympic athletes;

    f.      making the statement, explaining, that his acts and/or conduct was "attempting to manipulate [their] ribs;" and,

    g.      making a statement, explaining to Plaintiff and another medical professional that the position of his hand was in an appropriate place, when it was not and while he was digitally penetrating Plaintiff, all which were made contemporaneously and/or shortly after the abrupt, sudden, quick, and unexpected sexual assaults by Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1737.    The material representation(s) to Plaintiffs were false, in that he was actually performing them for his own sexual gratification and pleasure evidenced by his observed arousal, flushed face, and closing of the eyes during the conduct.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1738.    When Defendant Nassar made the material representation(s), he knew that they were false in that he knew that the "treatment[s]" were not proper, appropriate, legitimate, and/or considered within standard of care by any physician of any specialty and/or sports therapist.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1739.    Defendant Nassar made the material representation(s) with the intent that the material representation(s) would be acted upon by Plaintiffs, in that Plaintiffs:

    a.      would believe that the "treatments" were in fact "treatments,"

    b.      would believe that the "treatment[s]" were proper, appropriate, and legitimate;

    c.      would not believe that they had been sexually assaulted;

d.  would not believe that they had been sexually assaulted so that he could prevent discovery of his sexual assaults;

e.  would continue the "treatment[s]" so that he could continue to sexually assault them;

f.  would not question and/or report the conduct to appropriate authorities; and,

g.  would not reasonably believe and not be aware of a possible cause of action that they have against Defendant Nassar and/or Defendant MSU.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1740.  Plaintiffs acted in reliance upon the material representation(s), in that Plaintiffs:

a.  reasonably believed that the "treatments" were in fact "treatments;"

b.  reasonably believed that the "treatments" were proper, appropriate, and legitimate;

c.  reasonably did not believe that they had been sexually assaulted;

d.  believed that they should continue the "treatment[s];"

e.  did not believe that they should question and/or report the conduct to appropriate authorities; and,

f.  did not reasonably believe that they had and were not aware of a possible cause of action that they had against Defendant Nassar and/or the MSU Defendants.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1741.  Plaintiffs thereby suffered injury, in that Plaintiffs:

a.  could not stop the sexual assault;

b.  continued to undergo the "treatment[s]" and sexual assaults;

c.  and suffered discomfort, bleeding, urinary tract infections, bacterial infections, related physical manifestations thereof, sleep deprivation, physical illness, vomiting, severe emotional distress, shock, humiliation, fright, grief, embarrassment, loss of self-esteem, disgrace, loss of familial relationships, loss of enjoyment of life and will continue to suffer pain of mind and body, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning

capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1742.  Concealing the fraud by making a fraudulent material representation(s) to Plaintiffs that was/were designed and/or planned to prevent inquiry and escape investigation and prevent subsequent discovery of his fraud, in that he made a material representation(s) to Plaintiffs involving a past or existing fact by:

   a.  making the statement, explaining, that his acts and/or conduct were a "new procedure" which involved vaginal penetration;

   b.  making the statement, referring to his conduct, disguised as "treatment," as a pelvic adjustment;

   c.  making the statement, explaining, that his acts and/or conduct was "checking your sternum;"

   d.  making the statement, explaining, that his acts and/or conduct was doing a "breast exam;"

   e.  making the statement, explaining, that his acts and/or conduct was "treatment" and that it was the same that he performed on Olympic athletes;

   f.  making the statement, explaining, that his acts and/or conduct was "attempting to manipulate [their] ribs;" and, making a statement, explaining to Plaintiff and another medical professional that the position of his hand was in an appropriate place, when it was not and while he was digitally penetrating Plaintiff, all which were made contemporaneously and/or shortly after the abrupt, sudden, quick, and unexpected sexual assaults by Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1743.  Concealing the fraud by an affirmative act(s) that was/were designed and/or planned to prevent inquiry and escape investigation and prevent subsequent discovery of his fraud, in that he:

   a.  positioned himself in a manner in which parents or chaperones in the room could not see his conduct, so that he could conceal and prevent discovery of his conduct;

248

b.  dismissed a medical professional from the room, during an examination of Plaintiff while he was digitally penetrating Plaintiff, who questioned the placement of his hands;

c.  prevented other medical professionals, chaperones, parents, guardians, and/or caregivers from being in the room during examinations and treatments of Plaintiffs so that he could sexually assault Plaintiffs;

d.  did not abide by or follow the standard and care which requires another medical professional, chaperone, parent, guardian, and/or caregiver be in the room during the examination and treatment of sensitive areas of minors and female patients.

e.  did not abide by or follow the restrictions that had been put into place in 2014 by Defendant MSU restricting his examination and treatment of patients only with another person in the room; and,

f.  gave Plaintiffs, at appointments, gifts such as t-shirts, pins, flags, leotards, and other items, some with USAG logos and others without, in order to gain their trust.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1744.  The actions and inactions of Defendant Nassar, as described in the preceding paragraphs, constituted Fraudulent Concealment.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1745.  At all times pertinent to this action, Defendant Nassar was an agent, apparent agent, servant, and employee of Defendant MSU and operated within the scope of his employment and his negligence is imputed to Defendant MSU.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1746.  At all material times, Plaintiffs were entirely free of any negligence contributing to the injuries and damages alleged.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1747.  Plaintiffs did not know, could not have reasonably known, and were reasonably unaware of a possible cause of action that they had against Defendant Nassar and/or Defendant MSU until the September 12, 2016 publication of a story regarding a complaint filed with Defendant MSU's Police Department, titled "Former USA

Gymnastics doctor accused of Abuse," or sometime thereafter, for the following reasons among others:

a.      Plaintiffs reasonably relied on the Fraud committed by Defendant Nassar by his material representations and concealment of the true nature of his "treatments[s]"and his actions;

b.      Plaintiffs were minors and/or young females at the time of the assaults and "treatment;"

c.      Plaintiffs did not know what a legitimate and appropriately performed intra-vaginal or intra-anal/rectal treatment was like because they had never experienced and/or had an intra-vaginal or intra-anal/rectal treatment before or had such a procedure or treatment explained;

d.      Plaintiffs had never experienced and/or had an intra-vaginal treatment before because they had never been treated by a physician and/or therapist that performed them;

e.      Plaintiffs did not know what a legitimate and appropriately performed pelvic, vaginal, anal, and/or breast exam was like because they had never experienced and/or had a pelvic, vaginal, anal, and/or breast exam before;

f.      Plaintiffs had never experienced and/or had a pelvic and/or vaginal exam before because pelvic and/or vaginal exams are not recommended and routinely performed until a female reaches at least the age of 18 years old, pursuant to longstanding recommendations in the literature, expert opinions, treatment guidelines, and position statement from the American Academy of Pediatrics, American Academy of Family Physicians, American Cancer Society, American College of Obstetricians and Gynecologists, American Society for Clinical Pathology, and American Society for Colposcopy and Cervical Pathology;

g.      Plaintiffs had never experienced and/or had a breast exam before because breast exams are not recommended and routinely performed until a female reaches at least the age of 21 years old, pursuant to longstanding recommendations in the literature, expert opinions, treatment guidelines, and position statement from the American Academy of Pediatrics, American Academy of Family Physicians, American Cancer Society, American College of Obstetricians and Gynecologists, American Society for Clinical Pathology;

h.      Because of these recommendations and never having had one of these treatments or exams, it was very difficult if not impossible for Plaintiffs to differentiate a legitimate and appropriately performed intra-vaginal treatment, pelvic, vaginal, anal, and/or breast exam from a sexual assault;

i.     Plaintiffs could not have possibly known because there were no parents, chaperones, guardians, caregivers, and/or other medical professionals in the room during the "treatments" to observe, question, and/or discover that his "treatments" were sexual assaults and inform Plaintiffs that they had been sexually assaulted and had a cause of action against Defendant Nassar;

j.     In the instances where a parent was present in the room, Defendant Nassar's actions to conceal the physical assaults from the view of the parents prevented the parents from discovering that his "treatments" were sexual assaults and informing Plaintiffs that they had been sexually assaulted and had a cause of action against Defendant Nassar;

k.     Based on Neuroscience, the prefrontal cortex of the brain, which we use to make decisions and distinguish right from wrong, is not fully formed until around the age of 23;

l.     Based on Neuroscience, as the prefrontal cortex of the brain matures teenagers are able to make better judgments;

m.     Plaintiffs were intimidated by Defendant Nassar's notoriety and reputation and therefore believed his misrepresentations that the "treatment[s]" were legitimate and appropriate;

n.     Plaintiffs trusted Defendant Nassar due to his notoriety and reputation;

o.     Plaintiffs trusted Defendant Nassar because he groomed them to believe that his "treatments" were in fact legitimate "treatments;"

p.     Plaintiffs trusted and felt that Defendant Nassar was a friend because he gave Plaintiffs, at appointments, gifts such as t-shirts, pins, flags, leotards, and other items, some with USAG logos and others without, in order to gain their trust;"

q.     Plaintiffs had no reason to believe or be aware that they could possibly sue or had a possible cause of action because they were minors and young females who were not knowledgeable or aware of the civil just system;

r.     Plaintiffs had no reason to believe or be aware that they could possibly sue or had a possible cause of action because they were minors and young females who were not knowledgeable or aware of any remedy at law;

s.     Plaintiffs had no reason to believe or be aware that they could possibly sue or had a possible cause of action evidenced by the fact that so many other girls had been sexually assaulted by Defendant Nassar over the past few decades, none of them had a reason to believe or be aware that they could possibly sue or had a possible cause of action in the past; and none of them have ever sued him in the past;

t.   Plaintiffs were never told by Defendant Nassar that his conduct was sexual in nature and not legitimate and appropriate "treatment[s]" and to conceal the sexual conduct from their parents and others, unlike other victims of sexual abuse who are typically told by their perpetrators that their conduct is of a sexual nature and to conceal the sexual conduct from their parents and others;

u.   Plaintiffs were compelled by Defendant Nassar to undergo "treatment[s]" like other athletes if they wanted to continue being involved in their relevant sport therefore the "treatments" were legitimate and appropriate;

v.   Plaintiffs were minors and young athletes, therefore they were easily suggestible; and,

w.   Plaintiffs had never previously heard about any allegations in the media regarding sexual assaults or misconduct by Defendant Nassar

**ANSWER:   Denied as untrue.  Several plaintiffs have stated publicly that they were aware of the sexual nature of Nassar's conduct at the time of the conduct.**

## B.   THE MSU DEFENDANTS

1748.   Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:   Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1749.   Plaintiffs sought treatment at Defendant MSU's Sports Medicine Clinic and were in a special relationship with the MSU Defendants in which they paid or were billed for medical treatment.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1750.   Given the special relationship, the MSU Defendants had a duty to disclose, and to warn and protect the athletes (Plaintiffs) who sought treatment at its facility with its doctor.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1751.   The MSU Defendants' non-disclosure of allegations of sexual abuse and assault by Defendant Nassar as early as 1997 concealed the identity of the abuser and concealed the existence of claims from Plaintiffs.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1752. For example, Defendant Stollak and Klages' failure to report Defendant Nassar's conduct to law enforcement or MSU concealed the identity of Nassar as Plaintiffs' abuser and concealed the existence of Plaintiffs' claims.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1753. Plaintiffs allege that Defendant MSU committed Fraudulent Concealment by committing Fraud, and by failing to disclose, warn or protect as described in detail above and below, and concealing the existence of Plaintiffs' claims and that Plaintiffs had a cause of action against Defendant Nassar and Defendant MSU at the time his sexual assaults occurred by Defendant Nassar making a material representation(s) to Plaintiffs.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1754. Defendant MSU's coaches, sports medicine trainers, employees, staff, managers, supervisors, directors, agents, apparent agents, and/or servants made material representation(s) to Plaintiffs involving a past or existing fact by making statements that:

   a. Defendant Nassar was an "Olympic doctor" and "knew what he was doing" in regard to performing appropriate "treatments;"

   b. Defendant Nassar was a "world-renowned doctor" and that "it was legitimate medical treatment," in regard to the legitimacy and appropriateness of the "treatments;"

   c. Defendant Nassar's conduct was "not sexual abuse,"

   d. Defendant Nassar was a "world-renowned doctor;" and,

   e. that Defendant Nassar's conduct and "treatment[s]" were "medically appropriate" and "[n]ot of a sexual nature" because the complainant "didn't understand the "nuanced difference" between sexual assault and an appropriate medical procedure;"

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1755. The material representation(s) to Plaintiffs were false, in that the MSU Defendants had previously received strikingly similar complaints of abuse by Defendant Nassar from other students and student athletes and knew that the appropriateness of his "treatment[s]" had been questioned in the past.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1756. The MSU Defendants made the material representation(s) that they knew were false and/or made the material representation(s) recklessly, without any knowledge of their truth and as a positive assertion, in that they knew that Defendant MSU had previously received strikingly similar complaints of abuse by Defendant Nassar from other students and student athletes and knew that the appropriateness of his "treatment[s]" had been questioned in the past.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1757. The MSU Defendants made the material representation(s) with the intent that the material representation(s) should be acted upon by Plaintiffs, in that Plaintiffs:

a.   should believe that the "treatments" were in fact "treatments;"

b.   should believe that the "treatment[s]" were proper, appropriate, and legitimate;

c.   should not believe that they had been sexually assaulted;

d.   should not question and/or report the conduct to other authorities; and,

e.   should not reasonably believe and not be aware of a possible cause of action that they have against Defendant Nassar and/or the MSU Defendants.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1758. Plaintiffs acted in reliance upon the material representation(s), in that Plaintiffs:

a.   reasonably believed that the "treatments" were in fact "treatments;"

b.   reasonably believed that the "treatments" were proper, appropriate, and legitimate;

c.   reasonably did not believe that they had been sexually assaulted;

d.   reasonably believed that they should continue the "treatment[s];"

e.   did not believe that they should question and/or report the conduct to appropriate authorities; and,

f.   did not reasonably believe that they had and were not aware of a possible cause of action that they had against Defendant Nassar and/or Defendant MSU.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1759.    Plaintiffs thereby suffered injury, in that Plaintiffs:

      a.     could not stop the sexual assault;

      b.     continued to undergo the "treatment[s]" and sexual assaults; and,

      c.     suffered discomfort, bleeding, urinary tract infections, bacterial infections, related physical manifestations thereof, sleep deprivation, physical illness, vomiting, severe emotional distress, shock, humiliation, fright, grief, embarrassment, loss of self-esteem, disgrace, loss of familial relationships, loss of enjoyment of life and will continue to suffer pain of mind and body, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1760.    The MSU Defendants concealed the fraud by making a fraudulent material representation(s) to Plaintiffs that was/were designed and/or planned to prevent inquiry and escape investigation and prevent subsequent discovery of his fraud, in that they made a material representation(s) to Plaintiffs involving a past or existing fact by:

      a.     making the statement that Defendant Nassar was an "Olympic doctor" and "knew what he was doing" in regard to performing appropriate "treatments;"

      b.     making the statement that Defendant Nassar was a "world-renowned doctor" and that "it was legitimate medical treatment," in regard to the legitimacy and appropriateness of the "treatments;"

      c.     making the statement that Defendant Nassar's conduct was "not sexual abuse," that he was a "world-renowned doctor;" and,

      d.     making the statement that Defendant Nassar's conduct and "treatment[s]" were "medically appropriate" and "[n]ot of a sexual nature" because the complainant "didn't understand the "nuanced difference" between sexual assault and an appropriate medical procedure;"

