UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RACHAEL DENHOLLANDER, et al.,

    Plaintiffs,

v.                                                  Lead Case No. 1:17-CV-29

MICHIGAN STATE UNIVERSITY, et al.,          HON. GORDON J. QUIST

    Defendants.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS CLAIMS WITHOUT PREJUDICE AGAINST DEFENDANTS USA GYMNASTICS, INC., TWISTARS USA, INC., AND JOHN GEDDERT AND IMMEDIATELY RE-FILE CLAIMS

On August 31, 2018, certain Plaintiffs requested expedited consideration of their Motion to Dismiss Claims Without Prejudice Against Defendants USA Gymnastics, Inc., Twistars USA, Inc., and John Geddert and Immediately Re-File Claims (ECF No. 359). The purpose of the expedited consideration is the passage of Act 183, Public Acts of 2018, which extended the statute of limitations for purported survivors of sexual assault, including those allegedly assaulted by Dr. Larry Nassar. Under any interpretation as to whom is included in the savings provision of Mich. Comp. Laws. § 600.5851b(3), it is clear that the extension expires on September 10, 2018.

Fed. R. Civ. P. 41(a)(2) provides that once a defendant has filed an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." District courts are instructed to deny a motion to dismiss "where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without

prejudice, as opposed to facing the mere prospect of a second lawsuit." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citation omitted). In determining whether a defendant would suffer plain legal prejudice, courts look to the following factors: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.*

In reviewing these factors, this Court finds Defendants will not suffer plain legal prejudice as a result of dismissal without prejudice. Defendants' effort and expense expended to this point have not been wasted because the litigation is still in the initial stages and because Plaintiffs intend to immediately refile the same actions. Defendants have not yet filed any motion for summary judgment. Plaintiffs have not engaged in excessive delay or lacked diligence, as the change in the statute of limitations was enacted less than three months ago. Plaintiffs have explained the need to dismiss and refile based on the language of Mich. Comp. Laws. § 600.5851b(3), which extended the statute of limitations to include some, if not all, of the Gymnastic Plaintiffs.

Defendants rely on *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989) for the proposition that stripping them of the absolute defense of the statute of limitations bar in a second lawsuit constitutes plain legal prejudice. However, the Sixth Circuit has never adopted the rule announced in *Phillips*. While it is true that in *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 719 (6th Cir. 1994), the court cited *Phillips*, 874 F.2d at 987, that case is inapposite to the instant case. The court announced in *Grover*, 33 F.3d at 719 that "[a]t the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to

potential liability by dismissing the case without prejudice." But in *Grover*, the circuit court found that the district court had abused its discretion in dismissing the plaintiff's case without prejudice after the district court had established that the plaintiff had no cause of action against the defendant. *Id*. at 718-19.  The instant case is analogous to *Rosenthal v. Bridgestone/Firestone, Inc.*, 2005 WL 1593906, at *3 (N.D. Ohio July 7, 2005), *aff'd,* 217 F. App'x 498 (6th Cir. 2007), where the district court was within its sound discretion to dismiss the plaintiff's case without prejudice to allow for refiling when it was not clear that the statute of repose at issue would apply to the refiled case or that the statute of repose would operate to bar the plaintiff's claims.  *See also Orix Fin. Servs., Inc. v. Interstate Capital Corp.*, 2006 WL 229047, at *3 (M.D. Tenn. Jan. 27, 2006) (finding that the potential statute of limitations defense for the defendant did not preclude dismissal of the action without prejudice when it was not clear that defendant would prevail on its statute of limitations defense).

Thus, allowing Plaintiffs to voluntarily dismiss their existing claims without prejudice and immediately file new complaints against the same defendants would not cause Defendants to suffer plain legal prejudice.  Whether the savings clause applies to Plaintiffs' claims against Defendants is an issue that can be resolved in the re-filed cases.  Therefore,

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Dismiss Claims Without Prejudice, etc., (ECF No. 359), is **granted**.
2. Plaintiffs' Motion to Immediately Re-File claims is also **granted**.

3. The Court having given the Plaintiffs the right to dismiss and refile claims should not be construed as concluding that any particular claim is barred or not barred by the statute of limitations.  Those questions will be dealt with in the future.

4. In the event that the Court determines that the amendment to the Michigan statute does not extend the statute of limitations for complaints against the moving Plaintiffs, then the statute of limitations shall relate back to the date that the original and now dismissed complaints were filed.

Dated: September 7, 2018                             /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE