UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

| | |
|---|---|
| RACHAEL DENHOLLANDER; KASSIE POWELL; JESSICA HOWARD KAYLEE LORINCZ; OLIVIA COWAN; ALISON OTTEN; BETHANY BAUMAN; JANE A7 DOE; JANE A10 DOE Next Friend of JANE A9 DOE; AMY LABADIE; ALEXIS MOORE; JANE 21 Next Friend of JANE A20 DOE; VANASIA BRADLEY; LINDSAY WOOLEVER; KATELYN SKRABIS; CHELSEA WILLIAMS; ASHLEY ERICKSON; JANE A31 DOE; JANE A32 DOE; JANE A33 DOE; TIFFANY DUTTON; JAMIE DOSKI; JANE A38 DOE; GWEN ANDERSON; JENELLE MOUL; AMANDA BARTERIAN; TARYN AKEMI LOOK; R.W., Next Friend of N.W.; JANE A50 DOE; JANE A53 DOE Next Friend of JANE A52 DOE; JANE A55 DOE; KATHERINE BLACK;MELISSA VIGOGNE; JANE A59 DOE; ALEXANDRA ROMANO; JANE A64 DOE; JANE A65 DOE; JANE A66 DOE; EMILY GOETZ; MARGARET NICHOLS; JANE A71 DOE; A.S. Next Friend of J.S.; M.P., Next Friend of E.P.; JANE A78 DOE; BRITTNEY SCHUMANN; L.B., Next Friend of A.B.; MEGAN HALICEK; STEPHANIE ROBINSON; HANNAH MORROW; KARA JOHNSON; K.J., Next Friend of M.J.; SAMANTHA URSCH; JANE A90 DOE; JANE A91 DOE; JANE A93 DOE; SELENA BRENNAN; JANE A 95 DOE, Next Friend Of JANE A94 DOE; JANE A97 DOE, Next Friend of JANE 96 DOE; JANE A98 DOE; JANE A99 DOE; JANE A100 DOE; CHANDLER LYNN; JANE A103 DOE; JANE 105 DOE, Next Friend of JANE 104 DOE; JANE A107 DOE; JANE A108 DOE; JANE A109 DOE; KATHRYN MIDDLETON; THE ESTATE OF CHELSEY MARKHAM; JANE A111 DOE; MEGAN GINTER; JANE A112 DOE; JANE A114 DOE; JANE A115 DOE; JANE A116 DOE; JANE A120 DOE; JANE A121 DOE;<br><br>        Plaintiffs,<br>v | Lead Case: 1:17-cv-00029<br>Member Case No.: 1:18-cv-01346<br>HON: Gordon J. Quist<br><br>**DEFENDANTS TWISTARS USA, INC. d/b/a GEDDERTS' TWISTARS GYMNASTICS CLUB USA AND JOHN GEDDERT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |

{02097275}

LAWRENCE NASSAR; USA GYMNASTICS;
UNITED STATES OLYMPIC COMMITTEE;
TWISTARS USA, INC; JOHN GEDDERT,

            Defendants.
_____/

| | |
|---|---|
| Stephen R. Drew (P24323)<br>Adam C. Sturdivant (P72285)<br>**DREW, COOPER & ANDING**<br>Attorneys for Plaintiffs<br>80 Ottawa Avenue NW, Suite 200<br>Grand Rapids, MI  49503<br>(616) 454-8300<br>E: sdrew@dca-lawyers.com<br>E: asturdivant@dca-lawyers.com | Mark J. Zausmer (P31721)<br>Cameron R. Getto (P57300)<br>**ZAUSMER, AUGUST & CALDWELL, P.C.**<br>Attorneys for Defendants Twistars and<br>John Geddert<br>32255 Northwestern Hwy., Suite 225<br>Farmington Hills, MI  48334<br>(248) 851-4111 Fax: (248) 851-0100<br>E: mzausmer@zacfirm.com<br>E: cgetto@zacfirm.com |

_____/

### DEFENDANTS TWISTARS USA, INC. d/b/a GEDDERTS' TWISTARS GYMNASTICS CLUB USA AND JOHN GEDDERT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

NOW COME the Defendants, TWISTARS USA, INC. d/b/a GEDDERTS' TWISTARS GYMNASTICS CLUB USA ("Twistars") and JOHN GEDDERT ("Mr. Geddert"), by and through their attorneys, ZAUSMER, AUGUST & CALDWELL, P.C., and move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in the attached Brief in Support.

