UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

---

| | |
|---|---|
| MAKAYLA THRUSH; and;<br>JANE D7 DOE,<br><br>        Plaintiffs,<br>v<br><br>MICHIGAN STATE UNIVERSITY;<br>THE BOARD OF TRUSTEES OF<br>MICHIGAN STATE UNIVERSITY;<br>LAWRENCE GERARD NASSAR (individually);<br>USA GYMNASTICS, INC.; TWISTARS USA, INC.<br>d/b/a/ GEDDART'S TWISTARS GYMNASTICS<br>CLUB, USA; KATHIE KLAGES (individually);<br>WILLIAM D. STRAMPEL (individually);<br>JEFFREY R. KOVAN (individually);<br>GARY STOLLAK (individually);<br>DOUGLAS DIETZEL (individually);<br>BROOK LEMMEN, D.O., (individually);<br>DESTINY TEACHNOR-HAUK (individually);<br>KRISTINE MOORE (individually); JOHN GEDDERT;<br>and UNITED STATES OLYMPIC COMMITTEE,<br><br>        Defendants. | Lead Case No. 1:17-cv-00029<br>Member Case No. 1:18-CV-01349<br><br>Hon. Gordon J. Quist |

---

| | |
|---|---|
| James F. Graves (P14288)<br>Jonathon K. Homa (P81518)<br>Jacquelyn A. Dupler (P76965)<br>**Sinas, Dramis, Larkin,**<br>**Graves & Waldman, P.C.**<br>Attorneys for Plaintiff<br>3380 Pine Tree Road<br>Lansing, MI 48911<br>Phone: (517) 394-7500<br>E: jimgraves@sinasdramis.com<br>E: jonhoma@sinasdramis.com<br>E.: jackiedupler@sinasdramis.com | Mark J. Zausmer (P31721)<br>Cameron R. Getto (P57300)<br>**Zausmer, August & Caldwell, P.C.**<br>Attorneys for Defendant Twistars and John Geddert<br>32255 Northwestern Hwy., Suite 225<br>Farmington Hills, Michigan 48334<br>(248) 851-4111  Fax: (248) 851-0100<br>E: mzausmer@zacfirm.com<br>E: cgetto@zacfirm.com |

**PLAINTIFFS' RESPONSE (FOR CASE No. 18-cv-1349) IN OPPOSITION TO DEFENDANT TWISTARS USA, INC. d/b/a GEDDERTS' TWISTARS GYMNASTICS CLUB USA AND JOHN GEDDERT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**TABLE OF CONTENTS**

INTRODUCTION..........................................................................................................1

LAW AND ARGUMENT .............................................................................................1

    I.    Plaintiff Makayla Thrush's claims are NOT time barred because they are saved by the newly enacted provisions of MCL 600.5851b(1). .........................................................................................1

    II.    Plaintiff Jane D7 Doe's claims are not time barred because they are saved by the newly enacted provisions of MCL 600.5851b(3), and they cannot be dismissed on grounds that duty is lacking because a special relationship existed between Larry Nassar and Defendant Twistars that gave rise to a common law duty that was owed to Plaintiff by Defendant Twistars. ...................................................................2

    III.    Should there exist any deficiencies in the specificity of Plaintiffs' Allegations, the proper remedy is to grant leave to further amend............8

CONCLUSION AND REQUEST FOR RELIEF .......................................................9

# INTRODUCTION

This response is being filed on behalf of Plaintiffs Makayala Thrush and Jane D7 Doe. These Plaintiffs have filed negligence claims against Defendant Twistars for breaching various duties owed in connection with the prolific sexual abuse committed by Larry Nassar for decades that Twistars was fully aware of and did nothing to stop. For all of the reasons set forth in Plaintiffs' February 15, 2019 Omnibus Response (1:17-cv-000029; EFC No. 979), and for the additional reasons set forth herein, Twistars' request for the dismissal of Makayla Thrush's and Jane D7 Doe's claims must be DENIED in its entirety.

# LAW AND ARGUMENT

## I. Plaintiff Makayla Thrush's claims are NOT time barred because they are saved by the newly enacted provisions of MCL 600.5851b(1).