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1761. The MSU Defendants concealed the fraud by an affirmative act(s) that was/were designed and/or planned to prevent inquiry and escape investigation and prevent subsequent discovery of his fraud, in that they:

    a.    ignored, refused, and failed to inquire, question, and investigate the complaints and take action regarding Defendant Nassar's "treatments;"

    b.    did not create a policy to require adults, parents, chaperones, guardians, and/or caregivers presence during an examination of a minor or female by a physician; and,

    c.    did not enforce the restrictions that had been put into place in 2014 by Defendant MSU restricting his examination and treatment of patients only with another person in the room.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1762. Plaintiffs did not know, could not have reasonably known, and were reasonably unaware of a possible cause of action that they had against Defendant Nassar and/or the MSU Defendants until the September 12, 2016 publication of a story regarding a complaint filed with Defendant MSU's Police Department, titled "Former USA Gymnastics doctor accused of Abuse," or shortly thereafter, for the following reasons among others:

    a.    Plaintiffs reasonably relied on the Fraud committed by Defendant Nassar and the MSU Defendants' material representations and concealment of the true nature of his "treatments[s]"and Defendant Nassar's actions;

    b.    Plaintiffs were minors and/or young females at the time of the assaults and "treatments;"

    c.    Plaintiffs did not know what a legitimate and appropriately performed intra-vaginal treatment was like because they had never experienced and/or had an intra-vaginal treatment before;

    d.    Plaintiffs had never experienced and/or had an intra-vaginal treatment before because they had never been treated by a physician and/or therapist that performed them;

    e.    Plaintiffs did not know what a legitimate and appropriately performed pelvic, vaginal, anal, and/or breast exam was like because they had never experienced and/or had a pelvic, vaginal, anal, and/or breast exam before;

    f.    Plaintiffs had never experienced and/or had a pelvic and/or vaginal exam before because pelvic and/or vaginal exams are not recommended and routinely performed until a female reaches at least the age of 18 years old, pursuant to longstanding recommendations in the literature, expert

opinions, treatment guidelines, and position statement from the American Academy of Pediatrics, American Academy of Family Physicians, American Cancer Society, American College of Obstetricians and Gynecologists, American Society for Clinical Pathology, and American Society for Colposcopy and Cervical Pathology to name a few;

g.    Plaintiffs had never experienced and/or had a breast exam before because breast exams are not recommended and routinely performed until a female reaches at least the age of 21 years old, pursuant to longstanding recommendations in the literature, expert opinions, treatment guidelines, and position statement from the American Academy of Pediatrics, American Academy of Family Physicians, American Cancer Society, American College of Obstetricians and Gynecologists, American Society for Clinical Pathology;

h.    Because of these recommendations and never having had one of these treatments or exams, it was very difficult if not impossible for Plaintiffs to differentiate a legitimate and appropriately performed intra-vaginal treatment, pelvic, vaginal, anal, and/or breast exam from a sexual assault;

i.    Plaintiffs could not have possibly known because there were no parents, chaperones, guardians, caregivers, and/or other medical professionals in the room during the "treatments" to observe, question, and/or discover that his "treatments" were sexual assaults and inform Plaintiffs that they had been sexually assaulted and had a cause of action against Defendant Nassar;

j.    In the instances where a parent was present in the room, Defendant Nassar's actions to conceal the physical assaults from the view of the parents prevented the parents from discovering that his "treatments" were sexual assaults and informing Plaintiffs that they had been sexually assaulted and had a cause of action against Defendant Nassar;

k.    Based on Neuroscience, the prefrontal cortex of the brain, which we use to make decisions and distinguish right from wrong, is not fully formed until around the age of 23;

l.    Based on Neuroscience, as the prefrontal cortex of the brain matures teenagers are able to make better judgments;

m.    Plaintiffs were intimidated by Defendant Nassar's notoriety and reputation and therefore believed his misrepresentations that the "treatment[s]" were legitimate and appropriate;

n.    Plaintiffs trusted Defendants Nassar and the MSU Defendants due to their notoriety and reputation;

o.    Plaintiffs trusted Defendant Nassar because he groomed them to believe that his "treatments" were in fact legitimate "treatments;"

p.    Plaintiffs trusted and felt that Defendant Nassar was a friend because he gave Plaintiffs, at appointments, gifts such as t-shirts, pins, flags, leotards, and other items, some with USAG logos and others without, in order to gain their trust;"

q.    Plaintiffs had no reason to believe or be aware that they could possibly sue or had a possible cause of action because they were minors and young females who were not knowledgeable or aware of the civil just system;

r.    Plaintiffs had no reason to believe or be aware that they could possibly sue or had a possible cause of action because they were minors and young females who were not knowledgeable or aware of any remedy at law;

s.    Plaintiffs had no reason to believe or be aware that they could possibly sue or had a possible cause of action evidenced by the fact that so many other girls had been sexually assaulted by Defendant Nassar over the past few decades, none of them had a reason to believe or be aware that they could possibly sue or had a possible cause of action in the past; and none of them have ever sued him in the past;

t.    Plaintiffs were never told by the MSU Defendants that Defendant Nassar's conduct was sexual in nature and not legitimate and appropriate "treatment[s]";

u.    Plaintiffs were compelled by the MSU Defendants and Defendant Nassar to undergo "treatment[s]" like other athletes if they wanted to continue being involved in their relevant sport therefore the "treatments" were legitimate and appropriate;

v.    Plaintiffs were minors and young athletes, therefore they were easily suggestible;

w.    Plaintiffs had never previously heard about any allegations in the media regarding sexual assaults or misconduct by Defendant Nassar;

x.    Plaintiffs reasonably relied on the Fraud committed by Defendant MSU by their material representations and concealment of the true nature of Defendant Nassar's "treatments[s]"and his actions;

y.    Plaintiffs trusted that the MSU Defendants would protect Plaintiffs from harm and not hire, employee, and/or retain a physician that had, was, or would perform illegitimate and/or inappropriate "treatment[s]," engage in inappropriate conduct, and/or sexually assault patients, students, and/or athletes;

z.  Plaintiffs were never told by the MSU Defendants that Defendant Nassar's conduct and "treatment[s]" were inappropriate and sexual assault; to the contrary Plaintiffs were told that Defendant Nassar's conduct and "treatment[s]" were appropriate and legitimate "treatment[s]," "not sexual abuse," "medically appropriate," and "[n]ot of a sexual nature" from a "world-renowned" and "Olympic doctor," who "knew what he was doing" and that Plaintiffs, because of their age and inexperience with intra-vaginal treatment, pelvic, vaginal, anal, and/or breast exams, "didn't understand the "nuanced difference" between sexual assault and an appropriate medical procedure;"

aa. Plaintiffs reasonably relied on Defendant MSU to protect them and Defendant MSU's statements; and,

bb. Plaintiffs were compelled by Defendant MSU to undergo "treatment[s]" like other athletes if they wanted to continue being involved in their relevant sport therefore the "treatments" were legitimate and appropriate.

**ANSWER:**   **Denied as untrue. Several plaintiffs have stated publicly that they were aware of the sexual nature of Nassar's conduct at the time of the conduct.**

1763. The actions and inactions of the MSU Defendants and Defendant Nassar, as described in the preceding paragraphs, constituted Fraudulent Concealment.

**ANSWER:**   **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1764. At all times pertinent to this action, Defendant Nassar was an agent, apparent agent, servant, and employee of Defendant MSU and operated within the scope of his employment and his Fraudulent Concealment is imputed to Defendant MSU.

**ANSWER:**   **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1765. The actions and inactions of the sports medicine trainers, trainers, employees, staff, managers, supervisors, and directors of the MSU Defendants, as described in the preceding paragraphs, constituted Fraudulent Concealment.

**ANSWER:**   **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1766. At all times pertinent to this action, the sports medicine trainers, trainers, employees, staff, managers, supervisors, and directors of Defendant MSU were agents, apparent agents, servants, and employees of Defendant MSU and operated within the scope of their employment and their Fraudulent Concealment is imputed to Defendant MSU.

**ANSWER:**   **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1767. At all times pertiment [sic] to this action, the MSU Defendants had a special relationship with Plaintiffs and had a duty to inform, warn, and protect them (as minors) of known and foreseeable harm.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1768. At all material times, Plaintiffs were entirely free of any negligence contributing to the injuries and damages alleged.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## C.     DEFENDANT USA GYMNASTICS

1769. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1770. Plaintiffs had a special and fiduciary relationship with Defendant USAG by virtue of being dues paying members with Defendant USAG.

**ANSWER:** **Denied.**

1771. Plaintiffs were often under the direct supervision and control of USAG or its agents and were in fact *in loco parentis* with USAG while receiving "treatment" from Defendant Nassar.

**ANSWER:** **Denied. Further, most plaintiffs allege abuse only at MSU, Twistars, Holt High School, or Nassar's home, and not at the Karolyi Ranch or a USAG sponsored event.**

1772. Oftentimes while training (including training at the Karolyi Ranch, a USAG sponsored program and sanctioned facility), and while competing at USAG sanctioned events Plaintiffs were away from their parents and under the complete care, custody, and control of USAG.

**ANSWER:** **Denied. Further, most plaintiffs allege abuse only at MSU, Twistars, Holt High School, or Nassar's home, and not at the Karolyi Ranch or a USAG sponsored event.**

1773. Given the special and fiduciary relationship between Plaintiffs and Defendant USAG, Defendant USAG had an affirmative duty to disclose, and to warn and protect their members who sought Defendant Nassar's medical treatment from sexual abuse, assault, and molestation.

**ANSWER:** **Denied.**

1774. Plaintiffs were minors or young adults who trusted Defendant USAG who recommended Defendant Nassar to provide them with medical services and who also possessed sensitive and confidential information about their health.

**ANSWER:   USAG lacks knowledge or information sufficient to form a belief as to whether any individual plaintiff trusted USAG.  Further, most plaintiffs allege abuse only at MSU, Twistars, Holt High School, or Nassar's home, and not at the Karolyi Ranch or a USAG sponsored event.  USAG did not possess heath information about most of the plaintiffs.**

1775. Plaintiffs incorporate by reference the Fraud claims made below and hereby allege that Defendant USAG committed Fraudulent Concealment by committing Fraud, as described in detail above and below, and concealing the existence of Plaintiffs' claims and that Plaintiffs had a cause of action against Defendant Nassar and/or Defendant USAG at the time his sexual assaults occurred by Defendant Nassar (as Defendant USAG's employee or agent) making a material representation(s) to Plaintiffs involving a past or existing fact by:

    a.    making the statement, explaining, that his acts and/or conduct were a "new procedure" which involved vaginal penetration;

    b.    making the statement, referring to his conduct, disguised as "treatment," as a pelvic adjustment;

    c.    making the statement, explaining, that his acts and/or conduct was "checking your sternum;"

    d.    making the statement, explaining, that his acts and/or conduct was doing a "breast exam;"

    e.    making the statement, explaining, that his acts and/or conduct was "treatment" and that it was the same that he performed on Olympic athletes;

    f.    making the statement, explaining, that his acts and/or conduct was "attempting to manipulate [their] ribs;" and,

    g.    making a statement, explaining to Plaintiff and another medical professional that the position of his hand was in an appropriate place, when it was not and while he was digitally penetrating Plaintiff, all which were made contemporaneously and/or shortly after the abrupt, sudden, quick, and unexpected sexual assaults by Defendant Nassar.

**ANSWER:   Denied that USAG committed fraudulent concealment or fraud or that Nassar's allegedly fraudulent statements may be imputed to USAG.  The remainder of this paragraph is denied.**

1776. The material representation(s) to Plaintiffs by Defendant Nassar were false, in that he was actually performing them for his own sexual gratification and pleasure

evidenced by his observed arousal, flushed face, and closing of the eyes during the conduct.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1777. When Defendant Nassar made the material representation(s), he knew that they were false, in that he knew that the "treatment[s]" were not proper, appropriate, legitimate, and/or considered within standard of care by any physician of any specialty and/or sports therapist;

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1778. Defendant Nassar made the material representation(s) with the intent that the material representation(s) should be acted upon by Plaintiffs, in that Plaintiffs:

    a.    would believe that the "treatments" were in fact "treatments;"

    b.    would believe that the "treatment[s]" were proper, appropriate, and legitimate;

    c.    would not believe that they had been sexually assaulted;

    d.    should not believe that they had been sexually assaulted so that he could prevent discovery of his sexual assaults;

    e.    would continue the "treatment[s]" so that he could continue to sexually assault them;

    f.    would not question and/or report the conduct to appropriate authorities; and,

    g.    would not reasonably believe and not be aware of a possible cause of action that they have against Defendant Nassar and/or Defendant USAG.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1779. Plaintiffs acted in reliance upon Defendant Nassar's material representation(s), in that Plaintiffs:

    a.    reasonably believed that the "treatments" were in fact "treatments;"

    b.    reasonably believed that the "treatments" were proper, appropriate, and legitimate;

    c.    reasonably did not believe that they had been sexually assaulted;

    d.    believed that they should continue the "treatment[s];"

  e.  did not believe that they should question and/or report the conduct to appropriate authorities; and did not reasonably believe that they had and were not aware of a possible cause of action that they had against Defendant Nassar and/or Defendant USAG.

**ANSWER:**  **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1780. Plaintiffs thereby suffered injury, in that Plaintiffs:

  a.  could not stop the sexual assault;

  b.  continued to undergo the "treatment[s]" and sexual assaults; and,

  c.  suffered discomfort, bleeding, urinary tract infections, bacterial infections, related physical manifestations thereof, sleep deprivation, physical illness, vomiting, severe emotional distress, shock, humiliation, fright, grief, embarrassment, loss of self-esteem, disgrace, loss of familial relationships, loss of enjoyment of life and will continue to suffer pain of mind and body, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:**  **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1781. Defendant Nassar concealed the fraud by making a fraudulent material representation(s) to Plaintiffs that was/were designed and/or planned to prevent inquiry and escape investigation and prevent subsequent discovery of his fraud, in that he made a material representation(s) to Plaintiffs involving a past or existing fact by:

  a.  making the statement, explaining, that his acts and/or conduct were a "new procedure" which involved vaginal penetration;

  b.  making the statement, referring to his conduct, disguised as "treatment," as a pelvic adjustment;

  c.  making the statement, explaining, that his acts and/or conduct was "checking your sternum;"

  d.  making the statement, explaining, that his acts and/or conduct was doing a "breast exam;"

e.      making the statement, explaining, that his acts and/or conduct was "treatment" and that it was the same that he performed on Olympic athletes;

f.      making the statement, explaining, that his acts and/or conduct was "attempting to manipulate [their] ribs;" and,

g.      making a statement, explaining to Plaintiff and another medical professional that the position of his hand was in an appropriate place, when it was not and while he was digitally penetrating Plaintiff, all which were made contemporaneously and/or shortly after the abrupt, sudden, quick, and unexpected sexual assaults by Defendant Nassar.

**ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1782.   Defendant Nassar concealing the fraud by an affirmative act(s) that was/were designed and/or planned to prevent inquiry and escape investigation and prevent subsequent discovery of his fraud, in that he:

a.      positioned himself in a manner in which parents or chaperones in the room could not see his conduct, so that he could conceal and prevent discovery of his conduct;,

b.      dismissed a medical professional from the room, during an examination of Plaintiff while he was digitally penetrating Plaintiff, who questioned the placement of his hands;

c.      prevented other medical professionals, chaperones, parents, guardians, and/or caregivers from being in the room during examinations and treatments of Plaintiffs so that he could sexually assault Plaintiffs;

d.      did not abide by or follow the standard and care which requires another medical professional, chaperone, parent, guardian, and/or caregiver be in the room during the examination and treatment of minors and female patients;

e.      did not abide by or follow Defendant USAG's Code of Ethics, Participant Welfare Policy, Safety/Risk Management Certification, principles in Gymnastics Risk Management Safety Course Handbook, and Prohibited Conduct policy, which he was a part of creating by not examining patients in the presence of a parent, chaperone, guardian, and/or caregiver; and,

f.      gave Plaintiffs, at appointments, gifts such as t-shirts, pins, flags, leotards, and other items, some with USAG logos and others without, in order to gain their trust.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1783. By failing to inform its members of the allegations surrounding Defendant Nassar which led to his separation from USAG, Defendant USAG suppressed Plaintiffs' discovery of a cause of action.

**ANSWER:** **Denied.**

1784. Defendant USAG's fiduciary relationships with its members creates a duty to inform them of prior complaints of sexual abuse by Defendant Nassar, including the reports to Defendant USAG's agent, Defendant Geddert as early as 1998.

**ANSWER:** **Denied.**

1785. In or around 2010, Defendant Geddert witnessed a gymnast who was approximately 15 years old being sexual assaulted by Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1786. Upon witnessing the sexual assault, Defendant Geddert made a joke and made a statement to the gymnast to effect of: "I guess your back really did hurt."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1787. In or around 2010, Defendant Geddert served in a leadership role with Defendant USAG notably as a USAG coach representing Team USA in national and international USAG competitions and on the Junior Olympic Program Committee.

**ANSWER:** **Denied.**

1788. In or around 2011, Defendant Geddert was traveling in a vehicle with members of the USAG Senior National Team, including Aly Raisman.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1789. At the time, Defendant Geddert was serving in his capacity as a USAG Olympic Coach.

**ANSWER:** **Denied.**

1790. Ms. Raisman indicated she and her teammates would talk about Defendant Nassar's conduct amongst themselves.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1791. While traveling together, in Defendant Geddert's presence, one of Ms. Raisman's teammates described "in graphic detail" what Defendant Nassar had done to her the prior evening.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1792. Ms. Raisman stated Defendant Geddert did not question her or her teammate about the statements made.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1793. Again, in or around 2011, Defendant Geddert served in a leadership role with Defendant USAG notably as a USAG coach representing Team USA in national and international USAG competitions and on the Junior Olympic Program Committee.

**ANSWER: Denied. Admitted only that Geddert was a coach at the 2011 World Championships.**

1794. As early as 2010, through Defendant Geddert, Defendant USAG had notice of Defendant Nassar's misconduct and propensity to sexually abuse and assault girls and young women.

**ANSWER: Denied.**

1795. The actions and inactions of Defendants USAG, Nassar, and Geddert, as described in the preceding paragraphs, constituted Fraudulent Concealment.

**ANSWER: Denied.**

1796. At all times pertinent to this action, Defendants Nassar and Geddert were agents, apparent agents, servants, and employees of Defendant USAG and operated within the scope of their employment and their Fraudulent Concealment is imputed to Defendant USAG.