                                      Respectfully submitted,

                                      */s/ Cameron R. Getto*
                                      Cameron R. Getto (P57300)
                                      ZAUSMER, AUGUST & CALDWELL, P.C.
                                      Attorney for Defendants Twistars and
                                      John Geddert
                                      32255 Northwestern Hwy., Suite 225
                                      Farmington Hills, MI  48334
                                      (248) 851-4111 Fax: (248) 851-0100
Dated:  January 15, 2019               cgetto@zacfirm.com

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

    I.    INTRODUCTION ..................................................................................................1

    II.    FACTS LEGAL THEORIES & PROCEDURAL POSTURE .....................................1

        A.  The parties..................................................................................................1

        B.  Legal Theories ...........................................................................................1

    III.    STANDARD OF REVIEW ....................................................................................1

    IV.    LAW & ARGUMENT............................................................................................2

        A.  The statute of limitations has run on Plaintiffs' claims against Twistars and/or Mr. Geddert .................................................................................2

        B.  There is no cause of action based on Twistars' or Mr. Geddert's alleged failure to report ........................................................................................2

        C.  There is no cause of action for "gross negligence"....................................2

        D.  The elements of intentional infliction of emotional distress are neither pled nor present here........................................................................................2

        E.  The elements of fraud and/or misrepresentation are not properly pled, nor are they present here ...............................................................................3

        F.  Nassar was not an agent, and even if he had been, bedrock principles of law hold that sexual assaults are outside the scope of agency ..................3

    V.    CONCLUSION.......................................................................................................3

{02097275}

{02097275}

## TABLE OF AUTHORITIES

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 1

I.   INTRODUCTION

USA Gymnastics removed the present case from Ingham County Circuit Court, Case No. 18-611-NO, on December 5, 2018. Plaintiffs had filed their First Amended Complaint on September 10, 2018. *See* Case No. 1:18-cv-01346, ECF No. 1-1. This present case involves the same parties and is based on claims arising from the same case or controversy in *Denhollander, et al. v. USA Gymnastics, Inc.*, et al., Member Case No. 1:18-cv-01055 (W.D. Mich.). As such, Twistars and Mr. Geddert hereby incorporate by reference the entirety of their motion to dismiss filed in Member Case No. 1:18-cv-01055, Lead Case No. 1:17-cv-00029, on December 14, 2018 [ECF No. 738]. For the reasons set forth below and in ECF No. 738, Twistars and Mr. Geddert seek immediate dismissal of Plaintiffs' claims under Federal Rule 12(b)(6).

II.   FACTS,[1] LEGAL THEORIES & PROCEDURAL POSTURE

   A.   The parties.

Twistars and Mr. Geddert hereby incorporate by reference the entirety of their motion to dismiss filed in Member Case No. 1:18-cv-01055, Lead Case No. 1:17-cv-00029, on December 14, 2018 [ECF No. 738], inasmuch as it relates to this Section II(A) (The Parties.)

   B.   Legal Theories

Twistars and Mr. Geddert hereby incorporate by reference the entirety of their motion to dismiss filed in Member Case No. 1:18-cv-01055, Lead Case No. 1:17-cv-00029, on December 14, 2018 [ECF No. 738], inasmuch as it relates to this Section II(B) (Legal Theories.)

III.   STANDARD OF REVIEW

Twistars and Mr. Geddert hereby incorporate by reference the entirety of their motion to dismiss filed in Member Case No. 1:18-cv-01055, Lead Case No. 1:17-cv-00029, on December

---

[1] The facts presented herein are provided for context only and are taken mostly from the pleadings. Some are taken from media accounts or websites. The relief requested in the present motion is based solely on the allegations made in the pleadings.