Defendant Twistars has moved for the dismissal of Plaintiff Makayla Thrush's claims solely on the alleged basis that they are time barred by the applicable statute of limitations. In this regard, Twistars argues:

> *Plaintiff Thrush alleges that she was abused from 2009-2015, and that she was last a member of Twistars in 2013. ECF No. 1 at 50-51, ¶¶ 252-256 [PageID 52-53]. She further alleges that she was 7-18 years old from 2003-2014. Id. As set forth herein, the statute of limitations on her claims against Twistars and Mr. Geddert has expired.*

(Twistars' Motion to Dismiss, p 3)

However, this contention is clearly without merit on its face. As Defendant Twistars acknowledges in its Motion, Plaintiff Makayla Thrush filed suit on September 10, 2018 alleging that she was abused by Larry Nassar on numerous occasions between

1

2009 to 2015. In making these allegations, she has identified numerous specific instances where Larry Nassar abused her while she was a minor. (See Complaint, at ¶¶ 251-264). At the time of her Complaint, she was 21 years old. Her claim is therefore saved by the provisions of MCL 600.5851(b)(1), which permits a person who suffered sexual abuse as a minor to bring a claim for damages up until the victim's 28th birthday. Specifically, §5851(1) provides:

> (1) Notwithstanding sections 5805 and 5851, an individual who, while a minor, is the victim of criminal sexual conduct may commence an action to recover damages sustained because of the criminal sexual conduct at any time before whichever of the following is later:
>
> (a) The individual reaches the age of 28 years.

Thus, because Makayla Thrush pursued her claim against Twistars before her 28th birthday, and because her claim seeks "*damages sustained because of the criminal sexual conduct,*" her claim is NOT time barred by the general statute of limitations periods relied on by Twistars.

**II.    Plaintiff Jane D7 Doe's claims are not time barred because they are saved by the newly enacted provisions of MCL 600.5851b(3), and they cannot be dismissed on grounds that duty is lacking because a special relationship existed between Larry Nassar and Defendant Twistars that gave rise to a common law duty that was owed to Plaintiff by Defendant Twistars.**

Defendant Twistars has moved for the dismissal of Jane D7 Doe's claims arguing that (1) Twistars did not owe her a legal duty, and (2) that her claims are time barred. Specifically, Twistars argues on page 3 of its brief that:

> *Plaintiff Jane D7 Doe alleges that she was abused from 1997-2002 at Nassar's office at MSU and at Nassar's home. Id. at 52, ¶¶ 266-270 [PageID 54]. She further alleges that she was 13-18 years old from 1997-2002. Id. She was not a Twistars member, does not allege that she ever visited Twistars, and has pled no connection*

2

> *to Twistars and/or Mr. Geddert. Even if she had pled a connection, her statute of limitations has expired.*

Both of these arguments fail. At the outset, her claims clearly are NOT time barred as they are saved by the newly enacted savings provisions of MCL 600.5851(b)(3). As was fully discussed in Plaintiffs' Joint Omnibus Response, this provision permits a person who suffered sexual abuse as a minor to bring a claim within 90 days of when this statute was enacted. Plaintiff Jane D7 Doe has brought her instant claims within that time period. Therefore, her claim is saved by this provision. For the reasons set forth in Plaintiffs' Omnibus Response, none of the arguments to the contrary by Twistars have any merit.

In addition to all of those reasons, Defendant Twistars' reliance on the phrase "*the defendant*" to avoid the savings provisions of § 5851b(3) is further flawed because when the phrase "*the defendant*" in § 5851b(3) is read in context with the language in the preceding sentence (which refers a "*person convicted*"), the phrase "*the defendant*" clearly does NOT limit the applicability of this provision to only suits brought against the actual person who committed the abuse. Specifically, § 5851b(3) provides in relevant part:

> *Regardless of any period of limitation under subsection (1) or sections 5805 or 5851, an individual who, while a minor, was the victim of criminal sexual conduct after December 31, 1996 but before 2 years before the effective date of the amendatory act that added this section may commence an action to recover damages . . . within 90 days . . .* ***if the person*** *alleged to have committed the criminal sexual conduct* ***was convicted*** *of criminal sexual conduct . . . and* ***the defendant*** *admitted either of the following . . .*

Accordingly, the phrase "*the defendant*" appears immediately after the requirement that the alleged abuser be "*convicted of criminal sexual assault.*" A person who is convicted of committing a criminal sexual assault is a criminal "*defendant*" in the proceedings

resulting in the person's conviction. Thus, when properly read in context with the preceding language of the statute, the phrase *"the defendant"* can only reasonably be construed to refer to the person who was convicted (i.e. the convicted criminal abuser)—NOT a civil defendant against whom a subsequent action for damages has been brought. When this is properly understood, the phrase *"the defendant"* merely sets forth a condition requiring that the underlying criminal defendant admit *"either of the following"* things described thereafter. Thus, any attempt by Defendant Twistars to avoid the savings provisions of § 5851b(3) on the basis of the phrase "*the defendant*" is clearly without merit.