**ANSWER: Denied.**

1797. At all material times, Plaintiffs were entirely free of any negligence contributing to the injuries and damages alleged.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## D. DEFENDANTS TWISTARS/GEDDERT

1798. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1799. Plaintiffs had a special and fiduciary relationship with Defendants Twistars and Geddert by virtue of being dues paying members with Defendant Twistars.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1800. Plaintiffs were often under the direct supervision and control of Twistars or its agents and were in fact *in loco parentis* with Twistars while competing, training, and receiving "treatment" from Defendant Nassar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1801. Oftentimes while training and while competing for Defendants Twistars and Geddert at Twistars events (also USAG sanctioned events) Plaintiffs were away from their parents and under the complete care, custody, and control of Defendants Twistars and Geddert.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1802. Given the special and fiduciary relationship between Plaintiffs and Defendants Twistars and Geddert, Defendants Twistars and Geddert had an affirmative duty to disclose, and to warn and protect their members who sought Defendant Nassar's medical treatment from sexual abuse, assault, and molestation.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1803. Plaintiffs were minors or young adults who trusted Defendants Twistars and Geddert who recommended Defendant Nassar to provide them with medical services and who also possessed sensitive and confidential information about their health.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1804. Plaintiffs incorporate by reference the Fraud claims made below and hereby allege that Defendant Twistars committed Fraudulent Concealment by committing Fraud, as described in detail above and below, and concealing the existence of Plaintiffs' claims and 6that Plaintiffs had a cause of action against Defendant Nassar (as an agent of Defendant Twistars) and Defendants Twistars and Geddert at the time his sexual assaults occurred by:

    a. Defendant Nassar making a material representation(s) to Plaintiffs involving a past or existing fact by:

<ol type="a" start="2">
<li>making the statement, explaining, that his acts and/or conduct were a "new procedure" which involved vaginal penetration;</li>

<li>making the statement, referring to his conduct, disguised as "treatment," as a pelvic adjustment;</li>

<li>making the statement, explaining, that his acts and/or conduct was "checking your sternum;"</li>

<li>making the statement, explaining, that his acts and/or conduct was doing a "breast exam;"</li>

<li>making the statement, explaining, that his acts and/or conduct was "treatment" and that it was the same that he performed on Olympic athletes;</li>

<li>making the statement, explaining, that his acts and/or conduct was "attempting to manipulate [their] ribs;" and,</li>

<li>making a statement, explaining to Plaintiff and another medical professional that the position of his hand was in an appropriate place, when it was not and while he was digitally Plaintiff, all which were made contemporaneously and/or shortly after the abrupt, sudden, quick, and unexpected sexual assaults by Defendant Nassar.</li>
</ol>

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1805. The material representation(s) to Plaintiffs by Defendant Nassar were false, in that he was actually performing them for his own sexual gratification and pleasure evidenced by his observed arousal, flushed face, and closing of the eyes during the conduct.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1806. When Defendant Nassar made the material representation(s), he knew that they were false, in that he knew that the "treatment[s]" were not proper, appropriate, legitimate, and/or considered within standard of care by any physician of any specialty and/or sports therapist.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1807. Defendant Nassar made the material representation(s) with the intent that the material representation(s) should be acted upon by Plaintiffs, in that Plaintiffs should:

<ol type="a">
<li>believe that the "treatments" were in fact "treatments," would believe that the "treatment[s]" were proper, appropriate, and legitimate;</li>
</ol>

b.   would not believe that they had been sexually assaulted;

c.   would not believe that they had been sexually assaulted so that he could prevent discovery of his sexual assaults;

d.   would continue the "treatment[s]" so that he could continue to sexually assault them;

e.   would not question and/or report the conduct to appropriate authorities; and,

f.   would not reasonably believe and not be aware of a possible cause of action that they have against Defendants Nassar, USAG, Twistars and Geddert.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1808.   Plaintiffs acted in reliance upon Defendant Nassar's material representation(s), in that Plaintiffs:

a.   reasonably believed that the "treatments" were in fact "treatments;"

b.   reasonably believed that the "treatments" were proper, appropriate, and legitimate;

c.   reasonably did not believe that they had been sexually assaulted;

d.   believed that they should continue the "treatment[s],"

e.   did not believe that they should question and/or report the conduct to appropriate authorities; and,

f.   did not reasonably believe that they had and were not aware of a possible cause of action that they had against Defendants Nassar, USAG, Twistars and Geddert.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1809.   Plaintiffs thereby suffered injury, in that Plaintiffs could not stop the sexual assault; continued to undergo the "treatment[s]" and sexual assaults; and suffered discomfort, bleeding, urinary tract infections, bacterial infections, related physical manifestations thereof, sleep deprivation, physical illness, vomiting, severe emotional distress, shock, humiliation, fright, grief, embarrassment, loss of self-esteem, disgrace, loss of familial relationships, loss of enjoyment of life and will continue to suffer pain of mind and body, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1810. Defendant Nassar concealing the fraud by making a fraudulent material representation(s) to Plaintiffs that was/were designed and/or planned to prevent inquiry and escape investigation and prevent subsequent discovery of his fraud, in that he made a material representation(s) to Plaintiffs involving a past or existing fact by:

   a. making the statement, explaining, that his acts and/or conduct were a "new procedure" which involved vaginal penetration;

   b. making the statement, referring to his conduct, disguised as "treatment," as a pelvic adjustment;

   c. making the statement, explaining, that his acts and/or conduct was "checking your sternum;"

   d. making the statement, explaining, that his acts and/or conduct was doing a "breast exam;"

   e. making the statement, explaining, that his acts and/or conduct was "treatment" and that it was the same that he performed on Olympic athletes;

   f. making the statement, explaining, that his acts and/or conduct was "attempting to manipulate [their] ribs;" and,

   g. making a statement, explaining to Plaintiff and another medical professional that the position of his hand was in an appropriate place, when it was not and while he was digitally penetrating Plaintiff, all which were made contemporaneously and/or shortly after the abrupt, sudden, quick, and unexpected sexual assaults by Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1811. Defendant Nassar concealing the fraud by an affirmative act(s) that was/were designed and/or planned to prevent inquiry and escape investigation and prevent subsequent discovery of his fraud, in that he:

   a. positioned himself in a manner in which parents or chaperones in the room could not see his conduct, so that he could conceal and prevent discovery of his conduct;

   b. dismissed a medical professional from the room, during an examination of Plaintiff while he was digitally penetrating Plaintiff, who questioned the placement of his hands;

270

c.       prevented other medical professionals, chaperones, parents, guardians, and/or caregivers from being in the room during examinations and treatments of Plaintiffs so that he could sexually assault Plaintiffs;

d.       did not abide by or follow the standard and care which requires another medical professional, chaperone, parent, guardian, and/or caregiver be in the room during the examination and treatment of minors and female patients;

e.       did not abide by or follow Defendant USAG's Code of Ethics, Participant Welfare Policy, Safety/Risk Management Certification, principles in Gymnastics Risk Management Safety Course Handbook, and Prohibited Conduct policy, which he was a part of creating by not examining patients in the presence of a parent, chaperone, guardian, and/or caregiver;

f.       did not abide by or follow Defendant Twistars' Code of Ethics, Participant Welfare Policy, Safety/Risk Management Certification, principles in Gymnastics Risk Management Safety Course Handbook, and Prohibited Conduct policy, which he was a part of creating by not examining patients in the presence of a parent, chaperone, guardian, and/or caregiver; and,

g.       gave Plaintiffs, at appointments, gifts such as t-shirts, pins, flags, leotards, and other items, some with USAG logos and others without, in order to gain their trust.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1812.    In or around 1998, a parent of a gymnast at Defendant Twistars' facility complained to Defendant Geddert, the owner and operator of Defendant Twistars, regarding Defendant Nassar's conduct alleging sexual abuse, assault, and molestation.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1813.    When Defendant Geddert received the 1998 complaint from the parent, Defendant John Geddert was the owner and operator of Twistars USA, Inc. d/b/a Geddert's Twistars Gymnastics Club USA and also an agent of Defendant USAG.

**ANSWER:     Denied that Geddert was an agent of USAG. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in this paragraph.**

1814.    Also, in or around 1998, after being assaulted at Twistars Plaintiff Jane A71 Doe, at approximately 12 years old, told a coach at Twistars, Defendant Nassar was being inappropriate and doing inappropriate things.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1815. To the best of Plaintiff Jane A71 Doe's knowledge, belief, and understanding, the coach at Twistars took absolutely no steps to investigate or report Defendant Nassar's conduct.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1816. In or around 2010, Defendant Geddert witnessed a gymnast who was approximately 15 years old being sexual assaulted by Defendant Nassar.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1817. Upon witnessing the sexual assault, Defendant Geddert made a joke and made a statement to the gymnast to effect of: "I guess your back really did hurt."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1818. In or around 2010, Defendant Geddert was owner and operator of Defendant Twistars.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1819. In or around 2011, Defendant Geddert was traveling in a vehicle with members of the USAG Senior National Team, including Aly Raisman.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1820. At the time, Defendant Geddert was serving in his capacity as a USAG Olympic Coach.

**ANSWER:** **Denied.**

1821. Ms. Raisman indicated she and her teammates would talk about Defendant Nassar's conduct amongst themselves.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1822. While traveling together, in Defendant Geddert's presence, one of Ms. Raisman's teammates described "in graphic detail" what Defendant Nassar had done to her the prior evening.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1823. Ms. Raisman stated Defendant Geddert did not question her or her teammate about the statements made.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1824. Again, in or around 2011, Defendant Geddert was owner and operator of Defendant Twistars.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1825. As early as 1998, Defendant Twistars through their owner and operator Defendant Geddert had notice of Defendant Nassar's misconduct and propensity to sexually abuse and assault girls and young women.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1826. By failing to inform its members of the allegations surrounding Defendant Nassar, Defendants Twistars and Geddert suppressed Plaintiffs' discovery of a cause of action.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1827. Defendant Twistars and Geddert's fiduciary relationships with its members creates a duty to inform them of prior complaints of sexual abuse by Defendant Nassar, including the reports made directly to Defendant Geddert and an agent of Defendant Twistars in or around 1998.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1828. The actions and inactions of Defendant Nassar, as described in the preceding paragraphs, constituted Fraudulent Concealment.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

1829. At all times pertinent to this action, Defendants Nassar and Geddert were agents, apparent agents, servants, and employees of Defendant Twistars and operated within the scope of their employment and their Fraudulent Concealment is imputed to Defendant Twistars.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

    1830.   At all material times, Plaintiffs were entirely free of any negligence contributing to the injuries and damages alleged.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

## VII.   CLAIMS AGAINST MICHIGAN STATE UNIVERSITY DEFENDANTS

### A.   COUNT ONE

### ALLEGED VIOLATIONS OF TITLE IX

### 20 U.S.C. §1681(a), *et seq.*

### ALL PLAINTIFFS AGAINST DEFENDANTS MSU, MSU TRUSTEES

    1831.   Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

    1832.   Title IX's statutory language states, "No *person* in the United States shall on the basis of sex, be ... subject to discrimination under any education program or activity receiving Federal financial assistance ..."

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

    1833.   Plaintiffs are "persons" under the Title IX statutory language.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

    1834.   Defendant MSU receives federal financial assistance for its education program and is therefore subject to the provisions of Title IX of the Education Act of 1972, 20 U.S.C. §1681(a), *et seq.*

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

    1835.   Defendant MSU is required under Title IX to investigate allegations of sexual assault, sexual abuse, and sexual harassment.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1836. The U.S. Department of Education's Office of Civil Rights has explained that Title IX covers all programs of a school, and extends to sexual harassment and assault by employees, students and third parties.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1837. Defendant Nassar's actions and conduct were carried out under one of Defendant MSU programs, which provides medical treatment to students, athletes, and the public.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1838. Defendant Nassar's conduct and actions toward Plaintiffs, that being nonconsensual digital vaginal and anal penetration, touching of Plaintiffs vaginal and anal areas, unwelcome sexual or otherwise inappropriate touching of Plaintiffs breasts and bodies, and inappropriate sexual or sex-based comments, constitutes sex discrimination under Title IX.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1839. As early as 1997/1998, 1999 and/or 2000, an "appropriate person" at Defendant MSU had actual knowledge of the sexual assault, abuse, and molestation committed by Defendant Nassar.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1840. Specifically, the MSU Defendants were notified about Defendant Nassar's sexual abuse and molestation through:

    a. Defendant Kathie Klages by Plaintiffs Larissa Boyce and Jane B8 Doe in or around 1997/1998;

    b. Kelli Bert by Plaintiff Christie Achenbach in or around 1999;

    c. Defendant Destiny Teachnor-Hauk by Tiffany Thomas Lopez in 2000 on more than one occasion;

<ol type="a" start="4">
<li>Lianna Hadden by Plaintiff Jennifer Rood Bedford between approximately 2000 and 2002;</li>
<li>Defendant Gary Stollak in 2004 by Plaintiff Kyle Stephens; and,</li>
<li>Defendant Jeffrey Kovan in or around 2014 by Plaintiff Jane D1 Doe.</li>
</ol>

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1841.  Each of the individuals and Defendants listed above were in a position of authority and at a minimum should have advised that the complainant no longer see Defendant Nassar for "treatment."

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1842.  Defendants Klages, Teachnor-Hauk, Stollak, and Kovan's response to Plaintiffs' complaints were clearly unreasonable in light of the known circumstances given that Plaintiffs made allegations of sexual abuse and sexual assault.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1843.  The MSU Defendants failed to carry out their duties to investigate and take corrective action under Title IX following Plaintiffs Larissa Boyce, Jane B8 Doe, Christie Achenbach, Tiffany Thomas Lopez, Jennifer Rood Bedford, Kyle Stephens, and Plaintiff Jane D1 Doe's complaints of sexual assault, abuse, and molestation in or around 1997/1998, 1999, 2000, 2002-2002, 2004, and/or 2014.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1844.  In 2014, Plaintiff Jane D1 Doe reported she had an appointment with Defendant Nassar to address hip pain and was sexually abused and molested by Defendant Nassar when he cupped her buttocks, massaged her breast and vaginal area, and he became sexually aroused.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1845.  Plaintiff Jane D1 Doe reported to Defendant MSU facts which were omitted or withheld from the investigative report including but not limited to the following:

a.     Defendant Nassar was sexually aroused while touching her;

b.     The appointment with Defendant Nassar did not end until she physically removed his hands from her body.

**ANSWER:**     **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1846.     Three months after initiating an investigation, in July 2014, the victim's complaints were dismissed and Defendant MSU determined she didn't understand the "nuanced difference" between sexual assault and an appropriate medical procedure and deemed Defendant Nassar's conduct "medically appropriate" and "Not of a sexual nature."

**ANSWER:**     **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1847.     Following the investigation, upon information and belief, Defendant Nassar became subject to new institutional guidelines, one of which – it is believed – was that Defendant Nassar was not to examine or treat patients alone.

**ANSWER:**     **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1848.     The MSU Defendants failed to supervise or otherwise ensure Defendant Nassar complied with the newly imposed institutional guidelines even though the MSU Defendants had actual knowledge Nassar posed a substantial risk of additional sexual abuse of females whom he had unfettered access.

**ANSWER:**     **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1849.     After the 2014 complaints Defendant Nassar continued to sexually assault, abuse, and molest Plaintiffs.

**ANSWER:**     **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1850.     The MSU Defendants acted with deliberate indifference to known acts of sexual assault, abuse, and molestation on its premises by:

a.     failing to investigate and address Plaintiffs Larissa Boyce, Jane B8 Doe, Christie Achenbach, Tiffany Thomas Lopez, and Jennifer Rood Bedford's allegations as required by Title IX;

b.    failing to adequately investigate and address Plaintiff Jane D1 Doe's 2014 complaint regarding Defendant Nassar's conduct; and,

c.    failing to institute corrective measures to prevent Defendant Nassar from violating and sexually abusing other students and individuals, including minors.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1851.    The MSU Defendants acted with deliberate indifference as its lack of response to the allegations of sexual assault, abuse, and molestation was clearly unreasonable in light of the known circumstances, Defendant Nassar's actions with female athletes, and his access to young girls and young women.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1852.    The MSU Defendants' deliberate indifference was confirmed by the Department of Education's investigation into Defendant MSU's handling of sexual assault and relationship violence allegations which revealed:

a.    A sexually hostile environment existed and affected numerous students and staff on Defendant MSU's campus;

b.    That the University's failure to address complaints of sexual harassment, including sexual violence in a prompt and equitable manner caused and may have contributed to a continuation of the sexually hostile environment.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1853.    The MSU Defendants' responses were clearly unreasonable as Defendant Nassar continued to sexually assault female athletes and other individuals until he was discharged from the University in 2016.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1854.    Between the dates of approximately 1996 and 2016, the MSU Defendants acted in a deliberate, grossly negligent, and/or reckless manner when they failed to reasonably respond to Defendant Nassar's sexual assaults and sex-based harassment of Plaintiffs on and off school premises.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1855. The MSU Defendants' failure to promptly and appropriately investigate and remedy and respond to the sexual assaults after they received notice subjected Plaintiffs to further harassment and a sexually hostile environment, effectively denying them all access to educational opportunities at MSU, including medical care.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1856. As a direct and/or proximate result of the MSU Defendants' actions and/or inactions, Plaintiffs have suffered and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## B. COUNT TWO

## ALLEGED SEX DISCRIMINATION

## 42 U.S.C. § 18116 (PATIENT PROTECTION AND AFFORDABLE CARE ACT § 1557)

## ALL PLAINTIFFS AGAINST DEFENDANTS MSU AND MSU TRUSTEES

1857. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1858. Section 1557 of the Patient Protection and Affordable Care Act, which is codified at 42 U.S.C. § 18116, provides that:

> Except as otherwise provided for in this title (or an amendment made by this title), an individual shall not, on the ground prohibited under . . . [T]itle IX of the Education Amendments of 1972 (20 U.S.C.