{02097275}

14, 2018 [ECF No. 738], inasmuch as it relates to this Section III (STANDARD OF REVIEW).

IV. **LAW & ARGUMENT**

    A. **The statute of limitations has run on Plaintiffs' claims against Twistars and/or Mr. Geddert.**

Twistars and Mr. Geddert hereby incorporate by reference the entirety of their motion to dismiss filed in Member Case No. 1:18-cv-01055, Lead Case No. 1:17-cv-00029, on December 14, 2018 [ECF No. 738], inasmuch as it relates to this Section IV(A) (The statute of limitations has run Plaintiffs' claims against Twistars and/or Mr. Geddert.)

    B. **There is no cause of action based on Twistars' or Mr. Geddert's alleged failure to report.**

Twistars and Mr. Geddert hereby incorporate by reference the entirety of their motion to dismiss filed in Member Case No. 1:18-cv-01055, Lead Case No. 1:17-cv-00029, on December 14, 2018 [ECF No. 738], inasmuch as it relates to this Section IV(B) (There is no cause of action based on Twistars' or Mr. Geddert's alleged failure to report.)

    C. **There is no cause of action for "gross negligence."**

Twistars and Mr. Geddert hereby incorporate by reference the entirety of their motion to dismiss filed in Member Case No. 1:18-cv-01055, Lead Case No. 1:17-cv-00029, on December 14, 2018 [ECF No. 738], inasmuch as it relates to this Section (IV)(C) (There is no cause of action for "gross negligence.")

    D. **The elements of intentional infliction of emotional distress are neither pled nor present here.**

Twistars and Mr. Geddert hereby incorporate by reference the entirety of their motion to dismiss filed in Member Case No. 1:18-cv-01055, Lead Case No. 1:17-cv-00029, on December 14, 2018 [ECF No. 738], inasmuch as it relates to this Section IV(D) (The elements of intentional infliction of emotional distress are neither pled nor present here.)

**E. The elements of fraud and/or misrepresentation are not properly pled, nor are they present here.**

Twistars and Mr. Geddert hereby incorporate by reference the entirety of their motion to dismiss filed in Member Case No. 1:18-cv-01055, Lead Case No. 1:17-cv-00029, on December 14, 2018 [ECF No. 738], inasmuch as it relates to this Section IV(E) (The elements of fraud and/or misrepresentation are not properly pled, nor are they present here.)

**F. Nassar was not an agent, and even if he had been, bedrock principles of law hold that sexual assaults are outside the scope of agency.**

Twistars and Mr. Geddert hereby incorporate by reference the entirety of their motion to dismiss filed in Member Case No. 1:18-cv-01055, Lead Case No. 1:17-cv-00029, on December 14, 2018 [ECF No. 738], inasmuch as it relates to this Section IV(F) (Nassar was not an agent, and even if he had been, bedrock principles of law hold that sexual assaults are outside the scope of agency.)

**V. CONCLUSION**

Twistars and Mr. Geddert hereby incorporate by reference the entirety of their motion to dismiss filed in Member Case No. 1:18-cv-01055, Lead Case No. 1:17-cv-00029, on December 14, 2018 [ECF No. 738], inasmuch as it relates to this Section (V) (CONCLUSION).

Respectfully submitted,

*/s/ Cameron R. Getto*
Cameron R. Getto (P57300)
ZAUSMER, AUGUST & CALDWELL, P.C.
Attorney for Defendants Twistars and
John Geddert
32255 Northwestern Hwy., Suite 225
Farmington Hills, MI  48334
(248) 851-4111 Fax: (248) 851-0100
Dated:  January 15, 2019          cgetto@zacfirm.com

## CERTIFICATE OF SERVICE

The foregoing document was filed electronically on the 15th day of January, 2019 in accordance with the Court's ECF system. Notice of this filing will be sent to all parties by operation of the Court's ECF system.

>*/s/ Cameron R. Getto*
>CAMERON R. GETTO (P57300)
>Attorney for Defendants Twistars and
>John Geddert