In the same regard, the element of Duty is not lacking as to Defendant Twistars. *"It is a basic principle of negligence law that, as a general rule, there is no duty that obligates one person to aid or protect another.* ***However, our common law imposes a duty of care when a special relationship exists."*** *Bailey v Schaaf*, 494 Mich 595, 604; 835 NW2d 413, 418–19 (2013). In the case of *Murdock v Higgins*, 454 Mich 46; 559 NW2d 639 (1997), the Michigan Supreme Court made it clear that the requisite special relationship that must exist is NOT limited to a relationship between the plaintiff and the defendant (i.e. between the instant Plaintiffs and Defendant Twistars). ***A legal duty in tort will also arise where there exists sufficient special relationship between the defendant and the actual wrongdoer (i.e. between Twistars and Larry Nassar).*** In this regard, the Court in *Murdock* made it clear that:

> *Where there is a duty to protect an individual from a harm by a third person, that duty to exercise reasonable care arises from a "special relationship" either between the defendant and the victim,* ***or the defendant and the third party who caused the injury.*** *Murdock, supra* at 54, *citing Marcelletti v Bathani*, 198 Mich. App. 655, 664; 500 N.W.2d 124 (1993).

4

The sufficiency of a special relationship between the defendant and the wrongdoer was further emphasized in the Michigan Court of Appeals case of *Harrison v Dir of Dep't of Corrections*, 194 Mich App 446, 456; 487 NW2d 799 (1992), where the Court reiterated that **"a duty of reasonable care may arise where one stands in a special relationship with either the victim or the person causing the injury."** In the case at bar, it is the relationship between **Defendant Twistars and Larry Nassar** that is being relied on as a basis for establishing that a duty was owed by Twistars to all of the instant Plaintiffs.[1]

Under Michigan law, there is no bright line test for determining whether a relationship is sufficient to constitute a *"special relationship"* that will give rise to a duty in tort. However, in *Hill v Sears, Roebuck & Co*, 492 Mich 651, 661; 822 NW2d 190, 196 (2012), the Michigan Supreme Court clarified that *"the ultimate inquiry in determining whether a legal duty should be imposed is whether the social benefits of imposing a duty outweigh the social costs of imposing a duty. Factors relevant to the determination whether a legal duty exists include the relationship of the parties, the* **foreseeability of the harm***, the burden on the* **defendant***, and the* **nature of the risk presented***." Id*. at 661. When these factors are applied in the case at bar, they clearly establish a legal duty on the part of Twistars that was owed to all foreseeable Nassar victims.

Specifically, Larry Nassar was a famed Olympic doctor. By all accounts, he used

---

[1] See Plaintiffs Complaint, at ¶ 190 (alleging **"A special, confidential, and fiduciary relationship was created and existed between Nassar and Defendant Twistars, resulting in Defendant Twistars owing Plaintiffs a duty to disclose known acts of sexual assault, battery, molestation, and harassment to Plaintiffs."**)

5

his prominence in the Olympic level gymnastics community to develop a lucrative niche practice in which he was able to treat young girls for sports related injuries, and for other similar orthopedic injuries. In doing so, he worked as a staff doctor at Michigan State University's prestigious Sports Medicine Clinic. Indeed, *"MSU touted him as its Olympic doctor and used him as a recruiting lure for its gymnastics team."*[2] University reports further confirm that Larry Nasser's affiliation with the field of Gymnastics is why it hired Larry Nassar. Specifically, reports confirm that *"[a] memo from the search committee supporting its decision praised Nassar's experience working with world-class athletes, his 'exceptional' clinical skills and his publication record. The committee added that he was respected nationally and internationally in the field of Sports Medicine."* Larry Nassar was also known to regularly "*treat*" athletes and others in his own home. (Plaintiffs' Complaint; 1:17-cv-00029; ECF No. 142, ¶¶ 226-227, 259-260).

Central to Larry Nassar's rise to fame in the field of Gymnastics was his relationship with Defendant Twistars. Twistars is an active member of the famed USAG organization, which is the organization that selects Olympic gymnastics teams. For a period of more than 20 years Larry Nassar was employed by or was an active agent of Twistars as he was affiliated with the gym from its inception in or around 1996. (See Lead Case 1:17-cv-00029, ECF 202, PageID.9229-9230, ¶¶ 276-285). While acting in that capacity, Larry Nasser regularly treated many young girls, and committed countless acts

---

[2] Matt Mencarini, Nassar and a Career Filled with 'Silenced' Voices, Lansing State Journal (last visited Jan 18, 2018), available at:
https://www.lansingstatejournal.com/story/news/local/2017/06/01/larry-nassar-and-career-filled-silenced-voices/358394001/, p 2.

of sexual abuse while doing so. (Plaintiffs' Complaint; 1:18-cv-01041; ECF No. 1, ¶¶ 265-73). Moreover, this abuse was clearly known to Twistars. The nature and extent of Twistars' knowledge is discussed at length in Plaintiffs' Omnibus Response, at pp 1-7. See also Plaintiffs Fourth Amended Complaint; Member Case No. 1:17-cv-254, ¶¶ 332-343.