279

1681 et seq.) . . . be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance, or under any program or activity that is administered by an Executive Agency or any entity established under this [T]itle (or amendments). The enforcement mechanisms provided for and available under . . . [T]itle IX shall apply for purposes of violations of this subsection.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1859.   Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* prohibits sex discrimination in programs that receive federal financial assistance.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1860.   Plaintiffs, as women have a right under 42 U.S.C. § 18116 to receive health care services free from discrimination on the basis of sex.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1861.   Plaintiffs are "individuals" within the meaning of 42 U.S.C. § 18116.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1862.   Defendant MSU receives Federal financial assistance within the meaning of 42 U.S.C. § 18116 because it receives federal financial assistance such as credits, subsidies, or contracts of insurance.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1863.   Defendant MSU and MSU Trustees employed the services of Defendant Nassar, doctors, and other professional and non-professional health care providers who cared for Plaintiffs from 1997 to 2016 and held themselves out to the public as competent, careful, and experienced in the care and treatment of patients.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

    1864. Plaintiffs sought medical care from Defendant Nassar at the MSU Sports Medicine Clinic, Jenison Fieldhouse, and other locations for a myriad of injuries as identified in each Plaintiffs' specific allegations.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

    1865. Plaintiffs expected to receive medical care for their injuries without being sexually assaulted and without fear of sexual harassment or assault.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

    1866. Defendant Nassar's conduct and actions toward Plaintiffs, that being nonconsensual and assaultive digital vaginal and anal penetration, touching of Plaintiffs' vaginal area, inappropriate sex based comments, and touching of Plaintiffs' breasts constitutes sex discrimination under Title IX and 42 U.S.C. § 18116, and otherwise denied each individual Plaintiff the benefits of appropriate medical care.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

    1867. Defendants MSU and MSU Trustees, and Defendants Strampel, Kovan, Dietzel, Teachnor-Hauk, and Klages knew or should have known of Nassar's abuse yet failed to take corrective action.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

    1868. Defendant MSU and MSU Trustees are vicariously and/or contractually liable for the actions of its principals, employees, agents, and representatives.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

    1869. Defendants MSU, MSU Trustees, Strampel, Kovan, Dietzel, and Klages supervised Nassar and/or were in a position to take appropriate action upon learning of concerns of misconduct as early as 1997.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1870. Defendants MSU, MSU Trustees, Strampel, Kovan, Dietzel, and Klages are directly liable for their failure to train, educate, and supervise.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1871. Defendants MSU, MSU Trustees, Strampel, Kovan, Dietzel, and Klages failed to properly train and supervise Nassar related to his treatment of Plaintiffs and with respect to promulgating and enforcing policies and procedures related to patient safety (*e.g.* use of gloves; consent; chaperones, etc.).

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1872. Because of Defendants' inaction and deliberate indifference, Defendants forced Plaintiffs to endure unnecessary pain, trauma, humiliation, and duress.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1873. Because of Plaintiffs sex, Defendants treated Plaintiffs with a lack of care, dignity, and respect.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1874. The conduct of Defendants MSU and MSU Trustees described above constitutes sex discrimination against Plaintiffs.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1875. Defendants MSU and MSU Trustees perpetrated this discrimination with malice, deliberate disregard for, or deliberate or reckless indifference to Plaintiffs' rights.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1876. The MSU Defendants' failure to promptly and appropriately investigate, respond to, and remedy the sexual assaults after they received repeated notice of Defendant Nassar's wrongdoing subjected Plaintiffs and countless others to further sexual harassment and sexual assaults as well as a sexually hostile environment—effectively denying them all access to health programs or activities at MSU, and effectively denying them the benefits of appropriate medical care.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1877. As a direct and/or proximate result of the MSU Defendants' actions and/or inactions, Plaintiffs have suffered and continue to suffer pain and suffering, pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of enjoyment of life, post-traumatic stress disorder resulting in physically manifested injuries including anxiety, depressions, sleep disorders, nightmares, psychological injuries, and physical injuries. Plaintiffs were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1878. In the alternative, the actions or inaction of the MSU Defendants was deliberately indifferent or so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiffs and constitutes gross negligence that is the proximate cause of Plaintiffs' damages. Plaintiffs have suffered and continue to suffer pain and suffering, pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of enjoyment of life, post-traumatic stress disorder resulting in physically manifested injuries including anxiety, depressions, sleep disorders, nightmares, psychological injuries, and physical injuries. Plaintiffs were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

### C.    COUNT THREE

### ALLEGED VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983
### U.S. CONST., AMEND XIV
### ALL PLAINTIFFS AGAINST MSU DEFENDANTS KLAGES, TEACHNOR-HAUK, STOLLAK, STRAMPEL, KOVAN, DIETZEL, AND DEFENDANT NASSAR

1879.  Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1880.  Plaintiffs, as females, are members of a protected class under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1881.  Plaintiffs enjoy the constitutionally protected Due Process right to be free from the invasion of bodily integrity through sexual assault, abuse, or molestation.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1882.  At all relevant times the MSU Defendants, including Defendant Nassar were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Michigan and/or Defendant Michigan State University.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1883.  The acts as alleged above amount to a violation of these clearly established constitutionally protected rights, of which reasonable persons in the MSU Defendants' positions should have known.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1884.  The MSU Defendants have the ultimate responsibility and authority to train and supervise its employees, agents, and/or representatives in the appropriate manner of detecting, reporting, and preventing sexual abuse, assault, and molestation and as a

matter of acts, custom, policy, and/or practice, failed to do so with deliberate indifference.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1885. As a matter of custom, policy, and and/or practice, the MSU Defendants had and have the ultimate responsibility and authority to investigate complaints against their employees, agents, and representatives from all individuals including, but not limited to students, visitors, faculty, staff, or other employees, agents, and/or representatives, and failed to do so with deliberate indifference.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1886. The MSU Defendants had a duty to prevent sexual assault, abuse, and molestation on their campus and premises, that duty arising under the above-referenced constitutional rights, as well as established rights pursuant to Title IX.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1887. Defendant MSU's internal policies provide that "[a]ll University employees ... are expected to promptly report sexual misconduct or relationship violence that they observe or learn about and that involves a member of the University community (faculty, staff or student) or occurred at a University event or on University property." They state further: "[t]he employee must report all relevant details about the alleged relationship violence or sexual misconduct that occurred on campus or at a campus-sponsored event. .. "

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1888. Defendant MSU's aforementioned internal policies were violated when the MSU Defendants took no actions to address the following complaints regarding Defendant Nassar's conduct:

  a.  Plaintiffs Larissa Boyce and Jane B8 Doe in or around 1997/1998;

  b.  Plaintiff Christie Achenbach in or around 1999;

  c.  Tiffany Thomas Lopez in 2000 (on more than one occasion);

  d.  Plaintiff Jennifer Rood Bedford between approximately 2000 and 2002;

  e.  Plaintiff Kyle Stephens in or around 2004; and,

  f.  Plaintiff Jane D1 Doe in or around 2014.

**ANSWER:**  **The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

 1889. The MSU Defendants failure to address Plaintiffs Larissa Boyce, Jane B8 Doe, Christie Achenbach, Tiffany Thomas Lopez, and Jennifer Rood Bedford, and Kyle Stephens' complaints led to an unknown number of individuals being victimized, sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:**  **The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

 1890. Defendants Klages, Teachnor-Hauk, Stollak, Kovan, and Strampel were the moving forces or causes of repeated constitutional injuries to Plaintiffs based on their failures to report, train, supervise, investigate, or otherwise act in response to complaints of Defendant Nassar's conduct.

**ANSWER:**  **The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

 1891. Additionally, the MSU Defendant's failure to properly address Jane D1 Doe's 2014 complaint regarding Defendant Nassar's conduct also led to others being victimized, sexually assaulted, abused and molested by Defendant Nassar.

**ANSWER:**  **The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

 1892. Ultimately, Defendants failed to adequately and properly investigate the complaints of Plaintiffs or other similarly-situated individuals including but not limited to failing to:

  a.  perform a thorough investigation into improper conduct by Defendant Nassar with Plaintiffs after receiving complaints in 1997/1998, 1999, 2000, between 2000 and 2002, 2004, and 2014;

  b.  thoroughly review and investigate all policies, practices, procedures and training materials related to the circumstances surrounding the conduct of Defendant Nassar;

c. recognize sexual assault when reported in 2014 and permitting University officials to deem sexual assault as "medically appropriate" and "not of a sexual nature;" and,

d. ensure all institutional guidelines issued following the 2014 investigation into Defendant Nassar's conduct were satisfied.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1893. As indicated in the U.S. Department of Education Office of Civil Rights report, the MSU Defendants had a culture that permitted a sexually hostile environment to exist affecting numerous individuals on Defendant MSU's campus, including Plaintiffs.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1894. Also indicated in the report was Defendant MSU's custom, practice, and/or policy of failing to address complaints of sexual harassment, including sexual violence in a prompt and equitable manner which caused and may have contributed to a continuation of the sexually hostile environment.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1895. By failing to prevent the aforementioned sexual assault, abuse, and molestation upon Plaintiffs, and by failing to appropriately respond to reports of Defendant Nassar's sexual assault, abuse, and molestation in a manner that was so clearly unreasonable it amounted to deliberate indifference, the MSU Defendants are liable to Plaintiffs pursuant to 42 U.S.C. §1983.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1896. The MSU Defendants are also liable to Plaintiffs under 42 U.S.C. §1983 for maintaining customs, policies, and practices which deprived Plaintiffs of rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. §1983.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1897. The MSU Defendants tolerated, authorized and/or permitted a custom, policy, practice or procedure of insufficient supervision and failed to adequately screen, counsel, or discipline Defendant Nassar, with the result that Defendant Nassar was allowed to violate the rights of persons such as Plaintiffs with impunity.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1898. As a direct and/or proximate result of the MSU Defendants' actions and/or inactions, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## D.    COUNT FOUR

### ALLEGED FAILURE TO TRAIN AND SUPERVISE
### 42 U.S.C. § 1983
### ALL PLAINTIFFS AGAINST MSU DEFENDANTS KLAGES, KOVAN, DIETZEL, STRAMPEL AND TEACHNOR-HAUK

1899. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1900. The MSU Defendants have the ultimate responsibility and authority to train and supervise its employees, agents, and/or representatives including Defendant Nassar and all faculty and staff regarding their duties toward students, faculty, staff, and visitors.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1901. The MSU Defendants failed to train and supervise its employees, agents, and/or representatives including all faculty and staff, regarding the following duties:

a.       Perceive, report, and stop inappropriate sexual conduct on campus;

b.       Provide diligent supervision over student-athletes and other individuals;

c.       Report suspected incidents of sexual abuse or sexual assault;

d.       Ensure the safety of all students, faculty, staff, and visitors to Defendant MSU's campuses premises;

e.       Provide a safe environment for all students, faculty, staff, and visitors to Defendant MSU's premises free from sexual harassment; and,

f.       Properly train faculty and staff to be aware of their individual responsibility for creating and maintaining a safe environment.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1902.   The above list of duties is not exhaustive.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1903.   Defendants Klages, Kovan, Dietzel, Teachnor-Hauk, and Strampel had supervisory authority over Defendant Nassar.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1904.   At all relevant times, Defendant Strampel was the Dean of the College of Osteopathic Medicine under which Defendant Nassar worked as an Associate/Assistant Professor.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1905.   At all relevant times Defendant Kovan was the Chair/Clinic Director of the MSU Sports Medicine Clinic under which Defendant Nassar worked as Doctor of Osteopathic Medicine, and the Head Team Physician for MSU Athletics under which Defendant Nassar worked as Team Physician for the MSU Women's Gymnastics Team.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1906. At all relevant times Defendant Dietzel was the Chair/Clinic Director for the MSU Sports Medicine Clinic under which Defendant Nassar worked as Doctor of Osteopathic Medicine. Defendant Dietzel was Defendant Nassar's direct supervisor for a period of time.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1907. At all relevant times Defendant Teachnor-Hauk was the athletic trainer for softball, gymnastics, and rowing. Defendant Nassar worked under Defendant Teachnor-Hauk as the Team Physician for the MSU Women's Gymnastics Team.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1908. The MSU Defendants' (including but not limited to Defendants Strampel, Kovan, Dietzel, and Teachnor-Hauk) failure to adequately supervise or investigate Defendant Nassar, especially after MSU knew or should have known of complaints regarding his nonconsensual sexual touching and assaults during "treatments" was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiffs.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1909. Following the 2014 Title IX investigation regarding Plaintiff Jane D1 Doe, the MSU Defendants' (including but not limited to Defendants Strampel, Kovan and Dietzel) failure to inform MSU Sports Medicine Clinic staff of the conditions Defendant Nassar was subject to regarding modifying the "procedure," limiting skin-on-skin contact, having chaperones in the room was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiffs.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1910. At no time during or following the investigation did Defendants MSU, MSU Board of Trustees, Strampel, Kovan, or Dietzel take any steps to ensure Defendant Nassar was in compliance with the guidelines, which was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiffs.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1911.   Defendants MSU, MSU Board of Trustees, Strampel, Kovan, and Dietzel failed to monitor Defendant Nassar in his clinical practice following the investigation, which was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiffs.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1912.   Prior to and after the investigation, Defendants MSU, MSU Board of Trustees, Strampel, Kovan and Dietzel failed to train Defendant Nassar regarding inappropriate touching, informed consent, chaperone practices, and medical record charting which was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiffs.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1913.   The MSU Defendants failed to adequately train coaches, trainers, medical staff, and others regarding the aforementioned duties, which led to violations of Plaintiffs' rights.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1914.   As a result, the MSU Defendants deprived Plaintiffs of rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. §1983.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1915.   As a direct and/or proximate result of Defendants' actions and/or inactions, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

### E. COUNT FIVE

### ALLEGED GROSS NEGLIGENCE
### MCL §691.1407
### ALL PLAINTIFFS AGAINST ALL MSU DEFENDANTS
### DEFENDANTS MSU, MSU TRUSTEES,
### STRAMPEL, KOVAN, DIETZEL STOLLAK,
### TEACHNOR-HAUK, KLAGES
### AND DEFENDANT NASSAR

1916. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1917. The MSU Defendants owed Plaintiffs a duty to use due care to ensure their safety and freedom from sexual assault, abuse, and molestation while interacting with their employees, representatives, and/or agents, including Defendant Nassar.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1918. Defendant Nassar owed Plaintiffs a duty of due care in carrying out medical treatment as an employee, agent, and/or representative of the MSU Defendants.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1919. By seeking medical treatment from Defendant Nassar in the course of his employment, agency, and/or representation of the MSU Defendants, a special, confidential, and fiduciary relationship between Plaintiffs and Defendant Nassar was created, resulting in Defendant Nassar owing Plaintiffs a duty to use due care.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1920. Defendant MSU's internal policies provide that "[a]ll University employees ... are expected to promptly report sexual misconduct or relationship violence that they observe or learn about and that involves a member of the University community (faculty, staff or student) or occurred at a University event or on University property."

They state further: "[t]he employee must report all relevant details about the alleged relationship violence or sexual misconduct that occurred on campus or at a campus-sponsored event. . . "

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1921.    Defendant MSU's aforementioned internal policies were violated when the MSU Defendants took no actions to address the following complaints regarding Defendant Nassar's conduct:

      a.    Plaintiffs Larissa Boyce and Jane B8 Doe in or around 1997/1998;

      b.    Plaintiff Christie Achenbach in or around 1999;

      c.    Tiffany Thomas Lopez in 2000 (on more than one occasion);

      d.    Plaintiff Jennifer Rood Bedford between approximately 2000 and 2002;

      e.    Plaintiff Kyle Stephens in or around 2004; and,

      f.    Plaintiff Jane D1 Doe in or around 2014.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1922.    The MSU Defendants failure to address Plaintiffs Larissa Boyce, Jane B8 Doe, Christie Achenbach, Tiffany Thomas Lopez, and Jennifer Rood Bedford, and Kyle Stephens' complaints led to an unknown number of individuals being victimized, sexually assaulted, abused, and molested by Defendant Nassar.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1923.    Defendants Klages, Teachnor-Hauk, Stollak, Kovan, and Strampel were the moving forces or causes of repeated constitutional injuries to Plaintiffs based on their failures to report, train, supervise, investigate, or otherwise act in response to complaints of Defendant Nassar's conduct.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1924. Additionally, the MSU Defendant's failure to properly address Jane D1 Doe's 2014 complaint regarding Defendant Nassar's conduct also led to others being victimized, sexually assaulted, abused and molested by Defendant Nassar.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1925. The MSU Defendants' (including but not limited to Defendants Strampel, Kovan, Dietzel) failure to supervise or investigate Defendant Nassar, especially after MSU knew or should have known of complaints regarding his nonconsensual sexual touching and assaults during "treatments" was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiffs.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1926. The MSU Defendants' (including but not limited to Defendants Klages, Stollak, Teachnor-Hauk) failure to report Defendant Nassar to law enforcement or MSU upon receiving complaints of sexual abuse was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiffs.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1927. Following the 2014 Title IX investigation regarding Plaintiff Jane D1 Doe, the MSU Defendants' (including but not limited to Defendants Strampel, Kovan and Dietzel) failure to inform MSU Sports Medicine Clinic staff of the conditions Defendant Nassar was subject to regarding modifying the "procedure," limiting skin-on-skin contact, and having chaperones in the room was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiffs.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1928. Defendant Nassar's conduct in sexually assaulting, abusing, and molesting Plaintiffs in the course of his employment, agency, and/or representation of the MSU Defendants and under the guise of rendering "medical treatment" was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiffs.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1929. The MSU Defendants' conduct demonstrated a willful disregard for precautions to ensure Plaintiffs' safety.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1930. The MSU Defendants' conduct as described above, demonstrated a willful disregard for substantial risks to Plaintiffs.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1931. The MSU Defendants breached duties owed to Plaintiffs and were grossly negligent when they conducted themselves by the actions described above, said acts having been committed with reckless disregard for Plaintiffs' health, safety, Constitutional and/or statutory rights, and with a substantial lack of concern as to whether an injury would result.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1932. As a direct and/or proximate result of the MSU's Defendants' actions and/or inactions, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## F.    COUNT SIX