When all of this is properly understood in the context of the relevant factors for imposing a legal duty, it clearly must follow that a legal duty of care should be imposed upon Defendant Twistars *to disclose known acts of sexual assault, battery, molestation, and harassment to Plaintiffs*. Given Larry Nassar's known proclivity for abusing young children, Twistars' failure to report him created an imminent and identifiable risk of abuse that extended to anyone foreseeably treated by Larry Nassar. The social benefit of imposing such a duty is self-evident. Reporting Nassar's abuse would have prevented hundreds of young girls from being victimized for decades. Moreover, such a duty comes at virtually no social cost to Twistars. Thus, it must follow that Defendant Twistars had a common law duty to report Larry Nassar's abuse to all organizations that Twistars helped Nassar become associated with, and to all organizations that Twistars otherwise knew Larry Nassar was associated with. Such a duty is appropriately tailored to only extend to those persons who were foreseeably treated by Larry Nassar as a direct or indirect result of his relationship with Defendant Twistars.

When this is properly recognized, the duty owed by Defendant Twistars clearly extends to Plaintiff D7 Doe as she was abused while being treated by Nassar at the MSU Sports Medicine clinic, and she sought out his treatment because of her status as a USAG

7

gymnast. With regard to this treatment, she has alleged the following allegations in her Complaint:

> *267. From approximately 1992 to 2003, Plaintiff Jane D7 Doe was a member of United States of America Gymnastics (USAG), participated in USAG sanctioned events including two Level 9 National Competitions in 1997 and 1998.*
>
> *268. Jane D7 Doe was referred to Defendant Nassar through USAG affiliations for treatment of gymnastics-related injuries.*
>
> *269. Plaintiff Jane D7 Doe attended medical appointments with Defendant Nassar regularly for treatment of her gymnastics-related injuries, which treatments took place at Defendant Nassar' s office at MSU and in the basement of Nassar' s home.*

(See Plaintiffs' Complaint; 1:18-cv-01041; ECF No. 1, ¶¶ 267-69).

Thus, Defendant Twistars' request for dismissal on the basis that duty is lacking is without merit.

### III. Should there exist any deficiencies in the specificity of Plaintiffs' Allegations, the proper remedy is to grant leave to further amend.

It is well settled that a motion to dismiss for failure to state a claim should only be granted when further amendment would be futile. See Fed. R. Civ. P. 15(a). See also 2-12 James Wm. Moore, et al., Moore's Federal Practice § 12.34[5] (3d ed. 2000)(recognizing that the Rules of Civil Procedure *"encourage an opportunity to amend before dismissal."*). Consistent with this view, Sixth Circuit appellate precedent instructs that *"federal courts must be liberal in allowing parties to amend their complaints." Coffey v Foamex, LP*, 2 F3d 157, 162 (6th Cir 1993) (quoting *Hayduk v Lanna*, 775 F2d 441, 445 (1st Cir 1985)). Other cases make it clear that the failure to grant leave to further amend constitutes reversible error. See e.g. *EEOC v Ohio Edison Co.*, 7 F3d 541, 546-47 (6th Cir 1993)(holding that it was an error for the district court to dismiss the case for failure to state a claim under Fed. R. Civ.

8

P. 12 (b)(6) without first allowing plaintiff to amend its complaint to include a more definite statement); and *Brown v Matauszak*, 415 F App'x 608, 615-16 (6th Cir 2011) (quoting *Wolf v Petrock,* 382 F App'x 674, 677 (20th Cir 2010)) (overturning the district court's ruling and remanding the case to grant plaintiff leave to amend his complaint based on precedent from *"a line of cases stretching back nearly 50 years"*).

Thus, to the extent that Defendant Twistars has argued that Plaintiffs' Complaint lacks sufficient details, such a finding nevertheless does not warrant the dismissal of Plaintiffs Claims.  Should the Court agree with Twistars on this point, the proper remedy is to grant further leave to amend.

## CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, for the foregoing reasons, and for all of the reasons set forth in Plaintiffs' Joint Omnibus Response, the instant Plaintiffs respectfully request that Defendant Twistars' Motion to Dismiss be DENIED in its entirety as to their respective claims.

Respectfully submitted:

**SINAS, DRAMIS, LARKIN, GRAVES & WALDMAN, P.C.**

Attorneys for Plaintiffs in Member Case No 1:17-cv-001349

Dated: **February 22, 2019**

By /s/ James F. Graves
**James F. Graves (P14288)**
**Jonathon K. Homa (P81518)**
3380 Pine Tree Road
Lansing, MI 48911-4207
(517) 394-7500