### ALLEGED NEGLIGENCE

### ALL PLAINTIFFS AGAINST THE MSU DEFENDANTS

### AND DEFENDANT NASSAR

1933. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1934. The MSU Defendants owed Plaintiffs a duty of ordinary care to ensure their safety and freedom from sexual assault, abuse, and molestation while interacting with their employees, representatives and/or agents.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1935. By seeking medical treatment from Defendant Nassar in his capacity as an employee, agent, and/or representative of the MSU Defendants, a special, confidential, and fiduciary relationship between Plaintiffs and Defendant Nassar was created, resulting in Defendant Nassar owing Plaintiffs a duty to use ordinary care.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1936. Plaintiffs sought treatment at Defendant MSU's Sports Medicine Clinic in which they paid or were billed for medical treatment and were in a special relationship with the MSU Defendants.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1937. Defendant Nassar owed Plaintiffs a duty of ordinary care.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1938. The MSU Defendants' failure to adequately train and supervise Defendant Nassar breached the duty of ordinary care.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1939. The MSU Defendants had notice through its own employees, agents, and/or representatives as early as 1997/1998, again in 1999, 2000, between 2000 and 2002, 2004, and again in 2014 of complaints of a sexual nature related to Defendant Nassar's purported "treatments" with young girls and women.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1940.   The MSU Defendants should have known of the foreseeability of sexual abuse with respect to youth and collegiate sports.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1941.   The MSU Defendants' failure to properly investigate, address, and remedy complaints regarding Defendant Nassar's conduct was a breach of ordinary care.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1942.   Defendant Nassar's conduct in sexually assaulting, abusing, and molesting Plaintiffs in the course of his employment, agency, and/or representation of the MSU Defendants was a breach of the duty to use ordinary care.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1943.   As a direct and/or proximate result of Defendants' conduct, actions and/or inactions, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## G.     COUNT SEVEN

### ALLEGED VICARIOUS LIABILITY

### ALL PLAINTIFFS AGAINST THE MSU DEFENDANTS

1944. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:   Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1945. Vicarious liability is indirect responsibility imposed by operation of law where an employer is bound to keep its employees within their proper bounds and is responsible if it fails to do so.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1946. Vicarious liability essentially creates agency between the principal and its agent, so that the principal is held to have done what the agent has done.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1947. The MSU Defendants employed and/or held Defendant Nassar out to be its agent and/or representative from approximately 1996 to 2016.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1948. Defendant MSU's website contains hundreds of pages portraying Defendant Nassar as a distinguished member of Defendant MSU's College of Osteopathic Medicine, Division of Sports Medicine.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1949. The MSU Defendants are vicariously liable for the actions of Defendant Nassar as described above that were performed during the course of his employment, representation, and/or agency with the MSU Defendants and while he had unfettered access to young female athletes on MSU's campus and premises through its College of Osteopathic Medicine and Division of Sports Medicine.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1950. As a direct and/or proximate result of Defendant Nassar's actions carried out in the course of his employment, agency, and/or representation of the MSU Defendants,

Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## H. COUNT EIGHT

### ALLEGED EXPRESS/IMPLIED AGENCY

### ALL PLAINTIFFS AGAINST MSU DEFENDANTS

1951. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1952. An agent is a person who is authorized by another to act on its behalf.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1953. The MSU Defendants intentionally or negligently made representations that Defendant Nassar was their employee, agent, and/or representative.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1954. On the basis of those representations, Plaintiffs reasonably believed that Defendant Nassar was acting as an employee, agent, and/or representative of the MSU Defendants.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1955. Plaintiffs were injured as a result of Defendant Nassar's sexual assault, abuse, and molestation as described above, acts that were performed during the course of his employment, agency, and/or representation with the MSU Defendants and while he had unfettered access to young female athletes.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1956. Plaintiffs were injured because they relied on the MSU Defendants to provide employees, agents, and or representatives who would exercise reasonable skill and care.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1957. As a direct and/or proximate cause of Defendant Nassar's negligence carried out in the course of his employment, agency, and/or representative of the MSU Defendants, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## I.    COUNT NINE

## ALLEGED NEGLIGENT SUPERVISION

## ALL PLAINTIFFS AGAINST ALL MSU DEFENDANTS

1958. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1959. The MSU Defendants had a duty to provide reasonable supervision of their employee, agent, and/or representative, Defendant Nassar, while he was in the course of his

employment, agency or representation with the MSU Defendants and while he interacted with young female athletes including Plaintiffs.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1960. It was reasonably foreseeable given the known sexual abuse in youth sports and gymnastics in particular that Defendant Nassar who had prior allegations against him had or would sexually abuse children, including Plaintiffs, unless properly supervised.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1961. The MSU Defendants by and through their employees, agents, managers and/or assigns, such as President Simon, President McPherson, Defendants Strampel, Kovan, Klages, Dietzel, Teachnor-Hauk, and Stollak knew or reasonably should have known of Defendant Nassar's conduct and/or that Defendant Nassar was an unfit employee, agent, and/or representative because of his sexual interest in children.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1962. The MSU Defendants breached their duty to provide reasonable supervision of Defendant Nassar, and permitted Defendant Nassar, who was in a position of trust and authority, to commit the acts against Plaintiffs.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1963. The aforementioned sexual abuse occurred while Plaintiffs and Defendant Nassar were on the premises of Defendant MSU, and while Defendant Nassar was acting in the course of his employment, agency, and/or representation of the MSU Defendants.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1964. The MSU Defendants tolerated, authorized and/or permitted a custom, policy, practice or procedure of insufficient supervision and failed to adequately screen, counsel, or discipline such individuals, with the result that Defendant Nassar was allowed to violate the rights of persons such as Plaintiffs with impunity.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1965. As a direct and/or proximate result of the MSU Defendants' negligent supervision, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## J.     COUNT TEN

## ALLEGED NEGLIGENT FAILURE TO WARN OR PROTECT
## ALL PLAINTIFFS AGAINST THE MSU DEFENDANTS

1966. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1967. The MSU Defendants knew or should have known that Defendant Nassar posed a risk of harm to Plaintiffs or those in Plaintiffs' situation.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1968. As early as 1997, the MSU Defendants had direct and/or constructive knowledge as to the dangerous conduct of Defendant Nassar and failed to act reasonably and responsibly in response.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1969. The MSU Defendants knew or should have known Defendant Nassar committed sexual assault, abuse, and molestation and/or was continuing to engage in such conduct.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1970. The MSU Defendants had a duty to warn or protect Plaintiffs and others in Plaintiffs' situation against the risk of injury by Defendant Nassar.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1971. The duty to disclose this information arose by the special, trusting, confidential, and fiduciary relationship between Defendant Nassar as an employee, agent, and or representative of the MSU Defendants and Plaintiffs.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1972. The MSU Defendants breached said duty by failing to warn Plaintiffs and/or by failing to take reasonable steps to protect Plaintiffs from Defendant Nassar.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1973. The MSU Defendants breached its duties to protect Plaintiffs by failing to:

a. respond to allegations of sexual assault, abuse, and molestation;

b. detect and/or uncover evidence of sexual assault, abuse, and molestation; and,

c. investigate, adjudicate, and terminate Defendant Nassar's employment with Defendant MSU prior to 2016.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1974. The MSU Defendants failed to adequately screen, counsel and/or discipline Defendant Nassar for physical and/or mental conditions that might have rendered him unfit to discharge the duties and responsibilities of a physician at an educational institution, resulting in violations of Plaintiffs' rights.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1975. The MSU Defendants willfully refused to notify, give adequate warning, and implement appropriate safeguards to protect Plaintiffs from Defendant Nassar's conduct.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1976. As a direct and/or proximate result of the MSU Defendants negligent failure to warn or protect, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## K.      COUNT ELEVEN

### ALLEGED NEGLIGENT FAILURE TO TRAIN OR EDUCATE
### ALL PLAINTIFFS AGAINST THE MSU DEFENDANTS

1977. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1978. The MSU Defendants breached their duty to take reasonable protective measures to protect Plaintiffs and other minors from the risk of childhood sexual abuse and/or sexual assault by Defendant Nassar, such as the failure to properly train or educate Plaintiffs and other individuals (including minors) about how to avoid such a risk.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1979. The MSU Defendants failed to implement reasonable safeguards to:

a.      Prevent acts of sexual assault, abuse, and molestation by Defendant Nassar;

      b.     Avoid placing Defendant Nassar in positions where he would be in unsupervised contact and interaction with Plaintiffs and other young athletes.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1980.   As a direct and/or proximate result of the MSU Defendants' negligent failure to train or educate, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## L.    COUNT TWELVE

## ALLEGED NEGLIGENT RETENTION

## ALL PLAINTIFFS AGAINST THE MSU DEFENDANTS

1981.   Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1982.   2511982. The MSU Defendants had a duty when credentialing, hiring, retaining, screening, checking, regulating, monitoring, and supervising employees, agents and/or representatives to exercise due care, but they failed to do so.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1983.   The MSU Defendants were negligent in the retention of Defendant Nassar as an employee, agent, and/or representative in their failure to adequately investigate, report and address complaints about his conduct of which they knew or should have known.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1984. The MSU Defendants were negligent in the retention of Defendant Nassar as an employee, agent, and/or representative when after they discovered, or reasonably should have discovered Defendant Nassar's conduct which reflected a propensity for sexual misconduct.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1985. The MSU Defendants' failure to act in accordance with the standard of care resulted in Defendant Nassar gaining access to and sexually abusing and/or sexually assaulting Plaintiffs and an unknown number of other individuals.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1986. The aforementioned negligence in the credentialing, hiring, retaining, screening, checking, regulating, monitoring, and supervising of Defendant Nassar created a foreseeable risk of harm to Plaintiffs as well as other minors and young adults.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1987. As a direct and/or proximate result of the MSU Defendants' negligent retention, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life; were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life; have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## M.      COUNT THIRTEEN

### ALLEGED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### ALL PLAINTIFFS AGAINST THE MSU DEFENDANTS

1988. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1989. The MSU Defendants allowed Defendant Nassar to be in a position where he could sexually assault, abuse, and molest children and young adults.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1990. A reasonable person would not expect the MSU Defendants to tolerate or permit their employee or agent to carry out sexual assault, abuse, or molestation after they knew or should have known of complaints and claims of sexual assault and abuse occurring during Defendant Nassar's "treatments."

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1991. The MSU Defendants held Defendant Nassar in high esteem and acclaim which in turn encouraged Plaintiffs and others to respect and trust Defendant Nassar and seek out his services and to not question his methods or motives.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1992. The MSU Defendants protected Defendant Nassar in part to bolster and sustain his national and international reputation in the gymnastics community and Defendant MSU's national reputation.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1993. A reasonable person would not expect the MSU Defendants to be incapable of supervising Defendant Nassar and/or preventing Defendant Nassar from committing acts of sexual assault, abuse, and molestation.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1994. The MSU Defendants' conduct as described above was intentional and/or reckless.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1995. As a direct and/or proximate result of the MSU Defendants' conduct, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## N. COUNT FOURTEEN

## ALLEGED FRAUD AND MISREPRESENTATION

## ALL PLAINTIFFS AGAINST MSU DEFENDANTS

1996. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

1997. Specifically, Plaintiffs incorporate the allegations contained in §§VI.A. and VI.B., Fraudulent Concealment.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1998. From approximately 1996 to September 2016, the MSU Defendants represented to Plaintiffs and the public that Defendant Nassar was a competent and safe physician.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

1999. By representing that Defendant Nassar was a team physician and athletic physician at Defendant MSU and a National Team Physician with Defendant USAG, the MSU Defendants represented to Plaintiffs and the public that Defendant Nassar was safe,

trustworthy, of high moral and ethical repute, and that Plaintiffs and the public need not worry about being harmed by Defendant Nassar.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2000.  The representations were false when they were made as Defendant Nassar had and was continuing to sexually assault, abuse, and molest Plaintiffs and an unknown number of other individuals.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2001.  As of 1997, the MSU Defendants knew their representations of Defendant Nassar were false as Plaintiffs Larissa Boyce, Jane B8 Doe, Christie Achenbach, Tiffany Thomas Lopez, Jennifer Rood Bedford, Kyle Stephens, and Plaintiff Jane D1 Doe's complained of Defendant Nassar's conduct to the MSU Defendants regarding sexual assault, abuse, and molestation in or around 1997/1998, 1999, 2000, 2002-2002, 2004, and/or 2014.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2002.  Although MSU was informed of Defendant Nassar's conduct they failed to investigate, remedy, or in any way address Christie Achenbach or Tiffany Thomas Lopez's complaints.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2003.  The MSU Defendants continued to hold Defendant Nassar out as a competent and safe physician.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2004.  Additional complaints against Defendant Nassar surfaced in 2014, however, because of Defendant MSU's culture which included existence of a sexually hostile environment on Defendant MSU's campus and premises and the University's failure to address complaints of sexual harassment, including sexual violence in a prompt and equitable manner which in turn caused and may have contributed to a continuation of the sexually hostile environment, Defendant Nassar was permitted to

continue employment and sexually abuse, assault, and molest Plaintiffs and an unknown number of other individuals.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2005.  Between the time of the 2014 complaint and September 2016, the MSU Defendants continued to hold Defendant Nassar out as a competent and safe physician.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2006.  Plaintiffs relied on the assertions of the MSU Defendants and several Plaintiffs continued to seek treatment from Defendant Nassar in the wake of known concerns and dangers.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2007.  Plaintiffs were subjected to sexual assault, abuse, and molestation as a result of the MSU Defendants' fraudulent misrepresentations regarding Defendant Nassar.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2008.  As a direct and/or proximate result of the MSU Defendants' fraudulent misrepresentations, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life; were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life; have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## O.     COUNT FIFTEEN

## ALLEGED FAILURE TO REPORT CHILD ABUSE
### MCL 722.621, *et seq.*

## ALL PLAINTIFFS AGAINST
## DEFENDANTS KLAGES, STRAMPEL, KOVAN, AND STOLLAK

2009. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs

**ANSWER:     Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2010. Michigan's Child Protection Law, MCL 722.621 *et seq*., establishes mandatory reporting guidelines for suspected child abuse or neglect and provides penalties for failure to report child abuse or neglect.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2011. Specifically, MCL 722.623 provides in pertinent part:

> A physician, dentist, physician's assistant, registered dental hygienist, medical examiner, nurse, person licensed to provide emergency medical care, audiologist, psychologist, marriage and family therapist, licensed professional counselor, social worker, licensed master's social worker, licensed bachelor's social worker, registered social service technician, social service technician, a person employed in a professional capacity in any office of the friend of the court, school administrator, school counselor or teacher, law enforcement officer, member of the clergy, or regulated child care provider who has reasonable cause to suspect child abuse or child neglect shall make an immediate report to centralized intake by telephone, or, if available, through the online reporting system, of the suspected child abuse or child neglect.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2012. Child abuse is defined as "harm or threatened harm to a child's health or welfare that occurs through nonaccidental physical or mental injury, sexual abuse, sexual exploitation, or maltreatment, by a parent, a legal guardian, or any other person responsible for the child's health or welfare or by a teacher, a teacher's aide, or a member of the clergy." MCL 722.622(g).

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2013. Child neglect is defined as "harm or threatened harm to a child's health or welfare by a by a parent, a legal guardian, or any other person responsible for the child's health or welfare that occurs through either of the following: (*i*) Negligent treatment, including the failure to provide adequate food, clothing, shelter, or medical care. (*ii*) Placing a child at an unreasonable risk to the child's health or welfare by failure of the parent, legal guardian, or any other person responsible for the child's health or welfare to intervene to eliminate that risk when that person is able to do so and has, or should have, knowledge of the risk." MCL 722.622(k).

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2014. 2014. A person responsible for the child's health or welfare includes a nonparent. MCL 722.622(x).

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2015. Defendant Nassar was a non-parent adult who was responsible for Plaintiffs' health and welfare, had substantial and regular contact with Plaintiffs, had a close relationships with many of Plaintiffs' parents, and was not the Plaintiffs' parent or a person otherwise related to the child. (MCL 722.622(v)).

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2016. Under MCL 722.633(1), "A person who is required by this act to report an instance of suspected child abuse or neglect and who fails to do so is civilly liable for the damages proximately caused by the failure."

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2017. Defendants Strampel (physician), Kovan (physician), Stollak (psychologist), and Klages (head coach/administrator), were mandatory reporters during the time Defendant Nassar was engaged in child abuse or child neglect. (MCL 722.622(g)).

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2018. Also in or around 2004, Plaintiff Kyle Stephens, at approximately 12 years of age, who was not a patient of Defendant Nassar, reported inappropriate conduct and

touching of a sexual nature to Defendant Gary Stollak who was employed by Defendant MSU.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2019. Consequently, Defendant Gary Stollak had reasonable cause to suspect sexual abuse.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2020. Defendant Gary Stollak as a physician was a mandatory reporter.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2021. To the best of Plaintiffs' knowledge, Defendant Gary Stollak failed to report Defendant Nassar's conduct to law enforcement, child protective services, or Defendant MSU.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2022. Defendant Gary Stollak as a clinical psychologist knew or should have known of the danger posed by childhood sexual abusers.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2023. Based upon Plaintiff Kyle Stephens' report, Defendant Gary Stollak knew or should have known that it was foreseeable that Defendant Nassar could pose a danger to other children.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2024. Defendant Stollak's failure to report Defendant Nassar endangered dozens, if not hundreds of Plaintiffs who were subsequently sexually abused, assaulted, and molested by Defendant Nassar.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2025. Other reports and information reported to Defendants Strampel, Kovan, and Klages as described above are incorporated by reference.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2026. As established in the allegations throughout the Complaint, Defendants Strampel, Kovan, and Klages also had reasonable cause to suspect child abuse or child neglect.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2027. Defendant Strampel, Kovan, and Klages had a duty to report any instances of suspected child abuse or neglect and failed to report.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2028. Defendants Strampel, Kovan, Stollak, and Klages are or were employed by Defendants Michigan State University and Michigan State University Board of Trustees during the time Defendant Nassar was engaged in child abuse and child neglect, and were acting in the scope and course of their employment when they failed to report any instances of suspected child abuse or neglect.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2029. Defendants Klages, Strampel, Kovan, and Stollak are directly civilly liable for the damages proximately caused by their failure to report any instances of suspected child abuse or neglect. Defendants Michigan State University and Michigan State University Board of Trustees are vicariously liable for said damages.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2030. As a direct and/or proximate result of the Defendants' actions and/or inactions, Plaintiffs have suffered and continue to suffer pain and suffering, pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of

enjoyment of life, post-traumatic stress disorder resulting in physically manifested injuries including anxiety, depression, sleep disorders, nightmares, psychological injuries, and physical injuries. Plaintiffs were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2031.  In the alternative, the actions or inaction of the Defendants were so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiffs and constitutes gross negligence that is the proximate cause of Plaintiffs' damages. Plaintiffs have suffered and continue to suffer pain and suffering, pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of enjoyment of life, post-traumatic stress disorder resulting in physically manifested injuries including anxiety, depression, sleep disorders, nightmares, psychological injuries, and physical injuries. Plaintiffs were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## VIII.   CLAIMS AGAINST USA GYMNASTICS

2032.  Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2033.  The Plaintiffs with claims against USAG include Plaintiffs Rachael Denhollander, Jessica Howard, Kaylee Lorincz, Olivia Cowan, Alison Chauvette, Bethany Bauman, Jane A7 Doe, Amy Labadie, Jane A12 Doe, Madeleine Jones, J.T. (minor) by S.T., Alexis Moore, Jane A20 Doe by Jane A21 Doe, Emily Morales, Vanasia Bradley, Lindsay Woolever, Chelsea Williams, Ashley Erickson, Jane A31 Doe, Jane A32 Doe, Jaime Doski, Jane A38 Doe, Gwen Anderson, Amanda Barterian, Taryn Akemi Look, N.W. (minor) by R.W.,

Jane A50 Doe, Katherine Black, Melissa Vigogne, Jane A59 Doe, Alexandra Romano, Jane A64 Doe, Jane A65 Doe, Jane A66 Doe, Emily Goetz, Margaret "Maggie" Nichols, Jane A71 Doe, J.S. (minor), Jane A78 Doe, Anna Dayton, Brittney Schumann, A.B., Helena Weick, Megan Halicek, J.C., Kara Johnson, Madeline Johnson, Jane A90 Doe, Jane A91 Doe, Jane A92 Doe, Jane A93 Doe, Selena Brennan, Jane A94 Doe, Jane A96 Doe, Jane A98 Doe, Jane A99 Doe, Jane A100 Doe, Jane A101 Doe, Jane A103 Doe, Jane A104 Doe, Jane A107 Doe, Jane A108 Doe, Jane A109 Doe, Kathryn Middleton.

**ANSWER:    USAG denies liability to the listed plaintiffs.**

2034.    The above referenced Plaintiffs will collectively be referred to hereinafter as "the USAG Plaintiffs."

**ANSWER:    This paragraph does not contain any allegations of fact.  As such, no response is required.**

## A.    COUNT SIXTEEN

## ALLEGED GROSS NEGLIGENCE

## ALL USAG PLAINTIFFS AGAINST DEFENDANT USAG AND DEFENDANT NASSAR

2035.    Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2036.    Defendant USAG owed the USAG Plaintiffs a duty to use due care to ensure their safety and freedom from sexual assault, abuse, and molestation while interacting with their employees, representatives, and/or agents.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2037.    The above-named Plaintiffs are or were members of USAG, participated in USAG sanctioned events, and were knowledgeable of and in some cases referred to Defendant Nassar through USAG affiliations.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

2038.    Defendant Nassar owed the USAG Plaintiffs a duty to use due care in his capacity as an employee, representative, and/or agent of Defendant USAG.

**ANSWER:** **The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2039. By seeking medical treatment from Defendant Nassar in his capacity as an employee, agent, and/or representative of Defendant USAG, a special, confidential, and fiduciary relationship between the USAG Plaintiffs and Defendant Nassar was created, resulting in Defendant Nassar owing Plaintiffs a duty to use due care.

**ANSWER:** **The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2040. Defendant USAG's failure to adequately supervise Defendant Nassar was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to the USAG Plaintiffs.

**ANSWER:** **Denied.**

2041. Defendant Nassar's conduct in sexually assaulting, abusing, and molesting Plaintiffs under the guise of rendering medical "treatment" as an employee, representative, and/or agent of Defendant USAG was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to the USAG Plaintiffs.

**ANSWER:** **Denied.**

2042. Defendant USAG's conduct demonstrated a willful disregard for necessary precautions to reasonably protect the USAG Plaintiffs' safety.

**ANSWER:** **Denied.**

2043. Defendant USAG's conduct as described above, demonstrated a willful disregard for substantial risks to the USAG Plaintiffs.

**ANSWER:** **Denied.**

2044. Defendant USAG breached duties owed to the USAG Plaintiffs and were grossly negligent when they conducted themselves by actions described above, including but not limited to their failure to notify its member athletes as early as 1998, andand [sic] their failure to notify the MSU Defendants about the reasons for Nassar's separation from USAG and more broadly the issues surrounding sexual abuse in gymnastics and warning signs and reporting requirements. Said acts were committed with reckless disregard for Plaintiffs' health, safety, Constitutional and/or statutory rights, and with a substantial lack of concern as to whether an injury would result.

**ANSWER:** **Denied.**

2045. As a direct and/or proximate result of Defendant USAG's actions and/or inactions, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:    Denied.**

## B.    COUNT SEVENTEEN

### ALLEGED NEGLIGENCE

### ALL USAG PLAINTIFFS AGAINST DEFENDANT USAG AND DEFENDANT NASSAR

2046. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2047. Defendant USAG owed the USAG Plaintiffs a duty of ordinary care to ensure their safety and freedom from sexual assault, abuse, and molestation while being treated by their employees, representatives, and agents.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2048. The USAG Plaintiffs as members of the USAG had a reasonable expectation that the USAG was recommending competent and ethical physicians and trainers for medical treatment who would carry out said treatment without sexual assault, abuse, and molestation.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2049. By being members of USAG, and by seeking medical treatment from Defendant Nassar in his capacity as an employee, agent, and/or representative of Defendant USAG, a special, confidential, and fiduciary relationship between the USAG Plaintiffs and Defendatn [sic] USAG, and the USAG Plaintiffs and and [sic] Defendant Nassar was created, resulting in Defendants USAG and Nassar owing the aforementioned Plaintiffs a duty to use ordinary care.

**ANSWER:** **The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2050. Defendant Nassar owed the USAG Plaintiffs a duty of ordinary care in carrying out medical treatment.

**ANSWER:** **The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2051. Defendant USAG's failure to adequately train and supervise Defendant Nassar breached the duty of ordinary care.

**ANSWER:** **Denied.**

2052. Defendant USAG's failure to properly investigate, address, and remedy complaints regarding Defendant Nassar's conduct was a breach of ordinary care.

**ANSWER:** **Denied.**

2053. Defendant USAG's failure to inform the USAG Plaintiffs and the public of the allegations and concerns leading to Defendant Nassar's separation from USAG was a breach of ordinary care.

**ANSWER:** **Denied.**

2054. Defendant Nassar's conduct in sexually assaulting, abusing, and molesting the USAG Plaintiffs was a breach of the duty to use ordinary care.

**ANSWER:** **USAG denies any liability for Nassar's conduct.**

2055. As a direct and/or proximate result of Defendants' conduct, actions and/or inactions, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:** **Denied.**

## C. COUNT EIGHTEEN

## ALLEGED VICARIOUS LIABILITY

## ALL USAG PLAINTIFFS AGAINST DEFENDANT USAG

2056. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2057. Vicarious liability is indirect responsibility imposed by operation of law where an employer is bound to keep its employees within their proper bounds and is responsible if it fails to do so.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2058. Vicarious liability essentially creates agency between the principal and its agent, so that the principal is held to have done what the agent has done.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2059. Defendant USAG's website contains sites portraying Defendant Nassar as the recipient of distinguished awards and boasts him as having been "instrumental" to the success of USA gymnastics.

**ANSWER:    Admitted only that USAG's website formerly referred to Nassar.  Denied that the website presently refers to Nassar.**

2060. Defendant USAG employed and/or held Defendant Nassar out to be its agent and/or representative from approximately 1986 to 2015.

**ANSWER:    Denied.**

2061. Defendant USAG is vicariously liable for the actions of Defendant Nassar as described above that were performed during the course of his employment, representation, or agency with Defendant USAG and while he had unfettered access to young female athletes.

**ANSWER:    Denied.**

2062. As a direct and/or proximate cause of Defendant Nassar's negligence carried out in the course of his employment, agency, and/or representation with Defendant USAG Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to

be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:    Denied.**

### D.    COUNT NINETEEN

### ALLEGED EXPRESS/IMPLIED AGENCY

### ALL USAG PLAINTIFFS AGAINST DEFENDANT USAG

2063.    Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2064.    An agent is a person who is authorized by another to act on its behalf.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2065.    Defendant USAG intentionally or negligently made representations that Defendant Nassar was their employee, agent, and/or representative.

**ANSWER:    Denied.**

2066.    On the basis of those representations, Plaintiffs reasonably believed and relied upon the belief that Defendant Nassar was acting as an employee, agent, and/or representation of Defendant USAG.

**ANSWER:    Denied.**

2067.    Plaintiffs were injured as a result of Defendant Nassar's sexual assault, abuse, and molestation as described above carried out through his employment, agency, and/or representation with Defendant USAG.

**ANSWER:    Denied that Nassar was the employee or agent of USAG or that USAG is liable for Nassar's acts.**

2068.    Plaintiffs were injured because they relied on Defendant USAG to provide employees or agents who would exercise reasonable skill and care.

**ANSWER:    Denied.**

2069. As a direct and/or proximate cause of Defendant Nassar's negligence carried out in the course of his employment, agency, and/or representation with Defendant USAG Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:    Denied.**

## E.    COUNT TWENTY

### ALLEGED NEGLIGENT SUPERVISION

### ALL USAG PLAINTIFFS AGAINST DEFENDANT USAG

2070. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2071. Defendant USAG had a duty to provide reasonable supervision of its employee, agent, and/or representative, Defendant Nassar, while he was in the course of his employment, agency and/or representation of Defendant USAG and while he interacted with young female athletes including Plaintiffs.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2072. It was reasonably foreseeable given the known sexual abuse in youth sports and gymnastics in particular that Defendant Nassar who had prior allegations against him had or would sexually abuse children, including Plaintiffs, unless properly supervised.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2073. Defendant USAG by and through their employees, agents, managers and/or assigns such as Mr. Penny or Mr. Colarossi, knew or reasonably should have known of Defendant Nassar's conduct and/or that Defendant Nassar was an unfit employee,

agent, and/or representative because of his sexual interest in children and young adults.

**ANSWER:    Denied.**

2074.  Defendant USAG breached its duty to provide reasonable supervision of Defendant Nassar, and its failure permitted Defendant Nassar, who was in a position of trust and authority, to commit the acts against Plaintiffs.

**ANSWER:    Denied.**

2075.  The aforementioned sexual abuse occurred while Defendant Nassar was acting in the course of his employment, agency and/or representation of Defendant USAG.

**ANSWER:    Denied.**

2076.  Defendant USAG tolerated, authorized and/or permitted a custom, policy, practice or procedure of insufficient supervision and failed to adequately screen, counsel or discipline Defendant Nassar, with the result that Defendant Nassar was allowed to violate the rights of persons such as the USAG Plaintiffs with impunity.

**ANSWER:    Denied.**

2077.  As a direct and/or proximate result of Defendant USAG's negligent supervision, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:    Denied.**

## F.    <u>COUNT TWENTY-ONE</u>

### <u>ALLEGED NEGLIGENT FAILURE TO WARN OR PROTECT</u> <u>ALL USAG PLAINTIFFS AGAINST DEFENDANT USAG</u>

2078.  Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2079.   Given the direct or indirect knowledge of sexual abuse in youth sports and in particular gymnastics, it was reasonably foreseeable that sexual abuse of minors may occur if proper procedures were not taken by Defendant USAG.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2080.   Defendant USAG knew or should have known that Defendant Nassar posed a risk of harm to Plaintiffs or those in Plaintiffs' situation.

**ANSWER:    Denied.**

2081.   Defendant USAG had direct and/or constructive knowledge as to the dangerous conduct of Defendant Nassar and failed to act reasonably and responsibly in response.

**ANSWER:    Denied.**

2082.   Defendant USAG knew or should have known that Defendant Nassar previously committed sexual assault, abuse, and molestation and/or was continuing to engage in such conduct.

**ANSWER:    Denied.**

2083.   Defendant USAG had a duty to warn or protect the USAG Plaintiffs (its members) and others in Plaintiffs' situation against the risk of injury by Defendant Nassar.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2084.   The duty to disclose this information arose by the special, trusting, confidential, and fiduciary relationship between Defendant Nassar in his capacity as employee, agent, and/or representative of Defendant USAG and the USAG Plaintiffs.

**ANSWER:    Denied.**

2085.   Defendant USAG breached said duty by failing to warn Plaintiffs and/or by failing to take reasonable steps to protect the USAG Plaintiffs from Defendant Nassar.

**ANSWER:    Denied.**

2086.   Defendant USAG failed to warn its members about prior complaints regarding Defendant Nassar.

**ANSWER:    Denied.  USAG reported its concerns to the FBI, which asked USAG to refrain from taking any action that would interfere with its investigation.  USAG denies that it owed**

**or breached any legal duty to report concerns about Nassar to private entities, members of USAG, or the public.**

2087. Defendant USAG breached its duties to protect Plaintiffs by failing to detect and/or uncover evidence of sexual abuse and sexual assault, investigate Defendant Nassar, adjudicate and suspend and/or ban Defendant Nassar from USAG affiliation and USAG sanctioned events.

**ANSWER:   Denied.**

2088. Defendant USAG failed to adequately screen, counsel and/or discipline Defendant Nassar for physical and/or mental conditions that might have rendered him unfit to discharge the duties and responsibilities of a physician in his capacity as an employee, agent, and/or representative of Defendant USAG, resulting in violations of the USAG Plaintiffs.

**ANSWER:   Denied.**

2089. Defendant USAG willfully refused to notify, give adequate warning, and implement appropriate safeguards to protect Plaintiffs from Defendant Nassar's conduct.

**ANSWER:   Denied.**

2090. As a direct and/or proximate result of Defendant USAG's negligent failure to warn or protect, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:   Denied.**

## G.    COUNT TWENTY-TWO

## ALLEGED NEGLIGENT FAILURE TO TRAIN OR EDUCATE
## ALL USAG PLAINTIFFS AGAINST DEFENDANT USAG

2091. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2092. Defendant USAG breached its duty to take reasonable protective measures to protect the USAG Plaintiffs and other individuals from the risk of childhood sexual abuse and/or sexual assault by Defendant Nassar, such as the failure to properly train or educate Plaintiffs and other individuals (including minors) about how to avoid such a risk.

**ANSWER: Denied.**

2093. Defendant USAG failed to implement reasonable safeguards to:

    a.    Prevent acts of sexual assault, abuse, and molestation by Defendant Nassar;

    b.    Avoid placing Defendant Nassar in positions where he would have unsupervised contact and interaction with Plaintiffs and other young athletes.

**ANSWER: Denied.**

2094. Defendant USAG failed to train or educate their members regarding the foreseeability and danger of sexual abuse by adults in authority positions.

**ANSWER: Denied.**

2095. As a direct and/or proximate result of Defendant USAG's negligent failure to train or educate, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER: Denied.**

## H.    COUNT TWENTY-THREE

## ALLEGED NEGLIGENT RETENTION

## ALL USAG PLAINTIFFS AGAINST DEFENDANT USAG

2096. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2097. Defendant USAG had a duty when credentialing, hiring, retaining, screening, checking, regulating, monitoring, and supervising employees, agents and/or representatives to exercise due care, but they failed to do so.

**ANSWER:** **The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2098. Defendant USAG was negligent in the retention of Defendant Nassar as an employee, agent, and/or representative in their failure to adequately investigate, report, and address complaints about his conduct of which they knew or should have known.

**ANSWER:** **Denied.**

2099. Defendant USAG was negligent in the retention of Defendant Nassar when after they discovered, or reasonably should have discovered Defendant Nassar's conduct which reflected a propensity for sexual misconduct.

**ANSWER:** **Denied.**

2100. Defendant USAG's failure to act in accordance with the standard of care resulted in Defendant Nassar gaining access to and sexually abusing and/or sexually assaulting the USAG Plaintiffs as well as an unknown number of other individuals.

**ANSWER:** **Denied.**

2101. The aforementioned negligence in the credentialing, hiring, retaining, screening, checking, regulating, monitoring, and supervising of Defendant Nassar created a foreseeable risk of harm to the USAG Plaintiffs as well as other minors and young adults.

**ANSWER:** **Denied.**

2102. As a direct and/or proximate result of Defendant USAG's negligent retention, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life; were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life; have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:** **Denied.**

## I.      COUNT TWENTY-FOUR

## ALLEGED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## ALL USAG PLAINTIFFS AGAINST DEFENDANT USAG

2103.  Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:  Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2104.  Defendant USAG allowed Defendant Nassar to be in a position where he could sexually assault, abuse, and molest children and young adults.

**ANSWER:  Denied.**

2105.  A reasonable person would not expect Defendant USAG to tolerate or permit their employee, agent, or representative to carry out sexual assault, abuse, or molestation.

**ANSWER:  This paragraph contains an allegation of law, for which no answer is required. To the extent that an answer is required, USAG denies that it tolerated or permitted an employee, agent, or representative to carry out sexual assault, abuse, or molestation and denies the allegations in this paragraph.**

2106.  Defendants USAG held Defendant Nassar in high esteem and acclaim which in turn encouraged Plaintiffs and others to respect and trust Defendant Nassar and seek out his services and to not question his methods or motives.

**ANSWER:  Denied.**

2107.  Defendants USAG protected Defendant Nassar in part to bolster its national and international reputation in the gymnastics community.

**ANSWER:  Denied.**

2108.  A reasonable person would not expect Defendant USAG to be incapable of supervising Defendant Nassar and/or preventing Defendant Nassar from committing acts of sexual assault, abuse and molestation.

**ANSWER:  This paragraph contains an allegation of law, for which no answer is required. To the extent that an answer is required, USAG denies any liability for Nassar's acts and denies the allegations in this paragraph.**

2109.  Defendant USAG's conduct as described above was intentional and/or reckless.

**ANSWER:  Denied.**

2110.  As a direct and/or proximate result of Defendant USAG's conduct, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of

emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:    Denied.**

## J.    COUNT TWENTY-FIVE

### ALLEGED FRAUD AND MISREPRESENTATION

### ALL USAG PLAINTIFFS AGAINST DEFENDANT USAG

2111.    Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:    Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2112.    Specifically, Plaintiffs incorporate the allegations contained in §§VI.A. and VI.C., Fraudulent Concealment.

**ANSWER:    Defendant incorporates by reference its answers to paragraphs 1733-1747 and 1769-1797 contained in §§VI.A. and VI.C, Fraudulent Concealment.**

2113.    From approximately 1996 to summer 2015, Defendant USAG represented to Plaintiffs and the public that Defendant Nassar was a competent, ethical, and safe physician.

**ANSWER:    Denied.  Further, the allegations in this paragraph fail to comply with Fed. R. Civ. P. 9(b).**

2114.    By representing that Defendant Nassar was a team physician and athletic physician at Defendant MSU and a National Team Physician with Defendant USAG, Defendant USAG represented to Plaintiffs and the public that Defendant Nassar was safe, trustworthy, of high moral and ethical repute, and that Plaintiffs and the public need not worry about being harmed by Defendant Nassar.

**ANSWER:    Denied. Further, the allegations in this paragraph fail to comply with Fed. R. Civ. P. 9(b).**

2115.    The representations were false when they were made as Defendant Nassar had and was continuing to sexually assault, abuse, and molest Plaintiffs and an unknown number of other individuals.

**ANSWER: Denied. Further, the allegations in this paragraph fail to comply with Fed. R. Civ. P. 9(b).**

2116. Additionally, complaints were made to Defendant USAG, either directly or through its agents, such as Defendant Geddert, yet Defendant USAG did not contact their members, including USAG Plaintiffs, or the MSU Defendants, or any other clubs, or organizations affiliated with Defendant Nassar to inform them of the allegations and potential harm to Plaintiffs and others.

**ANSWER: Denied. Further, the allegations in this paragraph fail to comply with Fed. R. Civ. P. 9(b).**

2117. Plaintiffs relied on the assertions of Defendant USAG and several Plaintiffs continued to seek treatment of Defendant Nassar in the wake of known concerns and dangers.

**ANSWER: Denied. Further, the allegations in this paragraph fail to comply with Fed. R. Civ. P. 9(b).**

2118. Plaintiffs were subjected to sexual assault, abuse, and molestation as a result of Defendant USAG's fraudulent misrepresentations regarding Defendant Nassar.

**ANSWER: Denied. Further, the allegations in this paragraph fail to comply with Fed. R. Civ. P. 9(b).**

2119. As a direct and/or proximate result of Defendant USAG's fraudulent misrepresentations, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life; were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life; have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER: Denied. Further, the allegations in this paragraph fail to comply with Fed. R. Civ. P. 9(b).**

## IX. CLAIMS AGAINST TWISTARS/GEDDERT

2120. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2121. Plaintiffs with claims against Defendants Twistars and Geddert include Bethany Bauman, Amy Labadie, J.T. (minor), Lindsay Woolever, Jane A38 Doe, Amanda Barterian, Jane A50 Doe, Jane A71 Doe, A.B., Kara Johnson, M.J., Jane A98 Doe, Jane A104 Doe, and Jane A107 Doe.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2122. The above referenced Plaintiffs will collectively be referred to hereinafter as "the Twistars Plaintiffs."

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

### A. COUNT TWENTY-SIX

### ALLEGED GROSS NEGLIGENCE

### ALL TWISTARS PLAINTIFFS AGAINST

### DEFENDANTS TWISTARS, GEDDERT, NASSAR

2123. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2124. Defendant Twistars owed the Twistars Plaintiffs a duty to use due care to ensure their safety and freedom from sexual assault, abuse, and molestation while interacting with their employees, representatives, and/or agents.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2125. Defendant Nassar owed Plaintiffs a duty to use due care as an employee, representative, and/or agent of Defendant Twistars.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2126. By seeking medical treatment at Twistars from Defendant Nassar in his capacity as an employee, agent, and/or representative of Defendant Twistars, a special, confidential, and fiduciary relationship between the Twistars Plaintiffs and Defendant Twistars, and

the Twistars Plaintiffs and Defendant Nassar was created, resulting in Defendants Twistars and Nassar owing Plaintiffs a duty to use due care.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2127.   In or around 1998, a parent of a gymnast at Defendant Twistars' facility complained to Defendant Geddert regarding Defendant Nassar's conduct alleging sexual abuse, assault, and molestation.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2128.   When Defendant Geddert received the 1998 complaint from the parent, Defendant John Geddert was the owner and operator of Twistars USA, Inc. d/b/a Geddert's Twistars Gymnastics Club USA and also an agent of Defendant USAG.

**ANSWER:    Denied that Geddert was an agent of USAG.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations asserted in this paragraph.**

2129.   Despite being informed of Defendant Nassar's conduct, Defendant Geddert continued to require his members to see Defendant Nassar for medical treatment and recommended that others see Defendant Nassar for medical treatment.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2130.   Defendants Twistars and Geddert knew or should have known what "treatments" Defendant Nassar was performing on their premises.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2131.   Plaintiffs relied on Defendants Twistars and Geddert to provide employees and agents that would use reasonable care and skill and not cause them harm.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2132.   Also, in or around 1998, after being assaulted at Twistars, Plaintiff Jane A71 Doe, at approximately 12 years old, told a coach at Twistars, Defendant Nassar was being inappropriate and doing inappropriate things.

**ANSWER:** The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.

2133. To the best of Plaintiff Jane A71 Doe's knowledge, belief, and understanding, the coach at Twistars took absolutely no steps to investigate or report Defendant Nassar's conduct.

**ANSWER:** The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.

2134. Defendant John Geddert is or was the owner and operator of Twistars USA, Inc. d/b/a Geddert's Twistars Gymnastics Club USA. Defendant Geddert also served as the USA World and 2012 Olympic Women's Gymnastics Team Head Coach.

**ANSWER:** The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, USAG admits that Geddert was a coach at the 2011 world championships and the 2012 Olympics; otherwise, the allegations are denied insofar as they relate to USAG.

2135. Given known sexual abuse which has taken place in youth sports including gymnastics and the reasonable foreseeability that harm may occur to athletes, Defendants Twistars and Geddert not only referred athletes to Defendant Nassar but also failed to adequately supervise Defendant Nassar on Twistars premises. Defendant Twistars' actions were so reckless as to demonstrate a substantial lack of concern for whether an injury would result to the Twistars Plaintiffs.

**ANSWER:** The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.

2136. Defendant Nassar's conduct in sexually assaulting, abusing, and molesting the Twistars Plaintiffs in the course of his employment, agency, and/or representation of Defendants Twistars and Geddert and under the guise of rendering medical "treatment" as an employee, representative, and/or agent of Defendant Twistars was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to the Twistars Plaintiffs

**ANSWER:** The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.

2137. Defendant Twistars' conduct demonstrated a willful disregard for precautions to ensure the Twistars Plaintiffs' safety.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2138. Defendants Twistars and Geddert's conduct as described above, demonstrated a willful disregard for substantial risks to the Twistars Plaintiffs.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2139. Defendants Twistars and Geddert breached duties owed to Plaintiffs and were grossly negligent when they conducted themselves by actions described above, said acts having been committed with reckless disregard for the Twistars Plaintiffs' health, safety, Constitutional and/or statutory rights, and with a substantial lack of concern as to whether an injury would result.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2140. As a direct and/or proximate result of Defendants Twistars and Geddert's actions and/or inactions, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

B. **COUNT TWENTY-SEVEN**

**ALLEGED NEGLIGENCE**

**ALL TWISTARS PLAINTIFFS AGAINST**

**DEFENDANTS TWISTARS, GEDDERT, NASSAR**

2141. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:  Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2142.  In or around 1998, a parent of a gymnast at Defendant Twistars' facility complained to Defendant Geddert, the owner and operator of Defendant Twistars, regarding Defendant Nassar's conduct alleging sexual abuse, assault, and molestation.

**ANSWER:  The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2143.  When Defendant Geddert received the 1998 complaint from the parent, Defendant John Geddert was the owner and operator of Twistars USA, Inc. d/b/a Geddert's Twistars Gymnastics Club USA and also an agent of Defendant USAG.

**ANSWER:  Denied that Geddert was an agent of USAG.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations asserted in this paragraph.**

**ANSWER:**

2144.  Despite being informed of Defendant Nassar's conduct, Defendant Geddert recommended Defendant Nassar as a physician to members and guests of Defendant Twistars.

**ANSWER:  The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2145.  Defendants Twistars and Geddert knew or should have known what "treatments" Defendant Nassar was performing on their premises.

**ANSWER:  The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2146.  Plaintiffs relied on Defendants Twistars and Geddert to provide employees that would use reasonable care and skill and not cause them harm.

**ANSWER:  The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2147.  Also, in or around 1998, after being assaulted at Twistars Plaintiff Jane A71 Doe, at approximately 12 years old, told a coach at Twistars, Defendant Nassar was being inappropriate and doing inappropriate things.

**ANSWER:** The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.

2148. To the best of Plaintiff Jane A71 Doe's knowledge, belief, and understanding, the coach at Twistars took absolutely no steps to investigate or report Defendant Nassar's conduct.

**ANSWER:** The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.

2149. In or around 2010, Defendant Geddert witnessed a gymnast who was approximately 15 years old being sexual assaulted by Defendant Nassar.

**ANSWER:** The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.

2150. Upon witnessing the sexual assault, Defendant Geddert made a joke and made a statement to the gymnast to effect of: "I guess your back really did hurt."

**ANSWER:** The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.

2151. In or around 2010, Defendant Geddert was owner and operator of Defendant Twistars.

**ANSWER:** The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.

2152. In or around 2011, Defendant Geddert was traveling in a vehicle with members of the USAG Senior National Team, including Aly Raisman.

**ANSWER:** The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.

2153. In or around 2011, Defendant Geddert was serving in his capacity as a USAG Olympic Coach, and was also owner and operator of Twistars.

**ANSWER:** Denied that Geddert was a USAG Olympic Coach in 2011. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations asserted in this paragraph.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2154. Ms. Raisman indicated she and her teammates would talk about Defendant Nassar's conduct amongst themselves.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2155. While traveling together, in Defendant Geddert's presence, one of Ms. Raisman's teammates described "in graphic detail" what Defendant Nassar had done to her the prior evening.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2156. Ms. Raisman stated Defendant Geddert did not question her or her teammate about the statements made.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2157. Defendant Geddert owed the Twistars Plaintiffs a duty of ordinary care to ensure their safety and freedom from sexual assault, abuse, and molestation.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2158. In recommending Defendant Nassar with knowledge of Defendant Nassar's conduct, Defendant Geddert breached the duty of ordinary care to the Twistars Plaintiffs and the public.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2159. Defendant Twistars breached the duty of ordinary care to Plaintiffs and the public in failing to investigate the 1998 allegations, which were made to Defendant Geddert and his agent.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2160. Defendant Twistars breached the duty of ordinary care to the Twistars Plaintiffs and the public by failing to report the 1998 allegations, which were made to Defendant Geddert and his agent, to law enforcement.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2161. The Twistars Plaintiffs as members of Defendant Twistars, in taking the recommendation of Defendant Geddert to seek medical treatment from Defendant Nassar, had a reasonable expectation that Defendant Nassar as an employee or agent of Twistars would carry out medical treatment without subjecting them to sexual assault, abuse, or molestation and that Defendant Geddert as owner and operator of Twistars would reasonably supervise Defendant Nassar.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2162. The Twistars Plaintiffs who attending and competed in USAG sanctioned meets sponsored by Defendant Twistars and received treatment from Defendant Nassar at said events had a reasonable expectation that Defendant Nassar would carry out medical treatment without subjecting her to sexual assault, abuse, or molestation and that Defendant Geddert as owner and operator of Twistars would reasonably supervise Defendant Nassar.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2163. The Twistars Plaintiffs who attended a USAG sanctioned meet sponsored by Defendant Twistars and received treatment from Defendant Nassar at said events had a reasonable expectation that Defendant Nassar would carry out medical treatment without subjecting them to sexual assault, abuse, or molestation and that Defendant Geddert as owner and operator of Twistars would reasonably supervise Defendant Nassar.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2164. By seeking medical treatment from Defendant Nassar, a special, confidential, and fiduciary relationship between the Twistars Plaintiffs and Defendant Nassar and the Twistars Plaintiffs and Twisars [sic] was created, resulting in Defendant Nassar owing Plaintiffs a duty to use ordinary care.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2165. Defendant Nassar owed the Twistars Plaintiffs a duty of ordinary care in carrying out medical treatment at Defendants Twistars and Geddert's facilities.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2166. Defendants Twistars and Geddert's failure to adequately train and supervise Defendant Nassar while he was at their facility breached the duty of ordinary care.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2167. Defendant Nassar's conduct at Defendant Twistars' facility, in sexually assaulting, abusing, and molesting the Twistars Plaintiffs in the course of and under the guise of rendering medical "treatment" was a breach of the duty to use ordinary care.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2168. As a direct and/or proximate result of Defendants' conduct, actions and/or inactions, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## C.    COUNT TWENTY-EIGHT

### ALLEGED EXPRESS/IMPLIED AGENCY

### ALL TWISTARS PLAINTIFFS AGAINST DEFENDANT TWISTARS

2169. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:  Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2170. An agent is a person who is authorized by another to act on its behalf.

**ANSWER:  The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2171. Defendant Twistars intentionally or negligently made representations that Defendant Nassar was their employee, agent, and/or representative.

**ANSWER:  The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2172. On the basis of those representations, the Twistars Plaintiffs reasonably believed that Defendant Nassar was acting as an employee, agent, and/or representative of Defendant Twistars.

**ANSWER:  The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2173. It was believed that Defendant Nassar was at Defendant Twistars' facility regularly on Monday nights (and other times) rendering medical treatment.

**ANSWER:  The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2174. The Twistars Plaintiffs were injured as a result of Defendant Nassar's sexual assault, abuse, and molestation as described above.

**ANSWER:  The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2175. The Twistars Plaintiffs were injured because they relied on Defendant Twistars to provide employees, agents, and/or representatives who would exercise reasonable skill or care.

**ANSWER:  The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2176. As a proximate cause of Defendant Nassar's negligence carried out through his employment, agency, and or representation of Defendant Twistars, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## D.     COUNT TWENTY-NINE

### ALLEGED NEGLIGENT SUPERVISION

### ALL TWISTARS PLAINTIFFS AGAINST

### DEFENDANTS TWISTARS, GEDDERT

2177. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2178. Defendants Twistars and Geddert had a duty to provide reasonable supervision of its employee, agent, and/or representative, Defendant Nassar, while he was in the course of his employment, agency, or representation of Defendant Twistars when he interacted with young female athletes including Plaintiffs.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2179. It was reasonably foreseeable given the known sexual abuse in youth sports and gymnastics in particular that Defendant Nassar who had prior allegations against him had or would sexually abuse children, including the Twistars Plaintiffs, unless properly supervised.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2180. Defendants Twistars and Geddert by and through their employees, agents, managers, and/or assigns, knew or reasonably should have known of Defendant Nassar's conduct and/or that Defendant Nassar was an unfit employee, agent, and/or representative because of his sexual interest in children and young adults and due to:

    a.    the 1998 complaints made to Defendant Geddert and his agent of the nonconsensual sexual touching during "treatment";

    b.    Defendant Geddert witnessing a sexual assault in or around 2010; and,

    c.    Defendant Geddert overhearing an USAG National/Olympic athlete describe Defendant Nassar's misconduct in or around 2011.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2181. Defendants Twistars and Geddert breached its duty to provide reasonable supervision of Defendant Nassar, and permitted Defendant Nassar, who was in a position of trust and authority, to commit the acts against the Twistars Plaintiffs.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2182. The aforementioned sexual abuse occurred while the Twistars Plaintiffs and Defendant Nassar were on the premises of Defendant Twistars, and while Defendant Nassar was acting in the course of his employment, agency, or representation of Defendant Twistars.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2183. Defendant Twistars tolerated, authorized and/or permitted a custom, policy, practice or procedure of insufficient supervision and failed to adequately screen, counsel, or discipline such individuals, with the result that Defendant Nassar was allowed to violate the rights of persons such as the Twistars Plaintiffs with impunity.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2184. Defendants Twistars and Geddert failed to require that a chaperone be present when Defendant Nassar was treting [sic] sensitive areas of the Twistars Plaintiffs on Defendant Twistars' premises.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2185. As a direct and/or proximate result of Defendant Twistars' negligent supervision, the Twistars Plaintiffs were assaulted and Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## E. COUNT THIRTY

### ALLEGED NEGLIGENT FAILURE TO WARN OR PROTECT
### ALL TWISTARS PLAINTIFFS AGAINST
### DEFENDANTS TWISTARS, GEDDERT

2186. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2187. Defendant Twistars knew or should have known that Defendant Nassar posed a risk of harm to Plaintiffs or those in Plaintiffs' situation.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2188. As early as 1998, Defendant Twistars, by complaints made to its owner/employees/agents/representatives (*i.e.*, Defendant John Geddert and a coach), had direct and/or constructive knowledge as to the dangerous conduct of Defendant Nassar and failed to act reasonably and responsibly in response.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2189. Defendants Twistars and Geddert knew or should have known that Defendant Nassar committed sexual assault, abuse, and molestation and/or was continuing to engage in such conduct.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2190. Defendants Twistars and Geddert had a duty to warn or protect the Twistars Plaintiffs and others in Plaintiffs' situation against the risk of injury by Defendant Nassar.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2191. The duty to disclose this information arose by the special, trusting, confidential, and fiduciary relationship between Defendant Nassar, an agent/representative/employee of Defendant Twistars and the Twistars Plaintiffs.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2192. The duty to disclose this information also arose by the special, trusting, confidential, and fiduciary relationship between the Twistars Plaintiffs and Defendant Twistars by virtue of being dues paying members with Defendant Twistars.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2193. Defendants Twistars and Geddert breached said duty by failing to warn the Twistars Plaintiffs and/or by failing to take reasonable steps to protect the Twistars Plaintiffs from Defendant Nassar.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2194. Defendants Twistars and Geddert breached its duties to protect the Twistars Plaintiffs by failing to detect and/or uncover evidence of sexual abuse and sexual assault, which was taking place on its premises and at its facility.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2195. Defendants Twistars and Geddert breached its duties to protect the Twistars Plaintiffs by failing to investigate Defendant Nassar, and adjudicate, suspend, and/or ban Defendant Nassar from Twistars' premises including USAG sanctioned events held at Twistars.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2196. Defendants Twistars and Geddert failed to adequately screen, counsel, and/or discipline Defendant Nassar for physical and/or mental conditions that might have rendered him unfit to discharge the duties and responsibilities of a physician with their organization, resulting in violations of the Twistars Plaintiffs.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2197. Defendants Twistars and Geddert willfully refused to notify, give adequate warning, and implement appropriate safeguards to protect the Twistars Plaintiffs from Defendant Nassar's conduct.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2198. As a direct and/or proximate result of Defendant Twistars' negligent failure to warn or protect, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## F. COUNT THIRTY-ONE

## ALLEGED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## ALL TWISTARS PLAINTIFFS AGAINST
## DEFENDANTS TWISTARS, GEDDERT

2199. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2200. Defendants Twistars and Geddert allowed Defendant Nassar to be in a position where he could sexually assault, abuse, and molest children and young adults at its facility and other places.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2201. A reasonable person would not expect Defendants Twistars and Geddert to tolerate or permit their employee, agent, or representative to carry out sexual assault, abuse, or molestation.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2202. Defendants Twistars and Geddert held Defendant Nassar in high esteem and acclaim which in turn encouraged Plaintiffs and others to respect and trust Defendant Nassar, seek his services, and to not question his methods or motives.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2203. Defendants Twistars and Geddert protected Defendant Nassar in part to bolster and sustain his national and international reputation in the gymnastics community, and Twistars' reputation in the gymnastics community, which resulted in monetary gain for the facility.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2204. A reasonable person would not expect Defendants Twistars and Geddert to be incapable of supervising Defendant Nassar and/or preventing Defendant Nassar from committing acts of sexual assault, abuse, and molestation on their premises and at their facility.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2205. Defendants Twistars and Geddert's conduct as described above was intentional and/or reckless.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2206. As a result of Defendant Twistars and Geddert's conduct, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## G.     COUNT THIRTY-TWO

### ALLEGED FRAUD AND MISREPRESENTATION
### ALL TWISTARS PLAINTIFFS AGAINST
### DEFENDANTS TWISTARS, GEDDERT

2207. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:     Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2208. Specifically, Plaintiffs incorporate the allegations contained in §§VI.A. and VI.D., Fraudulent Concealment.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2209. From approximately 1996 to September 2016, Defendants Twistars and Geddert represented to the Twistars Plaintiffs, and the public that Defendant Nassar was a competent, ethical, and safe physician.

**ANSWER:     The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2210. By representing that Defendant Nassar was a team physician and athletic physician at Defendant MSU and a National Team Physician with Defendant USAG, Defendant Twistars represented to the Twistars Plaintiffs, and the public that Defendant Nassar was safe, trustworthy, of high moral and ethical repute, and that the Twistars Plaintiffs, and the public need not worry about being harmed by Defendant Nassar.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2211. The representations were false as Defendant Nassar had and was continuing to sexually assault, abuse, and molest the Twistars Plaintiffs and an unknown number of individuals, at Defendant Twistars' facility.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2212. As early as 1998, Defendants Twistars and Geddert knew their representations of Defendant Nassar were false as Defendants Twistars and Geddert received complaints of Defendant Nassar's conduct.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2213. Between the time of the 1998 complaint and September 2016, Defendant Twistars continued to hold Defendant Nassar out as a competent and safe physician.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2214. The Twistars Plaintiffs relied on the assertions of Defendant Twistars and several Plaintiffs continued to seek treatment of Defendant Nassar in the wake of known concerns and dangers.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2215. The Twistars Plaintiffs were subjected to sexual assault, abuse, and molestation as a result of Defendant Twistars' fraudulent misrepresentations regarding Defendant Nassar.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2216. Because of the special relationship between the Twistars Plaintiffs and Defendants Twistars and Geddert, Defendants had an affirmative duty to disclose, warn, and protect.

**ANSWER:  The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2217. As a direct and/or proximate result of Defendant Twistars' fraudulent misrepresentations, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life; were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life; have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:  The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## X.  CLAIMS AGAINST NASSAR

### A.  COUNT THIRTY-THREE

### ALLEGED ASSAULT & BATTERY

### ALL PLAINTIFFS AGAINST DEFENDANT LAWRENCE NASSAR

2218. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:  Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2219. The acts committed by Defendant Nassar against Plaintiffs described herein constitute assault and battery, actionable under the laws of Michigan.

**ANSWER:  The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2220. Defendant Nassar committed nonconsensual sexual acts which resulted in harmful or offensive contact with the bodies of Plaintiffs.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2221. Specifically, Defendant Nassar committed acts which caused injury to Plaintiffs by subjecting them to an imminent battery and/or intentional invasions of their rights to be free from offensive and harmful contact, and said conduct demonstrated that Defendant had a present ability to subject Plaintiffs to an immediate, intentional, offensive and harmful touching.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2222. Defendant Nassar assaulted and battered Plaintiffs by nonconsensual and unwanted digital vaginal penetration, digital anal penetration, and touching some of Plaintiffs' breasts without notice or explanation of the "treatment."

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2223. Plaintiffs did not consent to the contact, which caused injury, damage, loss, and/or harm.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2224. As a direct and/or proximate result of Defendant Nassar's assault and battery, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## B. COUNT THIRTY-FOUR

## ALLEGED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## ALL PLAINTIFFS AGAINST DEFENDANT LAWRENCE NASSAR

2225. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:   Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2226. Defendant Nassar used his authority and position with Defendants MSU and USAG to sexually assault, abuse, and molest Plaintiffs, and an unknown number of other individuals, minors, and young adults.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2227. Defendant Nassar in committing acts of sexual assault, abuse, and molestation as described above under the guise of medical "treatment" exhibited conduct that is extreme, outrageous and/or reckless in nature.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2228. A reasonable person would not expect their physician to sexually assault, abuse, or molest them, and to do so under the guise of medical "treatment" without proper notice or explanation, and without giving the patient the opportunity to refuse "treatment" of that nature.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2229. Defendant Nassar's conduct was intentional and reckless as he repeatedly sexually assaulted, abused, and molested Plaintiffs over several years, from approximately 1996 to 2016.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2230. Defendant Nassar's conduct has caused and continues to cause Plaintiffs to suffer emotional and psychological distress.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2231. As a direct and/or proximate result of Defendant Nassar's outrageous conduct Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections,

and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life, and have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## C.      COUNT THIRTY-FIVE

## ALLEGED FRAUD AND MISREPRESENTATION

## ALL PLAINTIFFS AGAINST DEFENDANT LAWRENCE NASSAR

2232. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER: Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2233. Specifically, Plaintiffs incorporate the allegations contained in §§VI.A. - VI.D., Fraudulent Concealment.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2234. From approximately 1996 to September 2016, Defendant Nassar represented to Plaintiffs and the public that he was a competent, ethical, and safe physician.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2235. By representing that he was a team physician and athletic physician at Defendant MSU and a National Team Physician with Defendant USAG, Defendant Nassar represented to Plaintiffs and the public that he was safe, trustworthy, of high moral and ethical repute, and that Plaintiffs and the public need not worry about being harmed by him.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2236.   The representations were false when they were made as Defendant Nassar had and was continuing to sexually assault, abuse, and molest Plaintiffs and an unknown number of individuals at MSU, Twistars' facilities, USAG meets, Defendant Nassar's home, and other locations.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2237.   Specifically, Defendant Nassar's false representations included but were not limited to the following:

a.      making the statement, explaining, that his acts and/or conduct were a "new procedure" which involved vaginal penetration;

b.      making the statement, referring to his conduct, disguised as "treatment," as a pelvic adjustment;

c.      making the statement, explaining, that his acts and/or conduct was "checking your sternum;"

d.      making the statement, explaining, that his acts and/or conduct was doing a "breast exam;"

e.      making the statement, explaining, that his acts and/or conduct was "treatment" and that it was the same that he performed on Olympic athletes;

f.      making the statement, explaining, that his acts and/or conduct was "attempting to manipulate [their] ribs;" and,

g.      making a statement, explaining to a plaintiff and another medical professional that the position of his hand was in an appropriate place, when it was not and while he was digitally penetrating the plaintiff, all which were made contemporaneously and/or shortly after the abrupt, sudden, quick, and unexpected sexual assaults by Defendant Nassar.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2238.   The material representation(s) to Plaintiffs were false, in that Defendant Nassar was actually engaging in conduct for his own sexual gratification and pleasure evidenced by his observed arousal, flushed face, and closing of the eyes during the conduct.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2239. Plaintiffs relied on the assertions of Defendant Nassar and several Plaintiffs continued to seek treatment of Defendant Nassar even after Defendant Nassar became aware of concerns and complaints of his "treatment."

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2240. When Defendant Nassar made the material representation(s), he knew that they were false, in that he knew that the "treatment[s]" were not proper, appropriate, legitimate, and/or considered within standard of care by any physician of any specialty and/or sports therapist.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2241. Defendant Nassar made the material representation(s) with the intent that the material representation(s) should be acted and/or relied upon by Plaintiffs, in that Plaintiffs:

    a.    would believe that the "treatments" were in fact "treatments,";

    b.    would believe that the "treatment[s]" were proper, appropriate, and legitimate;

    c.    would not believe that they had been sexually assaulted;

    d.    would not believe that they had been sexually assaulted so that he could prevent discovery of his sexual assaults; should continue the "treatment[s]" so that he could continue to sexually assault them;

    e.    would not question and/or report the conduct to appropriate authorities; and,

    f.    would not reasonably believe and not be aware of a possible cause of action that they have against Defendant Nassar and/or Defendant MSU.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2242. Defendant Nassar concealed the fraud by an affirmative act(s) that was/were designed and/or planned to prevent inquiry and escape investigation and prevent subsequent discovery of his fraud, in that he:

    a.    positioned himself in a manner in which parents or chaperones in the room could not see his conduct, so that he could conceal and prevent discovery of his conduct;

b. dismissed a medical professional from the room, during an examination of a plaintiff of whom he was digitally penetrating, who questioned the placement of his hands;

c. prevented other medical professionals, chaperones, parents, guardians, and/or caregivers from being in the room during some examinations and treatments of Plaintiffs so that he could sexually assault Plaintiffs;

d. did not abide by or follow the standard and care which requires another medical professional, chaperone, parent, guardian, and/or caregiver be in the room during the examination and treatment of minors and female patients;

e. did not abide by or follow restrictions that had been put into place in 2014 by Defendant MSU restricting his examination and treatment of patients only with another person in the room; and,

f. gave Plaintiffs, at appointments, gifts such as t-shirts, pins, flags, leotards, and other items, some with USAG logos and others without, in order to gain their trust.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2243. The actions and inactions of Defendant Nassar, as described in the preceding paragraphs, constituted fraud.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2244. Between the times of the 1997 complaint to Defendant Klages, the 1998 complaint to Defendant Twistars, the 1999, 2000 complaint to Defendants Teachnor-Hauk, other MSU coaches and trainers, the 2000 complaint and complaint between 2000 and 2002 to MSU trainers, the 2004 complaint to Meridian Township Police, the 2004 to Defendat [sic] Stollak, and the 2014 Complaint to Defendant Kovan and other MSU officials, and September 2016 when he was fired, Defendant Nassar continued to hold himself out as a competent and safe physician.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2245. Plaintiffs were subjected to sexual assault, abuse, and molestation as a result of Defendant Nassar's fraudulent misrepresentations.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2246. At all times pertinent to this action, Defendant Nassar was an agent, apparent agent, servant, and employee of the MSU Defendants, USAg [sic], and Twistars, and operated within the scope of his employment and agency, and thus and his negligence is imputed to all Defendants.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2247. At all material times, Plaintiffs were entirely free of any negligence contributing to the injuries and damages alleged.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2248. As a direct and/or proximate result of Defendant Nassar's fraudulent misrepresentations, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life; were prevented and will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life; have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## XI.    ALLEGED DAMAGES - FOR ALL AFOREMENTIONED CAUSES OF ACTION

2249. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**ANSWER:** **Defendant incorporates by reference its answers to each of the preceding paragraphs.**

2250. As a direct and/or proximate result of Defendants' actions and/or inactions stated above, Plaintiffs suffered discomfort, bleeding, urinary tract infections, bacterial infections, and continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and loss of enjoyment of life; were prevented and

will continue to be prevented from performing Plaintiffs' daily activities and obtaining the full enjoyment of life; have sustained and continue to sustain loss of earnings and earning capacity; and have required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**ANSWER:** **The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2251. The conduct, actions and/or inactions of Defendants as alleged in the above stated counts and causes of action constitute violations of Plaintiffs' Constitutional and Federal rights as well as the common and/or statutory laws of the State of Michigan, and the United States District Court has jurisdiction to hear and adjudicate said claims.

**ANSWER:** **The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2252. In whole or in part, as a result of some or all of the above actions and/or inactions of Defendants, Plaintiffs have and continue to suffer irreparable harm as a result of the violations.

**ANSWER:** **The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

2253. The amount in controversy for each Plaintiff exceeds the jurisdictional minimum of $75,000.00.

**ANSWER:** **Admitted.**

**WHEREFORE, Defendant USAG requests that Plaintiffs' Fifth Amended Complaint be dismissed, that judgment be entered in favor of USAG and USAG be awarded its costs and interest, as well as its attorney's fees**.

### Affirmative and Other Defenses

1. Plaintiffs' Fifth Amended Complaint fails to state a claim on which relief can be granted.

2. Some or all of plaintiffs' claims are barred by the statute of limitations.

3. Nassar was not an employee or agent of USAG, and USAG is not liable for Nassar's acts. Alternatively, to the extent that Nassar was USAG's agent, Nassar's acts were outside the scope of any agency.

4. USAG is not liable for abuse that is alleged to have occurred at MSU, at Twistars, at Holt High School, or at Nassar's home.

5. USAG lacks a "special relationship" with either Nassar or plaintiffs and, as such, owes no legal duty to protect the plaintiffs from Nassar's criminal acts. Alternatively, to the extent that a "special relationship" exists, plaintiffs were not injured within the context of that relationship.

6. Nassar's acts were criminal and thus, as a matter of law, not foreseeable by USAG.

7. USAG neither knew nor had reason to know of Nassar's criminal propensities or actions.

8. USAG did not have notice of an "unmistakable, particularized" threat that Nassar would engage in criminal sexual conduct. As such, USAG is not liable for Nassar's actions.

9. USAG is not a fiduciary of plaintiffs and owes no fiduciary duty to them.

10. USAG had no legal duty to report allegations about Nassar to plaintiffs, to MSU, to Twistars, or others.

11. Plaintiffs' claims of fraud and misrepresentation are not pleaded in accordance with Fed. R. Civ. P. 9(b).

12. Plaintiffs' intentional infliction of emotional distress claim fails as a matter of law because Plaintiffs do not allege any intentional conduct by USAG.

13.     Nassar's alleged misrepresentations and fraudulent inducement cannot be imputed to USAG.

14.     John Geddert was not USAG's agent, and any knowledge he may have cannot be imputed to USAG.

15.     One or more co-defendants or non-parties are liable for Plaintiffs' damages.

16.     Under Michigan's comparative negligence law, USAG is not jointly liable for the negligence of other parties or non-parties.

17.     Any allegations in this complaint that are not specifically admitted are denied.

18.     Defendant USAG reserves the right to assert further and additional affirmative defenses.

WHEREFORE, Defendant USAG requests that Plaintiffs' Fifth Amended Complaint be dismissed, that judgment be entered in favor of Defendant USAG and that Defendant USAG be awarded its costs and interest, as well as its attorney's fees.

MILLER JOHNSON
Attorneys for Defendant USA Gymnastics


Dated:  June 13, 2018          By ____/s/ D. Andrew Portinga_____
                                        David J. Gass (P34582)
                                        D. Andrew Portinga (P55804)
                                        Rebecca L. Strauss (P64796)
                               Business Address:
                                        45 Ottawa Avenue SW, Suite 1100
                                        P.O. Box 306
                                        Grand Rapids, Michigan  49501-0306
                               Telephone:  (616) 831-1700